UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 7095**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,

                Plaintiffs,

   -against-

LANCER INSURANCE COMPANY,

                Defendant.

COMPLAINT

Civil Action
Case No.

**FILED**
AUG - 9 2007
USDC WF SDNY

**JUDGE KARAS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, by their attorney, EDWARD J. CARROLL, ESQ., complaining of the defendant herein, respectfully show the Court and allege as follows:

### PRELIMINARY STATEMENT

1. This is an action in which plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, seek judgment declaring, pursuant to federal statutory law, that defendant, LANCER INSURANCE COMPANY, as surety, is obligated to pay plaintiffs in the amount of those judgments which were entered in plaintiffs' favor and against defendant's insured, T.F.D. BUS CO., INC., on August 24, 2006, in the Supreme Court of the State of New York, County of Westchester. A copy of those judgments is annexed hereto and made a part hereof as Exhibit "A".

2. That the aforesaid judgments resulted from defendant's insured, T.F.D. BUS CO. INC'S negligence in the operation and maintenance of one of its motor vehicles, while so engaged in interstate transportation, and the liability of the

defendant is in accordance with its statutory liability, as a surety, pursuant to the financial responsibility requirements of Section 18 of the Bus Regulatory and Reform Act of 1982; and/or the Federal Motor Carrier Safety Regulations; and/or the Motor Carrier Safety Act of 1980; and/or the Federal Motor Carrier Safety Administration.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in that this action is brought under the authority of, and to enforce federal laws, rules and regulations including but not limited to United States Code Title 49 Section 31138, Title 28, United States Code Sections 1331, 1343(a)(4) and 1391(b) and (c), Section 18 of the Bus Regulatory and Reform Act of 1982; and/or the Federal Motor Carrier Safety Regulations; and/or the Motor Carrier Safety Act of 1980; and/or the Federal Motor Carrier Safety Administration. This action also arises under Federal Law with the matter in controversy being a federal claim and question of federal law and a controversy between the parties involving an amount exceeding five million dollars.

4. A majority of the acts complained herein of the defendant occurred within the territorial boundaries of the Southern District of the State of New York.

5. This Court also has subject matter jurisdiction to enter a declaratory judgment and injunctive relief as prayed for herein under Title 28 of the United States Code, Sections 1331, 1343(a) (4), 2201 and 2202.

6. All events and actions, unless otherwise set forth, took place or will take place within the Southern District of New York. Therefore, venue lies in this district

pursuant to Title 28 of the United States Code, Section 139(b).

## PARTIES

7.  That at all times hereinafter mentioned, plaintiff, THOMAS E. LYONS, (hereinafter referred to as "T. LYONS") was and still is a citizen of the United States, domiciliary of the State of New York and a resident of 38 Moulton Avenue, Dobbs Ferry, New York, 10522, situated in the County of Westchester which is located within the jurisdictional boundaries of this Court.

8.  That at all times hereinafter mentioned, plaintiff, CELESTE M. LYONS, (hereinafter referred to as "C. LYONS") is a citizen of the United States, domiciliary of the State of New York and resident of 4 Cross Road, Ardsley, New York, 10502, situated in the County of Westchester which is located within the jurisdictional boundaries of this Court.

9.  That at all times hereinafter mentioned, defendant, LANCER INSURANCE COMPANY (hereinafter referred to as "LANCER") was and still is an Illinois Corporation duly authorized to conduct business in the State of New York, which maintains its principal office in Long Beach, New York, and does business and did commit those acts complained of herein within the jurisdiction of this Court.

## BRIEF HISTORY AND FACTUAL ALLEGATIONS

10.  That at all times hereinafter mentioned, T.F.D. BUS CO. INC., (hereinafter referred to as "T.F.D.") was and still is a domestic corporation, duly incorporated under and by virtue of the laws of the State of New York, with a

- 3 -

principal place of business situated at 215 South 11th Avenue, Mt. Vernon, Westchester County, New York 10550 and that the principal business of said corporation is providing interstate transportation of the public through the operation of a private bus company.

11. That at all times hereinafter mentioned, "T.F.D." was an interstate common carrier and holder of interstate commerce commission certificate, number MC201286; and said corporation was assigned US DOT No. 428962 evidencing it's authority, as a carrier, to engage in interstate transportation, by motor vehicle, provided said carrier remained in compliance with the requirements of insurance coverage for the protection of the public, including plaintiffs, in accordance with 49 CFR 1043. A copy of "T.F.D.'s" certificate is annexed hereto and made a part hereof as Exhibit "B".

12. At the time of plaintiff's accident, hereinafter described herein, "T.F.D." provided bus charter and contract services to the public and used for that purpose, a certain 1975 Ford Bus motor vehicle, owned by "T.F.D.", bearing New York plate number BA-4409 for the then current period of registration which was insured by "LANCER" under policy number BA121448 for liability anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada. This motor vehicle, at the time of the accident, was also covered by a Federal Statutory Endorsement known as MCS-90 (or a comparable substitute) which was required in that, at the time of the accident, this motor vehicle was being used for hire as an

- 4 -

interstate transporter, for use outside of home to school and school to home transportation, and was being not operated by a state or local government, which required, pursuant to Part 387 of the rules and regulations of the Federal Motor Carrier Safety Administration, minimum statutory levels of public liability insurance in the sum of Five Million Dollars ($5,000,000.00) in accordance with Sections 29 and 30 of the Motor Carrier Safety Act of 1980.

13. MICHAEL A. THOMAS was a resident of the County of Westchester and employed as a bus driver by "T.F.D." and was acting within the scope of his authority and in furtherance of the business interests of "T.F.D." when he operated the aforesaid 1975 Ford Bus motor vehicle, during interstate commerce, and, due to his negligence, caused said motor vehicle to collided with the rear end of plaintiffs' "T. LYONS'" and "C. LYONS'" motor vehicle, a 1989 Ford Van, bearing New York plate number 8VC-708 for the then current period of registration.

14. The aforesaid accident occurred on February 14, 1989, at approximately 2:51 P.M. At that time, plaintiff, "T. LYONS", was operating his motor vehicle which was stopped, in traffic, at a red light, at the bottom of a hill on Nepperhan Avenue and at the intersection of New School Street, in the City of Yonkers, County of Westchester and State of New York. As a result of this accident, "T. LYONS" sustained permanent, serious physical injuries to his person which are more particularly described in Exhibit "A".

15. That on or about March 24, 1999, "LANCER" commenced a declaratory

judgment action in the Supreme Court of the State of New York, County of Nassau, seeking a judicial determination that it had no duty to defend and indemnify "T.F.D." in connection with plaintiffs' aforesaid judgments. The Supreme Court of the State of New York, Appellate Division, Second Judicial Department issued a decision and order dated May 2, 2005, which declared that "LANCER" was not obligated to defend and indemnify "T.F.D." as a result of plaintiffs' judgments, and that there was no coverage to "T.F.D." under a business automotive liability policy issued by "LANCER" as result of a timely disclaimer. A copy of that Decision and Order is annexed hereto and made a part hereof as Exhibit "C". Plaintiffs timely moved for leave to appeal and the Court of Appeals of the State of New York denied such relief by Order, dated September 15, 2005. A copy of that Order is annexed hereto and made a part hereof as Exhibit "D".

16. As a result of that accident, a motor vehicle personal injury action was commenced on August 27, 1992, by plaintiffs in the Supreme Court of the State of New York, County of Westchester, which resulted in judgments in plaintiffs' favor and against "T.F.D." which were filed and entered in the Westchester County Clerk's Office on August 24, 2006, a copy of which is annexed hereto and made a part hereof as Exhibit "A".

17. Following the entry of plaintiffs' judgment on August 24, 2006, which became final and enforceable on September 29, 2006, plaintiffs, seeking to enforce and satisfy their judgments, made demand for payment upon "T.F.D." without

- 6 -

success, and thereafter, on March 29, 2007, made demand for payment upon

defendant, "LANCER", as a statutory surety, under its MCS-90 Endorsement (or a

comparable substitute), in accordance with the requirements of Federal Bus

Regulatory Reformed Act of 1982 and/or the Motor Carrier Act of 1980. A copy of

said demand is annexed hereto and made a part hereof as Exhibit "E". "T.F.D." filed

for bankruptcy protection and remains insolvent and defendant, "LANCER", refused

plaintiffs' demand for payment, as a surety. Plaintiffs' judgments remain unsatisfied.

A copy of defendant's refusals dated April 5, 2007, and May 8, 2007, are collectively

annexed hereto and made a part hereof as Exhibit "F".

   18.  Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

   19.  Plaintiff "T. LYONS" repeats and reiterates paragraphs 1 through 18 of

his complaint with the same force and effect as if their content were fully set forth at

length herein.

   20.  Due to the foregoing, plaintiff "T.LYONS" seeks judgment in his favor

and against defendant, "LANCER" in the sum of five million dollars

($5,000,000.00), or a greater amount that this Honorable Court deems reasonable and

legally enforceable, under the law, facts and circumstances herein.


## AS AND FOR A THIRD CAUSE OF ACTION

   21.  Plaintiff "C.LYONS" repeats and reiterates paragraphs 1 through 20 of

- 7 -

her complaint with the same force and effect as if their content were fully set forth at length herein.

22. Due to the foregoing, plaintiff "C.LYONS" seeks judgment in her favor and against defendant, "LANCER" in the sum of five million dollars ($5,000,000.00), or a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

## DEMAND FOR A JURY TRIAL

23. Plaintiffs demand a jury of all the issues in this action.

## REQUESTED RELIEF

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant as follows:

a. On plaintiffs, THOMAS E. LYONS' and CELESTE M. LYONS' first cause of action for a declaratory judgment;

1. Adjudging that LANCER INSURANCE COMPANY, as a statutory surety of T.F.D. BUS CO. INC., in order to protect the public, and by virtue of its statutory MCS-90 Endorsement (or a comparable substitute), is, in accordance with ICC regulations, liable for payment to the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS for the amounts of those judgments recovered against T.F.D. BUS CO. INC., which were filed and entered in the Westchester County Clerk's Office on August 24, 2006, which resulted from a motor vehicle personal injury accident which occurred on February 14, 1989 in Yonkers, Westchester County, New

- 8 -

York.

      b.  On plaintiff THOMAS E. LYONS' second cause of action;

          1. Judgment in his favor and against defendant LANCER INSURANCE COMPANY in the sum of five million dollars ($5,000,000.00), or in a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

      c.  On plaintiff CELESTE M. LYONS' third cause of action;

          1. Judgment in her favor and against defendant LANCER INSURANCE COMPANY in the sum of five million dollars ($5,000,000.00), or in a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

      d.  And for such other and further relief as to this Court may deem just and proper under the circumstances.

     All the foregoing, together with reasonable attorney's fees, interest, costs and disbursements of this action.

Dated:  August 8, 2007

Yours, etc.

EDWARD J. CARROLL, ESQ
Attorney for Plaintiffs
2733 Route 209
Kingston, New York 12401
(845) 338-5977

TO:   LANCER INSURANCE COMPANY
      370 West Park Avenue
      Long Beach, New York  11561

**EXHIBIT A**

AUG 2 8 2006

FILED
AND
ENTERED
ON 8-24 2006
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,　　　　JUDGMENT

　　　　　　　Plaintiffs,

　　　-against-　　　　　　　　　　　　　Index #92-14941

MICHAEL A. THOMAS and T.F.D. BUS CO., INC.,

　　　　　　　Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

　　　The above entitled action having been commenced by the service of a summons and complaint upon defendants, MICHAEL A. THOMAS and T.F.D. BUS CO., INC., on August 27, 1992; and an index number having been purchased and plaintiffs summons and complaint having been duly filed; and the defendants having defaulted in timely appearing, answering, or moving against said complaint; and the plaintiffs having timely moved to enter a default judgment against the defendants on December 4, 1992; and said application having been granted by Decision and Order of HONORABLE SAMUEL G. FREDMAN, J.S.C., dated December 17, 1992 and filed on December 18, 1992 in the Office of the County Clerk of the County of Westchester, State of New York; and a copy of said Decision/Order awarding a judgment of liability in favor of the plaintiffs and against T.F.D. BUS CO.,

INC., and MICHAEL THOMAS and granting plaintiffs an inquest to assess damages having been served upon defendants by certified mail, return receipt requested; and the defendants having failed to seek relief from said judgment for a period of at least five (5) years thereafter; and this action having duly come on upon plaintiffs timely application for a hearing for the purpose of assessing damages on the causes of action set forth in plaintiffs' complaint before HONORABLE ARTHUR C. KELLMAN, J.H.O., and a jury of six (6) on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse, White Plains, New York; and the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, having appeared by EDWARD J. CARROLL, ESQ.; and the proofs of the plaintiffs having been duly presented and the issue of damages having been duly tried; and the jury having rendered a unanimous verdict in favor of the plaintiffs and against the defendants on the issue of damages on the 17th day of June, 1997, finding that defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and

-2-

medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident; and Judgment having been entered thereon, and plaintiffs having sought enforcement thereof; and defendant, T.F.D. BUS CO. INC. by its attorney ADAM SEIDEN, ESQ. having moved by Order to Show Cause returnable on September 24, 1997 before the Supreme Court, County of Westchester for relief pursuant to CPLR Section 5015; and HONORABLE JOHN P. DiBLASI, J.S.C., by Order and Decision dated February 10, 1998 having ultimately granted defendant's application to the extent of directing that a traverse hearing would be held to determine whether plaintiffs properly served T.F.D. BUS CO. INC. with their summons and complaint, and if service was deemed sufficient directing that a new inquest on damages, upon notice, be held; and a traverse hearing having thereafter been held on or about November 11, 1998, and HONORABLE ROBERT JAMES FRIEDMAN, J.S.C., presiding, having determined that defendant, T.F.D. BUS CO., INC. was properly served with plaintiffs' summons and complaint on August 27, 1998; and the Court having directed that the action be remanded to the Trial Assignment Part to appear on

the calendar for the purpose of scheduling a date for an Inquest; and the above

entitled action having come on for an Inquest on or about April 20, 1999 to

determine an assessment of damages sustained by the plaintiffs as against

T.F.D. BUS CO. INC.; and the jury, after hearing the proofs of both plaintiffs

and defendants having determined, by verdict sheet annexed hereto and made

a part hereof as Exhibit "A", that the defendants' negligence was a competent

producing cause of the injuries sustained by THOMAS E. LYONS and that

THOMAS E. LYONS, as a result thereof, suffered a "serious injury", to wit: a

fracture, a permanent loss of the use of a body member, function or system, a

significant limitation of use of a body function or system, a permanent

consequential limitation of use of a body organ or member, and medically

determined injuries or impairment of a non-permanent nature which prevented

him from performing substantially all of the material acts which constituted his

usual and customary daily activities for not less than 90 days during the 180

days immediately following the occurrence of this accident, and that plaintiff,

CELESTE M. LYONS did sustain damages upon her derivative cause of

action; and the jury having rendered a verdict in favor of plaintiff, THOMAS

E. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two

Million Four Hundred Thousand Dollars ($2,400,000.00); and the jury having

rendered a further verdict in favor of plaintiff, CELESTE M. LYONS and

against defendant, T.F.D. BUS CO. INC. in the sum of Two Hundred

Thousand Dollars ($200,000.00) as and for her derivative action for loss of

services, and said award as to THOMAS E. LYONS having been allocated as

of the date of the verdict (April 20, 1999) as follows:

(A) ONE MILLION DOLLARS ($1,000,000.00) for past loss of

earnings, pension, and insurance benefits and impairment of earning ability;

(B) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00)

for future loss of earnings, pension and insurance benefits and impairment of

earning ability over 7 years; and

( C) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00)

for future pain and suffering, including the permanent effect of the injury from

the time of the verdict to the time that plaintiff could be expected to live being

a period of 20 years, and

the plaintiffs being entitled to interest on said awards as of the date the

plaintiffs were awarded a Judgment of liability, to wit: December 17, 1992;

and the Court having computed the award for future damages for the plaintiff,

THOMAS E. LYONS, pursuant to Section 5041 of the Civil Practice Law and

Rules of the State of New York; and by agreement between plaintiffs and

-5-

defendant, T.F.D. BUS CO., INC., entry of Judgment was adjourned from April 20, 1999 to present,

NOW, on motion of EDWARD J. CARROLL, ESQ., attorney for the plaintiffs, it is

ORDERED, ADJUDGED AND DECREED, that plaintiff, CELESTE M. LYONS, residing at 4 Cross Road, Ardsley, New York 10502, does recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from December 17, 1992, *less any payments already made by defendants* and it is further

ORDERED, ADJUDGED AND DECREED, that EDWARD J. CARROLL, ESQ., attorney for CELESTE M. LYONS, shall be paid an attorneys award in the sum of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 from the proceeds of the foregoing award to CELESTE M. LYONS; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(b), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does recover of defendant, T.F.D.

-6-

BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) for past damages ($1,000,000.00 to April 20, 1999; $1,020,000.00 representing future damages awarded on April 20, 1999 which, due to the postponement of the entry of Judgment, are now past damages; and future damages, not in excess of $250,000.00, *less any payments made by defend*^ with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) for litigation costs and attorneys fees pertaining to the recovery of the aforesaid damages in the amount of $2,270,000.00, from the foregoing Judgment awarded to THOMAS E. LYONS, with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(e), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does further recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215

A.J.S.C.

-7-

South 11th Avenue, Mt. Vernon, New York 10550, the sum of ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85) representing the present value of future damages as of the entry of Judgment (see Schedule "A"); and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) for litigation costs and attorneys fees pertaining to the recovery of $112,182,85 representing the present value of future damages; and it is further

ORDERED, ADJUDGED AND DECREED, that both plaintiffs be and the same are hereby awarded statutory interest on their awards from the date of entry of the judgment of liability on December 17, 1992 together with costs and disbursements of this action and that plaintiffs shall have execution therefore; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendants and their insurance carriers be and the same are hereby required and directed to offer and purchase and guarantee the purchase and payment to the plaintiff,

THOMAS E. LYONS, of an annuity contract by an insurance carrier designated as qualified by the superintendent of insurance of the State of New York of the following annual payments, in equal monthly installments, in advance:

(A) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), per annum for one (1) year, representing future damages for future loss of earnings, pension, insurance benefits and impairment of earning ability ($65,000 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86) and

(B) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), by payment of $11,575.72 per annum for four (4) years, increased annually at Four percentum (4 percent), compounded annually, representing damages for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live ($65,000.00 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86 divided by 4 equal annual payments) [CPLR Section 5041(e)]; and it is further

ORDERED, ADJUDGED AND DECREED, that the discount rate to be used to calculate the net present value of the award to THOMAS E. LYONS

shall be 6.25 percent as is more particularly set forth in the U.S. Statistical Abstract Table 801 at page 520 and the Federal Reserve Bulletin for the year 1992 (determination of liability) and that the total net present value of the judgment herein for future damages is ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85), and it is further

ORDERED, ADJUDGED AND DECREED that the fees of EDWARD J. CARROLL, ESQ., (as calculated in Schedule "B") shall be SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) with interest from December 17, 1992 to be taken from the TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff, THOMAS E. LYONS herein, plus THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) fee on future damages, to be paid in an additional lump sum, and the amount of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 to be taken from the TWO HUNDRED THOUSAND DOLLARS ($200,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff,

-10-

CELESTE M. LYONS and it is further

ORDERED, ADJUDGED AND DECREED that plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS shall have execution therefor.

The Clerk of the Court is hereby directed to enter Judgment accordingly.

JUDGMENT signed this _22nd_ day of _August_, 2005.

_____

HONORABLE ~~ALDO A. NASTASI~~
FRANCIS A. NICOLAI
_Acting_ Justice of the Supreme Court

Defendant, T.F.D. BUS CO., INC., by its attorney, ANDREW RISOLI, ESQ., 484 White Plains Road, Eastchester, New York 10709 hereby approves the form of the above Judgment and consents to the execution and filing of same.

Dated _____, 2005      _____

ANDREW RISOLI, ESQ.

## SCHEDULE A

## COMPUTATION PURSUANT TO CPLR 5041

Jury Award in favor of Celeste M. Lyons
(Not including accrued interest)..............................................$   200,000.00

- - - - - - - - - - - - - - - - - - - - - - - - - - -

Jury Award in favor of Thomas E. Lyons
(Not including accrued interest)..............................................$ 2,400,000.00

    a. Award for past loss of earnings, pension,
insurance benefits and impairment of earning
ability pursuant to CPLR 5041(b)................................(-) $  1,000,000.00

Sub Total..............................................................................$ 1,400,000.00

    b. Award for future loss of earnings, pension,
insurance benefits and impairment of earning
ability..................................................................................(-) $   700,000.00

    c. Award for future pain, suffering, including
the permanent effect of the injury from the time
of verdict to the time that plaintiff could be
expected to live.................................................................(-)  $   700,000.00

Sub Total..............................................................................$        0.00

## PAST DAMAGES AND PARTIAL PAYMENT FOR FUTURE DAMAGES PURSUANT TO CPLR 5041(b)

Judgment.................................................................................. $ 2,400,000.00

    d.  Lump sum payment for past loss of earnings, pension, insurance benefits and impairment of earning ability pursuant to CPLR 5041(b)............(-) $ 1,000,000.00

Sub Total................................................................................$ 1,400,000.00

    e.  Future damages awarded on April 20, 1999 which, due to the postponement of the entry of Judgment, are now past damages ($600,000.00 loss of earnings; $420,000.00 pain and suffering)....................................(-) $ 1,020,000.00

Sub Total................................................................................$   380,000.00

    f.  Lump sum payment for future loss of earnings and impairment of earning ability and damages due to injury, pain, suffering and disability pursuant to CPLR 5041(b).................................................(-) $ 250,000.00

Sub Total................................................................................$   130,000.00

Remaining gross award for future damages is $130,000.00. Since jury determined future damages to be $700,000.00 for future loss of earnings, pension, insurance benefits and impairment of earning ability and $700,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live, the remaining sum of $130,000.00 was equally divided 50/50 as $65,000.000 for future loss of earnings, pension, insurance benefits and impairment of earning

ability and $65,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live.

Pro rata future loss of earnings, etc.....................................$  65,000.00

Pro rate future pain and suffering....................................$  65,000.00

## COMPUTATION OF PRESENT VALUE

Discount rate to calculate the net present value of the award is 6.25% taken from U.S. Statistical Abstract Table 801 at page 520 and Federal Reserve Bulletin for the Year 1992 (Determination of Liability).

A. Loss due to future loss of earning and impairment of earning ability (remaining gross award of $65,000)

1. Verdict established 7 years as period of award for future loss of earning and impairment of earning ability with 1 year remaining at the time of the entry of judgment; 7 years totaling $700,000.00 or $100,000.00 per year of which 1 year remains. $600,000.00 constitutes past damages and $100,000.00 represents future damages.

2. Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 1 year period to be .9411815 for future loss of earning and impairment of earning ability.

$65,000.00 x .9411815 equals present value............................$  61,176.80

B. Loss due to future injury, pain, suffering and disability (remaining gross award of $65,000)

1. Verdict established 20 years as period of award for future injury, pain, suffering and disability. CPLR 5041(e) establishes 10 years as period of award for future injury, pain, suffering and disability with 4 years remaining at the time of the entry of judgment; 10 years totaling $700,000.00 or $70,000.00 per year of which 4 years remain. $420,000.00 constitutes past

damages and $280,000.00 represents future damages.

     2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 4 year period to be .7847085 for future injury, pain, suffering and disability.

$65,000.00 x .7847085 equals............................................... $  51,006.05

Present Value of combined remaining future damages.......... $ 112,182.85

## SCHEDULE B

## COMPUTATION OF LEGAL FEES
## NOT INCLUDING ACCRUED INTEREST
## FROM DECEMBER 17, 1992

a.  Lump sum payment for past loss of earnings
    and impairment of earning ability pursuant
    to CPLR 5041(b)...................................................................... $ 1,000,000.00

b.  Future damages awarded on April 20, 1999
    which, due to the postponement of the entry
    of Judgment, are now past damages...............................(+) $ 1,020,000.00

c.  Lump sum payment for future loss of earnings,
    pension, insurance benefits and impairment of
    earning ability and loss of injury, pain, suffering
    and disability pursuant to CPLR 5041(b).................. (+) $   250,000.00

Sub Total............................................................................... $ 2,270,000.00

d.  Contingent fee of one-third of net recovery
    of damages (not including accrued interest)..................(-) $  756,666.66

Present value of combined remaining future damages........... $   112,182.85

e.  Contingent fee of one-third of net recovery
    of damages paid in lump sum........................................... $    37,394.28

Total of (d) and (e)...........................................................$   794,060.94

f.  Contingent fee of one-third of net recovery
    of damages (not including accrued interest)
    for Celeste M. Lyons....................................................(+) $ 66,666.66

Total (d), (e) and (f)..........................................................$ 860,072.60

**Exhibit B**

MAR-18-04 THU 01:47 PM T F L ACOUSTICS          314 693 5870          P.08
Case 7:07-cv-07095-KMK   Document 1   Filed 08/09/2007   Page 29 of 33

MAR-17-2004 18:18          TFD BUS CO INC                    914 667 9692    P.01

**SERVICE DATE**

**SEP 2 9 1988**

PM-26
(Rev. 10/84)

## INTERSTATE COMMERCE COMMISSION

### CERTIFICATE

No. MC 201286

**T. F. D. BUS CO. INC.**
**MT. VERNON, NY**

This Certificate is evidence of the carrier's authority to engage in transportation as a common carrier by motor vehicle.

This authority will be effective as long as the carrier maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 CFR 1043); the designation of agents upon whom process may be served (49 CFR 1044); and tariffs or schedules (49 CFR 1300 through 1310, revised). The carrier shall also render reasonably continuous and adequate service to the public. Failure to meet these conditions will constitute sufficient grounds for the suspension, change, or revocation of this authority.

This authority is subject to any terms, conditions, and limitations as are now, or may later be, attached to this privilege.

For common carriers with irregular route authority: Any irregular route authority authorized in this Certificate may not be tacked or joined with your other irregular route authority unless joinder is specifically authorized.

The transportation service to be performed is described on the reverse side of this document.

By the Commission.

(SEAL)                          Kathleen M. King,
                                Acting Secretary

NOTE: If there are any discrepancies regarding this document, please notify the Commission within 30 days.

**EXHIBIT C**

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D6462
E/nl

_____AD3d_____

Argued - January 10, 2005

HOWARD MILLER, J.P.
DANIEL F. LUCIANO
REINALDO E. RIVERA
ROBERT A. LIFSON, JJ.

---

2003-07593

DECISION & ORDER

Lancer Insurance Company, respondent,
v T.F.D. Bus Co., Inc., et al., appellants,
et al., defendant.

(Index No. 7146/99)

---

Andrew C. Risoli, Eastchester, N.Y., for appellant T.F.D. Bus Co., Inc.

Edward J. Carroll, Kingston, N.Y., for appellant Thomas E. Lyons.

Milber Markris Plousadis & Seiden, LLP, Garden City, N.Y. (Lorin A. Donnelly of counsel), for appellant Celeste M. Lyons.

Curtis, Vasile, Devine & McElhenny, Merrick, N.Y. (Roy W. Vasile of counsel), for respondent.

      In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants T.F.D. Bus Co., Inc., and Michael A. Thomas in an action entitled _Lyons v Thomas_, commenced in the Supreme Court, Westchester County, under Index No. 14941/92, the defendants T.F.D. Bus Co., Inc., Thomas E. Lyons, and Celeste M. Lyons separately appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated July 29, 2003, which, upon a jury verdict finding that there was an agreement between the plaintiff and T.F.D. Bus Co., Inc., to postpone the plaintiff's disclaimer of insurance coverage, inter alia, determined that there was no coverage under a business automobile liability policy issued by the plaintiff to the defendant T.F.D. Bus Co., Inc., for any claims, allegations, losses, costs, expenses, or judgments asserted by Thomas E. Lyons and Celeste Lyons in the underlying action, and declared that the plaintiff is not obligated

May 2, 2005

Page 1.

LANCER INSURANCE COMPANY v T.F.D. BUS CO., INC.

to defend or indemnify T.F.D. Bus Co., Inc., or Michael A. Thomas in the underlying action and dismissed the defendants' counterclaims.

ORDERED that the judgment is affirmed, with costs.

On February 14, 1989, Thomas E. Lyons sustained injuries in an automobile accident involving his car and a bus owned by the defendant T.F.D. Bus Co., Inc. (hereinafter TFD), and operated by the defendant Michael A. Thomas. In 1992 Thomas E. Lyons and Celeste M. Lyons brought an action, inter alia, to recover damages for personal injuries (hereinafter the underlying action). Later in 1992, upon the failure of TFD and Thomas to answer or appear, the Lyons' motion for leave to enter judgment on the issue of liability in their favor and against TFD and Thomas was granted. Following an inquest, the Lyons received a judgment for damages and on or about September 1997 TFD's bank accounts were restrained. At that time, TFD informed the plaintiff, Lancer Insurance Company (hereinafter Lancer), its insurer, of the underlying action and sought coverage under its liability insurance policy.

TFD subsequently moved to vacate the default judgment insofar as asserted against it. The motion initially was granted, but by order dated February 10, 1998, upon reargument, the Supreme Court directed that a hearing be held to determine whether TFD was properly served with process in the underlying action. The court made clear that the default judgment already previously rendered against Thomas was unaffected, and remained valid. On November 10, 1998, following the hearing in the underlying action, it was determined that TFD had been properly served, thus, in effect, reinstating the default judgment against TFD in the underlying action.

In this subsequent action for a declaration of the parties' respective rights and obligations under the subject insurance policy, Lancer claimed that it had an agreement with TFD to postpone a decision on coverage under the subject policy, and when it learned in the last week of January 1999 that TFD was not pursuing an appeal from the adverse determination following the hearing on the issue of service, it disclaimed coverage in early February 1999. The Supreme Court submitted to the jury the issue whether there was, in fact, a postponement agreement between Lancer and TFD. The jury responded in the affirmative. Based on our review of the record, we conclude that the evidence supports that conclusion.

Insurance Law § 3420(d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (see *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64; *Zappone v Home Ins. Co.*, 55 NY2d 131; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028). In this case, the modest delay from the time Lancer learned that TFD would not be pursuing an appeal with respect to the adverse determination at the traverse hearing (which meant the default judgment against it would stand) and Lancer's disclaimer - from the last week in January 1999 to early February 1999 - was reasonable, and thus Lancer's disclaimer was timely, vitiating coverage under the subject policy (see *Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426; *Commercial Union Ins. Co. v International Flavors & Fragrances*, 822 F2d 267).

May 2, 2005

The appellants' remaining contentions are without merit.

H. MILLER, J.P., LUCIANO, RIVERA and LIFSON, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court