**EXHIBIT D**



*State of New York*
*Court of Appeals*

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207-1095*

DECISION September 15, 2005

2          Mo. No. 644
Lancer Insurance Company,
                    Respondent,
          v.
T.F.D. Bus Co., Inc.,
                    Appellant,
et al.,
          Defendants.

Motion for leave to appeal denied.



SEP 1 9 2005

# State of New York,
## Court of Appeals

*At a session of the Court, held at Court of
Appeals Hall in the City of Albany
on the* ............fifteenth............*day
of* ............September............ 2005

# Present,    HON. JUDITH S. KAYE, *Chief Judge, presiding.*

2          Mo. No.   644

Lancer Insurance Company,

                    Respondent,

          v.

T.F.D. Bus Co., Inc.,

                    Appellant,

et al.,

                    Defendants.


SEP 1 9 2005


         A motion for leave to appeal to the Court of Appeals

in the above cause having heretofore been made upon the part

of the appellant  herein and papers having been submitted

thereon and due deliberation having been thereupon had, it is

         ORDERED, that the said motion be and the same hereby

is denied.


                                   *Stuart M. Cohen*
                              Stuart M. Cohen
                              Clerk of the Court

**EXHIBIT E**

LAW OFFICE OF

## *Edward J. Carroll*

2733 ROUTE 209
KINGSTON, NEW YORK 12401

EDWARD J. CARROLL

TEL (845) 338-5977
FAX (845) 338-5975

PARALEGAL
DEBRA LEACOCK

March 29, 2007

Lancer Insurance Company
370 West Park Avenue
Long Beach, New York 11561

Re: Thomas E. Lyons and Celeste M. Lyons
Vs: Michael A. Thomas and T.F.D. Bus Co., Inc.
    Supreme Court of the State of New York
    County of Westchester

Dear Sir/Madam:

Please be advised that my office represents Thomas E. Lyons and Celeste M. Lyons regarding the above entitled matter.

Please be further advised that a final Judgment in favor of Thomas E. Lyons and Celeste M. Lyons and against T.F.D. Bus Co., Inc. was entered in the Westchester County Clerk's Office on the 24th day of August, 2006 and remains unsatisfied.

Please be further advised that the vehicle involved in this accident operated under authority of Interstate Commerce Commission Certificate No. MC 201286 which was assigned US DOT Identification No. USDOT 428962 and was engaged in interstate commerce on the date of this accident.

Your company issued a MCS-90 Endorsement and therefore, in accordance with the Bus Regulatory Reformed Act of 1982 and/or Motor Carrier Act of 1980, demand is hereby made for all damages sustained by my clients as shown in the enclosed final Judgment.

Your immediate attention to the foregoing is required.

Very truly yours,

Edward J. Carroll

EJC/dl
Enclosure

Certified Mail, Return Receipt Requested
Article No. 7006 0810 0006 7650 3128

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                        ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   _____     4/3

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

Lancer Insurance Company
370 West Park Avenue
Long Beach, New York
                11561

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7006 0810 0006 7650 3128

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.35 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.60 |

Postmark
Here

3-29-07

Sent To
Lancer Insurance Company
Street, Apt. No.; or PO Box No.
370 West Park Avenue
City, State, ZIP+4
Long Beach, New York 11561

PS Form 3800, June 2002        See Reverse for Instructions

7006 0810 0006 7650 3128

AUG 28 2006

FILED
AND
ENTERED
ON 8-24 20 66
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS E. LYONS and CELESTE M. LYONS,                    JUDGMENT

                        Plaintiffs,

            -against-
                                                Index #92-14941

MICHAEL A. THOMAS and T.F.D. BUS CO., INC.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The above entitled action having been commenced by the service of a

summons and complaint upon defendants, MICHAEL A. THOMAS and

T.F.D. BUS CO., INC., on August 27, 1992; and an index number having been

purchased and plaintiffs summons and complaint having been duly filed; and

the defendants having defaulted in timely appearing, answering, or moving

against said complaint; and the plaintiffs having timely moved to enter a

default judgment against the defendants on December 4, 1992; and said

application having been granted by Decision and Order of HONORABLE

SAMUEL G. FREDMAN, J.S.C., dated December 17, 1992 and filed on

December 18, 1992 in the Office of the County Clerk of the County of

Westchester, State of New York; and a copy of said Decision/Order awarding

a judgment of liability in favor of the plaintiffs and against T.F.D. BUS CO.,

INC., and MICHAEL THOMAS and granting plaintiffs an inquest to assess damages having been served upon defendants by certified mail, return receipt requested; and the defendants having failed to seek relief from said judgment for a period of at least five (5) years thereafter; and this action having duly come on upon plaintiffs timely application for a hearing for the purpose of assessing damages on the causes of action set forth in plaintiffs' complaint before HONORABLE ARTHUR C. KELLMAN, J.H.O., and a jury of six (6) on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse, White Plains, New York; and the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, having appeared by EDWARD J. CARROLL, ESQ.; and the proofs of the plaintiffs having been duly presented and the issue of damages having been duly tried; and the jury having rendered a unanimous verdict in favor of the plaintiffs and against the defendants on the issue of damages on the 17th day of June, 1997, finding that defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and

-2-

medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident; and Judgment having been entered thereon, and plaintiffs having sought enforcement thereof; and defendant, T.F.D. BUS CO. INC. by its attorney ADAM SEIDEN, ESQ. having moved by Order to Show Cause returnable on September 24, 1997 before the Supreme Court, County of Westchester for relief pursuant to CPLR Section 5015; and HONORABLE JOHN P. DiBLASI, J.S.C., by Order and Decision dated February 10, 1998 having ultimately granted defendant's application to the extent of directing that a traverse hearing would be held to determine whether plaintiffs properly served T.F.D. BUS CO. INC. with their summons and complaint, and if service was deemed sufficient directing that a new inquest on damages, upon notice, be held; and a traverse hearing having thereafter been held on or about November 11, 1998, and HONORABLE ROBERT JAMES FRIEDMAN, J.S.C., presiding, having determined that defendant, T.F.D. BUS CO., INC. was properly served with plaintiffs' summons and complaint on August 27, 1998; and the Court having directed that the action be remanded to the Trial Assignment Part to appear on

the calendar for the purpose of scheduling a date for an Inquest; and the above entitled action having come on for an Inquest on or about April 20, 1999 to determine an assessment of damages sustained by the plaintiffs as against T.F.D. BUS CO. INC.; and the jury, after hearing the proofs of both plaintiffs and defendants having determined, by verdict sheet annexed hereto and made a part hereof as Exhibit "A", that the defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS, as a result thereof, suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident, and that plaintiff, CELESTE M. LYONS did sustain damages upon her derivative cause of action; and the jury having rendered a verdict in favor of plaintiff, THOMAS E. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two Million Four Hundred Thousand Dollars ($2,400,000.00); and the jury having

-4-

rendered a further verdict in favor of plaintiff, CELESTE M. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two Hundred Thousand Dollars ($200,000.00) as and for her derivative action for loss of services, and said award as to THOMAS E. LYONS having been allocated as of the date of the verdict (April 20, 1999) as follows:

(A) ONE MILLION DOLLARS ($1,000,000.00) for past loss of earnings, pension, and insurance benefits and impairment of earning ability;

(B) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future loss of earnings, pension and insurance benefits and impairment of earning ability over 7 years; and

( C) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future pain and suffering, including the permanent effect of the injury from the time of the verdict to the time that plaintiff could be expected to live being a period of 20 years, and

the plaintiffs being entitled to interest on said awards as of the date the plaintiffs were awarded a Judgment of liability, to wit: December 17, 1992; and the Court having computed the award for future damages for the plaintiff, THOMAS E. LYONS, pursuant to Section 5041 of the Civil Practice Law and Rules of the State of New York; and by agreement between plaintiffs and

defendant, T.F.D. BUS CO., INC., entry of Judgment was adjourned from April 20, 1999 to present,

NOW, on motion of EDWARD J. CARROLL, ESQ., attorney for the plaintiffs, it is

ORDERED, ADJUDGED AND DECREED, that plaintiff, CELESTE M. LYONS, residing at 4 Cross Road, Ardsley, New York 10502, does recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from December 17, 1992, *less any payments already made by defendants* and it is further

*[signature]*
A.J.S.C.

ORDERED, ADJUDGED AND DECREED, that EDWARD J. CARROLL, ESQ., attorney for CELESTE M. LYONS, shall be paid an attorneys award in the sum of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 from the proceeds of the foregoing award to CELESTE M. LYONS; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(b), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does recover of defendant, T.F.D.

-6-

BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) for past damages ($1,000,000.00 to April 20, 1999; $1,020,000.00 representing future damages awarded on April 20, 1999 which, due to the postponement of the entry of Judgment, are now past damages; and future damages, not in excess of $250,000.00, with interest from December 17, 1992; *less any payments made by defendant* and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) for litigation costs and attorneys fees pertaining to the recovery of the aforesaid damages in the amount of $2,270,000.00, from the foregoing Judgment awarded to THOMAS E. LYONS, with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(e), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does further recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215

A.J.S.C.

South 11th Avenue, Mt. Vernon, New York 10550, the sum of ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85) representing the present value of future damages as of the entry of Judgment (see Schedule "A"); and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) for litigation costs and attorneys fees pertaining to the recovery of $112,182,85 representing the present value of future damages; and it is further

ORDERED, ADJUDGED AND DECREED, that both plaintiffs be and the same are hereby awarded statutory interest on their awards from the date of entry of the judgment of liability on December 17, 1992 together with costs and disbursements of this action and that plaintiffs shall have execution therefore; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendants and their insurance carriers be and the same are hereby required and directed to offer and purchase and guarantee the purchase and payment to the plaintiff,

-8-

THOMAS E. LYONS, of an annuity contract by an insurance carrier designated as qualified by the superintendent of insurance of the State of New York of the following annual payments, in equal monthly installments, in advance:

(A) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), per annum for one (1) year, representing future damages for future loss of earnings, pension, insurance benefits and impairment of earning ability ($65,000 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86) and

(B) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), by payment of $11,575.72 per annum for four (4) years, increased annually at Four percentum (4 percent), compounded annually, representing damages for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live ($65,000.00 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86 divided by 4 equal annual payments) [CPLR Section 5041(e)]; and it is further

ORDERED, ADJUDGED AND DECREED, that the discount rate to be used to calculate the net present value of the award to THOMAS E. LYONS

-9-

shall be 6.25 percent as is more particularly set forth in the U.S. Statistical Abstract Table 801 at page 520 and the Federal Reserve Bulletin for the year 1992 (determination of liability) and that the total net present value of the judgment herein for future damages is ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85), and it is further

ORDERED, ADJUDGED AND DECREED that the fees of EDWARD J. CARROLL, ESQ., (as calculated in Schedule "B") shall be SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) with interest from December 17, 1992 to be taken from the TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff, THOMAS E. LYONS herein, plus THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) fee on future damages, to be paid in an additional lump sum, and the amount of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 to be taken from the TWO HUNDRED THOUSAND DOLLARS ($200,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff,

-10-



CELESTE M. LYONS and it is further

ORDERED, ADJUDGED AND DECREED that plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS shall have execution therefor.

The Clerk of the Court is hereby directed to enter Judgment accordingly.

JUDGMENT signed this 22nd day of August, 2006.

_____
HONORABLE ALDO A. NASTASI
FRANCIS A. NICOLAI
Acting Justice of the Supreme Court

Defendant, T.F.D. BUS CO., INC., by its attorney, ANDREW RISOLI, ESQ., 484 White Plains Road, Eastchester, New York 10709 hereby approves the form of the above Judgment and consents to the execution and filing of same.

Dated _____, 2005

_____
ANDREW RISOLI, ESQ.

-11-

# SCHEDULE A

# COMPUTATION PURSUANT TO CPLR 5041

Jury Award in favor of Celeste M. Lyons
(Not including accrued interest)......................................$   200,000.00

- - - - - - - - - - - - - - - - - - - - - - - -

Jury Award in favor of Thomas E. Lyons
(Not including accrued interest)......................................$ 2,400,000.00

   a. Award for past loss of earnings, pension,
   insurance benefits and impairment of earning
   ability pursuant to CPLR 5041(b)............................(-) $  1,000,000.00

Sub Total.....................................................................$ 1,400,000.00

   b. Award for future loss of earnings, pension,
   insurance benefits and impairment of earning
   ability........................................................................(-) $   700,000.00

   c. Award for future pain, suffering, including
   the permanent effect of the injury from the time
   of verdict to the time that plaintiff could be
   expected to live........................................................(-) $   700,000.00

Sub Total.....................................................................$        0.00

## <u>PAST DAMAGES AND PARTIAL PAYMENT FOR FUTURE DAMAGES PURSUANT TO CPLR 5041(b)</u>

Judgment......................................................................... $ 2,400,000.00

   d.  Lump sum payment for past loss of earnings, pension, insurance benefits and impairment of earning ability pursuant to CPLR 5041(b)............(-) $ 1,000,000.00

Sub Total........................................................................$ 1,400,000.00

   e.  Future damages awarded on April 20, 1999 which, due to the postponement of the entry of Judgment, are now past damages ($600,000.00 loss of earnings; $420,000.00 pain and suffering)............................................(-) $ 1,020,000.00

Sub Total........................................................................$   380,000.00

   f.  Lump sum payment for future loss of earnings and impairment of earning ability and damages due to injury, pain, suffering and disability pursuant to CPLR 5041(b).........................................(-) $  250,000.00

Sub Total........................................................................$   130,000.00

Remaining gross award for future damages is $130,000.00. Since jury determined future damages to be $700,000.00 for future loss of earnings, pension, insurance benefits and impairment of earning ability and $700,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live, the remaining sum of $130,000.00 was equally divided 50/50 as $65,000.000 for future loss of earnings, pension, insurance benefits and impairment of earning

ability and $65,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live.

Pro rata future loss of earnings, etc...................................... $  65,000.00

Pro rate future pain and suffering.........................................$  65,000.00

## COMPUTATION OF PRESENT VALUE

Discount rate to calculate the net present value of the award is 6.25% taken from U.S. Statistical Abstract Table 801 at page 520 and Federal Reserve Bulletin for the Year 1992 (Determination of Liability).

A.  Loss due to future loss of earning and impairment of earning ability (remaining gross award of $65,000)

1. Verdict established 7 years as period of award for future loss of earning and impairment of earning ability with 1 year remaining at the time of the entry of judgment; 7 years totaling $700,000.00 or $100,000.00 per year of which 1 year remains. $600,000.00 constitutes past damages and $100,000.00 represents future damages.

2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 1 year period to be .9411815 for future loss of earning and impairment of earning ability.

$65,000.00 x .9411815 equals present value...........................$ 61,176.80

B.  Loss due to future injury, pain, suffering and disability (remaining gross award of $65,000)

1. Verdict established 20 years as period of award for future injury, pain, suffering and disability. CPLR 5041(e) establishes 10 years as period of award for future injury, pain, suffering and disability with 4 years remaining at the time of the entry of judgment; 10 years totaling $700,000.00 or $70,000.00 per year of which 4 years remain. $420,000.00 constitutes past

damages and $280,000.00 represents future damages.

      2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 4 year period to be .7847085 for future injury, pain, suffering and disability.

$65,000.00 x .7847085 equals............................................. $  51,006.05

Present Value of combined remaining future damages.......... $ 112,182.85

## SCHEDULE B

## COMPUTATION OF LEGAL FEES
## NOT INCLUDING ACCRUED INTEREST
## FROM DECEMBER 17, 1992

a.  Lump sum payment for past loss of earnings
and impairment of earning ability pursuant
to CPLR 5041(b)..................................................... $ 1,000,000.00

b.  Future damages awarded on April 20, 1999
which, due to the postponement of the entry
of Judgment, are now past damages.............................(+) $ 1,020,000.00

c.  Lump sum payment for future loss of earnings,
pension, insurance benefits and impairment of
earning ability and loss of injury, pain, suffering
and disability pursuant to CPLR 5041(b)................... (+) $   250,000.00

Sub Total.................................................................. $ 2,270,000.00

d.  Contingent fee of one-third of net recovery
of damages (not including accrued interest)..................(-) $   756,666.66

Present value of combined remaining future damages........... $   112,182.85

e.  Contingent fee of one-third of net recovery
of damages paid in lump sum....................................... $    37,394.28

Total of (d) and (e)...................................................$   794,060.94

f.  Contingent fee of one-third of net recovery
of damages (not including accrued interest)
for Celeste M. Lyons.................................................(+) $ 66,666.66

Total (d), (e) and (f).................................................$ 860,072.60

EXHIBIT F



**LANCER**
I N S U R A N C E
*The Difference is Our Attitude.*

April 5, 2007

APR 1 1 2007

**By Overnight and Regular Delivery**

Edward J. Carroll
2733 Route 209
Kingston, NY 12401

Re:     *Lyons v. TFD Bus*
        *Lancer v. TFD, et al.*

Dear Mr. Carroll:

I am in receipt of your letter dated March 29, 2007, addressed to Lancer Insurance Company which, in part, makes demand for payment upon a Judgment purportedly entered by your client(s) against TFD Bus.

As you are aware, I am Counsel to Lancer Insurance Company and was actively involved in the prosecution of a Declaratory Judgment Action in the Supreme Court, Nassau County, against your client(s). As you are further aware, that action resulted in a Judgment, in Lancer's favor, declaring that Lancer had no duty to indemnify for any claim, judgment, etc. arising out of a certain alleged loss which involved TFD Bus and your client(s).

In the future, you are directed to send any communication or correspondence directly to me on Lancer's behalf. Given the substance of your letter, and your frivolous assertion that Lancer is required to satisfy your client(s)' purported Judgment, if you commence any litigation against Lancer, service of any suit papers shall be made upon me personally. I will expect full compliance with this demand lest we suffer through the very same tactics you have previously employed calculated solely to deprive litigants and their counsel of the right to a minimum amount of due process.

On the substantive aspects of your letter, you and your client(s) have no basis for your demand. All of the issues raised in your letter were before the Supreme Court. The jury found in Lancer's favor, the trial court declared Lancer's rights, and you took an appeal of that declaration. All of the issues before the trial court were fully argued in the Appellate Division. That court affirmed the trial court's decision. The Court of Appeals, as you are also aware, denied your leave application.

Based upon the foregoing, your demand has no reasonable basis in law or in fact. Your veiled threat of litigation can most charitably be described as frivolous.

Should you continue with your legal forays, we will seek all available remedies against your client(s) and against you personally. My client will vigorously prosecute its claims for sanctions against you and your client(s) and will also be constrained to file a complaint with the appropriate grievance committee.

In sum, my client will not comply with your demand nor does it recognize any validity to your claim.

This letter is being sent to you by overnight delivery and by regular mail. While we have no obligation to comply with your demand, we are cognizant of our procedural obligations. Therefore, unless I hear from you to the contrary, I will assume that this letter is being accepted by you on behalf of your client(s). Otherwise, I will send them copies as well.

Very truly yours,

John A. Petrilli
Senior Vice President
General Counsel

JAP:cp

Copy: Roy Vasile, Esq.





**LANCER**
INSURANCE
*The Difference is Our Attitude.*

April 5, 2007

**By Overnight and Regular Delivery**

APR 0 6 2007.

Edward J. Carroll
2733 Route 209
Kingston, NY 12401

Re:    *Lyons v. TFD Bus*
        *Lancer v. TFD, et al.*

Dear Mr. Carroll:

I am in receipt of your letter dated March 29, 2007, addressed to Lancer Insurance Company which, in part, makes demand for payment upon a Judgment purportedly entered by your client(s) against TFD Bus.

As you are aware, I am Counsel to Lancer Insurance Company and was actively involved in the prosecution of a Declaratory Judgment Action in the Supreme Court, Nassau County, against your client(s). As you are further aware, that action resulted in a Judgment, in Lancer's favor, declaring that Lancer had no duty to indemnify for any claim, judgment, etc. arising out of a certain alleged loss which involved TFD Bus and your client(s).

In the future, you are directed to send any communication or correspondence directly to me on Lancer's behalf. Given the substance of your letter, and your frivolous assertion that Lancer is required to satisfy your client(s)' purported Judgment, if you commence any litigation against Lancer, service of any suit papers shall be made upon me personally. I will expect full compliance with this demand lest we suffer through the very same tactics you have previously employed calculated solely to deprive litigants and their counsel of the right to a minimum amount of due process.

On the substantive aspects of your letter, you and your client(s) have no basis for your demand. All of the issues raised in your letter were before the Supreme Court. The jury found in Lancer's favor, the trial court declared Lancer's rights, and you took an appeal of that declaration. All of the issues before the trial court were fully argued in the Appellate Division. That court affirmed the trial court's decision. The Court of Appeals, as you are also aware, denied your leave application.

Based upon the foregoing, your demand has no reasonable basis in law or in fact. Your veiled threat of litigation can most charitably be described as frivolous.

Should you continue with your legal forays, we will seek all available remedies against your client(s) and against you personally. My client will vigorously prosecute its claims for sanctions against you and your client(s) and will also be constrained to file a complaint with the appropriate grievance committee.

In sum, my client will not comply with your demand nor does it recognize any validity to your claim.

This letter is being sent to you by overnight delivery and by regular mail. While we have no obligation to comply with your demand, we are cognizant of our procedural obligations. Therefore, unless I hear from you to the contrary, I will assume that this letter is being accepted by you on behalf of your client(s). Otherwise, I will send them copies as well.

Very truly yours,

John A. Petrilli
Senior Vice President
General Counsel

JAP:cp

Copy: Roy Vasile, Esq.



LAW OFFICES OF CURTIS, VASILE P.C.
ATTORNEYS AT LAW

REID A. CURTIS (1911-1987)
ROY W. VASILE
MICHAEL G. MEHARY
DOMINICK A. PICCININNI, JR.
MICHAEL J. DORRY

PATRICIA M. D'ANTONE
OF COUNSEL

2174 HEWLETT AVENUE
MERRICK, NEW YORK 11566-0801

516-623-1111
FAX 516-623-0758

PLEASE ADDRESS ALL MAIL TO
POB 801, MERRICK, NY 11566-0801

May 8, 2007

Edward J. Carroll, Esq.
2733 Route 209
Kingston, NY 12401

By Certified Mail, Return Receipt Requested

    RE:   Lyons v. TFD Bus
           Lancer v. TFD, et al
           Our File: C36158LA.3744

Dear Mr. Carroll:

    Enclosed herewith is a certified copy of the Judgment declaring that there is no coverage under Lancer's policy for the claims involved in the litigation which you brought on behalf of Thomas & Celeste Lyons.

    Please be advised that pursuant to CPLR 5104, should you or your clients attempt to commence litigation or pursue any claim for coverage in the face of the aforesaid judgment, a contempt proceeding will be brought before Justice Kenneth A. Davis of the Supreme Court, Nassau County.

                        Very truly yours,

                        ROY W. VASILE (Ext. 224)
                        rvasile@cvdm.com

RWV/pf
encs:

cc:   John A. Petrilli, Esq.

MAY 10 2007

STATE OF NEW YORK
COUNTY OF NASSAU     } SS:
COUNTY CLERK'S OFFICE

I, **MAUREEN O'CONNELL,** County Clerk of the County of Nassau and the Supreme and County Courts, Courts of Record thereof,

DO HEREBY CERTIFY, that I have compared the annexed with the original.

_Recorded Judgement - Supreme Court - Mowey_

FILED AND RECORDED in my office _On July 30, 2003,  In Liber 2571 Page 136_
and that the same is a true transcript thereof and of the whole of such original.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of said County at Mineola, N.Y. this _18th_ day of _April_ , 20 _07_

_Maureen O'Connell_
County Clerk

CL-192. 2/96. Rev. 12/05



## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 07-30-2003  
Recorded Time:  9:47:09 a          Record and Return To:

Liber Book: J  2571  
Pages From:      136  
        To:      149A

Control  
Number:    514  
  Ref #: 99--007146  
Doc Type: J01  JUDGMENT-SUPREME COURT-MONEY

Plnt: LANCER INSURANCE COMPANY  
Dfnd: LYONS, THOMAS E  
Dfnd: LYONS, CELESTE M

Judgment Amount:          2,864.72

|                  |       |
|------------------|-------|
| Taxes Total      | .00   |
| Recording Totals | .00   |
| Total Payment    | .00   |

MET001

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED  
KAREN V. MURPHY  
COUNTY CLERK



2003073000514



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------X

LANCER INSURANCE COMPANY,

Plaintiff,

-against-

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS and CELESTE LYONS,

Defendants.

------------------------------------------------------------X

**JUDGMENT
NOTICED FOR
SETTLEMENT
WITH BILL OF COSTS**

Cal. No. 2002H1541
Index No. 7146/99

     The issues in the above-entitled declaratory judgment action having duly come on for trial before the Hon. Justice Kenneth A. Davis and a jury, at a Trial Term, Part 11, of this court, held at the courthouse thereof, located at 100 Supreme Court Drive, Mineola, New York, on the 9th, 12th, 13th, 14th, 15th and 16th days of May, 2003; and the plaintiff Lancer Insurance Company having appeared by its attorneys Curtis, Vasile, Devine & McElhenny, 2174 Hewlett Avenue, Merrick, New York 11566, by Roy W. Vasile, of counsel; and the defendant T.F.D. Bus Co., Inc. having appeared by its attorney Andrew C. Risoli, 484 White Plains Road, Eastchester, New York 10709; and the defendant Thomas E. Lyons having appeared by his attorney Edward J. Carroll, 2733 Route 209, Kingston, New York 12401; and the defendant Celeste Lyons having appeared by her attorneys Milber, Makris, Plousadis & Seiden, 990 Stewart Avenue, Suite 600, Garden City, New York 11530, by John P. Grisafi, of counsel; and the issues having been duly tried; and the jury having rendered a verdict on the 14th day of May, 2003, in favor of the plaintiff and against the defendants; and the court having denied defendants' motions after due deliberation, and having ruled on the basis of the jury's verdict that there is no coverage under plaintiff's policy:

**NOW**, on motion of Curtis, Vasile, Devine & McElhenny, attorneys for the plaintiff,

*2174 Hewlett Avenue PO Box 801 Merrick NY 11526-0801*

it is

~~ORDERED,~~ ADJUDGED, ~~DECLARED AND DECREED~~; that there is no coverage under a business automobile liability policy, number BA121448, issued by Lancer Insurance Company to T.F.D. Bus Co., Inc. for any claims, allegations, losses, costs expenses or judgments asserted by Thomas E. Lyons and Celeste Lyons against T.F.D. Bus Co., Inc. and Michael A. Thomas as a result of an automobile accident which is claimed to have occurred on February 14, 1989; and it is further

~~ORDERED,~~ ADJUDGED, ~~DECLARED AND DECREED~~, that Lancer Insurance Company has no duty to defend or indemnify T.F.D. Bus Co., Inc. or Michael Thomas in connection with a certain action brought against them by Thomas A. Lyons and Celeste Lyons in the Supreme Court, Westchester County, under Index number 14941/92; and it is further

~~ORDERED,~~ ADJUDGED ~~AND DECREED,~~ that all of the counterclaims asserted by each of the defendants in there respective answers and/or amended answers be and the same hereby are dismissed; and it is further

*residing at 370 W Park Ave Long Beach NY 11581*

**ADJUDGED**, that plaintiff Lancer Insurance Company recover from defendant Thomas E. Lyons, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522 and defendant Celeste Lyons, residing at 4 Cross Road, Ardsley, New York 10502, costs and

Disbursements in the sum of $2864.72, as taxed by the Clerk of the Court;  and that the

plaintiff have execution therefor.


ENTER:


July 29 2003          Karen V Murphy
                      Clerk of the court

B-156  Bill of Costs (with CPLR sections) Blank Court, 1-95

COPYRIGHT 1993 BY JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

**SUPREME    COURT**
**COUNTY OF NASSAU**

LANCER INSURANCE COMPANY,

                                                    Plaintiff(s)

                            against

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS AND CELESTE LYONS,

                                                    Defendant(s)

**Costs of** PLAINTIFF
LANCER INSURANCE COMPANY

| COSTS | $ | |
|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | 200 | 00 |
| Costs after note of issue CPLR §8201 subd. 2 | 200 | 00 |
| Trial of issue CPLR §8201 subd. 3 | 300 | 00 |
| Allowance by statute CPLR §8302(a), (b) | | |
| Additional allowance CPLR §8302 (d) | | |
| Motion costs CPLR §8202 | | |
| Appeal to Appellate Term CPLR §8203 (b) | | |
| Appeal to Appellate Division CPLR §8203 (a) | 250 | 00 |
| Appeal to Court of Appeals CPLR §8204 | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | |

| DISBURSEMENTS | $ | |
|---|---|---|
| Fee for index number  CPLR §8018(a) | 170 ~~175~~ | 00 |
| Referee's fees  CPLR §8301(a)(1), 8003(a) (P. DeFilippi | 1000 | 00 |
| Commissioner's compensation  CPLR §8301(a)(2) | | |
| Clerk's fee, filing notice of pend. or attach.  CPLR §8021(a)(10) | | |
| Entering and docketing judgment  CPLR §8301(a)(7), 8016(a)(2) | | |
| Paid for searches  CPLR §8301(a)(10) | | |
| Affidavits & acknowledgments  CPLR §8009 | | |
| Serving copy summons & complaint  CPLR §8011(h)(1), 8301(d) | | |
| Request for judicial intervention | | |
| Note of issue  CPLR §8020(a) | | |
| Paid referee's report  CPLR §8301(a)(12) | 25 | 00 |
| Certified copies of papers  CPLR §8301(a)(4) | | |
| Satisfaction piece  CPLR §5020(a), 8021 | | |
| Transcripts and filing  CPLR §8021 | | |
| Certified copy of judgment  CPLR §8021 | | |
| Postage  CPLR §8301(a)(12) | | |
| Jury fee  CPLR §8020(c) | 50 | 00 |
| Stenographers' fees  CPLR §8002, 8301 | | |
| Sheriff's fees on execution  CPLR §8011, 8012 | | |
| Sheriff's fees, attachment, arrest, etc.  CPLR §8011 | | |
| Paid printing cases  CPLR §8301(a)(6)  App. Brief | 419 | 72 |
| Clerk's fees Court of Appeals  CPLR §8301(a)(12) | | |
| Paid copies of papers  CPLR §8016(a)(4) | | |
| Motion expenses  CPLR §8301(b) | | |
| Fees for publication  CPLR §8301(a)(3) | | |
| Serving subpoena  CPLR §8011(h), 8301(d) | | |
| Paid for Search  CPLR §8301(a)(10) | | |
| Examination Before Trial Transcripts (CPLR 8301(a)(9) | 250 | 00 |
| Referee's report | | |
| Attendance of witnesses  CPLR §8001(a)(b)(c), 8301(a)(1) | | |

Adjusted at $2864.72

Costs ___
this 29 day of July 2013
Karen V. Murphy
                    Clerk, Nassau County

| COSTS | $ 950 | 00 |
|---|---|---|
| DISBURSEMENTS | 1914 | 72 |
| TOTAL | $ 2864 | 72 |

| | $ 1914 | 72 |

STATE OF NEW YORK, COUNTY OF **Nassau**                    ss.                                    ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that I am **a member of Curtis, Vasile, Devine & McElhenny** the attorney(s) of record for the        **Plaintiff**        in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness on the trial, hearing or examination before trial herein the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid, necessarily traveled the number of miles so set opposite their names in traveling to, and the same distance in returning from, the same place of trial, hearing or examination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:    **June 20, 2003**

.................................................
This name signed must be printed beneath
ROY W. VASILE

**FILED**
JUL 29 2003
NASSAU COUNTY
COUNTY CLERK'S OFFICE

99/7146

---

Index No.

COUNTY OF

COURT

Plaintiff(s)

against

Defendant(s)

## Bill of Costs
### and Notice of _____ Taxation

Please Take Notice that the within is a true copy of the items of costs and disbursements in the within action *taxed* and that the same will be *taxed* by the Clerk of Court, at his/her office in the courthouse thereof on _____ at _____ M. of that day—and the amount inserted in the judgment. Yours, etc.

Attorney(s) for

To

Attorney(s) for

Service of the within bill of costs and notice of taxation is hereby admitted on _____

Attorney(s) for _____

* Strike out one (CPLR §§402, 8403)

---

State of New York, County of _____ ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at

That on _____ deponent served the within bill of costs and notice of taxation on

attorney(s) for
herein, at his/her office at

during his/her absence from said office

**strike out either (a) or (b)**

(a)   by then and there leaving a true copy of the same with

his/her clerk; partner; person having charge of said office.

(b)   and said office being closed, by depositing a true copy of same, enclosed in a sealed wrapper directed to said attorney(s), in the office letter drop or box.

Sworn to before me on _____

---

State of New York, County of _____ ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at

That on _____ deponent served the within bill of costs and notice of taxation on

attorney(s) for
at

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in—a post office—official depository under the exclusive care and custody of the United States Postal Service within New York State.

Sworn to before me on _____

S I R S:

PLEASE TAKE NOTICE that a Judgment, the within which is a true copy, will be presented for settlement to the Judgment Clerk of the Court of the within named Court, at Supreme Court, County of Nassau, 240 Old Country Road, Mineola, New York, on July 29, 2003, at 9:30 a.m.

Dated:     Merrick, New York
          July 1, 2003

                                        Yours, etc.,

                                        CURTIS, VASILE,  DEVINE &
                                        MC ELHENNY

                                        By _____
                                             ROY W. VASILE
                                        Attorneys for Plaintiff Lancer
                                        Insurance Company
                                        2174 Hewlett Avenue
                                        PO Box 801
                                        Merrick, NY 11566-0801
                                        (516) 623-1111

TO:     Andrew C. Risoli, Esq.
        Attorney for Defendant T.F.D. Bus Co.
        484 White Plains Road
        Eastchester, NY 10709

        Edward J. Carroll, Esq.
        Attorney for Defendant Thomas E. Lyons
        2733 Route 209
        Kingston, NY 12401

        Milber, Makris, Plousadis & Seiden, Esqs.
        Attorneys for Defendant Celeste Lyons
        990 Stewart Avenue
        Suite 600
        Garden City, NY 11530

STATE OF NEW YORK     )
                      )     ss.:
COUNTY OF NASSAU      )

     Patricia Fitzgerald, being duly sworn, deposes and says: that she served the attached Judgment

and this notice upon the attorneys listed above, by mail, on this date, in compliance with CPLR Section 2103(a) and Section 2102(b)2.

*Patricia Fitzgerald*

PATRICIA FITZGERALD

Sworn to before me this
14th day of July, 2003

*W Barnard*

Notary Public

WENDON BARNARD
Notary Public, State of New York
No. 01BA5059964
Qualified in Nassau County
Commission Expires May 6, ~~1999~~ 2006



**S RECEIPT**   Endorse This
Index Number
On All Papers

. County

```
99 -- 007146
```

DO NOT WRITE IN THIS SPACE

```
  %%            R E C E I P T
              Nassau County Clerk
              Karen V. Murphy
                  County Clerk

      REC: 00332149           OPR: LMM001
      petrilli


   DESCRIPTION                    TRANS AMOUNT


   County Fee
     Dept of Ed                       5.00
     State Fee                        5.00
                                    160.00

   Fees Paid
   Index/S&C                         170.00
                          #  99--007146
   DATE: 03/24/99          TIME: 09:36:48
   B/P  00000 0000 Control# 199903240132
   1 LANCER INSURANCE COMPANY

   2 7 F D BUS CO INC



   RECEIPT TOTAL
                                     170.00
   K CHECK
   TOTAL AMOUNT TENDERED             170.00
   TOTAL CHANGE RETURNED             170.00
   PAYMENT TOTAL                        .00
                                     170.00
```

LAW OFFICES OF

# JOHN A. PETRILLI
370 WEST PARK AVENUE
LONG BEACH, NEW YORK 11561-3292

JOHN A. PETRILLI
_____
LALEH HAWA
DEIRDRE ETTUS

March 17, 1999

TELEPHONE (516) 431-6092
TELECOPIER (516) 889-8904

Clerk of the Court
Supreme Court, Nassau County
100 Supreme Court Drive
Mineola, New York 11501

RE:    *Lancer Insurance Company* v. *T.F.D. Bus Co., Inc.,*
*Michael A. Thomas, Thomas E. Lyons and Celeste M. Lyons*

Dear Sir/Madam:

Please be advised that this firm represents the plaintiff in connection with the above referenced matter.

Please find enclosed the following the original Summons and Complaint together with our firm's check in the amount of $170 for an Index Number.

Please file these papers accordingly, advise us of the Index Number for this matter and return a time-stamped copy of the summons back to us in the enclosed self-addressed, stamped envelope.

Thank you for your cooperation.

Very truly yours,

LALEH HAWA

LH/bef

# LANCER INSURANCE COMPANY

370 WEST PARK AVENUE, LONG BEACH, NY 11561 • TEL. (516) 431-4441 • FAX (516) 889-5111

FEB 06 2003

C 332711A
RWV
340

February 5, 2003

Peter R. DeFilippi, Esq.
3064 East Huber Street
Mesa, Arizona   85213

                              Re:    Lyons vs. TFD/Lancer v. TFD

Dear Mr. DeFilippi:

        Enclosed please find Lancer Insurance Company Check #4166330 in the sum of
$1,000.00 representing Lancer's share of your referee fee.

        Thank you for your assistance in this matter.

                              Very truly yours,

                              Gina Blum
                              Legal Assistant

gb

Enclosure

cc:    Roy Vasile, Esq.
       Curtis, Vasile, Devine & McElhenny
       2174 Hewlett Avenue
       P.O. Box 801
       Merrick, New York 11566

JAN 8 2003

**Peter R. DeFilippi**
3064 E. Huber Street
Mesa, Arizona 85213
(480) 854-7101
peterdny@hotmail.com

January 24, 2003

Roy W. Vasile, Esq.
CURTIS, VASILE, DEVINE & McELHENNY
2174 Hewlett Avenue
P.O. Box 801
Merrick, New York 11566

Re: Lancer v. TFD Bus

Dear Roy,

I have calculated my time spent as a Referee to Supervise discovery in the above action as a total of 15 hours. This includes the legal research concerning the attorney-client privilege between corporate officers and their counsel, and supervising the various examinations before trial. My billing rate for these services is $200.00 an hour making a total of $3,000.00 to be divided as the parties may agree or as Justice Alpert may decide.

Very truly yours,

Peter R. DeFilippi

## CURTIS, VASILE, DEVINE & McELHENNY

Neil A. Curtis (1911-1987)
Brian W. McElhenny
Paul D. Devine
Roy W. Vasile
Michael G. Mehany
Dominick A. Piccininni, Jr
William E. Morrissey, Jr

Robert M. Smith
Hugh J. Larkin
Michael J. Dorny
Marianne Arcieri
Robert E. Schleier, Jr.

ATTORNEYS AT LAW
MERRICK PROFESSIONAL CENTRE
2174 HEWLETT AVENUE
P.O. BOX 801
MERRICK, NEW YORK 11566-0801

516-623-1111

SUFFOLK COUNTY OFFICE
GRIFFING BUILDING
80 WEST MAIN STREET
RIVERHEAD, NEW YORK 11901

631-727-1111

JAMES J. MORRIS
OF COUNSEL

PLEASE REPLY TO MERRICK OFFICE

March 4, 2002

County Clerk
County of Nassau
240 Old Country Road
Mineola, NY 11501

Att:    County Clerk

RE:    Lancer Insurance Company v. T.F.D. Bus, Inc.
       Index Number: 7146-99
       Our File: C33271LA

Dear Sir/Madam:

Enclosed herewith please find original and three copies of our Note of Issue and Certificate of Readiness in connection with the above matter. We enclose herewith our check in the amount of $25.00 for filing of the Note of Issue as well as a check in the amount of $50.00 for the Jury Demand. Please file the Note of Issue on our behalf and return the attached postcard to us indicating date of filing and the calendar number assigned to this matter.

Thank you for your courtesy in this matter.

Very truly yours,

ROY W. VASILE
Ext. 224

RWV/pf
encs:

**INVOICE**

CORPORATE OFFICE
607-865-4131
800-252-7181
FAX: 607-865-7586
E-Mail: info@ezprint.com

COMMERCIAL PRINTING
607-865-4132
800-865-4132
FAX: 607-865-8983
E-Mail: info@ezprint.com

*Since 1881*

# THE REPORTER COMPANY
*Printers and Publishers, Inc.*

181 Delaware Street
Walton, New York 13856
**FOR BILLING INQUIRIES PLEASE CALL 607-865-4131**

NEW YORK CITY
212-732-6970
000-000-4204
FAX: 212-063-0630
E-Mail: info@ezprint.com

SYRACUSE
315-426-1235
800-426-5039
FAX: 315-475-2701
E-Mail: appeal@dreamscape.com

**TO:** CURTIS, VASILE, DEVINE & MCELHENNY,ESQS.
2174 HEWLETT AVE., SUITE 201
MERRICK, NY

11666~0801

NEW YORK L

Attorney: ROY W. VASILE

FED. I.D. #16-1514412

| INVOICE DATE | INVOICE NO. | ACCT NO | LOC. | TERMS |
|---|---|---|---|---|
| 5/04/01 | 802791 | CUR100 | N Y Direct | NET 30 DAYS |

RE: LANCER INSURANCE COMPANY VS T.F.O. BUS CO., ET AL.
JOB# 9499
20 COPIES BRIEF

Court: AD 2ND DEPT

| QTY | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 34 | OFFSET | | 178.50 |
| | BINDING | 5.25 | 60.00 |
| | COVERS | | 80.00 |

| | | |
|---|---|---|
| SUBTOTAL | $ | 308.50 |
| TAX | | 26.22 |
| SERV & FILING | | 85.00 |
| PREPAID | | |
| TOTAL DUE | $ | 419.72 |

*Please Detach and Return With Payment*

CUST ID# CUR100    INV# 802791    LANCER INS. VS T.F.O. BUS    TOTAL $ $    419.72

# INVOICE

# spherion.

LANCER INSURANCE COMPANY
370 WEST PARK AVENUE
LONG BEACH, NY 11561
ATTN.: .

| Invoice # | Invoice Date |
|-----------|--------------|
| 4936004872 | 12/8/2000 |

**REMIT TO:**
P.O. Box 905463
Charlotte, NC 28290-5463
*Formerly Interim Court Reporting*

Firm ID:    LANC01    Case Ref:

| Job Number | Case Number | Case Name |
|------------|-------------|-----------|
| 3047 | LANC01 | LANCER V TFD BUS ET AL. |

**GROCCIA, ALBERT M.**                    Job Date(s):    11/29/00

| | |
|---|---|
| ORIGINAL & TWO COPIES OF THE TRANSCRIPT | $318.57 |
| APPEARANCE FEE | $23.34 |

*123 PAGES.  TRANSCRIPTS DELIVERED TO CURTIS, VASILE, DEVINE & MCELHENNY.  FILE
C32271LA.  CLAIM BA121448.  SPLIT BILL.  YOUR SHARE.*

Total Amount Due:    **$341.91**

Effective July 7, 2000, Interim Court Reporting became **spherion**.
Our federal ID number remains the same.

# Due Upon Receipt

Please pay this amount:    **$341.91**

**R D Glen & Associates**
(516) 739-0002
Federal ID:  36-3536544