# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D6462
E/nl

_____AD3d_____

Argued - January 10, 2005

HOWARD MILLER, J.P.
DANIEL F. LUCIANO
REINALDO E. RIVERA
ROBERT A. LIFSON, JJ.

---

2003-07593

DECISION & ORDER

Lancer Insurance Company, respondent,
v T.F.D. Bus Co., Inc., et al., appellants,
et al., defendant.

(Index No. 7146/99)

---

Andrew C. Risoli, Eastchester, N.Y., for appellant T.F.D. Bus Co., Inc.

Edward J. Carroll, Kingston, N.Y., for appellant Thomas E. Lyons.

Milber Markris Plousadis & Seiden, LLP, Garden City, N.Y. (Lorin A. Donnelly of counsel), for appellant Celeste M. Lyons.

Curtis, Vasile, Devine & McElhenny, Merrick, N.Y. (Roy W. Vasile of counsel), for respondent.

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants T.F.D. Bus Co., Inc., and Michael A. Thomas in an action entitled _Lyons v Thomas_, commenced in the Supreme Court, Westchester County, under Index No. 14941/92, the defendants T.F.D. Bus Co., Inc., Thomas E. Lyons, and Celeste M. Lyons separately appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated July 29, 2003, which, upon a jury verdict finding that there was an agreement between the plaintiff and T.F.D. Bus Co., Inc., to postpone the plaintiff's disclaimer of insurance coverage, inter alia, determined that there was no coverage under a business automobile liability policy issued by the plaintiff to the defendant T.F.D. Bus Co., Inc., for any claims, allegations, losses, costs, expenses, or judgments asserted by Thomas E. Lyons and Celeste Lyons in the underlying action, and declared that the plaintiff is not obligated

May 2, 2005

LANCER INSURANCE COMPANY v T.F.D. BUS CO., INC.

to defend or indemnify T.F.D. Bus Co., Inc., or Michael A. Thomas in the underlying action and dismissed the defendants' counterclaims.

ORDERED that the judgment is affirmed, with costs.

On February 14, 1989, Thomas E. Lyons sustained injuries in an automobile accident involving his car and a bus owned by the defendant T.F.D. Bus Co., Inc. (hereinafter TFD), and operated by the defendant Michael A. Thomas. In 1992 Thomas E. Lyons and Celeste M. Lyons brought an action, inter alia, to recover damages for personal injuries (hereinafter the underlying action). Later in 1992, upon the failure of TFD and Thomas to answer or appear, the Lyons' motion for leave to enter judgment on the issue of liability in their favor and against TFD and Thomas was granted. Following an inquest, the Lyons received a judgment for damages and on or about September 1997 TFD's bank accounts were restrained. At that time, TFD informed the plaintiff, Lancer Insurance Company (hereinafter Lancer), its insurer, of the underlying action and sought coverage under its liability insurance policy.

TFD subsequently moved to vacate the default judgment insofar as asserted against it. The motion initially was granted, but by order dated February 10, 1998, upon reargument, the Supreme Court directed that a hearing be held to determine whether TFD was properly served with process in the underlying action. The court made clear that the default judgment already previously rendered against Thomas was unaffected, and remained valid. On November 10, 1998, following the hearing in the underlying action, it was determined that TFD had been properly served, thus, in effect, reinstating the default judgment against TFD in the underlying action.

In this subsequent action for a declaration of the parties' respective rights and obligations under the subject insurance policy, Lancer claimed that it had an agreement with TFD to postpone a decision on coverage under the subject policy, and when it learned in the last week of January 1999 that TFD was not pursuing an appeal from the adverse determination following the hearing on the issue of service, it disclaimed coverage in early February 1999. The Supreme Court submitted to the jury the issue whether there was, in fact, a postponement agreement between Lancer and TFD. The jury responded in the affirmative. Based on our review of the record, we conclude that the evidence supports that conclusion.

Insurance Law § 3420(d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (see *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). In this case, the modest delay from the time Lancer learned that TFD would not be pursuing an appeal with respect to the adverse determination at the traverse hearing (which meant the default judgment against it would stand) and Lancer's disclaimer - from the last week in January 1999 to early February 1999 - was reasonable, and thus Lancer's disclaimer was timely, vitiating coverage under the subject policy (see *Town of Smithtown v National Union Fire Ins. Co.,* 191 AD2d 426; *Commercial Union Ins. Co. v International Flavors & Fragrances,* 822 F2d 267).

May 2, 2005                                                                                               Page 2.

LANCER INSURANCE COMPANY v T.F.D. BUS CO., INC.

The appellants' remaining contentions are without merit.

H. MILLER, J.P., LUCIANO, RIVERA and LIFSON, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

May 2, 2005

LANCER INSURANCE COMPANY v T.F.D. BUS CO., INC.

Page 3.

EXHIBIT D



*State of New York*
## Court of Appeals

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207-1095*

DECISION September 15, 2005

2          Mo. No.  644
Lancer Insurance Company,
                    Respondent,
          v.
T.F.D. Bus Co., Inc.,
                    Appellant,
et al.,
              Defendants.

Motion for leave to appeal denied.



SEP 1 9 2005

# State of New York,
# Court of Appeals

*At a session of the Court, held at Court of Appeals Hall in the City of Albany on the* .......fifteenth....................... *day of* ...........September........... 2005

**Present,**     HON. JUDITH S. KAYE, *Chief Judge, presiding.*

2               Mo. No.   644
Lancer Insurance Company,
                    Respondent,
          v.
T.F.D. Bus Co., Inc.,
                    Appellant,
et al.,
                    Defendants.

SEP 1 9 2005

A motion for leave to appeal to the Court of Appeals in the above cause having heretofore been made upon the part of the appellant  herein and papers having been submitted thereon and due deliberation having been thereupon had, it is

ORDERED, that the said motion be and the same hereby is denied.

Stuart M. Cohen
Clerk of the Court

EXHIBIT E

LAW OFFICE OF

*Edward J. Carroll*

2733 ROUTE 209
KINGSTON, NEW YORK 12401

EDWARD J. CARROLL

TEL (845) 338-5977
FAX (845) 338-5975

PARALEGAL
DEBRA LEACOCK

March 29, 2007


Lancer Insurance Company
370 West Park Avenue
Long Beach, New York  11561

Re:  Thomas E. Lyons and Celeste M. Lyons
Vs:  Michael A. Thomas and T.F.D. Bus Co., Inc.
     Supreme Court of the State of New York
     County of Westchester

Dear Sir/Madam:

Please be advised that my office represents Thomas E. Lyons and Celeste M. Lyons regarding the above entitled matter.

Please be further advised that a final Judgment in favor of Thomas E. Lyons and Celeste M. Lyons and against T.F.D. Bus Co., Inc. was entered in the Westchester County Clerk's Office on the 24th day of August, 2006 and remains unsatisfied.

Please be further advised that the vehicle involved in this accident operated under authority of Interstate Commerce Commission Certificate No. MC 201286 which was assigned US DOT Identification No. USDOT 428962 and was engaged in interstate commerce on the date of this accident.

Your company issued a MCS-90 Endorsement and therefore, in accordance with the Bus Regulatory Reformed Act of 1982 and/or Motor Carrier Act of 1980, demand is hereby made for all damages sustained by my clients as shown in the enclosed final Judgment.

Your immediate attention to the foregoing is required.

Very truly yours,

Edward J. Carroll

EJC/dl
Enclosure

Certified Mail, Return Receipt Requested
Article No. 7006 0810 0006 7650 3128

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lancer Insurance Company
370 West Park Avenue
Long Beach, New York
11561

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                   4/3

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7006 0810 0006 7650 3128

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 1.35 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.60 |

Postmark Here

3-29-07

Sent To  Lancer Insurance Company
Street, Apt. No.;  370 West Park Avenue
or PO Box No.
City, State, ZIP+4  Long Beach, New York 11561

7006 0810 0006 7650 3128

PS Form 3800, June 2002        See Reverse for Instructions

AUG 2 8 2006

FILED
AND
ENTERED
ON _8-24_ 20_66_
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,

Plaintiffs,

-against-

MICHAEL A. THOMAS and T.F.D. BUS CO., INC.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JUDGMENT

Index #92-14941

The above entitled action having been commenced by the service of a summons and complaint upon defendants, MICHAEL A. THOMAS and T.F.D. BUS CO., INC., on August 27, 1992; and an index number having been purchased and plaintiffs summons and complaint having been duly filed; and the defendants having defaulted in timely appearing, answering, or moving against said complaint; and the plaintiffs having timely moved to enter a default judgment against the defendants on December 4, 1992; and said application having been granted by Decision and Order of HONORABLE SAMUEL G. FREDMAN, J.S.C., dated December 17, 1992 and filed on December 18, 1992 in the Office of the County Clerk of the County of Westchester, State of New York; and a copy of said Decision/Order awarding a judgment of liability in favor of the plaintiffs and against T.F.D. BUS CO.,

INC., and MICHAEL THOMAS and granting plaintiffs an inquest to assess damages having been served upon defendants by certified mail, return receipt requested; and the defendants having failed to seek relief from said judgment for a period of at least five (5) years thereafter; and this action having duly come on upon plaintiffs timely application for a hearing for the purpose of assessing damages on the causes of action set forth in plaintiffs' complaint before HONORABLE ARTHUR C. KELLMAN, J.H.O., and a jury of six (6) on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse, White Plains, New York; and the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, having appeared by EDWARD J. CARROLL, ESQ.; and the proofs of the plaintiffs having been duly presented and the issue of damages having been duly tried; and the jury having rendered a unanimous verdict in favor of the plaintiffs and against the defendants on the issue of damages on the 17th day of June, 1997, finding that defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and

-2-

medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident; and Judgment having been entered thereon, and plaintiffs having sought enforcement thereof; and defendant, T.F.D. BUS CO. INC. by its attorney ADAM SEIDEN, ESQ. having moved by Order to Show Cause returnable on September 24, 1997 before the Supreme Court, County of Westchester for relief pursuant to CPLR Section 5015; and HONORABLE JOHN P. DiBLASI, J.S.C., by Order and Decision dated February 10, 1998 having ultimately granted defendant's application to the extent of directing that a traverse hearing would be held to determine whether plaintiffs properly served T.F.D. BUS CO. INC. with their summons and complaint, and if service was deemed sufficient directing that a new inquest on damages, upon notice, be held; and a traverse hearing having thereafter been held on or about November 11, 1998, and HONORABLE ROBERT JAMES FRIEDMAN, J.S.C., presiding, having determined that defendant, T.F.D. BUS CO., INC. was properly served with plaintiffs' summons and complaint on August 27, 1998; and the Court having directed that the action be remanded to the Trial Assignment Part to appear on

-3-

the calendar for the purpose of scheduling a date for an Inquest; and the above entitled action having come on for an Inquest on or about April 20, 1999 to determine an assessment of damages sustained by the plaintiffs as against T.F.D. BUS CO. INC.; and the jury, after hearing the proofs of both plaintiffs and defendants having determined, by verdict sheet annexed hereto and made a part hereof as Exhibit "A", that the defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS, as a result thereof, suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident, and that plaintiff, CELESTE M. LYONS did sustain damages upon her derivative cause of action; and the jury having rendered a verdict in favor of plaintiff, THOMAS E. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two Million Four Hundred Thousand Dollars ($2,400,000.00); and the jury having

-4-

rendered a further verdict in favor of plaintiff, CELESTE M. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two Hundred Thousand Dollars ($200,000.00) as and for her derivative action for loss of services, and said award as to THOMAS E. LYONS having been allocated as of the date of the verdict (April 20, 1999) as follows:

(A) ONE MILLION DOLLARS ($1,000,000.00) for past loss of earnings, pension, and insurance benefits and impairment of earning ability;

(B) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future loss of earnings, pension and insurance benefits and impairment of earning ability over 7 years; and

( C) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future pain and suffering, including the permanent effect of the injury from the time of the verdict to the time that plaintiff could be expected to live being a period of 20 years, and

the plaintiffs being entitled to interest on said awards as of the date the plaintiffs were awarded a Judgment of liability, to wit: December 17, 1992; and the Court having computed the award for future damages for the plaintiff, THOMAS E. LYONS, pursuant to Section 5041 of the Civil Practice Law and Rules of the State of New York; and by agreement between plaintiffs and

-5-

defendant, T.F.D. BUS CO., INC., entry of Judgment was adjourned from April 20, 1999 to present,

NOW, on motion of EDWARD J. CARROLL, ESQ., attorney for the plaintiffs, it is

ORDERED, ADJUDGED AND DECREED, that plaintiff, CELESTE M. LYONS, residing at 4 Cross Road, Ardsley, New York 10502, does recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from December 17, 1992, *less any payments already made by defendants* and it is further

ORDERED, ADJUDGED AND DECREED, that EDWARD J. CARROLL, ESQ., attorney for CELESTE M. LYONS, shall be paid an attorneys award in the sum of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 from the proceeds of the foregoing award to CELESTE M. LYONS; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(b), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does recover of defendant, T.F.D.

A.J.S.C.

-6-

BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) for past damages ($1,000,000.00 to April 20, 1999; $1,020,000.00 representing future damages awarded on April 20, 1999 which, due to the postponement of the entry of Judgment, are now past damages; and future damages, not in excess of $250,000.00, with interest from December 17, 1992; and it is further *less any payments made by defe* 

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) for litigation costs and attorneys fees pertaining to the recovery of the aforesaid damages in the amount of $2,270,000.00, from the foregoing Judgment awarded to THOMAS E. LYONS, with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(e), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does further recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215

-7-

South 11th Avenue, Mt. Vernon, New York 10550, the sum of ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85) representing the present value of future damages as of the entry of Judgment (see Schedule "A"); and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) for litigation costs and attorneys fees pertaining to the recovery of $112,182,85 representing the present value of future damages; and it is further

ORDERED, ADJUDGED AND DECREED, that both plaintiffs be and the same are hereby awarded statutory interest on their awards from the date of entry of the judgment of liability on December 17, 1992 together with costs and disbursements of this action and that plaintiffs shall have execution therefore; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendants and their insurance carriers be and the same are hereby required and directed to offer and purchase and guarantee the purchase and payment to the plaintiff,

-8-

THOMAS E. LYONS, of an annuity contract by an insurance carrier designated as qualified by the superintendent of insurance of the State of New York of the following annual payments, in equal monthly installments, in advance:

(A) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), per annum for one (1) year, representing future damages for future loss of earnings, pension, insurance benefits and impairment of earning ability ($65,000 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86) and

(B) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), by payment of $11,575.72 per annum for four (4) years, increased annually at Four percentum (4 percent), compounded annually, representing damages for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live ($65,000.00 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86 divided by 4 equal annual payments) [CPLR Section 5041(e)]; and it is further

ORDERED, ADJUDGED AND DECREED, that the discount rate to be used to calculate the net present value of the award to THOMAS E. LYONS

-9-

shall be 6.25 percent as is more particularly set forth in the U.S. Statistical Abstract Table 801 at page 520 and the Federal Reserve Bulletin for the year 1992 (determination of liability) and that the total net present value of the judgment herein for future damages is ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85), and it is further

ORDERED, ADJUDGED AND DECREED that the fees of EDWARD J. CARROLL, ESQ., (as calculated in Schedule "B")  shall be SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) with interest from December 17, 1992 to be taken from the TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff, THOMAS E. LYONS herein, plus THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) fee on future damages, to be paid in an additional lump sum, and the amount of  SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 to be taken from the TWO HUNDRED THOUSAND DOLLARS ($200,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff,

-10-

CELESTE M. LYONS and it is further

ORDERED, ADJUDGED AND DECREED that plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS shall have execution therefor.

The Clerk of the Court is hereby directed to enter Judgment accordingly.

JUDGMENT signed this 22nd day of August, 2005.

*[signature]*

HONORABLE ~~ALDO A. NASTASI~~ FRANCIS A. NICOLAI
Acting Justice of the Supreme Court

Defendant, T.F.D. BUS CO., INC., by its attorney, ANDREW RISOLI, ESQ., 484 White Plains Road, Eastchester, New York 10709 hereby approves the form of the above Judgment and consents to the execution and filing of same.

Dated _____, 2005

_____
ANDREW RISOLI, ESQ.

-11-

# **SCHEDULE A**

## **COMPUTATION PURSUANT TO CPLR 5041**

Jury Award in favor of Celeste M. Lyons
(Not including accrued interest).............................................$  200,000.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Jury Award in favor of Thomas E. Lyons
(Not including accrued interest)...........................................$ 2,400,000.00

   a. Award for past loss of earnings, pension,
   insurance benefits and impairment of earning
   ability pursuant to CPLR 5041(b)..............................(-) $  1,000,000.00

Sub Total.......................................................................$ 1,400,000.00

   b. Award for future loss of earnings, pension,
   insurance benefits and impairment of earning
   ability.......................................................................(-) $  700,000.00

   c. Award for future pain, suffering, including
   the permanent effect of the injury from the time
   of verdict to the time that plaintiff could be
   expected to live......................................................(-) $  700,000.00

Sub Total.......................................................................$        0.00

## PAST DAMAGES AND PARTIAL PAYMENT FOR FUTURE DAMAGES PURSUANT TO CPLR 5041(b)

Judgment............................................................................................................ $ 2,400,000.00

    d.  Lump sum payment for past loss of earnings,
    pension, insurance benefits and impairment of
    earning ability pursuant to CPLR 5041(b).............(-) $ 1,000,000.00

Sub Total............................................................................................................$ 1,400,000.00

    e.  Future damages awarded on April 20, 1999
    which, due to the postponement of the entry
    of Judgment, are now past damages
    ($600,000.00 loss of earnings; $420,000.00
    pain and suffering)...........................................(-) $ 1,020,000.00

Sub Total............................................................................................................$ 380,000.00

    f. Lump sum payment for future loss of
    earnings and impairment of earning
    ability and damages due to injury, pain,
    suffering and disability pursuant
    to CPLR 5041(b).................................................(-) $ 250,000.00

Sub Total............................................................................................................$ 130,000.00

Remaining gross award for future damages is
$130,000.00. Since jury determined future
damages to be $700,000.00 for future loss
of earnings, pension, insurance benefits
and impairment of earning ability and
$700,000.00 for future pain, suffering, including
the permanent effect of the injury from the
time of verdict to the time that plaintiff
could be expected to live, the remaining sum
of $130,000.00 was equally divided 50/50 as
$65,000.000 for future loss of earnings, pension,
insurance benefits and impairment of earning

ability and $65,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live.

Pro rata future loss of earnings, etc..................................... $  65,000.00

Pro rate future pain and suffering.......................................$  65,000.00

## COMPUTATION OF PRESENT VALUE

Discount rate to calculate the net present value of the award is 6.25% taken from U.S. Statistical Abstract Table 801 at page 520 and Federal Reserve Bulletin for the Year 1992 (Determination of Liability).

    A.  Loss due to future  loss of earning and impairment of earning ability (remaining gross award of $65,000)

        1. Verdict established 7 years as period of award for future loss of earning and impairment of earning ability with 1 year remaining at the time of the entry of judgment; 7 years totaling $700,000.00 or $100,000.00 per year of which 1 year remains. $600,000.00 constitutes past damages and $100,000.00 represents future damages.

        2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 1 year period to be .9411815 for future loss of earning and impairment of earning ability.

$65,000.00 x .9411815 equals present value............................$  61,176.80

    B.  Loss due to future injury, pain, suffering and disability (remaining gross award of $65,000)

        1. Verdict established 20 years as period of award for future injury, pain, suffering and disability. CPLR 5041(e) establishes 10 years as period of award for future injury, pain, suffering and disability with 4 years remaining at the time of the entry of judgment; 10 years totaling $700,000.00 or $70,000.00 per year of which 4 years remain. $420,000.00 constitutes past

damages and $280,000.00 represents future damages.

       2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 4 year period to be .7847085 for future injury, pain, suffering and disability.

$65,000.00 x .7847085 equals.................................................. $   51,006.05

Present Value of combined remaining future damages.......... $ 112,182.85

## SCHEDULE B

## COMPUTATION OF LEGAL FEES
## NOT INCLUDING ACCRUED INTEREST
## FROM DECEMBER 17, 1992

a.  Lump sum payment for past loss of earnings
and impairment of earning ability pursuant
to CPLR 5041(b)........................................................ $ 1,000,000.00

b.  Future damages awarded on April 20, 1999
which, due to the postponement of the entry
of Judgment, are now past damages.........................(+) $ 1,020,000.00

c.  Lump sum payment for future loss of earnings,
pension, insurance benefits and impairment of
earning ability and loss of injury, pain, suffering
and disability pursuant to CPLR 5041(b).................. (+) $  250,000.00

Sub Total............................................................................. $ 2,270,000.00

d.  Contingent fee of one-third of net recovery
of damages (not including accrued interest)..................(-) $  756,666.66

Present value of combined remaining future damages........... $  112,182.85

e.  Contingent fee of one-third of net recovery
of damages paid in lump sum...................................... $   37,394.28

Total of (d) and (e)..........................................................$  794,060.94

f.  Contingent fee of one-third of net recovery
of damages (not including accrued interest)
for Celeste M. Lyons...................................................(+) $ 66,666.66

Total (d), (e) and (f)......................................................$ 860,072.60

EXHIBIT F



# LANCER
### INSURANCE
*The Difference is Our Attitude.*

April 5, 2007

APR 1 1 2007

**By Overnight and Regular Delivery**

Edward J. Carroll
2733 Route 209
Kingston, NY 12401

Re:    *Lyons v. TFD Bus*
       *Lancer v. TFD, et al.*

Dear Mr. Carroll:

I am in receipt of your letter dated March 29, 2007, addressed to Lancer Insurance Company which, in part, makes demand for payment upon a Judgment purportedly entered by your client(s) against TFD Bus.

As you are aware, I am Counsel to Lancer Insurance Company and was actively involved in the prosecution of a Declaratory Judgment Action in the Supreme Court, Nassau County, against your client(s). As you are further aware, that action resulted in a Judgment, in Lancer's favor, declaring that Lancer had no duty to indemnify for any claim, judgment, etc. arising out of a certain alleged loss which involved TFD Bus and your client(s).

In the future, you are directed to send any communication or correspondence directly to me on Lancer's behalf. Given the substance of your letter, and your frivolous assertion that Lancer is required to satisfy your client(s)' purported Judgment, if you commence any litigation against Lancer, service of any suit papers shall be made upon me personally. I will expect full compliance with this demand lest we suffer through the very same tactics you have previously employed calculated solely to deprive litigants and their counsel of the right to a minimum amount of due process.

On the substantive aspects of your letter, you and your client(s) have no basis for your demand. All of the issues raised in your letter were before the Supreme Court. The jury found in Lancer's favor, the trial court declared Lancer's rights, and you took an appeal of that declaration. All of the issues before the trial court were fully argued in the Appellate Division. That court affirmed the trial court's decision. The Court of Appeals, as you are also aware, denied your leave application.

Based upon the foregoing, your demand has no reasonable basis in law or in fact. Your veiled threat of litigation can most charitably be described as frivolous.

Should you continue with your legal forays, we will seek all available remedies against your client(s) and against you personally. My client will vigorously prosecute its claims for sanctions against you and your client(s) and will also be constrained to file a complaint with the appropriate grievance committee.

In sum, my client will not comply with your demand nor does it recognize any validity to your claim.

This letter is being sent to you by overnight delivery and by regular mail. While we have no obligation to comply with your demand, we are cognizant of our procedural obligations. Therefore, unless I hear from you to the contrary, I will assume that this letter is being accepted by you on behalf of your client(s). Otherwise, I will send them copies as well.

Very truly yours,

John A. Petrilli
Senior Vice President
General Counsel

JAP:cp

Copy: Roy Vasile, Esq.



LANCER
INSURANCE
*The Difference is Our Attitude.*



# LANCER
## INSURANCE
### *The Difference is Our Attitude.*

April 5, 2007

**By Overnight and Regular Delivery**

Edward J. Carroll
2733 Route 209
Kingston, NY 12401

APR 0 6 2007

           Re:    *Lyons v. TFD Bus*
                    *Lancer v. TFD, et al.*

Dear Mr. Carroll:

      I am in receipt of your letter dated March 29, 2007, addressed to Lancer Insurance Company which, in part, makes demand for payment upon a Judgment purportedly entered by your client(s) against TFD Bus.

      As you are aware, I am Counsel to Lancer Insurance Company and was actively involved in the prosecution of a Declaratory Judgment Action in the Supreme Court, Nassau County, against your client(s). As you are further aware, that action resulted in a Judgment, in Lancer's favor, declaring that Lancer had no duty to indemnify for any claim, judgment, etc. arising out of a certain alleged loss which involved TFD Bus and your client(s).

      In the future, you are directed to send any communication or correspondence directly to me on Lancer's behalf. Given the substance of your letter, and your frivolous assertion that Lancer is required to satisfy your client(s)' purported Judgment, if you commence any litigation against Lancer, service of any suit papers shall be made upon me personally. I will expect full compliance with this demand lest we suffer through the very same tactics you have previously employed calculated solely to deprive litigants and their counsel of the right to a minimum amount of due process.

      On the substantive aspects of your letter, you and your client(s) have no basis for your demand. All of the issues raised in your letter were before the Supreme Court. The jury found in Lancer's favor, the trial court declared Lancer's rights, and you took an appeal of that declaration. All of the issues before the trial court were fully argued in the Appellate Division. That court affirmed the trial court's decision. The Court of Appeals, as you are also aware, denied your leave application.

Based upon the foregoing, your demand has no reasonable basis in law or in fact. Your veiled threat of litigation can most charitably be described as frivolous.

Should you continue with your legal forays, we will seek all available remedies against your client(s) and against you personally. My client will vigorously prosecute its claims for sanctions against you and your client(s) and will also be constrained to file a complaint with the appropriate grievance committee.

In sum, my client will not comply with your demand nor does it recognize any validity to your claim.

This letter is being sent to you by overnight delivery and by regular mail. While we have no obligation to comply with your demand, we are cognizant of our procedural obligations. Therefore, unless I hear from you to the contrary, I will assume that this letter is being accepted by you on behalf of your client(s). Otherwise, I will send them copies as well.

Very truly yours,

John A. Petrilli
Senior Vice President
General Counsel

JAP:cp

Copy:  Roy Vasile, Esq.



LANCER
INSURANCE
*The Difference is Our Attitude.*

LAW OFFICES OF CURTIS, VASILE P.C.
ATTORNEYS AT LAW

REID A. CURTIS (1911-1987)
ROY W. VASILE
MICHAEL G. MEHARY
DOMINICK A. PICCININNI, JR.
MICHAEL J. DORRY

PATRICIA M. D'ANTONE
OF COUNSEL

2174 HEWLETT AVENUE
MERRICK, NEW YORK 11566-0801

516-623-1111
FAX 516-623-0758

PLEASE ADDRESS ALL MAIL TO
POB 801, MERRICK, NY 11566-0801

May 8, 2007

Edward J. Carroll, Esq.
2733 Route 209
Kingston, NY 12401

By Certified Mail, Return Receipt Requested

MAY 1 0 2007

RE:    Lyons v. TFD Bus
       Lancer v. TFD, et al
       Our File: C36158LA.3744

Dear Mr. Carroll:

Enclosed herewith is a certified copy of the Judgment declaring that there is no coverage under Lancer's policy for the claims involved in the litigation which you brought on behalf of Thomas & Celeste Lyons.

Please be advised that pursuant to CPLR 5104, should you or your clients attempt to commence litigation or pursue any claim for coverage in the face of the aforesaid judgment, a contempt proceeding will be brought before Justice Kenneth A. Davis of the Supreme Court, Nassau County.

Very truly yours,

ROY W. VASILE (Ext. 224)
rvasile@cvdm.com

RWV/pf
encs:

cc:    John A. Petrilli, Esq.

STATE OF NEW YORK  
COUNTY OF NASSAU } SS:  
COUNTY CLERK'S OFFICE

I, **MAUREEN O'CONNELL,** County Clerk of the County of Nassau and the Supreme and County Courts, Courts of Record thereof,

DO HEREBY CERTIFY, that I have compared the annexed with the original.

_Recorded Judgement - Supreme Court - Mowey_

FILED AND RECORDED in my office _On July 30, 2003, In Liber 2571 Page 136_ and that the same is a true transcript thereof and of the whole of such original.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of said County at Mineola, N.Y. this _18th_ day of _April_____, 20 _07_

_Maureen O'Connell_
County Clerk

CL-192. 2/96. Rev. 12/05



## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 07-30-2003
Recorded Time:  9:47:09 a

Record and Return To:

Liber Book: J   2571
Pages From:      136
        To:     149A

Control
Number:    514
  Ref #: 99--007146
Doc Type: J01   JUDGMENT-SUPREME COURT-MONEY

Plnt: LANCER INSURANCE COMPANY
Dfnd: LYONS, THOMAS E
Dfnd: LYONS, CELESTE M

Judgment Amount:        2,864.72

MET001

Taxes Total                    .00
Recording Totals               .00
Total Payment                  .00

THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
KAREN V. MURPHY
COUNTY CLERK



2003073000514



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------X

LANCER INSURANCE COMPANY,

                      Plaintiff,

       -against-

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS and CELESTE LYONS,

                    Defendants.

---------------------------------------------------------X

**JUDGMENT
NOTICED FOR
SETTLEMENT
WITH BILL OF COSTS**

Cal. No. 2002H1541
Index No. 7146/99

      The issues in the above-entitled declaratory judgment action having duly come on for trial before the Hon. Justice Kenneth A. Davis and a jury, at a Trial Term, Part 11, of this court, held at the courthouse thereof, located at 100 Supreme Court Drive, Mineola, New York, on the 9th, 12th, 13th, 14th, 15th and 16th days of May, 2003; and the plaintiff Lancer Insurance Company having appeared by its attorneys Curtis, Vasile, Devine & McElhenny, 2174 Hewlett Avenue, Merrick, New York 11566, by Roy W. Vasile, of counsel; and the defendant T.F.D. Bus Co., Inc. having appeared by its attorney Andrew C. Risoli, 484 White Plains Road, Eastchester, New York 10709; and the defendant Thomas E. Lyons having appeared by his attorney Edward J. Carroll, 2733 Route 209, Kingston, New York 12401; and the defendant Celeste Lyons having appeared by her attorneys Milber, Makris, Plousadis & Seiden, 990 Stewart Avenue, Suite 600, Garden City, New York 11530, by John P. Grisafi, of counsel; and the issues having been duly tried; and the jury having rendered a verdict on the 14th day of May, 2003, in favor of the plaintiff and against the defendants; and the court having denied defendants' motions after due deliberation, and having ruled on the basis of the jury's verdict that there is no coverage under plaintiff's policy:

**NOW**, on motion of Curtis, Vasile, Devine & McElhenny, attorneys for the plaintiff, it is *2174 Hewlett Avenue PO Box 801 Merrick NY 11526-0801*

~~ORDERED~~, ADJUDGED, ~~DECLARED AND DECREED~~, that there is no coverage under a business automobile liability policy, number BA121448, issued by Lancer Insurance Company to T.F.D. Bus Co., Inc. for any claims, allegations, losses, costs expenses or judgments asserted by Thomas E. Lyons and Celeste Lyons against T.F.D. Bus Co., Inc. and Michael A. Thomas as a result of an automobile accident which is claimed to have occurred on February 14, 1989; and it is further

~~ORDERED~~, ADJUDGED, ~~DECLARED AND DECREED~~, that Lancer Insurance Company has no duty to defend or indemnify T.F.D. Bus Co., Inc. or Michael Thomas in connection with a certain action brought against them by Thomas A. Lyons and Celeste Lyons in the Supreme Court, Westchester County, under Index number 14941/92; and it is further

~~ORDERED~~, ADJUDGED ~~AND DECREED~~, that all of the counterclaims asserted by each of the defendants in there respective answers and/or amended answers be and the same hereby are dismissed; and it is further

**ADJUDGED**, that plaintiff Lancer Insurance Company *residing at 370 W Park Ave Long Beach NY 11561* recover from defendant Thomas E. Lyons, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522 and defendant Celeste Lyons, residing at 4 Cross Road, Ardsley, New York 10502, costs and

Disbursements in the sum of $2864.72, as taxed by the Clerk of the Court; and that the plaintiff have execution therefor.

ENTER:

July 29 2003

Karen V Murphy
Clerk of the Court

COPYRIGHT 1993 BY JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

Bill of Costs (with CPLR sections) Blank Court. 1-95

SUPREME     COURT
COUNTY OF  NASSAU

LANCER INSURANCE COMPANY,

                                        Plaintiff(s)

                against

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS AND CELESTE LYONS,

                                        Defendant(s)

Costs of PLAINTIFF
LANCER INSURANCE COMPANY

**COSTS**

| | $ | |
|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | 200 | 00 |
| Costs after note of issue CPLR §8201 subd. 2 | 200 | 00 |
| Trial of issue CPLR §8201 subd. 3 | 300 | 00 |
| Allowance by statute CPLR §8302(a), (b) | | |
| Additional allowance CPLR §8302 (d) | | |
| Motion costs CPLR §8202 | | |
| Appeal to Appellate Term CPLR §8203 (b) | | |
| Appeal to Appellate Division CPLR §8203 (a) | 250 | 00 |
| Appeal to Court of Appeals CPLR §8204 | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | |

**DISBURSEMENTS**

| | $ | |
|---|---|---|
| Fee for index number  CPLR §8018(a) | 170 175 | 00 |
| Referee's fees  CPLR §8301(a)(1), 8003(a) (P. DeFilippi) | 1000 | 00 |
| Commissioner's compensation  CPLR §8301(a)(2). | | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | | |
| Entering and docketing judgment  CPLR §8301(a)(7), 8016(a)(2) | | |
| Paid for searches  CPLR §8301(a)(10) | | |
| Affidavits & acknowledgments  CPLR §8009 | | |
| Serving copy summons & complaint  CPLR §8011(h)(1), 8301(d) | | |
| Request for judicial intervention | | |
| Note of issue  CPLR §8020(a) | | |
| Paid referee's report  CPLR §8301(a)(12). | 25 | 00 |
| Certified copies of papers  CPLR §8301(a)(4). | | |
| Satisfaction piece  CPLR §5020(a), 8021 | | |
| Transcripts and filing  CPLR §8021 | | |
| Certified copy of judgment  CPLR §8021 | | |
| Postage  CPLR §8301(a)(12). | | |
| Jury fee  CPLR §8020(c) | 50 | 00 |
| Stenographers' fees  CPLR §8002, 8301 | | |
| Sheriff's fees on execution  CPLR §8011, 8012 | | |
| Sheriff's fees, attachment, arrest, etc.  CPLR §8011 | | |
| Paid printing cases  CPLR §8301(a)(6) ...App. Brief... | 419 | 72 |
| Clerk's fees Court of Appeals  CPLR §8301(a)(12) | | |
| Paid copies of papers  CPLR §8016(a)(4) | | |
| Motion expenses  CPLR §8301(b) | | |
| Fees for publication  CPLR §8301(a)(3) | | |
| Serving subpoena  CPLR §8011(h)1, 8301(d) | | |
| Paid for Search  CPLR §8301(a)(10) | | |
| ...Examination Before Trial Transcripts (CPLR 8301.(a).(9) | 230 | 00 |
| Referee's report | | |
| Attendance of witnesses  CPLR §8001(a)(b)(c), 8301(a)(1) | | |

Adjusted at $2864.72

Costs _____
this 29ᵗʰ day of July 2013

Karen V. Murphy
Clerk, Nassau County

| | | |
|---|---|---|
| COSTS | $ 950 | 00 |
| DISBURSEMENTS | 1914 | 72 |
| TOTAL | $ 2864 | 72 |

| | | |
|---|---|---|
| | $ 1914 | 72 |

STATE OF NEW YORK, COUNTY OF **Nassau** ss.:

ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that I am **a member of Curtis, Vasile, Devine & McElhenny** the attorney(s) of record for the **Plaintiff** in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness on the trial, hearing or examination before trial herein the number of days set opposite their names; that each of said persons resided the number of miles set opposite their names from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid, necessarily traveled the number of miles so set opposite their names in traveling to, and the same distance in returning from, the same place of trial, hearing or examination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: June 20, 2003

ROY W. VASILE

The name signed must be printed beneath

FILED

JUL 29 2003

NASSAU COUNTY
COUNTY CLERK'S OFFICE

99/7146

Index No.

COUNTY OF

COURT

Plaintiff (s)

against

Defendant(s)

**Bill of Costs**

and Notice of _____ Taxation

Please Take Notice that the within is a true copy of the items of costs and disbursements in the within action *taxed* *and that the same will be taxed*

by the Clerk of

Court, at his/her office in the courthouse thereof on _____ of that day—and the amount inserted in the judgment.

Yours, etc.

Attorney(s) for

To

Attorney(s) for

Service of the within bill of costs and notice of taxation is hereby admitted on

Attorney(s) for

* Strike out one (CPLR §8402, §8403)

State of New York, County of _____ ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at _____

That on _____

deponent served the within bill of costs and notice of taxation on

attorney(s) for

herein, at his/her office at _____

during his/her absence from said office *strike out either (a) or (b)*

(a)  by then and there leaving a true copy of the same with

his/her clerk; partner; person having charge of said office.

(b)  and said office being closed, by depositing a true copy of same, enclosed in a sealed wrapper directed to said attorney(s), in the office letter drop or box.

Sworn to before me on _____

State of New York, County of _____ ss.:

being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at _____

That on _____

deponent served the within bill of costs and notice of taxation on

attorney(s) for

at _____

the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in—a post office—official depository under the exclusive care and custody of the United States Postal Service within New York State.

Sworn to before me on _____

S I R S:

PLEASE TAKE NOTICE that a Judgment, the within which is a true copy, will be presented for settlement to the Judgment Clerk of the Court of the within named Court, at Supreme Court, County of Nassau, 240 Old Country Road, Mineola, New York, on July 29, 2003, at 9:30 a.m.

Dated:     Merrick, New York
           July 1(?), 2003

                                        Yours, etc.,

                                        CURTIS, VASILE, DEVINE &
                                        MC ELHENNY

                                        By _____
                                           ROY W. VASILE
                                        Attorneys for Plaintiff Lancer
                                        Insurance Company
                                        2174 Hewlett Avenue
                                        PO Box 801
                                        Merrick, NY 11566-0801
                                        (516) 623-1111

TO:    Andrew C. Risoli, Esq.
       Attorney for Defendant T.F.D. Bus Co.
       484 White Plains Road
       Eastchester, NY 10709

       Edward J. Carroll, Esq.
       Attorney for Defendant Thomas E. Lyons
       2733 Route 209
       Kingston, NY 12401

       Milber, Makris, Plousadis & Seiden, Esqs.
       Attorneys for Defendant Celeste Lyons
       990 Stewart Avenue
       Suite 600
       Garden City, NY 11530

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NASSAU     )

       Patricia Fitzgerald, being duly sworn, deposes and says: that she served the attached Judgment

and this notice upon the attorneys listed above, by mail, on this date, in compliance with CPLR Section 2103(a) and Section 2102(b)2.

PATRICIA FITZGERALD

Sworn to before me this
14th day of July, 2003

Notary Public

WENDON BARNARD
Notary Public, State of New York
No. 01BA5059964
Qualified in Nassau County
Commission Expires May 6, ~~1998~~ 2006

S RECEIPT

Endorse This
Index Numbe
On All Paper

County

99--007146

DO NOT WRITE IN THIS SPACE

```
%%         R E C E I P T
        Nassau County Clerk
        Karen V. Murphy
            County Clerk

    REC: 00332149        OPR: LMM001
    petrilli
```

| DESCRIPTION | TRANS AMOUNT |
| --- | --- |
| County Fee | |
| Dept of Ed | 5.00 |
| State Fee | 5.00 |
| | 160.00 |
| Fees Paid | 170.00 |
| Index/S&C | |

```
DATE: 03/24/99    #  99--007146    TIME: 09:56:48
B/P   00000 0000 Control# 199903240132
1 LANCER INSURANCE COMPANY

2 T F D BUS CO INC
```

| RECEIPT TOTAL | |
| --- | --- |
| | 170.00 |
| K CHECK | |
| TOTAL AMOUNT TENDERED | 170.00 |
| TOTAL CHANGE RETURNED | 170.00 |
| PAYMENT TOTAL | .00 |
| | 170.00 |

LAW OFFICES OF

## JOHN A. PETRILLI
370 WEST PARK AVENUE
LONG BEACH, NEW YORK 11561-3292

JOHN A. PETRILLI

LALEH HAWA
DEIRDRE ETTUS

March 17, 1999

TELEPHONE (516) 431-6092
TELECOPIER: (516) 889-8904

Clerk of the Court
Supreme Court, Nassau County
100 Supreme Court Drive
Mineola, New York 11501

RE:     *Lancer Insurance Company v. T.F.D. Bus Co., Inc.,*
        *Michael A. Thomas, Thomas E. Lyons and Celeste M. Lyons*

Dear Sir/Madam:

Please be advised that this firm represents the plaintiff in connection with the above referenced matter.

Please find enclosed the following the original Summons and Complaint together with our firm's check in the amount of $170 for an Index Number.

Please file these papers accordingly, advise us of the Index Number for this matter and return a time-stamped copy of the summons back to us in the enclosed self-addressed, stamped envelope.

Thank you for your cooperation.

Very truly yours,

**LALEH HAWA**

LH/bef

# LANCER INSURANCE COMPANY

370 WEST PARK AVENUE, LONG BEACH, NY 11561 • TEL. (516) 431-4441 • FAX (516) 889-5111

FEB 06 2003

C 3327114
RWV
340

February 5, 2003

Peter R. DeFilippi, Esq.
3064 East Huber Street
Mesa, Arizona   85213

Re:   Lyons vs. TFD/Lancer v. TFD

Dear Mr. DeFilippi:

Enclosed please find Lancer Insurance Company Check #4166330 in the sum of $1,000.00 representing Lancer's share of your referee fee.

Thank you for your assistance in this matter.

Very truly yours,

Gina Blum
Legal Assistant

gb

Enclosure

cc:   Roy Vasile, Esq.
      Curtis, Vasile, Devine & McElhenny
      2174 Hewlett Avenue
      P.O. Box 801
      Merrick, New York 11566

**Peter R. DeFilippi**
3064 E. Huber Street
Mesa, Arizona 85213
(480) 854-7101
peterdny@hotmail.com

January 24, 2003

Roy W. Vasile, Esq.
CURTIS, VASILE, DEVINE & McELHENNY
2174 Hewlett Avenue
P.O. Box 801
Merrick, New York 11566

Re: Lancer v. TFD Bus

Dear Roy,

I have calculated my time spent as a Referee to Supervise discovery in the above action as a total of 15 hours. This includes the legal research concerning the attorney-client privilege between corporate officers and their counsel, and supervising the various examinations before trial. My billing rate for these services is $200.00 an hour making a total of $3,000.00 to be divided as the parties may agree or as Justice Alpert may decide.

Very truly yours,

Peter R. DeFilippi

**CURTIS, VASILE, DEVINE & McELHENNY**

REID A. CURTIS (1911-1987)
BRIAN W. McELHENNY
PAUL D. DEVINE
ROY W. VASILE
MICHAEL G. MEHARY
DOMINICK A. PICCININNI, JR
WILLIAM E. MONRIDDEY, JR

ROBERT M. SMITH
HUGH J. LARKIN
MICHAEL J. DORNY
MARIANNE ARCIERI
ROBERT E SCHLEIER, JR.

ATTORNEYS AT LAW
MERRICK PROFESSIONAL CENTRE
2174 HEWLETT AVENUE
P.O. BOX 801
MERRICK, NEW YORK 11566-0801

516-623-1111

SUFFOLK COUNTY OFFICE
GRIFFING BUILDING
80 WEST MAIN STREET
RIVERHEAD, NEW YORK 11901

631-727-1111

JAMES J. MORRIS
OF COUNSEL

PLEASE REPLY TO MERRICK OFFICE

March 4, 2002

County Clerk
County of Nassau
240 Old Country Road
Mineola, NY 11501

Att:  County Clerk

RE:  Lancer Insurance Company v. T.F.D. Bus, Inc.
Index Number: 7146-99
Our File: C33271LA

Dear Sir/Madam:

Enclosed herewith please find original and three copies of our Note of Issue and Certificate of Readiness in connection with the above matter. We enclose herewith our check in the amount of $25.00 for filing of the Note of Issue as well as a check in the amount of $50.00 for the Jury Demand. Please file the Note of Issue on our behalf and return the attached postcard to us indicating date of filing and the calendar number assigned to this matter.

Thank you for your courtesy in this matter.

Very truly yours,

ROY W. VASILE
Ext. 224

RWV/pf
encs:

**INVOICE**

*Since 1881*

# THE REPORTER COMPANY
*Printers and Publishers, Inc.*

181 Delaware Street
Walton, New York 13856
FOR BILLING INQUIRIES PLEASE CALL 607-865-4131

CORPORATE OFFICE
607-865-4131
800-252-7181
FAX: 607-865-7586
E-Mail: info@ezprint.com

COMMERCIAL PRINTING
607-865-4132
800-865-4132
FAX: 607-865-8983
E-Mail: info@ezprint.com

NEW YORK CITY
212-732-6970
000-000-4264
FAX: 212-062-0038
E-Mail: info@ezprint.com

SYRACUSE
315-426-1235
800-426-5039
FAX: 315-475-2701
E-Mail: appeal@dreamscape.com

**TO:** CURTIS, VASILE, DEVINE & MCELHENNY, ESQS.
2174 HEWLETT AVE:, SUITE 201
MERRICK, NY

11566-0801

NEW YORK L

Attorney: ROY W. VASILE

FED. I.D. #16-1514412

| INVOICE DATE | INVOICE NO. | ACCT. NO. | LOC. | TERMS |
|---|---|---|---|---|
| 5/04/01 | 802791 | CUR100 | N Y Direct | NET 30 DAYS |

RE: LANCER INSURANCE COMPANY VS T.F.D. BUS CO., ET AL.
JOB# 9499
20 COPIES BRIEF

Court: AD 2ND DEPT

| QTY | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 34 | OFFSET | 5.25 | 178.50 |
| | BINDING | | 50.00 |
| | COVERS | | 80.00 |

| | | |
|---|---|---|
| SUBTOTAL | $ | 308.50 |
| TAX | | 26.22 |
| SERV & FILING | | 85.00 |
| PREPAID | | |
| TOTAL DUE | $ | 419.72 |

*Please Detach and Return With Payment*

| CUST ID# | CUR100 | INV# | 802791 | LANCER INS. VS T.F.D. BUS | TOTAL $ | $ | 419.72 |
|---|---|---|---|---|---|---|---|

# INVOICE



LANCER INSURANCE COMPANY
370 WEST PARK AVENUE
LONG BEACH, NY 11561
ATTN.: .

| Invoice # | Invoice Date |
|-----------|--------------|
| 4936004872 | 12/8/2000 |

## REMIT TO:
P.O. Box 905463
Charlotte, NC 28290-5463
*Formerly Interim Court Reporting*

**Firm ID:** LANC01    **Case Ref:**

| Job Number | Case Number | Case Name |
|------------|-------------|-----------|
| 3047 | LANC01 | LANCER V TFD BUS ET AL. |

**GROCCIA, ALBERT M.**                    **Job Date(s):**    11/29/00

ORIGINAL & TWO COPIES OF THE TRANSCRIPT                                      $318.57

APPEARANCE FEE                                                              $23.34
*123 PAGES. TRANSCRIPTS DELIVERED TO CURTIS, VASILE, DEVINE & MCELHENNY. FILE*
*C32271LA. CLAIM BA121448. SPLIT BILL. YOUR SHARE.*

                                          **Total Amount Due:**    **$341.91**

Effective July 7, 2000, Interim Court Reporting became **spherion.**
Our federal ID number remains the same.

# Due Upon Receipt

| Please pay this amount: | $341.91 |
|-------------------------|---------|

**R D Glen & Associates**
(516) 739-0002
Federal ID:  36-3536544

v 3 38.01