**EXHIBIT 5**

Time Requested: 10 minutes
To be argued by:
EDWARD J. CARROLL, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION - SECOND DEPARTMENT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LANCER INSURANCE COMPANY,

                    Plaintiff/Respondent,

    -against-

T.F.D. BUS CO., INC.,THOMAS E. LYONS
and CELESTE M. LYONS,

                    Defendants/Appellants,

    -and-

MICHAEL A. THOMAS,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index # 7146/99
Docket # 7593-2003

## REPLY BRIEF OF APPELLANT/DEFENDANT THOMAS E. LYONS

EDWARD J. CARROLL, ESQ.
Attorney for Defendant/Appellant
Thomas E. Lyons
2733 Route 209
Kingston, New York 12401
(845) 338-5977

Andrew C. Risoli, Esq.
Attorney for Plaintiff/Respondent-T.F.D. Bus Company
484 White Plains Road
East Chester, New York 10709
(914) 793-9241

Curtis, Vasile, Devine & McElhenny
Attorneys for Defendant/Appellant-Lancer Insurance Company
2174 Hewlett Avenue
P.O. Box 801
Merrick, New York 11566
(516)623-1111

Milber, Makris, Plousadis & Seiden, Esqs.
Attorneys for Defendant/Appellant-Celeste M. Lyons
990 Stewart Avenue
Suite 600
Garden City, New York 11530
(516) 712-4000

# PRELIMINARY STATEMENT

This brief is submitted in response to the Brief of plaintiff-respondent, Lancer Insurance Company ("Lancer") and in further support of the appeal by defendant-appellant, Thomas E. Lyons ("Thomas Lyons") from a Judgment of the Supreme Court, Nassau County ( Hon. Kenneth A. Davis, J.S.C.), dated and entered on July 29, 2003, in the office of the Clerk of the County of Nassau ("the July 29, 2003 Judgment"), which declared:

a. That there was no coverage under a business automobile liability policy issued by LANCER INSURANCE COMPANY to TFD BUS CO., INC. for any claims, allegations, losses, costs, expenses or judgments asserted by THOMAS E. LYONS and CELESTE M. LYONS against TFD BUS CO., INC. and MICHAEL A. THOMAS as a result of an automobile accident which is claimed to have occurred on February 14, 1989.

b. That LANCER INSURANCE COMPANY had no duty to defend or indemnify TFD BUS COMPANY, INC.

c. That all of the counterclaims asserted by each of the appellants were dismissed ( R 12-14).

It is respectfully submitted for the reasons set forth herein, and those contained in Appellant's brief, presently on file with this Court, that the

aforesaid judgment is erroneous in fact and law and must be vacated, set aside

and reversed; and that the relief sought in Appellants' counterclaims granted.

## REPLY STATEMENT OF FACTS

LANCER's "Counter Statement of Facts" is erroneous both in fact and law. It is also intertwined with fact and argument that cannot be distilled.

Due to the foregoing, it is respectfully requested that this Court, again, refer to the "Statement of Facts" herein and those previously set forth in Thomas E. Lyons' brief.

Even viewing the facts set forth in respondent's brief in a light most favorable to respondent, the following facts are still undisputed:

       a. On or about February 14, 1989 an automobile accident occurred which involved a commercial bus operated at that time by THOMAS, which was owned by TFD, an interstate common carrier registered with the Interstate Commerce Commission under Certificate No. MC201286.

       b. This commercial bus was solely insured at the time of the accident by LANCER ( R 221-236, 503-504). In order to obtain an interstate common carrier registration and engage in such commercial transportation, T.F.D. was required to comply with federal requirements relating to insurance coverage for the protection of the public, including the LYONS (49 CFR 1043). One of those requirements was an endorsement read into the policy, that had

3

been issued by LANCER which was known as MCS-90. This endorsement required an interstate carrier to pay judgments arising from accidents occurring in the course of their transport. It also provided that LANCER must pay judgments arising from accidents occurring in the course of T.F.D's transport business for bodily injury or death of any person as a result of the negligent operation of any vehicle, regardless of whether the vehicle is specifically described in the policy and despite the insured's failure to comply with policy conditions.

c. At the time of the accident, the bus, which was carrying passengers when it struck the rear of a motor vehicle in which T. LYONS was an operator, while his motor vehicle was stopped at a red light in the City of Yonkers, was such an interstate carrier ( R 348-356, 503-504)(49 CFR 1043), and was insured by LANCER for any accident which occurred between all points within the United States and its territories ( R 345, T 140 and R 221-223, T 141 and R 232-236).

d. On or about February 22, 1989 LANCER was provided with timely notification of this accident, and paid a property subrogation claim to Nationwide Insurance Company on April 6, 1989, as revealed in LANCER'S correspondence dated September 19, 1997 ( R 446-449).

4

e. In 1992, the LYONS commenced a personal injury motor vehicle lawsuit against THOMAS and TFD as a result of this motor vehicle accident ( R 348-358) and were granted a judgment on default after the defendants failed to timely appear, answer or otherwise move against the LYONS' Summons and Verified Complaint ( R 290-296). The Order granting a default judgment was served upon both THOMAS and TFD by certified mail, return receipt requested on January 15, 1993. TFD's office personnel actually received and signed a postal receipt for their copy of the Order on January 21, 1993 ( R 293).

f. By Order dated February 10, 1998, Hon. John P. DiBlasi, J.S.C., after a challenge by T.F.D. pursuant to CPLR 5015(a)(3), judicially determined that there was no misconduct in the manner in which the LYONS pursued their litigation to judgment ( R 510). After the Order of Default had been entered and served upon both THOMAS and TFD, the Clerk of the Court notified LYONS' counsel that their case would be called for a hearing to determine an assessment of damages once a trial readiness order had been issued. Upon receipt of a notice that such an order could be obtained, the LYONS timely appeared, obtained a trial readiness order and thereafter presented proof at

5

the earliest available date for a hearing which was held on June 12, 1997. A monetary judgment was awarded to plaintiffs and against both THOMAS and TFD by a jury and Court and that judgment was dated and entered August 7, 1997 ( R 400-411, 508-510).

         g. On September 8, 1997, LANCER was provided with notice of "The Underlying Lawsuit" and a demand by T.F.D. for defense and indemnification by TFD'S counsel Adam Seiden, Esq. This fact was corroborated by LANCER's own in house employee and legal counsel Laleh Hawa, Esq. After consulting and reviewing the history of this litigation with John Petrilli, Esq., LANCER'S Vice-President, including the fact that T.F.D. had made such demands on September 8, 1997, Laleh Hawa, Esq. certified as true at paragraphs 16 and 17 of LANCER's verified complaint that:

> " *The first time LANCER received notice of this lawsuit was on September 8, 1997.* " " <u>*The underlying action was tendered to LANCER for defense and indemnification by counsel for T.F.D. BUS and MICHAEL on September 8, 1997*</u>, *five years after T.F.D. BUS was served with the summons and*

6

*complaint.*" (Emphasis Added) (R 328)

T.F.D.'s demand for defense and indemnification on September 8, 1997 is also corroborated by the affidavit of merit prepared and sworn to by John A. Petrilli, Esq which also states that:

> "*I explained to Adam Seiden that Lancer could not accept the defense of an insured under circumstances where the final determination of the jurisdictional issue would also confirm whether the aforesaid policy conditions had been breached.*" ( R 576)

Notwithstanding that such a position misstates applicable law concerning the issuance of a timely disclaimer, Mr. Petrilli obviously would not have explained to Adam Seiden, Esq. that LANCER could not accept a defense unless T.F.D. had made such demands on September, 1997.

h. On September 8, 1997, Adam Seiden, Esq., TFD's counsel also provided LANCER (by transmittal of a copy of TFD's Order to Show Cause and exhibits) with written copies of appellant, T. LYONS' default judgment setting forth an award of monetary damages against both their insureds ( R 400-411); an order granting LYONS' leave to enter judgment on default against both

7

their insureds which was served upon both THOMAS and LANCER before January 21, 1993, by certified mail, return receipt requested, the postal receipt of which was signed for on January 21, 1993 by T.F.D. office personnel( T 319; R 290-298); LYONS' summons and verified complaint ( R 348-359), together with affidavits of service upon both their insureds ( R 358-359); and LYONS' restraining notice and demand for payment ( R 237-277).

       i. Based upon its possession of the foregoing documents on September 8, 1997, LANCER had sufficient grounds, at that time, to issue a disclaimer of liability and denial of coverage ( T 364-372) and also admitted through an affidavit of merit, sworn to by John A. Petrilli, Esq., its Vice President, that:

> " *at that juncture there appeared to be no coverage for*
>
> *this lawsuit* " ( R 575).

       j. On or about September 19, 1997, LANCER then wrote to TFD'S counsel ( R 446-449) and advised that LANCER was continuing with its investigation and reserving its rights on the basis that T.F.D. and THOMAS may have violated the notification provisions of the policy issued by T.F.D., Policy No. BA 121448 ("The Lancer Policy") ( R 446-449). At that time, LANCER also

8

stated in that correspondence that:

> " *Based upon the information provided thus far, it is*
> *possible that these conditions have been breached by*
> *T.F.D. and by Michael A. Thomas. While both insureds*
> *expressly and unequivocally deny receipt of legal*
> *process , the plaintiffs in the subject action have*
> *alleged due and proper service and the Court's award*
> *has thus far validated their allegations.*" ( R 447).

      k. On September 24, 1997 LANCER'S attorney, Vincent
Nesci, Esq., possessed a copy of LYONS' judgment, their demand for payment
and all of the underlying documents provided to LANCER on September 8, 1997
when he appeared in court in opposition to the enforcement of the judgment by
LYONS and their legal counsel, Edward J. Carroll, Esq. Thereafter, LANCER
monitored all of the proceedings in "The Underlying Lawsuit" ( R 507, 534-536,
627-673)

      l. While LANCER and all parties were in open Court on
September 24, 1997, Hon. John P. DiBlasi, J.S.C orally determined that
MICHAEL THOMAS had not presented any application to stay, vacate or set

aside LYONS' judgment ( R 672). Thereafter, by Order dated February 10,

1998, Hon. John P. DiBlasi , J.S.C., again judicially determined, in writing, on

notice to LANCER that the application to vacate the default judgment and the

subsequent monetary judgement was made solely on behalf of T.F.D. ( R 509)

and that the judgment of liability and damages against THOMAS remained of

record. This judgment has never been modified or vacated to date and is now

final ( R 509).

       m.  That Hon. John P. DiBlasi, J.S.C. by Order dated

February 10, 1998 determined that the judgment of liability against T.F.D.

should remain of record from the date of its original entry on December 17,

1992, subject to a traverse hearing which was scheduled to be conducted in the

future to determine whether LYONS' summons and verified complaint was

properly served upon T.F.D. ( R 508-510).

       n. That LANCER never affirmatively conducted any

independent investigation concerning the service of LYONS' summons and

verified complaint upon their insureds, nor undertook any measures to monitor

whether T.F.D. actually appealed the order of Hon. John P. DiBlasi, J.S.C., dated

February 10, 1998 ( R 508-510) from September 8, 1997 to date ( T 512-513,

523-527).

o. On or about November 10, 1998, following the traverse

hearing which was attended by Stephen Gaines, Esq., and Edward J. Carroll,

Esq., counsel for T. LYONS and C. LYONS, Adam Seiden, Esq., counsel for

TFD and a legal representative of LANCER, the Court made a judicial

determination, in the presence of LANCER, that TFD was properly served with

the Summons and Complaint from "The Underlying Lawsuit" on August 27,

1992 ( R 474).

p. No proceedings have ever been commenced by LANCER

or T.F.D. to vacate THOMAS's judgment, by traverse or otherwise.

q. On February 5, 1999, LANCER issued a disclaimer after a

delay of approximately seventeen (17) months against both THOMAS and

T.F.D. which was untimely as a matter of law. LANCER's notice of disclaimer

was never directly sent to LYONS.

r. By letter dated February 8, 1999, but mailed February 9,

1999, LANCER'S counsel, for the first time, wrote Pirro, Collier, Cohen &

Halpern, Esqs., trial counsel for T. LYONS and C. LYONS and advised them

that LANCER had disclaimed coverage to TFD and THOMAS, alleging that

11

TFD and THOMAS failed to give prompt notice of the claim to LANCER as well as a failure to cooperate with LANCER in the defense of this claim ( R 441).

s. Notwithstanding the foregoing, no such notice of disclaimer has ever been addressed or sent to T. LYONS or C. LYONS or the Law Office of Edward J, Carroll, Esq., or Pirro, Collier, Cohen & Halpern, Esqs., in proper form, to date.

t. Thereafter, following a traverse hearing which sustained service of LYONS' summons and verified complaint upon T.F.D. BUS COMPANY, a second hearing to determine an assessment of damages was held in the Supreme Court, County of Westchester, before Hon. Aldo A. Nastasi, J.S.C., with a jury. Notwithstanding T.F.D.'s strenuous defense including the production of a medical expert and the cross examination of the LYONS' treating physicians and economist, a judgment in the amount of $2,416,579.00 was rendered in favor of THOMAS LYONS and CELESTE LYONS and against T.F.D. BUS COMPANY, INC. ( R 333, 334).

u. The instant declaratory judgment action was thereafter prosecuted against the LYONS and T.F.D. by LANCER. LANCER's reservation

12

of rights correspondence dated September 19, 1997 ( R 446-449), its initial complaint, amended complaint and reply to appellants' counterclaims did not mention, nor allege, any agreement or accommodation to postpone the issuance of a timely disclaimer of liability or coverage.  Notwithstanding the foregoing, when appellants moved for summary judgment alleging that LANCER's seventeen month delay in issuing a disclaimer was unreasonable as a matter of law, LANCER, without a scintilla of corroborating evidence alleged that T.F.D. had agreed since September 8, 1997 to the postponement of the issuance of such a disclaimer. T.F.D. strongly contested this "ninth inning" attempt to create a material issue of fact requiring a trial and subsequent discovery revealed that LANCER admitted that no such agreement existed during the fourteen (14) month period following its September 8, 1997 receipt of sufficient documentation to issue a disclaimer.

v. At trial, the earliest that such an agreement was alleged to have occurred was after November of 1998 and involved LANCER and Martin Hirsch, Esq.

w. The only reason given by LANCER for a delay of fourteen (14) months following September 8, 1997, during which no independent

13

investigation was conducted and no disclaimer was issued, was that LANCER

chose , without the agreement of T.F.D., to await for the final determination of a

traverse hearing.

It is respectfully submitted that LANCER's actions were contrary to law

and the requirements of Insurance Law Section 3420(d) and its disclaimer was

untimely as a matter of law.

14

## POINT IV

### THE UNDISPUTED FACTS DO NOT EXCUSE LANCER'S NON-COMPLIANCE WITH INSURANCE LAW § 3420(d)

LANCER argues that the history of the underlying litigation and the mere fact that its insureds, by conclusory allegations, have denied service of LYONS' summons and verified complaint constitute legally sufficient defenses excusing LANCER's seventeen (17) month delay in issuing a disclaimer and its refusal to pay the final judgments obtained by the LYONS against its insureds.

LANCER initially complains about the history of the underlying litigation in an effort to convince this Appellate Court that its actions were justified. This argument clearly has no merit. It is undisputed that although it had the opportunity, LANCER did not participate in T.F.D., nor THOMAS's defense in the underlying lawsuit. It also has taken no steps to vacate or set aside any of the judgments obtained by the LYONS against its insureds.

Instead, LANCER chose to "sit on the sidelines" and now complains to

this Appellate Court about the events that occurred in the underlying litigation.

Hon. John P. DiBlasi, J.S.C., Supreme Court, County of Westchester, has already judicially determined that the LYONS were not guilty of any misconduct in the prosecution of their lawsuit which resulted in those judgments.  In addition, Hon. John P. DiBlasi, J.S.C and Hon. Aldo A. Nastasi, J.S.C., also provided LANCER and its insureds with the opportunity to appear and contest service and any damages that the LYONS sought in the underlying litigation.

Notwithstanding the foregoing, after a thorough examination of the merits of the LYONS's claims in the underlying lawsuit by two (2) separate  Courts and juries, both proceedings resulted in substantial million dollars verdicts in favor of the LYONS and against LANCER's insureds based upon the proofs presented.

While all of these events ensued, LANCER, instead of vigorously defending its insureds and independently investigating the merits,  chose  to instead passively monitor and observe.

Now, as the proverbial grasshopper in that fable which fiddled throughout the summer while the ants worked,  LANCER now complains about the results of those choices.

16

New York Court's have consistently held that an insurer with a duty to defend that refuses to do so is bound by the Court's determination of the underlying action and cannot, thereafter, collaterally attack the judgment or raise a defense with respect to its merits. *Matychak vs. Security Mutual Insurance Company*, 181 A.D.2d 957, 958-959, lv denied 80 N.Y.2d 758.

In this case, it is undisputed that LANCER monitored the entire proceedings in "the Underlying Lawsuit" and that it refused to honor its duty to defend its insureds. Therefore, LANCER's refusal to defend causes it to be bound by the findings in the underlying action, and the merits of "the Underlying Lawsuit" have been already judicially determined. *Ramos vs. National Casualty Company*, 227 A.D.2d 250 (1st Dept. 1996)

LANCER next attempts to convince this Appellate Court that it should be excused from its seventeen (17) month delay in issuing a disclaimer by arguing that this Appellate Court should drastically departing from its prior holdings in factually analogous cases such as *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.* 302 A.D. 2d 592, 593, 756, N.Y.S. 2d 251; *Varella v. American Transit Ins. Co.* 306 A.D.2d 464, (2nd Dept., 2003), 762

17

N.Y.S. 2d 253; *Mann v. Gulf Ins. Co.*, 3 A.D. 3d 554 (2nd Dept., 2004), 771

N.Y.S. 2d 176; *Heegan v. United Intl. Ins. Co.*, 2 A.D. 3d 403 (2nd Dept., 2003),

767 N.Y.S.2d 861.

The reason provided by LANCER for such a departure is simply that on

September 8, 1997, its insureds, solely by conclusory allegations, denied to

LANCER that they were not served with LYONS' summons and complaint.

Such self-serving declarations are insufficient to postpone the issuance of

a disclaimer if an insurance company is already in possession, as was LANCER,

of sufficient documentation which, on its face, substantiates that the LYONS

had already obtained a judgment against its insureds, on default, after a judicial

determination had been made that those insureds were properly served with legal

process and had defaulted.

Ignoring the fact that this Appellate Court has already been faced with

that identical defense in *Uptown, Mann and Heegan, supra* and that this defense

has been previously judicially determined to be insufficient, there is even a more

important reason that the relief sought in appellants' appeal should be in all

respects granted.

18

As previously stated, New York Insurance Law Section 3420(d) provides, in relevant part, as follows:

> "(d) If under a liability policy delivered or issued for delivery in this State, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or other claimant." [Emphasis added]

This law requires written notice of a disclaimer to be given "as soon as reasonably possible" after the insurer first learns of the accident or of grounds for disclaimer of liability or denial of coverage (see *Zappone v. Home Ins. Co.*, 55 NY2d 131; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Farmers Fire Co. v Brighton*, 142 AD2d 547).

This provision has long been interpreted by the Court of Appeals to be an "unconditional rule", *Allstate Insurance Company v Gross*, 27 NY2d 263, 317 NYS2d 309 (1970), intended to avoid prejudice to an insured and an injured claimant, each of whom could be harmed by the delay in learning of an insurer's position. *Zappone v Home Insurance Company*, 55 NY2d 131, 447 NYS2d 911 (1982); In the Matter of *Jefferey Blee, Appellant, v. State Farm Mutual Automobile Insurance Company*, 168 AD 2d 615 (2d dept, 1990); Hartford Ins.

19

Co. v County of Nassau, 46 NY2d 1028; *Farmers Fire Co. v Brighton,* 142 AD2d 547; *Progressive Casualty Insurance Company, Appellant, v James M. Conklin, Sr., et al., Respondents* 123 AD2d 6 (3rd Dep't, 1986); *New York Central Mutual Fire Insurance Company, Appellant, v Shirley Markowitz et al., Respondent.* 147 AD2d 461 (2nd Dep't, 1989).

In this lawsuit, the grounds alleged in the disclaimer which was ultimately issued in 1999 by LANCER, were clearly set forth in the documents which were in its possession since September 8, 1997, and those grounds were obvious on the face of the documents at that time. *Uptown, Mann and Heegan, supra* Thus LANCER was in possession of that information for almost two years before it ultimately issued its disclaimer.

Contrary to its obligation to issue a timely disclaimer as soon as reasonably possible pursuant to Insurance Law § 3420(d), LANCER, instead, chose to "sit on the fence" for more than seventeen (17) months, while its insureds floundered in litigation without the assistance of a defense, coverage or even an appeal bond, all of which were guaranteed to those insureds under the terms of LANCER's insurance policy for which T.F.D. had previously paid a substantial premium.

20

The entire intent and purpose of Insurance Law § 3420(d) is to avoid just that prejudice to an insured and also the injured claimants. In this case, all of the appellants have sustained the very prejudice which this legislation was enacted to prevent based upon the unreasonable delay in learning of LANCER's position.

LANCER claims that it had no choice in this case but to delay its decision to disclaim. Such a position is totally ludicrous and only benefits LANCER.

LANCER could and should have immediately disclaimed liability and coverage on September 8, 1997 in that it was at that time in possession of sufficient facts to warrant such a decision. If, in subsequent litigation, it was determined that any of the relevant facts were judicially reversed, T.F.D. and THOMAS could then have sought reconsideration.

In this case, LANCER, not only failed to affirmatively investigate the issue of service of process, it never did, or learned any new information concerning this issue between September 8, 1997 and February, 1999 when it finally decided to issue a disclaimer against its insureds based upon facts which LANCER possessed throughout that seventeen (17) month period.

LANCER's claim of an agreement to postpone the issuance of a disclaimer was a sham defense raised at the ninth hour in an attempt to avoid the possibility

21

of an adverse summary judgment determination.

Initially, LANCER failed to raise any such allegation in its "reservation of rights correspondence" dated September 19, 1997 ( R 446-449), any correspondence thereafter, its original complaint and thereafter its  ( R 324-329) or amended ( R 331-340) pleadings, nor even as an affirmative defense in any of its replies ( R 431-435) to appellants' counterclaims alleging its failure to comply with Insurance Law Section 3420(d).

There was a blatant omission of any such allegation or that an alleged agreement even existed allowing the postponement of the issuance of a disclaimer as the justification for its failure to comply with Insurance Law Section 3420(d). This continued throughout the history of this lawsuit until appellants' motions for summary judgment were pending before the Court.

As such, such an allegation or defense  was waived. *Seneca Insurance Co. vs. Hong Kong Hang Wo (USA) Inc.,* 268 A.D.2d 211 (1ˢᵗ Dept., 2000).

Only after being confronted with appellants' motion for summary judgment did LANCER even attempt to create a material issue of fact by inferring that there was an "accommodation" from the date that LANCER received sufficient information on September 8, 1997 to issue a disclaimer.

22

Even then, and at trial, this claim, nor the allegation that T.F.D., THOMAS or LYONS represented that they would do anything in the underlying lawsuit has been uncorroborated by any written documentation or testimony from anyone connected with T.F.D., THOMAS, or the LYONS.

After discovery and trial, LANCER admitted that no such agreement existed to delay the issuance of a disclaimer of coverage during the fourteen (14) month period following LANCER's receipt, on September 8, 1997 of information sufficient to issue such a disclaimer ( T 375-382).

During summation, LANCER's counsel was forced to restrict any argument concerning such an agreement to conversations between Martin Hirsch, Esq. and LANCER's representatives. Martin Hirsch, Esq. did not begin representing T.F.D. until November 17, 1998 and any conversations concerning matters discussed by this attorney would have no impact on the preceding fourteen (14) month delay following September 8, 1997.

Even then, assuming an agreement to postpone the issuance of a disclaimer of coverage until after the Thanksgiving holidays occurred, LANCER undisputedly waited in excess of fifty-seven (57) days to issue a disclaimer from that period and its delay was untimely as a matter of law. *Uptown, supra*

23

It is respectfully submitted that even if LANCER believed that simply due to its insureds' denial of service of process, it could not issue a disclaimer, this belief does not provide LANCER with a sufficient legal defense for its failure to comply with Insurance Law § 3420(d).

Therefore the issuance of its disclaimer was untimely as a matter of law.

24

## POINT V

## THE UNDISPUTED FACTS ENTITLE THE LYONS TO JUDGMENT AS A MATTER OF LAW

It is undisputed at the time of the accident that TFD BUS CO., INC. maintained a principal place of business situated in Mount Vernon, New York and was an interstate common carrier, holding Interstate Commerce Commission Certificate No. MC201286; US DOT No. 428962. This company provided bus charter and contract services to the public ( R 241). LANCER insured the company under policy number BA121448 for liability anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada ( R 221-236).

These facts were developed during the trial in that both LANCER and T.F.D. previously claimed to be unable to locate the actual policy and endorsement which was in effect at the time of the accident.

Notwithstanding the foregoing, LANCER and T.F.D. BUS COMPANY, INC. do not dispute that LANCER issued a commercial interstate commerce insurance policy to T.F.D. which was in effect at the time of the accident and which covered the bus which struck THOMAS LYONS. There are no facts in dispute concerning this issue.

25

As such, the law should be applied to those undisputed facts.

Appellant, has previously raised this legal argument which has already been determined by the Court of Appeals in *Steve Pierre, Respondent v. Providence Washington Insurance Company, Appellate* 99 N.Y. 2d 222, (2002) 784 N.E.2d 52, 754 N.Y.S. 2d 179, a factually analogous situation. The Court held as a matter of law, that an insurer, insuring an interstate common carrier, registered with the Federal Government, by actual endorsement or endorsement read into the policy, which are federally mandated and known as the MCS-90, must pay judgments arising from accidents occurring in the course of their transport business for bodily injury or death of any person as a result of the negligent operation of any vehicle, regardless of whether the vehicle is specifically described in the policy and despite the inured's failure to comply with policy conditions. In effect, the endorsements required by 49 CFR 387.15 shift the risk loss for accidents occurring in the course of interstate commerce away from the public by guaranteeing that the injured party will be compensated even if the insurance carrier has a valid defense based on a condition in the policy.

Any default by T.F.D. which LANCER used as a basis to disclaim is not,

26

as a matter of law, binding upon the LYONS and their claims must be honored. All of the facts in support of this legal issue were developed in the record and have not been contested by any party.

However, even if the record did not contain the basis of this legal argument, whether the LYONS, as claimants in a motor vehicle accident involving an interstate common carrier insured by LANCER are as a matter of law entitled to payment of their judgment from LANCER regardless of whether its insured complied with all the conditions of its policy, is an issue which is one of law only. This argument raises no new or additional facts, involves the public interest, and should be reviewed by this Court. *Progressive Casualty Ins. Co., v. Baker*, 290 A.D.2d 676, 736 N.Y.S.2d 447, 449 ( 3rd Dept., 2002); *Matarrese v. New York City Health & Hospital Corp.*, 247 A.D.2d 475, 668 N.Y.S.2d 686, 687 (2nd Dept., 1998).

27

## POINT VI

## THIS APPELLATE COURT DID NOT DECIDE THE PRIOR APPEAL ON THE UNDERLYING MERITS

LANCER's claim that appellants are rearguing issues which have been resolved on a prior appeal is also erroneous and meritless.

The only issue which this Appellate Court actually determined was that the Trial Court was correct in determining a material issue of fact existed as to whether an agreement to postpone LANCER's disclaimer existed from the time it first received information to issue such a determination.

"Issue finding" and not the "determination an issue" was the reason that summary judgment was denied to appellants by the Trial Court. It is respectfully submitted that this is why the Trial Court determination was upheld by this Appellate Court.

While the mere assertion of an agreement to postpone, by LANCER, may have been sufficient to create a material issue of fact, it is apparent that LANCER had now admitted no agreement actually existed.

Common sense mandates that T.F.D. and THOMAS demanded a defense and indemnification on September 8, 1997. Why would a bus company pay hundreds of thousands of dollars for premiums and not want an insurance

28

company to defend and indemnify it from a multi-million dollar judgment? Why would T.F.D. provide a simple Order to Show Cause with all of the documentation attached to its insurance company which only sought to free up its accounts which were restrained over a holiday weekend if it did not want the insurance company to represent and indemnify it? Certainly, LANCER's claim that T.F.D. did not want LANCER to represent it is contrary to common sense.

On the other hand, LANCER has admitted that it unilaterally informed T.F.D. and this Court of its actual position which was erroneous as a matter of law when John Petrilli, Esq., and Vice President of LANCER testified during cross examination at trial as follows in response to the reason for LANCER's delay in issuing a disclaimer of coverage for more than seventeen (17) months rather than on September 8, 1997 when it already possessed sufficient documentation to do so:

At page T 380)

*"Question: I'm only basing upon what I thought was your testimony that back in September 1997 there was an agreement to hold LANCER'S coverage position in abeyance."*

29

"*Answer: Well, we couldn't make a coverage decision in September 1997.*

"*Question: I understand that's your testimony. If that's the case let's clear it up.*

"*Answer: Okay.*

"*Question: So prior to November 10, 1997.*

"*Answer: No, 1998.*

"*Answer: '98? Im sorry. Was there an agreement between LANCER and TFD to hold the coverage determination in abeyance?*

"*Answer: No.*

"*Question: When was there first an agreement?*

"*Answer: Well, in discussions I had at or around the time that the traverse was reported to me, the decision of the traverse was reported to me and prior to Christmas of that year in 1998:*

"*So my question to you, sir, again, is before, between September of 1997 and up to I will say just before the traverse hearing, there was no agreement in place between LANCER and TFD BUS COMPANY and MICHAEL THOMAS to hold the disclaimer for coverage in*

30

*abeyance: isn't that true?*

*"Answer: There couldn't be one, that's true.*

*"Question: Thank you*

*"Answer: Okay*

LANCER decision in failing to issue a disclaimer on September 8, 1997 was erroneous at law and the relief sought by appellants should be in all respects granted.

31

## CONCLUSION

It is respectfully submitted that this Appellate Court reverse the decision of

the lower Court  and award summary judgment to appellant Thomas E. Lyons,

together with such other and further relief as this Court deems just and proper.

Dated: May 28, 2004
            Kingston, New York

Respectfully Submitted,

EDWARD J. CARROLL, ESQ.
Attorney for Defendant/Appellant
Thomas E. Lyons
2733 Route 209
Kingston, New York 12401
(845)338-5977

## CERTIFICATE OF COMPLIANCE PURSUANT
## TO 22 NYCR SECTION 670.1.3(f)

It is hereby certified that the information below sets forth the specifications by which this computer generated Reply Brief complies with Rule 670.10.3(f) of this Court.

The foregoing Reply Brief was prepared on a word processor. A proportionally spaced typeface was used, as follows:

| | |
|---|---|
| The typeface(font): | Times New Roman |
| The point size: | 14 |
| The line spacing: | Double |

The total number of words in this Reply Brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc., is 5,348.

Dated:    May 28, 2004
          Kingston, New York

EDWARD J. CARROLL, ESQ.
Attorney for Defendant/Appellant
Thomas E. Lyons
2733 Route 209
Kingston, New York 12401
(845) 338-5977