**EXHIBIT 6**

795 N.Y.S.2d 70, 18 A.D.3d 445, Lancer Ins. Co. v. T.F.D. Bus Co., Inc., (N.Y.A.D. 2 Dept. 2005)    **Page 1**

**\*70**  795 N.Y.S.2d 70

18 A.D.3d 445, 2005 N.Y. Slip Op. 3649

Supreme Court, Appellate Division, Second Department, New York.

**LANCER INSURANCE COMPANY,**
**respondent,**
v.
**T.F.D. BUS CO., INC., et al., appellants, et**
**al., defendant.**
May 2, 2005.

**Background:**   Insurer brought action seeking declaration that it had no duty under business automobile liability policy to defend or indemnify insured bus company in personal injury action. The Supreme Court, Nassau County, Davis, J., entered judgment in favor of insurer, and insured appealed.

**Holding:**  The Supreme Court, Appellate Division, held that insurer's written notice of disclaimer of coverage was timely.

Affirmed.

West Headnotes

Insurance ⚖═══3110(2)

217 ----
  217XXVI Estoppel and Waiver of Insurer's Defenses
    217k3105 Claims Process and Settlement
    217k3110 Denial or Disclaimer of Liability on Policy
      217k3110(2) Failure, Delay, or Inadequacy.

Insurer's written notice of disclaimer of coverage under business automobile liability policy was timely, where insurer had agreement with insured to postpone decision on coverage under policy, and sent notice to insured within three weeks of learning that default judgment against insured would stand. McKinney's Insurance Law § 3420(d).

**\*71**   Andrew C. Risoli, Eastchester, N.Y., for appellant T.F.D. Bus Co., Inc.

Edward J. Carroll, Kingston, N.Y., for appellant Thomas E. Lyons.

Milber Markris Plousadis & Seiden, LLP, Garden City, N.Y.   (Lorin A. Donnelly of counsel), for appellant Celeste M. Lyons.

Curtis, Vasile, Devine & McElhenny, Merrick, N.Y. (Roy W. Vasile of counsel), for respondent.

HOWARD MILLER, J.P., DANIEL F. LUCIANO, REINALDO E. RIVERA and ROBERT A. LIFSON, JJ.

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants T.F.D. Bus Co., Inc., and Michael A. Thomas in an action entitled *Lyons v. Thomas*, commenced in the Supreme Court, Westchester County, under Index No. 14941/92, the defendants T.F.D. Bus Co., Inc., and Thomas E. Lyons, and Celeste M. Lyons separately appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated July 29, 2003, which, upon a jury verdict finding that there was an agreement between the plaintiff and T.F.D. Bus Co., Inc., to postpone the plaintiff's disclaimer of insurance coverage, inter alia, determined that there was no coverage under a business automobile liability policy issued by the plaintiff to the defendant T.F.D. Bus Co., Inc., for any claims, allegations, losses, costs, expenses, or judgments asserted by Thomas E. Lyons and Celeste Lyons in the underlying action, and declared that the plaintiff is not obligated to defend or indemnify T.F.D. Bus Co., Inc., or Michael A. Thomas in the underlying action and dismissed the defendants' counterclaims.

ORDERED that the judgment is affirmed, with costs.

On February 14, 1989, Thomas E. Lyons sustained injuries in an automobile accident involving his car and a bus owned by the defendant T.F.D. Bus Co., Inc.   (hereinafter TFD), and operated by the defendant Michael A. Thomas.  In 1992 Thomas E. Lyons and Celeste M. Lyons brought an action, inter alia, to recover damages for personal injuries (hereinafter the underlying action).  Later in 1992, upon the failure of TFD and Thomas to answer or appear, the Lyons' motion for leave to enter judgment on the issue of liability in their favor and against TFD and Thomas was granted.  Following an inquest, the Lyons received a judgment for damages and on or about September 1997 TFD's bank accounts were restrained.  At that time, TFD informed the plaintiff, Lancer Insurance Company (hereinafter Lancer), its insurer, of the underlying action and sought coverage

© 2006 Thomson/West. No claim to original U.S. Govt. works.

795 N.Y.S.2d 70, 18 A.D.3d 445, Lancer Ins. Co. v. T.F.D. Bus Co., Inc., (N.Y.A.D. 2 Dept. 2005)    **Page 2**

under its liability insurance policy.

[18 A.D.3d 446] TFD subsequently moved to vacate the default judgment insofar as asserted against it. The motion initially was granted, but by order dated February 10, 1998, upon reargument, the Supreme Court directed that a hearing be held to determine whether TFD was properly served with process in the underlying action. The court made clear that the default judgment already previously rendered against Thomas was unaffected, and remained valid. On November 10, 1998, following the hearing in the underlying action, it was determined that TFD had been properly served, thus, in effect, reinstating the default judgment against TFD in the underlying action.

In this subsequent action for a declaration of the parties' respective rights and obligations under the subject insurance *72. policy, Lancer claimed that it had an agreement with TFD to postpone a decision on coverage under the subject policy, and when it learned in the last week of January 1999 that TFD was not pursuing an appeal from the adverse determination following the hearing on the issue of service, it disclaimed coverage in early February 1999. The Supreme Court submitted to the jury the issue whether there was, in fact, a postponement agreement between

Lancer and TFD. The jury responded in the affirmative. Based on our review of the record, we conclude that the evidence supports that conclusion.

Insurance Law § 3420(d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (see *First Fin. Ins. Co. v. Jetco Contr. Corp.,* 1 N.Y.3d 64, 769 N.Y.S.2d 459, 801 N.E.2d 835; *Zappone v. Home Ins. Co.,* 55 N.Y.2d 131, 447 N.Y.S.2d 911, 432 N.E.2d 783; *Hartford Ins. Co. v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061). In this case, the modest delay from the time Lancer learned that TFD would not be pursuing an appeal with respect to the adverse determination at the traverse hearing (which meant the default judgment against it would stand) and Lancer's disclaimer--from the last week in January 1999 to early February 1999--was reasonable, and thus Lancer's disclaimer was timely, vitiating coverage under the subject policy (see *Town of Smithtown v. National Union Fire Ins. Co.,* 191 A.D.2d 426, 594 N.Y.S.2d 318; *Commercial Union Ins. Co. v. International Flavors & Fragrances,* 822 F.2d 267).

The appellants' remaining contentions are without merit.

© 2006 Thomson/West. No claim to original U.S. Govt. works.

**EXHIBIT 7**

SUPREME COURT OF THE STATE OF NEW YORK
COURT OF APPEALS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LANCER INSURANCE COMPANY,

               Respondent.

    -against-

T.F.D. BUS CO., INC., THOMAS E. LYONS and
CELESTE M. LYONS,

               Appellants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF
MOTION FOR
LEAVE TO
APPEAL

Docket #2003-07593
Index #7146/99

SIRS:

    PLEASE TAKE NOTICE that upon the annexed affidavit of EDWARD J. CARROLL, ESQ., sworn to on the 14th day of June, 2005, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court at Motion Term at the Court of Appeals, Court of Appeals Hall, 20 Eagle Street, Albany, New York, on the 11th day of July, 2005, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for an Order pursuant to CPLR Section 5602(a)(1) and Section 500.11(d) of the Rules of Practice of this Court granting appellants leave to appeal to this Honorable Court from the Decision and Order of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, dated May 2, 2005, which affirmed the Order and Judgment of Honorable Kenneth

A. Davis, J.S.C., dated July 29, 2003, and entered in the Office of the Clerk of

Nassau County on July 29, 2003, upon the grounds set forth in the annexed

affidavit and briefs of appellant, and for such and further relief as to the Court

may deem just and proper under the circumstances.

Dated: June 14, 2005

EDWARD J. CARROLL, ESQ.
Attorney for Appellant - Thomas E.
Lyons
2733 Route 209
Kingston, New York 12401
(845) 338-5977

TO: CURTIS, VASILE, DEVINE & McELHENNY, ESQS.
Attorneys for Respondent-Lancer Insurance Company
2174 Hewlett Avenue; P.O. Box 801
Merrick, New York 11566-0801
(516) 623-1111

ANDREW C. RISOLI, ESQ.
Attorney for Appellant - T.F..D. Bus Co., Inc.
484 White Plains Road
Eastchester, New York 10709
(914) 793-9241

MILBER, MAKRIS, PLOUSADIS & SEIDEN, ESQS.
Attorneys for Appellant - Celeste M. Lyons
990 Stewart Avenue - Suite 600
Garden City, New York 11530
(516) 712-4000

-2-

# TABLE OF CONTENTS

Page No.

Statement of Facts..........................................................................2 - 17

Jurisdictional Statement................................................................17 - 18

Questions Presented.......................................................................18 - 19

The Underlying Decisions and Orders
Should be Reversed

    A. Point I - Lancer's Disclaimer of Coverage
       To TFD Bus Co., Inc., Michael Thomas,
       Thomas E. Lyons and Celeste M. Lyons
       Was Untimely As A Matter of Law...................20 - 41

Lancer's Explanation For Not Issuing A Disclaimer
On September 8, 1997 is Contrary to Existing Law ..........41 - 42

Conclusion........................................................................................43

-i-

SUPREME COURT OF THE STATE OF NEW YORK
COURT OF APPEALS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LANCER INSURANCE COMPANY,                              AFFIDAVIT

                Respondent.

    -against-

T.F.D. BUS CO., INC., THOMAS E. LYONS and          Docket #2003-07593
CELESTE M. LYONS,                                  Index #7146/99

                Appellants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK)
               )SS.:
COUNTY OF ULSTER)

    EDWARD J. CARROLL, ESQ., being duly sworn, deposes and says:

    1. I am an attorney admitted to practice in the Courts of this state and make this affidavit as attorney for appellant, THOMAS E. LYONS, and I am fully familiar with the facts and circumstances in this action.

    2. This affidavit is made in support of appellant's motion for leave to appeal to this Honorable Court from the Decision and Order of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, dated May 2, 2005 which affirmed the Order and Judgment of Honorable Kenneth A. Davis, J.S.C., dated July 29, 2003, and entered in the

Office of the Clerk of Nassau County on July 29, 2003. Collectively annexed hereto and made a part hereof as Exhibit "D" are copies of the Decision and Order, dated May 2, 2005 and Order and Judgment dated July 29, 2003.

## STATEMENT OF FACTS

3. This is an appeal in an action which originated in the Supreme Court, County of Nassau by complaint of respondent, LANCER seeking a declaratory judgment that it had no duty to defend or indemnify its insureds, TFD and MICHAEL THOMAS, nor claimants' THOMAS LYONS and CELESTE LYONS as a result of an underlying personal injury motor vehicle action. Appellants counterclaimed therein also seeking a declaratory judgment that LANCER did have such an obligation and that any disclaimer issued by LANCER was untimely.

"The Underlying Lawsuit" stemmed from an automobile accident (hereinafter referred to as "the accident") that took place on February 14, 1989 which involved a bus operated by MICHAEL THOMAS, owned by T.F.D. BUS CO., INC., (hereinafter referred to as "TFD") an interstate common carrier, and insured by LANCER INSURANCE COMPANY (hereinafter referred to as "LANCER"). At the time of the accident, the bus struck the rear of a motor vehicle in which THOMAS LYONS was an operator while his

-2-

motor vehicle was stopped at a red light in the City of Yonkers ( R 348-356, 503-504).

It is undisputed at the time of the accident that TFD BUS CO., INC. maintained a principal place of business situated in Mount Vernon, New York and was an interstate common carrier, holding Interstate Commerce Commission Certificate  No. MC201286; US DOT No. 428962. This company provided bus charter and contract services to the public ( R 241). LANCER insured the company under policy number BA121448 for liability anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada ( R 221-236).

LANCER does not dispute that it was provided with timely notification of this accident on February 22, 1989, and paid a property subrogation claim to Nationwide Insurance Company on April 6, 1989, as revealed in LANCER'S correspondence dated September 19, 1997 ( R 446-449).

It is further undisputed that LANCER was provided with notice of "The Underlying Lawsuit" and a demand by TFD for defense and indemnification on September 8, 1997 by TFD'S counsel Adam Seiden, Esq. ( R 328 paragraphs 16 and 17 of LANCER'S complaint).

On September 8, 1997, Adam Seiden, Esq., TFD'S counsel also

-3-

provided LANCER ( by transmittal of a copy of TFD'S Order to Show Cause and exhibits) with a written copy of appellant, THOMAS LYONS' default judgment determining monetary damages against their insureds ( R 400-411), an order granting LYONS' leave to enter judgment on default which was served upon them before January 21, 1993, by certified mail, return receipt requested ( T 319; R 290-298), LYONS' summons and complaint ( R 348-359) together with affidavits of service upon their insureds ( R 358-359) and LYONS' restraining notice and demand for payment ( R 237-277).

It is further undisputed that LANCER, through an affidavit of merit, sworn to by John A. Perilla, Esq., its Vice President, admitted on September 8, 1997, that "*there appeared to be no coverage for this lawsuit*".

Notwithstanding the foregoing, on September 19, 1997, LANCER wrote to TFD'S counsel ( R 446-449) and advised that LANCER was continuing with its investigation and reserving its rights on the basis that TFD and THOMAS may have violated the notification provisions of the policy issued by TFD, Policy No. BA121448 ("The Lancer Policy") ( R 446-449). At that time, LANCER admitted in the foregoing correspondence that " *... the plaintiffs in the subject action have alleged due and proper service and the Court's award has thus far validated their allegations.*" ( R 447).

-4-

There is also no question that LANCER'S attorney, Vincent Nesci, Esq., was placed on notice and made aware of LYONS' judgment, their demand for payment and their underlying lawsuit and claim against its insureds on September 24, 1997, when he appeared in court with LYONS' legal counsel, Edward J. Carroll, Esq., and thereafter, LANCER monitored all of the proceedings in "The Underlying Lawsuit" ( R 507, 534-536, 627-673). Critically, although LANCER was independently placed on notice of LYONS' judgment at that time, a copy of the September 19, 1997 correspondence constituting, at best, a reservation of rights, was not sent to THOMAS LYONS or CELESTE LYONS or their counsel ( R 456-478). Instead, a review of that correspondence reveals that it was only addressed to TFD'S counsel, Adam Seiden, Esq., and copies were sent to LANCER'S legal representatives and its company officials.

LANCER was aware that a judgment of liability was entered on December 18, 1992 against both MICHAEL THOMAS and TFD. Notwithstanding the foregoing, there has never been any application made, by LANCER or otherwise, to vacate LYONS' judgments entered against their insured, MICHAEL THOMAS. Furthermore, LANCER was aware, since September 24, 1997, that there was only one application in "The Underlying

-5-

Lawsuit" to vacate, and that application pertained solely to the judgment entered against TFD. On that date, Edward J. Carroll, Esq., appeared for LYONS, Adam Seiden, Esq., appeared solely on behalf of TFD, and Vincent P. Nesci, Esq., appeared on behalf of LANCER ( R 448). The proceedings came on before Hon. John P. DiBlasi, J.S.C. at a motion term of the Supreme Court, County of Westchester ( R 627-673). The absence of representation of MICHAEL THOMAS was raised at that time and the Court judicially determined that he was not represented by Adam Seiden, Esq., for the purpose of bringing any application before the Court. The Court stated at that time:

> "... *The application to vacate the order of default judgment with respect to defendant T.F.D. is granted, and the application by defendant T.F.D. to dismiss the action with respect to that defendant is granted. The foregoing constitutes the Decision and Order of the Court.*" (Mr. Seiden) "*Your Honor, with regard to defendant Michael Thomas.* (The Court) "*That's not before me.*"

Naturally, after reargument, by Decision and Order dated February 10, 1998, the Trial Court vacated the dismissal of the action against defendant, TFD ( R 508-511). However, there is no question that LANCER'S counsel knew at that time that Adam Seiden, Esq., was not representing MICHAEL THOMAS in any application to vacate LYONS' judgment. LANCER'S counsel also knew that no application had been brought to vacate the default

-6-

judgment and the subsequent judgment entered on December 18, 1992, after a

hearing to determine an assessment of damages against MICHAEL THOMAS.

On February 10, 1998, Honorable John P. DiBlasi, J.S.C., again

judicially determined, in writing, that the application to vacate the default was

made only on behalf of TFD. The Court stated in its aforesaid Decision and

Order, dated February 10, 1998, that *"Contrary to defendant T.F.D.'s
contention upon reargument, the Order to Show Cause sought relief only with
respect to T.F.D. and did not seek relief with respect to defendant Thomas.
Notably, counsel's affirmation submitted in support of the Order to Show
Cause state that counsel was the attorney for T.F.D. and that affirmation was
submitted in support of "the instant application by defendant T.F.D. to set
aside the judgment herein and dismiss the cause of action by plaintiff"*
(Affirmation of Adam Seiden, Esq., dated 9/1/97, at 1) ( R 508-511)

Since LANCER monitored the entire "Underlying Lawsuit" as early as

September 24, 1997, ( R 507, 534-536) LANCER was also aware that this

second judicial determination was made and entered which established that

TFD did not seek any relief from the judgments, at that time, with respect to

defendant, MICHAEL THOMAS.

Although no proceedings were ever commenced to vacate MICHAEL

THOMAS' judgment, Honorable John P. DiBlasi, J.S.C., by the same decision,

vacated that portion of LYONS' judgment which determined an assessment of

damages and granted TFD'S application to the extent of directing that a

-7-

traverse hearing would be held to determine whether plaintiffs properly served TFD with the Summons and Complaint. The Court further determined that in the event that LYONS properly served the Summons and Complaint upon TFD, TFD was only entitled to vacature of the judgment entered after the inquest, and ruled that a new inquest on notice would be scheduled to assess damages under such circumstances.

On November 10, 1998, immediately following a traverse hearing which was attended by Stephen Gaines, Esq., and Edward J. Carroll, Esq., counsel for THOMAS LYONS and CELESTE LYONS, Adam Seiden, Esq., counsel for TFD and a legal representative of LANCER, the Court made a judicial determination, in the presence of LANCER, that TFD was properly served with the Summons and Complaint from "The Underlying Lawsuit" on August 27, 1992 ( R 474).

Therefore, LANCER had sufficient information at that time to disclaim in that a judicial determination had been made that TFD had been properly served with legal process. It is undisputed that LANCER was in possession of this information on November 10, 1998. LANCER'S representative at that traverse hearing was identified as Vincent Necsi, Esq. in correspondence of Martin Hirsch, Esq., dated November 17, 1998, which was sent to John A.

Petrilli, Esq., attorney for LANCER ( R 450-451).  Furthermore, LANCER admitted that it had legal counsel present in the Courtroom when the decision on TFD'S traverse hearing was rendered in paragraph 9 of its Reply to Defendant's (TFD) Amended Answer and Counterclaims ( R 437).

Notwithstanding LANCER'S written possession on September 8, 1997, of all the relevant papers in the underlying lawsuit and knowledge since September 24, 1997 that no application had been made to vacate and set aside the judgment entered against MICHAEL THOMAS on December 11, 1992, LANCER waited almost seventeen (17) months after it was provided with notice of "The Underlying Lawsuit", demands for payment of a judgment, a demand for coverage and indemnification, and almost three (3) months after receiving a judicial determination at a traverse hearing that TFD had been properly served with LYONS' summons and complaint, to issue a purported "Notice of Disclaimer" ( R 442-445).

This "Notice of Disclaimer", as it pertains to MICHAEL THOMAS and the LYONS, is defective on its face ( R 442-445). A plain reading of this correspondence reveals that LANCER is disclaiming against MICHAEL THOMAS solely as a result of the alleged failure of another insured, TFD, to comply with the terms of the policy. It does not allege or inform THOMAS

-9-

that he failed to comply with any terms of the policy. In fact, the disclaimer was not even addressed to MICHAEL THOMAS or TFD. Instead, it was sent and addressed to Alexander Sanson, Esq., an attorney who was solely representing TFD at a hearing to determine assessment of damages against TFD. MICHAEL THOMAS was not ever a party to TFD'S traverse hearing or its inquest to determine an assessment of damages. Mr. Sanson's law firm never represented MICHAEL THOMAS in any litigation in "The Underlying Lawsuit".

Even assuming, hypothetically, that the disclaimer was actually issued to MICHAEL THOMAS, it is patently defective on its face. The disclaimer clearly states:

> Because of your *client's* (singular possessive i.e. TFD BUS CO., INC.) failure to comply with the terms of the policy by not providing notice to Lance of this Lawsuit for over five years after your *clients* were served with the Summons and Complaint, LANCER has been prejudiced in timely investigation the allegations of this claim and defending TFD Bus and Michael Thomas in the lawsuit. This, Lancer will not defend nor indemnify your *clients* for this claim. [emphasis added]

Clearly, LANCER obviously had sufficient information to disclaim against MICHAEL THOMAS as early as September 8, 1997. At that time, LANCER knew that a judgment had been entered against MICHAEL

-10-

THOMAS and that there was "prima facia" evidence that he was legally served with LYONS' summons and complaint in that an affidavit of service was on file with the Court ( R 358).

LANCER obviously claims it had sufficient information concerning the service of LYON'S summons and complaint upon MICHAEL THOMAS at the time it issued its disclaimer. However, there has never been a change of circumstances, nor any additional information developed concerning the validity of LYONS' service upon MICHAEL THOMAS of their summons and complaint since September 8, 1997. Obviously, LANCER had sufficient information to issue a disclaimer against MICHAEL THOMAS at that time, but chose not to issue such a disclaimer. Instead, LANCER issued a disclaimer on February 5, 1999. That is a delay of approximately seventeen (17) months which renders LANCER'S disclaimer untimely as a matter of law.

Assuming this correspondence was at least sufficient notice to TFD, LANCER cannot dispute that it waited almost seventeen (17) months to disclaim against this insured ( R 442-445) and waited even more time to advise LYONS' counsel that a notice of disclaimer had been sent to counsel for TFD ( R 441).

It is undisputed that LANCER'S notice of disclaimer was never directly

-11-

sent to LYONS ( R 456-459).

Apparently, recognizing this critical error, by letter dated February 8, 1999, but mailed February 9, 1999, LANCER'S counsel for the first time wrote Pirro, Collier, Cohen & Halpern, Esqs., trial counsel for THOMAS LYONS and CELESTE LYONS and advised them that LANCER had disclaimed coverage to TFD and MICHAEL THOMAS, alleging that TFD and MICHAEL THOMAS failed to give prompt notice of the claim to LANCER as well as a failure to cooperate with LANCER in the defense of this claim ( R 441). However, no notice of such disclaimer has ever been addressed or sent to T. LYONS or C. LYONS or the law office of Edward J. Carroll, Esq., or Pirro, Collier, Cohen & Halpern, Esqs., in proper form, to date.

Notwithstanding the foregoing, any notice of disclaimer would be ineffective against LYONS as claimant(s). THOMAS LYONS was struck and sustained serious personal injuries, while seated in a motor vehicle which was stopped at a red light on a public highway. The vehicle that struck him was registered as an  interstate common carrier and federal law (ie., MCS endorsement 90) mandates coverage when a claimant recovers any final judgment against the insured regardless of whether the vehicle is specifically described in the policy and despite the insured's failure to comply with policy

-12-

conditions.

Prior to the completion of discovery and trial, appellants THOMAS E. LYONS, CELESTE LYONS, and TFD BUS COMPANY, INC., moved for summary judgment seeking a declaration that LANCER'S disclaimer was untimely and in violation of Section 3420 of the New York State Insurance Law based upon LANCER'S undisputed seventeen (17) month delay in issuing a disclaimer. In opposition, LANCER alleged, although it failed to raise such an argument as an affirmative defense, that since September 8, 1997, there was a purported "accommodation" between TFD BUS COMPANY, INC. and LANCER to delay the issuance of that disclaimer ( R 576). As a result of the existence of this material issue of fact (whether such an agreement existed) the Trial Court in its Decision and Order denying summary judgment stated, "*Sharp questions of fact have been presented which concern whether a tender of the claim by defendants TFD and THOMAS and/or a corresponding decision to disclaim by LANCER were postponed, by agreement, or not.*." This Decision and Order was affirmed by this Appellate Court.

Thereafter, the parties completed discovery and this action came on for trial on May 9, 2003 before the Supreme Court of the State of New York,

-13-

County of Nassau, Honorable Kenneth A. Davis, J.S.C., presiding.

Based on the undisputed facts, respondent's lawsuit must be dismissed and the relief sought by appellants granted as a matter of law.

The Court utilized a jury during trial to determine, as a special finding of fact, whether an agreement existed between LANCER and TFD to postpone LANCER'S decision regarding disclaiming insurance coverage.

LANCER admitted, by trial and deposition testimony of John A. Petrilli, Vice President of LANCER, and contrary to its prior representation made in opposition to appellant's motion for summary judgment, that no such agreement ever existed during the seventeen (17) month period following LANCER'S receipt, on September 8, 1997, of written copies of appellant, T. LYON'S default judgment against their insureds, LYONS' summons and complaint together with affidavits of service upon their insureds, LYONS' restraining notice and demand for payment, and an order, served upon LANCER'S insureds on January 21, 1993, by certified mail, return receipt requested granting leave to LYONS to enter judgment on default ( T 375-381).

LANCER further admitted during trial that within the same seventeen (17) month period that it also failed to undertake any affirmative investigation regarding the grounds upon which it ultimately issued its February 9, 1999

-14-

disclaimer ( T 383-385).

LANCER finally admitted that the first time it claimed an agreement to postpone the issuance of a disclaimer for coverage ever existed was November 10, 1998 ( T 380-382).

In light of the foregoing, appellants renewed their motions for summary judgement in their favor and against respondent as a matter of law.

Appellants also objected to the Trial Court's refusal to instruct the jury that if it determined that an agreement existed to postpone LANCER'S decision to disclaim coverage, in order for that special finding to be of any probative value, the jury must also specify when they determined that the agreement first existed and how long a period of time the parties agreed to postpone the issuance of a disclaimer.  Appellants respectfully informed the Trial Court that such an instruction was imperative in that the respondent admitted that the first  possible time that any agreement to postpone the issuance of disclaimer could have occurred was after a lapse of more than one year and several months from LANCER'S September 8, 1997 receipt of sufficient facts to disclaim. Absent the jury's determination of when such an agreement occurred and the length of the postponement, such a special finding of fact would have no effect upon the respondent's unreasonable delay in

-15-

issuing a disclaimer of coverage for an undisputed seventeen (17) months.

Upon completion of the plaintiff's case, the Trial Court denied appellants' renewed motions for summary judgment; motions for dismissal of respondent's complaint for failure to prove a prima facia case: and motions for directed judgments or verdicts in favor of appellants and against LANCER for the relief sought in appellants' counterclaims (T 506).

After deliberations, the jury rendered a special finding, without specifying the date it first occurred or its duration, that TFD Bus Co. Inc. and LANCER had entered into an agreement to postpone the issuance of a disclaimer of coverage.

Following that verdict, appellants moved for judgment, notwithstanding the verdict upon the grounds that the undisputed evidence entitled them to such relief and that the special finding of the jury was not probative or relevant. This application was denied ( T 670-678).

Appellants timely served and filed their respective notices of appeal and perfected this appeal before the Supreme Court, Appellate Division, Second Judicial Department by the filing of the record and their briefs.

On January 10, 2005, the appeal was orally argued before the Court. By Decision and Order dated May 2, 2005 the Supreme Court, Appellate Division,

-16-

Second Judicial Department, without dissent, affirmed the judgment of the Trial Court, with costs (see Exhibit "D").

This application is made pursuant to CPLR Section 5602(a)(1) and Rules of Practice of this Honorable Court at Section 500.11(d) which seeks an order granting leave to appeal to this Court.

## JURISDICTIONAL STATEMENT

4. This Court has jurisdiction over the instant motion and proposed appeal in that the Decision and Order sought to be appealed from is a final determination, under the CPLR Section 5602(a)(1)(I). The action originated in the Supreme Court, County of Nassau by complaint of respondent, LANCER seeking a declaratory judgment that it had no duty to defend or indemnify its insureds, TFD and MICHAEL THOMAS, nor claimants' THOMAS LYONS and CELESTE LYONS as a result of the underlying action. Appellants counterclaimed seeking a declaratory judgment that LANCER did have such an obligation and that any disclaimer issued by LANCER was untimely.

This application is made within thirty (30) days following the service with notice of entry of the Decision and Order appealed from (see Exhibit "D"). Upon information and belief, the foregoing was served, by mail, on appellant on June 2, 2005

-17-

The Decision and Order of the Appellate Division, dated May 2, 2005, finally determined the action by affirming the Trial Court's order of dismissal.

That Decision and Order was unanimous and without any dissenting opinions and not appealable as a right pursuant to Section 5601(a) of the CPLR. Thus, permission is hereby sought pursuant to Section 5602(a)(1) for leave to appeal. As a result thereof, this Court has jurisdiction of the instant motion and the proposed appeal.

## QUESTIONS PRESENTED

5. Such leave is sought because questions of law arise which are new and novel, the Decision appears to be contrary to settled law on the subject, and in conflict with other Appellate Divisions of this State, this Honorable Court, and decisions in other States. The questions presented for review by this Court are as follows:

1. Was Lancer's disclaimer of coverage to TFD Bus Co., Inc., Michael Thomas, Thomas E. Lyons and Celeste M. Lyons untimely as a matter of law?

2. May an insurer wait more than 17 months after receipt of papers containing the basis for a disclaimer, which are obvious on their face, before issuing a notice of disclaimer?

3. Was Lancer's disclaimer of coverage to TFD Bus Co., Inc., Michael Thomas, Thomas E. Lyons and Celeste Lyons

-18-

ineffective as matter of law?

4. Were the Trial Court's rulings and judgment and affirmance by the Appellate Court erroneous and contrary to the weight of the credible evidence?

5. Must the judgment of the Trial Court and Appellate Court be reversed, vacated and set aside and in lieu thereof, judgment awarded to appellants for the relief sought in their counterclaims?

6. In the alternative, should the judgment of the Trial Court and affirmance by the Appellate Court be reversed, vacated and set aside, and the action be remanded for a new trial or further proceedings?

The foregoing questions have been adequately addressed by appellant in his brief and reply brief annexed hereto as Exhibits "A" and "C" respectively, and require the attention of this Court because this seems to be a case of first impression involving constitutional issues, interests of public concerns and conflicts with prior holdings of this Court.

# THE UNDERLYING DECISIONS AND ORDERS SHOULD BE REVERSED

## A. POINT I

### LANCER'S DISCLAIMER OF COVERAGE TO TFD BUS CO. INC., MICHAEL THOMAS, THOMAS E. LYONS AND CELESTE LYONS WAS UNTIMELY AS A MATTER OF LAW

6.  It is respectfully submitted that the Appellate Court based its Decision and Order on an agreement between attorneys to again discuss coverage after one of them returned from vacation which allegedly took place after a traverse hearing was held and more than 14 months following its receipt of an adequate information from their insured's to issue a notice of disclaimer. The Appellate Court stated in its Decision and Order at page 2 *"...Lancer claimed that it had an agreement with TFD to postpone a decision on coverage under the subject policy, and when it learned in the last week of January, 1999 that TFD was not pursuing an appeal from an adverse determination following the hearing on the issue of service, it disclaimed coverage in early February, 1999."* However, the Appellate Court totally overlooked the fact that LANCER had previously delayed for more than 14 months to issue any disclaimer when it is undisputed that no such agreement existed. The following facts are undisputed:

-20-

A. On September 8, 1997, LANCER was provided with notice of "The Underlying Lawsuit" and a demand for defense and indemnification by Adam Seiden, Esq., TFD's counsel ( R 328 paragraphs 16 and 17 of LANCER'S original complaint certified by its in house attorney, Laleh Hawa, Esq.). Adam Sieden, Esq., corroborated this fact by testifying during trial that he demanded that LANCER undertake the defense and indemnification of his client on that date, and that there was never any agreement, accommodation or understanding that LANCER could postpone any disclaimer of liability or coverage concerning the underlying lawsuit ( T 259-264). LANCER admitted that there was no agreement to postpone the issuance of a disclaimer of coverage throughout the following fourteen (14) months ( T 375-382).

B. On September 8, 1997, Adam Seiden, Esq., also provided LANCER (by transmittal of a copy of TFD'S Order to Show Cause and exhibits) with a written copy of LYONS' judgment that had been entered against both TFD and MICHAEL THOMAS, THOMAS LYONS' summons and complaint, together with affidavits of said service upon their insureds, plaintiffs' restraining notice and demand for payment, and a copy of an order granting plaintiffs leave to enter a default judgment, together with proof of service upon their insureds on January 21, 1993, by certified mail, return

-21-

receipt requested ( R 446-449, 348-358, 400-411, 453, 454) ( TFD signed a receipt for this transmittal).

C.  LANCER admitted receipt on September 8, 1997, of all the foregoing documents from TFD'S counsel and therefore on that date had sufficient grounds to issue a disclaimer of liability or denial of coverage ( T 364-372) *Varella v. American Transit Ins. Co.* 306 A.D.2d 464, (2nd Dept., 2003), 762 N.Y.S. 2d 253.

D.  Notwithstanding the foregoing, without the agreement of TFD, MICHAEL THOMAS or LYONS', LANCER delayed issuing a disclaimer of liability or coverage for more than seventeen (17) months.

E.  In *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.* 302 A.D. 2d 592, 593, 756, N.Y.S. 2d 251 (a factually analogous case) the Supreme Court, Appellate Division, Second Department previously determined that where an insurer waited only fifty seven (57) days after receiving a copy of the summons and complaint, affidavit of service and an Order granting default judgment against its insured, its delay in disclaiming coverage was unreasonable as a matter of law. That Appellate Court also determined that the delay was unreasonable even if its insured denied being served with a summons and complaint or any subsequent papers since the

-22-

basis alleged for the disclaimer was obvious on the face of those documents. *Mann v. Gulf Ins. Co.*, 3 A.D. 3d 554 (2nd Dept., 2004), 771 N.Y.S. 2d 176; *Heegan v. United Intl. Ins. Co.*, 2 A.D. 3d 403 (2nd Dept., 2003), 767 N.Y.S.2d 861. The Supreme Court, Appellate Division, Second Judicial Department also held in *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.*, *supra* that the insurer's attempt to justify its delay on the grounds that it had to investigate the claim was an insufficient excuse as a matter of law in that the disclaimer could have been asserted at any time after it received copies of those documents.

F.  In this action, more than seventeen (17) months elapsed from the insurer's receipt of the same type of documents, and unlike the insurer in *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.*, *supra*, LANCER was also in receipt of additional proof of TFD'S default at that time as TFD had actually received and signed for the order granting leave to enter a default judgment, by certified mail on January 21, 1993 ( R 290-298) and had failed to take any action to vacate its default although several years had lapsed following that service.

G.  New York Insurance Law Section 3420 provides, in relevant part, as follows:

-23-

*"(d) If under a liability policy delivered or issued for delivery in this State, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or other claimant."* [Emphasis added]

H.  This law requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer first learns of the accident or of grounds for disclaimer of liability or denial of coverage (see *Zappone v. Home Ins. Co.*, 55 NY2d 131; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Farmers Fire Co. v Brighton*, 142 AD2d 547).

I.  This provision has long been interpreted by this Honorable Court to be an "unconditional rule", *Allstate Insurance Company v Gross*, 27 NY2d 263, 317 NYS2d 309 (1970), intended to avoid prejudice to an insured and an injured claimant, each of whom could be harmed by the delay in learning of an insurer's position. *Zappone v Home Insurance Company*, 55 NY2d 131, 447 NYS2d 911 (1982);  In the Matter of *Jefferey Blee, Appellant, v. State Farm Mutual Automobile Insurance Company*, 168 AD 2d 615 (2d dept, 1990); *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Farmers Fire Co. v Brighton*, 142 AD2d 547;  *Progressive Casualty Insurance Company, Appellant, v James M. Conklin, Sr., et al., Respondents* 123 AD2d 6

(3rd Dep't, 1986); *New York Central Mutual Fire Insurance Company, Appellant, v Shirley Markowitz et al., Respondent.* 147 AD2d 461 (2nd Dep't, 1989).

J. LANCER violated this "unconditional rule" by delaying the issuance of a disclaimer for almost seventeen (17) months and by failing to issue any disclaimer to appellant. Respondent admitted no agreement to postpone the issuance of a disclaimer existed for more than 14 months while it had sufficient basis for its issuance. No explanation was provided for this extensive delay. It is settled law that if this provision applies, it is the carrier's burden to explain its delay in notifying the insured of its disclaimer or denial, and that a reservation of rights letter does not constitute compliance with its requirements (see, *Zappone v Home Ins. Co.*, supra). Under the circumstances, the respondent is estopped from making a disclaimer (see, *Hartford Ins. Co. v County of Nassau*, 462d 1028, supra; *Farmers Fire Ins. Co. v Brinighton*, supra; *Allstate Ins. Co. v Kuper*, 140 AD2d 479; *Metropolitian Prop. & Liab. Ins. Co. v State Farm Mut. Auto Ins. Co.*, 119 AD2d 558; *Foremost Ins. Co. v Rios*, 85 AD2d 677.

K. Not surprisingly, therefore, it is well settled that an insurer that fails to timely disclaim liability or deny coverage "as soon as is reasonably

-25-

possible" under Insurance Law Section 3420 (d) waives the defense of late notice. *Allstate Ins. Co. v Franks*, 44 NY2d 897, 407 NYS2d 696 (1978); *Dependable Janitorial Services v. Transcontinental Ins. Co.*, 212 AD 946, 622 NYS2d 632 (3rd Dep't 1995). *In the Matter of Jeffrey Blee, Appellant, v State Farm Mutual Automobile Insurance Company, Respondent,* 168 AD 2d 615 (2d dept, 1990), the Court held that if this provision applies, it is the carrier's burden to explain its delay in notifying the insured of its disclaimer or denial. The foregoing rule is applicable "even if the insured or the injured claimant has in the first instance failed to give timely notice" (see, *Matter of Aetna Cas. & Sur. Co. v Rodriguez*, 115 AD2d 418). Moreover, the Court held in "[w]here the carrier itself has unreasonably delayed in making a disclaimer, it cannot take advantage of a failure to give timely notice of accident" (see, *Safeguard Ins. Co. v Trent*, supra, at 781; *Matter of Aetna Cas. & Sur. Co. v Rodriguez*, supra, at 420; *Cohen v Atlantic Natl. Ins. Co.*, 24 AD2d 896). An unexplained delay of 6 ½ months is unreasonable as a matter of law. *Hartford Ins. Co. v County of Nassau* , supra, *Metropolitian Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 147 AD2d 461 (2nd Dept, 1989).

L. Moreover, and equally important, it is immaterial, that an insurer suggested in earlier correspondence with other parties that there might

-26-

at some future point be a disclaimer as to the individual plaintiffs, since a written reservation of an insurer is not a substitute for the required disclaimer. *Allstate Ins. Co. v Gross, supra; All City Insurance Co. v Pioneer Ins. Co.,* 194 AD2d 424, 599 NYS2d 245 (1st Dep't 1993); *Kramer v Interboro Mutual Insurance Co.,* 176AD2d 308, 574 NYS2d 575 (2d Dep't 1991). *In the Matter of the Arbitration between State Farm Mutual Automobile Insurance Company, Respondent, and Cathy E. Merrill, Appellant.* 192 AD2d 824 (3rd Dep't, 1993) ; (see, *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308 !v denied 79 NY2d 756), and a letter in which an insurer reserves its rights to disclaim is not an effective disclaimer (see, 192 AD2d 824 (3d dept, 1993) 46 NY2d 1028; *Allstate Ins. Co. v Gross,* 27 NY2d 263.)

M.  With this in mind, the timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage, *Hartford Ins. Co., v  County of Nassau,* 46 NY2d 1028, 416 NYS2d 539 (1979); *Nova Casualty Co. v Charbonneau Roofing,* 185 AD2d 490, 585 NYS2d 876 (3rd Dep't 1992) *Aetna Cas. & Sur. Co. v Brice,* 50 NY2d 958, affg on mem below 72 AD2d 927; *Massachusetts Bay Ins. Co. v Pendleton,* 159 AD2d 770, 772). In this case, the grounds for LANCER'S issuance of a disclaimer of liability and/or

-27-

coverage was readily apparent on the face of the documents it possessed on September 8, 1997.

N.  Reasonableness is determined upon the circumstances of the case which requires the insurer to take more or less time to make, complete and act diligently on the investigation of its coverage (*Aetna Cas. & Sur. Co. v Brice, supra; Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030). Here, there was no need for any investigation,  LANCER simply needed to read those papers.

O.  Notwithstanding the foregoing, LANCER has failed to provide credible proof that it acted either reasonably or diligently, or that it ever conducted an investigation of coverage for the grounds contained in its untimely disclaimer as to MICHAEL THOMAS or TFD ( T 512 -513, 523-527).  In fact, LANCER was in possession of the same information concerning the service of LYONS' summons and complaint upon MICHAEL THOMAS since September 8, 1997, knew no proceedings had ever taken place to vacate his judgment and yet undertook no affirmative investigation and waited until February 5, 1999, to issue a disclaimer, a period of almost seventeen (17) months. Furthermore, even viewing the evidence in a light most favorable to LANCER, it continued to refuse to conduct an affirmative investigation, and

-28-

waited an additional three (3) months after learning that Honorable Robert J. Friedman, J.H.O., Westchester County Supreme Court had determined TFD was properly served with LYONS' summons and complaint to issue a disclaimer against TFD (see, *Matter of Blee v State Farm Mut. Auto Ins. Co*, 168 AD2d 615 (2nd Dept, 1990); *Interboro Mut. Indem. Ins. Co. v Gatterdum*, 163 AD2d 788, 799; *New York Cent. Mut. Fire Ins. Co. v Markowitz, supra*). Even if TFD or MICHAEL THOMAS had failed to provide timely notice, LANCER is still obligated due to its failure to timely disclaim. An insurer who fails to disclaim coverage as soon as reasonably possible cannot justify its failure to do so on the insured's late notice. *Pennsylvania Millers Mutual Ins. Co. v Sorrentino*, 238 AD2d 491, 657 NYS2d62 (2nd Dep't 1997); *Matter of State Farm Mutual Auto Ins. Co v Cathy E. Merrill.*, 192 AD2d 824, 596 NYS2d 554 (3rd Dep't 1993).

P.  Finally, relatively short periods of delay on the part of an insurer has been sufficient to render a late notice defense by an insurer as a untimely as a matter of law.  For example, in *Hartford Ins. Co. v County of Nassau, supra*, this Honorable Court has held that a 2-month delay violates Insurance Law Section 3420 as a matter of law; *Farmers Fire Insurance Company, Appellant, v Carl Brighton, Doing Business as Rivers Edge Tavern,*

-29-

*et al.*, 142 AD2d 547 (2d dept, 1988)  Additionally, in *Nationwide Mutual Insurance Company v Steiner* 199 AD2d 507, 605 NYS2d 391 (2d Dept., 1993), the Appellant Division, Second Department, has also held that an un-excused delay of 41 days by an insurer in disclaiming to be unreasonable as a matter of law.  See also *Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 674 NYS2d 512 (3rd Dept., 1998) (90 days); *Appell v Liberty Mutual Ins. Co.*, 22 AD2d 906, 255 NYS2d545 (2d Dept., 1964) (2 months);  *Utica Fire Insurance Company of Oneida County, Respondent, v Natale D. Spagnolo et al., Appellants, et al., Defendant.* 221 AD2d 921 (4th dept, 1995)(2 months); *Robert Gill, Appellant v David A. Gouchie et al.*, 210 AD2d 954 (4th Dept., 1994)(2 months);  *In the Matter of Allstate Insurance Company, Respondent, v. Jean J. Souffrant, Appellant.  Allstate Insurance Company*, 221 AD2d 434 (2nd Dept., 1995) (2 months)); (see also *Jefferson Insurance Company of New York, Respondent, v Travelers Indemnity Company, Appellant, and Reliance Insurance Company, Respondent, et al., Defendants.*  92 NY2d 363 (1998) ( 4 ½ years) *Miriam Kleneic, Plaintiff, v White Lake Marine Corporation, Doing Business as Gene's Boats, Defendant* 144AD2d 341 (2d dept, 1988) (4 months); *Blee v State Farm Mut. Auto Ins. Co*, 168 AD2d 615   (2d dept, 1990) (6 months);  *New York Central Mutual Fire Insurance Company, Appellant, v*

-30-

*Shirley Markowitz et al., Respondent.* 147 AD2d 461 (2nd Dept., 1989) (6 ½ months); *Incorporated Village of Pleasantville v Calvert Insurance Company* 204 AD2d 689 (2nd Dept., 1994) ( 8 month).

Q, In *Allstate Insurance Company v Centennial Insurance Co.* 187 AD2d 690 (2nd Dept., 1992) the court properly denied an Insurance company's attempt to disclaim coverage. In that case the Court held pursuant to Insurance Law Section3420 (a) (3), that an injured party, or someone acting on behalf of the injured party, has an independent right to provide written notice to an insurance carrier (see, *General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *Walters v Atkins*, 179 AD2d 1067; *Elmuccio v Allstate Ins. Co.*, 149 AD2d 653). Further, the carrier may not disclaim coverage if it fails to give timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029; Insurance Law Section 3420 [d]). This rule applies even if the insured or the injured party has in the first instance failed to provide the carrier with timely notice of the accident (see, *Kramer v Interboro Mut. Indem. Ins. Co.*, 176 AD2d 308; *New York Cent. Mut. Fire Ins. Co. v Markowitz*, 147 AD2d 461). Moreover, the Court held in *Centennial* that notice was required to be

-31-

provided the injured party with a notice of disclaimer specifying the ground on which the disclaimer was predicated (see, *General Acc. Ins. Group v Cirucci, supra; United States Liab. Ins. Co. v Young*, 186 AD2d 644).  Prior to the commencement of that action, *Centennial* did not disclaim coverage based on an untimely notice by the injured party. A five month delay in disclaiming coverage on the grounds of untimely notice was unreasonable as a matter of law.  This  was readily apparent when *Centennial* first received notice of the accident, and *Centennial* failed to explain the delay. (see, *Hartford Ins. Co. v Unjar*, 177 AD 2d 480; *Kramer v Interboro Mut. Indem. Ins. Co., supra* ) 187 AD2d 690 (2d dept, 1992).

      R.  It is undisputed in this case that, at the very least, LANCER, represented by Vincent Necchi, Esq., was personally notified by LYONS of their claim for damages when LANCER appeared on September 24, 1997, in Westchester Supreme Court, before Hon. John P. Di Blasi, J.S.C. with Adam Seiden, Esq. and Edward J. Carroll, Esq. attorney for claimants. At that time, Vincent Necchi, Esq. and LANCER were in possession of claimants' written judgement, restraining notice and demand for payment, and the underlying documents received on September 8, 1997.  Notwithstanding the foregoing, LANCER has never sent claimants a disclaimer of liability and/or coverage.

-32-

S. Faced with that reality, the issuance of its disclaimer of liability and coverage to their insureds and claimants was untimely as a matter of law.

T. LANCER initially opposed appellants' prior motion for summary judgment by claiming that there was always an "accommodation" to postpone the issuance of disclaimer of coverage. However, John Petrilli, Esq., and Vice President of LANCER testified during cross-examination at trial and admitted that there was no such agreement to postpone the issuance of a disclaimer of coverage between September 8, 1997 and November 1998 ( T 375-382).

U. Mr. Petrilli's testimony during trial ( T 377-382) , in response to an inquiry as to why there was not a specific agreement between LANCER and TFD to allow LANCER to hold in abeyance a coverage determination was as follows:

(At page T 377)

*"Answer: I didn't say that. If I did, I misspoke. I did not say TFD agreed to hold in abeyance..."*

When asked the following questions, Mr. Petrilli further testified as follows:

-33-

( At page T 379)

"*Question: Was there ever an agreement between LANCER and TFD to allow LANCER to hold in abeyance a coverage determination until all appellate remedies were exhausted?*

*Answer: There was a discussion between TFD's lawyer and me, if that's what you mean by TFD and LANCER, yes, there were discussions about that prior to Christmas holidays of 1998.*

*Question: And that was the first time there was any such agreement or discussion to hold a coverage determination in abeyance sometime around the Christmas holidays in 1998?*

*Answer: Well, it was after this November, it was after Hirsch got involved in the case, that's for certain. Whether it was right before Thanksgiving or took place right after that, it was around holiday. That's what I recall. The exact date of each precise phone call I do not recollect"*

(At page T 380)

"*Question: I'm only basing upon what I thought was your testimony that back in September 1997 there was an agreement to hold LANCER'S coverage position in abeyance.*

*Answer: Well, we couldn't make a coverage decision in September 1997.*

*Question: I understand that's your testimony. If that's the case let's clear it up.*

*Answer: Okay.*

*Question: So prior to November 10, 1997.*

*Answer: No, 1998.*

-34-

*Question:* '98? Im sorry. Was there an agreement between LANCER and TFD to hold the coverage determination in abeyance?

*Answer: No.*

*Question: When was there first an agreement?*

*Answer: Well, in discussions I had at or around the time that the traverse was reported to me, the decision of the traverse was reported to me and prior to Christmas of that year in 1998: "So my question to you, sir, again, is before, between September of 1997 and up to I will say just before the traverse hearing, there was no agreement in place between LANCER and TFD BUS COMPANY and MICHAEL THOMAS to hold the disclaimer for coverage in abeyance: isn't that true?*

*Answer: There couldn't be one, that's true.*

*Question: Thank you*

*Answer: Okay"*

V.  In light of LANCER's admission that no agreement to postpone a disclaimer of coverage existed between September 8, 1997 and November 1998, it is respectfully submitted that the trial court erred in denying the renewed motions and motions of appellants at the close of the respondent's case for  summary judgement, dismissal of the respondent's action for failure to prove a prima facie case, and for directed judgements and/or verdicts in their favor and against respondent for the relief sought in

-35-

their counterclaims.

W.  In this connection, LANCER admits that it learned of the "underlying lawsuit" on September 8, 1997 ® 454).; insured both MICHAEL THOMAS and TFD at that time concerning "the underlying lawsuit"; and monitored all of the proceedings ® 509) since September 8, 1997.

X.  Notwithstanding the foregoing, MICHAEL THOMAS has not sought any judicial determination in "the underlying lawsuit" that he was not served with LYONS' Summons and Complaint or that the judgement obtained against him was not valid. LANCER has not even made MICHAEL THOMAS a party defendant in this lawsuit.

Y.  LANCER has had, since September 8, 1997, all the facts necessary to disclaim, at least, as against this insured. Notwithstanding the foregoing,  LANCER did not deny coverage to MICHAEL THOMAS until February 8, 1999, ® 441), and that notice of disclaimer was defective.  The disclaimer clearly stated:

*Because of your client's* (singular possessive i.e. TFD BUS CO., INC.) *failure to comply with the terms of the policy by not providing notice to Lancer of this lawsuit for over five years after your clients were served with the Summons and Complaint, LANCER has been prejudiced in timely investigation the allegations of this claim and defending TFD Bus and Michael Thomas in the lawsuit. Thus, Lancer will not defend nor indemnify your clients for this claim.* [emphasis added]

-36-

Z.  It is respectfully submitted that, absent any agreement to postpone the issuance of a disclaimer, a 17-month delay and a disclaimer issued against MICHAEL THOMAS as a result of an alleged default of TFD, another insured, violates Insurance Law Section 3420 as a matter of law, thereby rendering the disclaimer, at least against this defendant, ineffectual.

AA.  LANCER'S claim that it was awaiting a judicial determination concerning the service of legal process also has no merit in that it had a legal representative at the traverse hearing, held on November 10, 1998, when it was judicially determined that TFD was legally served with LYONS summons and complaint on August 27, 1992. (R 437, 450-451, 474)

BB.  Thus, LANCER was clearly aware of sufficient facts upon which to deny coverage as to TFD on November 10, 1998. *Mount Vernon Fire Ins., Co. v. Unjar*, 77 AD 2d 480; *Robert Gill, Appellant v David A. Gouchie et al.*, 210 AD2d 954 (4th Dep't, 1994); *Pennsylvania Millers Mutual Ins. Co. v Sorrentino*, 238 AD2d 491, (2d Dep't 1997); *State Farm Mutual Automobile Insurance Company, Respondent, and Cathy E. Merrill, Appellant.* 192 AD2d 824 (3rd Dep't, 1993); *Utica Fire Insurance Company of Oneida County, Respondent, v Natale D. Spagnolo et al., Appellants, et al., Defendant.* 221 AD2d 921 (4th dept, 1995); *Allstate Insurance Company v*

-37-

*Centennial Insurance Co.,* 187 AD2d 690 (2nd Dep't 1992); *Allstate Ins. Co. v Ruth Franks,* 44 NY2d 897 (1978); *Allstate Insurance Company v Gross,* 27 NY2d 263 (1970); *Allstate Ins. Co. v Kuper,* 140 AD2d 479; *Allstate Insurance Company, Respondent, v Jean J. Souffrant, Appellant. Allstate Insurance Company,* 221 AD2d 434 (2nd Dep't, 1995).

CC.  Notwithstanding the foregoing, LANCER did not send a disclaimer letter to TFD or MICHAEL THOMAS, prior to the date of its creation, February 5, 1999 ® 442-445).  This is an undisputed delay of more than 86 days, assuming the disclaimer letter was sent on the date it was typed.

DD.  However, even if the letter was sent of February 5, 1999, it was not sent to MICHAEL THOMAS, nor was it sent to TFD.  Instead, it was mailed to an attorney solely representing TFD.  Thus, this disclaimer was further delayed in its issuance and therefore it is untimely as a matter of law. Furthermore, LANCER did not send this denial of coverage letter to trial counsel for T. LYONS and C. LYONS.  Instead, LANCER's counsel waited until February 9, 1999 and wrote another letter, dated February 8, 1999, to Pirro, Collier, Cohen & Halpern, Esqs., attorneys for T. LYONS and C. LYONS at that time, which was 89 days later R 441). This letter, which was not addressed or mailed to T. LYONS or C. LYONS was also not a sufficient

-38-

disclaimer in that it did not specify the ground on which the disclaimer was predicated other than in general conclusory terms. *General Acc. Ins. Group v. Cirucci*, 46 NY2d 862.

EE.  LANCER had sufficient contact and knowledge of LYONS' judgment and claim since a representative of LANCER appeared in Court with LYONS' counsel on September 24, 1997 ( R 627-673) and thereafter LANCER monitored all of the proceedings in "the underlying lawsuit". Yet, no disclaimer has ever been issued to the LYONS apprizing them with a high degree of specificity of the grounds or grounds upon which the disclaimer against them is predicted. *In the Matter of Aetna Casualty and Surety Company v. Francis Rodriguez*, 115 AD2d 418 (1st Dep't 1985); *Sioide Fabian et al. v. Motor Vehicle Accident Indemnification Corporation*, 111 AD2d 366 (2nd Dept. 1985)

FF.  LANCER'S disclaimer of liability coverage was solely asserted against its insured and therefore was ineffective against the claimants, LYONS in that it was only based on the insured's failure to give notice; thus, the insurer must be estopped from raising the claimants' late notice as a ground for disclaiming coverage. N.Y. S. Insurance Law Section 3420(a)(3)(d) *Eagle Ins. Co. v Ortega*, 674 N.Y.S. 2d 56 (2nd Dept., 1998). Therefore,

-39-

LANCER must be estopped from raising any alleged untimeliness of LYONS' notice *Phillip Wraight v. Exchange Insurance Company*, 234 AD2d 916 (4th Dept., 1996).

GG.  Furthermore, even viewing this letter in a light most favorable to LANCER, and assuming it was sufficient on its face, it is still respectfully submitted that the 89-day delay in issuing the disclaimer from the determination of the traverse hearing to LYONS' counsel still violated Insurance Law Section 3420.

7.  It is also respectfully submitted that the Appellate Court overlooked the holding of this Honorable Court in *Steve Pierre, Respondent v. Providence Washington Insurance Company, Appellate* 99 N.Y. 2d 222, (2002) 784 N.E.2d 52, 754 N.Y.S. 2d 179 that an insurer, insuring an interstate common carrier, registered with the Federal Government, by actual endorsement or endorsement read into the policy, which are federally mandated and known as the MCS-90, must pay judgments arising from accidents occurring in the course of their transport business for bodily injury or death of any person as a result of the negligent operation of any vehicle, regardless of whether the vehicle is specifically described in the policy and despite the inured's failure to comply with policy conditions. In effect, the endorsements required by 49

CFR 387.15 shift the risk loss for accidents occurring in the course of interstate commerce away from the public by guaranteeing that the injured party will be compensated even if the insurance carrier has a valid defense based on a condition in the policy.

Even viewing the evidence in a light most favorable to LANCER, THOMAS LYONS and CELESTE LYONS' counterclaims, as claimants, seek a declaration that LANCER is obligated to pay the judgments and claims of the LYONS' and must be affirmed under the undisputed facts of this case, granting them the relief sought therein as a matter of law.

## LANCER'S EXPLANATION FOR NOT ISSUING A DISCLAIMER ON SEPTEMBER 8, 1997 IS CONTRARY TO EXISTING LAW

8.  The only explanation offered by LANCER for its delay in failing to issue a disclaimer for 14 months was that it had to await a final judicial determination concerning service of plaintiffs' Summons and Complaint. This explanation is meritless and contrary to existing law. See *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.* 302 A.D. 2d 592, 593, 756, N.Y.S. 2d 251.  If an insurer were allowed to delay the issuance of a disclaimer under such circumstances, disclaimers would never take place until an entire

-41-

appellate process in a lawsuit had been completed which would defeat the legislative intent of Section 3420 of the New York State Insurance Law. In addition, there was never an agreement, nor traverse hearing concerning MICHAEL THOMAS, although a default judgment had been entered against this insured. Therefore, any disclaimer issued by LANCER following the 14 month delay was already untimely as a matter of law.

9. Appellant also raises all of those arguments set forth in his brief and reply brief, copies of which are annexed hereto and made a part hereof as Exhibit "A" and "C" respectfully.

10. It is respectfully submitted that constitutional issues exist in that appellant is being deprived of property contrary to established case law and without due process of law.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, it is respectfully submitted that this Court should grant appellant's Motion for Leave to Appeal to the Court of Appeals from the May 2, 2005, determination of the Appellate Division, Second Judicial Department on the certified questions presented in this motion.

EDWARD J. CARROLL

Sworn to before me this
14th day of June, 2005.

_____
Notary Public

ADINA MORRIS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES FEBRUARY 9, 200 8

**EXHIBIT 8**

# State of New York,
## Court of Appeals

At a session of the Court, held at C____
Appeals Hall in the City of A____  urt
on the...........fifteenth........... 'ba
of ...........September...........  d
200

**Present,**   HON. JUDITH S. KAYE, *Chief Judge, presiding.*

---

2-10        Mo. No.  631
Lancer Insurance Company,
                    Respondent,
            v.
T.F.D. Bus Co., Inc., et al.,
                    Defendants,
Thomas E. Lyons,
                    Appellant.

---

A motion for leave to appeal to the Court of A____  pea
in the above cause having heretofore been made upon the ____  rt
of the appellant herein and papers having been submitted
thereon and due deliberation having been thereupon had, i   : i

        ORDERED, that the said motion be and the same h   re
is denied.

*Stuart M. Cohen*
Stuart M. Cohen
Clerk of the Court