## PRELIMINARY STATEMENT

This memorandum is offered in support of Lancer's motion to dismiss the within action on the grounds that it is barred by the doctrines of collateral estoppel and *res judicata*. The accompanying affidavit identifies the documents which support this application, and this memorandum addresses the legal basis for dismissal.

A review of the operative facts is appropriate.[1]

In February of 1989, Thomas Lyons was driving a van which was struck in the rear while stopped at a traffic light. The Lyons' van was struck by a school bus owned by T.F.D. Bus Co., Inc. and driven by its employee, Michael Thomas while on a school run. At the time of the accident, T.F.D. was insured by Lancer.

Three and one-half years after the accident, Lyons commenced a personal injury action against T.F.D. Bus and Thomas. Upon T.F.D.'s default, without notice to Lancer of the suit, Lyons eventually took an inquest and entered a judgment against T.F.D. in 1997. Again without notice to Lancer, Lyons commenced enforcement proceedings. T.F.D. moved to vacate the default; and while the judgment was initially vacated, it was reinstated following a traverse hearing in 1998.

Lancer had disclaimed coverage for the Lyons lawsuit in February of 1999, and thereafter commenced a declaratory judgment action in the Supreme Court of the State of New York, County of Nassau, in order to validate its disclaimer. Following a jury trial in 2003, which resulted in a unanimous verdict in Lancer's favor, a judgment was entered declaring that:

---

[1]    The accompanying affidavit identifies the source references.

(1)     Lancer's policy did not cover the 1989 accident;

(2)     Lancer owed no duty to defend or indemnify TFD Bus or Michael Thomas in connection with the lawsuit brought by Lyons; and, *inter alia*,

(3)     dismissing all counterclaims wherein Thomas and Celeste Lyons had affirmatively sought a declaration of coverage under the Lancer policy.

The Lyonses have now commenced this action, seeking coverage under a federally-mandated endorsement to the policy of liability insurance issued by Lancer to T.F.D. Bus Co., Inc.  They argue here that the MCS-90 endorsement, as it is called, requires Lancer to provide coverage for the underlying default judgment irrespective of the successful resolution of the prior declaratory judgment action.

Lancer contends that the Lyonses argued this same issue in the prior action, and that the facts underlying that issue were substantively resolved against them.  Moreover, Lancer contends that under any circumstances, the claim which is now being made should have been raised in the earlier action, and the failure to preserve the claim at that time, if indeed there was such a failure, bars the current action.

2

POINT I:    **THOMAS AND CELESTE LYONS ARE ESTOPPED FROM RE-LITIGATING THE FACTS UNDERLYING THE MCS-90 ISSUE AND THEY ARE PRECLUDED FROM SEEKING TO LITIGATE ONCE AGAIN AN ISSUE WHICH HAS BEEN FULLY AND FINALLY RESOLVED AGAINST THEM.**

The present action has been brought to obtain a declaration that there is coverage under the MCS-90 endorsement, and upon such declaration, to assess damages payable thereunder.  The identical claim and prayer for reief had been raised by Lyons during the appellate process in the earlier declaratory litigation involving the same parties[2].

The applicability of an MCS-90 endorsement to a particular accident rises generally under federal law.  See *Insurance Corporation of New York v. Monroe Bus Corp.*, 491 F.Supp.2d 430 (S.D.N.Y. 2007); *Pierre v. Providence Washington Insurance Company*, 99 N.Y.2d 222, 754 N.Y.S.2d 179 (2002).   However, the question of whether an issue grounded in federal law, is nevertheless estopped from re-litigation, requires an analysis of prevailing state law.  See *Migra v. Warren City School District*, 465 U.S. 75 104 S.Ct. 892 (1984).  Lyons may not re-litigate issues in a federal forum if New York law would bar him from doing so in a subsequent suit in state court.   See *Genova v. Town of Southampton*, 776 F.2d 1560 (2d Cir. 1985).

Under New York's *res judicata* and collateral estoppel doctrines, a party is barred from relitigating a claim or issue in a subsequent action if an identical claim or issue was litigated and resolved in a prior action.  See *Lodal, Inc. V. Home Insurance Company*, 309 A.D.2d 634, 766 N.Y.S.2d 19 (1st Dept. 2003).  "Pursuant to the Full Faith and Credit Act, 28 U.S.C. §1738, federal courts must afford a state-court judgment the same preclusive

---

[2]     See Exhibit "2", Point II; and Exhibit "5", Point V.

effect it would have in the state court." *Antonious v. Muhammad,* 95 F. Supp.2d 156, 159 (S.D.N.Y. 2000).

In the context of the case at bar, the estoppel would apply if: (1) Thomas and Celeste Lyons "litigated" the MCS-90 issue in the prior action, and (2) that issue was "resolved" against them.

### 1.    *Lyons litigated the MCS-90 issue in the prior litigation.*

In Point II of his principal brief on appeal, Thomas Lyons specifically sought a declaration that Lancer was obligated to pay the judgment against Michael Thomas and T.F.D. Bus pursuant to the MCS-90 endorsement. Lyons argued that the bus involved in his 1989 accident was "within interstate commerce transporting passengers, in charter and special operations, between points in the United States."[3] Lyons went on to argue that on the basis of this "undisputed" fact, he was entitled to judgment on his counterclaim "as a matter of law".[4]

In addition to opposing this argument on the basis that it had not been raised in the court below, Lancer also contended that Lyons' claim failed on the merits because the factual underpinnings of his argument (that the bus was involved in interstate commerce) were untrue. Lancer pointed to the evidence in the record which showed that the vehicle

---

[3]    See Exhibit "2", p. 43.

[4]    *Id.,* pp. 44-45.

4

in question was a school bus engaged in the transport of school children on a strictly intra-state run.[5]

In response, Lyons devoted an additional Point of argument in his Reply brief to the proposition that the underlying facts not only were not in dispute, but that they fully supported his contention. Lyons argued once again that coverage was mandated under the MCS-90 endorsement as a matter of law. In doing so, he expressly adopted the position that since the issue involved a pure point of law, it was ripe for appellate review even though not specifically addressed at the trial level.[6]

An issue of law "which appears on the face of the record and which could not have been avoided if raised at the proper juncture, may be reached for the first time on appeal." *Deltoro v. Arya*, 305 A.D.2d 628, 760 N.Y.S.2d 201 (2d Dept. 2003). In determining whether the issue "could have been avoided", the court looks to whether the *opponent* of the issue was denied an opportunity to frame a response at *nisi prius*. See, eg, *Bingham v. New York City Transit Authority,* 99 N.Y.2d 355, 756 N.Y.S.2d 129 (2003). In this case, Lancer, as the opponent of the MCS-90 claim, had no need to develop additional evidence in order to "avoid" the issue.

In other words, while Lyons argued that the record *as it stood* supported his contention that the bus involved in his accident was engaged in interstate commerce, Lancer pointed out that the facts showed otherwise. Lancer's opposition to Lyons' argument highlighted that he was fabricating "facts" unsupported by the actual record.

---

[5]     See Exhibit "4", p. 19.

[6]     See Exhibit "5", p. 27.

Lancer argued to the Appellate Division that contrary to Lyons' interpretation of the evidence, the record demonstrated that the bus involved in the 1989 accident did *not* implicate the MCS-90 coverage: it was a school bus on a purely intra-state route.[7]

Lyons never disputed the evidence underlying this assertion, and never sought, at any time, to vacate the judgment on the basis of "newly discovered evidence" which contravened these facts.[8]

Collateral estoppel precludes relitigation of a factual issue where the party has been afforded a "full and fair opportunity" to litigate that issue in a prior action or proceeding. *Alamo v. McDaniel*, ___ A.D.3d ___, 2007 WL 2265131 (1st Dept. 2007). In the prior action, Lyons chose to interpose the MCS-90 issue at the appellate level on the basis of his contention that the "undisputed" facts entitled him to judgment "as a matter of law". He continued to rely on these "undisputed" facts in his application to the New York Court of Appeals, where he specifically urged reversal of the judgment entered against him on the basis of a leading New York case addressing the applicability of MCS-90 coverage for an accident victim's claim.

There is no question that Lyons exercised a "full and fair" opportunity to argue "an issue which is one of law only". There is also no question that Lyons chose not to dispute the trial evidence which established that the school bus involved in his accident would not

_____

[7]     The factual predicate for Lancer's argument, the trial testimony of one of the principals of T.F.D. Bus, was duly referenced for review by the appellate court.

[8]     CPLR 5015(a) empowers the court of first instance to vacate a judgment if it appears that "newly discovered" evidence might produce a different result at trial. Here, Lyons expressly argued that the evidence already developed in the trial record supported his contention that he was entitled to judgment on his counterclaim for coverage under Lancer's policy "as a matter of law".

have triggered the MCS-90 endorsement in any event.[9]  Having charted his course of action, Lyons is - and must be - bound by the result.  *Neumann v. Metropolitan Medical Group, P.C.,* 153 A.D.2d 888, 545 N.Y.S.2d 592 (2d Dept. 1989).  The Lyonses cannot now seek to raise different facts from those which they previously claimed to be "undisputed".

### 2.  In affirming the declaratory judgment issued in favor of Lancer, the Appellate Division decided the MCS-90 issue on the merits.

The prior action brought by Lancer against the Lyonses, Michael Thomas and T.F.D. Bus sought a declaration that there was no coverage under Lancer's policy for the claims asserted by Thomas and Celeste Lyons.  That judgment also dismissed the counterclaims which sought coverage under the Lancer policy.[10]

On appeal, the Appellate Division affirmed the judgment.  While the decision focused on a discussion of the propriety of the jury's verdict following trial, the Appellate Division concluded its opinion by stating in no uncertain terms: "The appellants' remaining contentions are without merit".[11]

Under New York's collateral estoppel doctrine, an issue which has been litigated and decided adversely against a party cannot be relitigated in a subsequent action, so long as the disposition of that issue is necessary to the decision or judgment.  *Parker v. Corbisiero,* 825 F.Supp. 49 (S.D.N.Y. 1993).  However, for collateral estoppel purposes, the issue need not have been singled out in the decision; it can be decided *sub silentio.  Id.* at p. 57.

---

[9]      49 U.S.C.A. §13506(a)(1);  49 U.S.C.A.§31138(e)(1)

[10]     See Exhibit "9".

[11]     See Exhibit "6".

A determination that an issue argued on appeal is "without merit" is substantive and final for *res judicata* or collateral estoppel purposes.  *Antonious v. Muhammad, supra.* Indeed, in the context of the "finality" requirment for a habeas corpus proceeding, the Second Circuit has confirmed the rule that a claim is "adjudicated on the merits" where it is dismissed with the blanket phrase, "Defendant's remaining contentions are without merit." *Ryan v. Miller,* 303 F.3d 231 (2d Cir. 2002).

A state court need not mention the claim in its decision or cite relevant case law in order for its ruling to constitute an "adjudication on the merits". *Brown v. Artuz,* 293 F.3d 492 (2d Cir. 2002).  Hence, absent any indicia that the ruling was based on procedural or non-substantive grounds, the phrase "without merit" connotes a substantive determination of the matters under consideration. *Id.*

In the prior action between the parties, Lancer argued to the Appellate Division that Lyons' never-before-raised MCS-90 claim was based on factual allegations that were not supported by the record on appeal.  Rather than ruling that the argument was "waived" or "not preserved", the Appellate Division chose to find that this argument, along with other appellate contentions decided *sub silentio*, was "without merit".

Clearly, in the context of state appellate practice, the phrase carries a distinct and substantive meaning.  Reference to other Appellate Division cases is instructive in this regard.

For example, in each of the four appellate departments in New York, when the Appellate Division concludes that an argument raised for the first time on appeal is not going to be considered on the merits, the court explicitly mentions the failure to preserve the issue.  Compare, eg, *Leon v. Mendonca,* 7 A.D.3d 345, 775 N.Y.S.2d 864 (1st Dept.

8

2004);  *Glaser v. County of Orange,* 22 A.D.3d 720, 803 N.Y.S.2d 669 (2d Dept. 2005);

*Cahill v. Harter,* 277 A.D.2d 655, 716 N.Y.S.2d 447 (3d Dept. 2000);  and *Ciesinski v. Town*

*of Aurora,* 202 A.D.2d 984, 609 N.Y.S.2d 745 (4th Dept. 1994).   Indeed, where both

procedural and substantive grounds underlie the court's rejection of peripheral appellate

arguments, the distinction is expressly described: the claim is noted to have been waived,

or not preserved, and *"in any event"* without merit.  Compare, eg, *Promenade v. Schindler*

*Elevator Corporation,* 39 A.D.3d 221, 834 N.Y.S.2d 97 (1st Dept. 2007);  *Hutter v. Hutter,*

42 A.D.3d 434, 839 N.Y.S.2d 541 (2d Dept. 2007); *Killeen v. Travis,* 291 600, 736 917(3d

Dept. 2002); and *Foley v. Masiello,* 38 A.D.3d 1201, 833 N.Y.S.2d 342 (4th Dept. 2007).

Thus is it evident that the prior action resulted in a substantive determination of the

MCS-90 issue adverse to Lyons.  Since Lyons specificallly argued the issue during the prior

litigation, and chose without complaint to rest that argument on the facts as developed

during trial, the finding of the Appellate Division that this argument, along with other

peripheral appellate arguments, was "without merit", constitutes a substantive disposition

of the MCS-90 issue.

In short, it has been substantively determined that the accident involving Lyons did

not implicate the MCS-90 endorsement.  That issue cannot now be relitigated.  See

*Antonious v. Muhammad, supra.*

**POINT II:    UNDER ANY CIRCUMSTANCES, *RES JUDICATA* BARS THIS LITIGATION SINCE THE JUDGMENT ENTERED IN THE PRIOR ACTION FINALLY RESOLVED ALL COVERAGE ISSUES ARISING UNDER LANCER'S POLICY.**

The doctrine of *res judicata* operates to bar not only those matters which were actually litigated in the prior action, but also those matters which *should* have been litigated. *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 445 N.Y.S.2d 687 (1981). The doctrine of *res judicata* bars not only those claims that were asserted in the prior action, but also any other claims or theories of recovery which arise out of the same transactions and seek the same damages. *North American Van Lines, Inc. v. American International Companies,* 38 A.D.3d 450, 832 N.Y.S.2d 530 (1st Dept. 2007).

Since New York employs a broad transactional analysis in applying the doctrine, "a judgment on the merits by a court of competent jurisdiction is *conclusive* of the issues of fact and questions of law necessarily decided." *Ruiz v. Commissioner of the Department of Transportation of the City of New York,* 858 F.2d 898 (2d Cir. 1988).

In the case at bar, there is no question that Lyons' present claim arises out of the same transactions and seeks the same damages as were sought by way of the counterclaims interposed in the prior litigation. Lyons sought coverage under Lancer's policy, arguing that it provided coverage despite Lancer's disclaimer on late notice grounds. Thus, to whatever extent the Lyonses chose not to explicity cite to the MCS-90 endorsement in their counterclaims, the effort to re-litigate that claim is nevertheless foreclosed.

It is anticipated that Lyons will argue the MCS-90 is a distinct coverage form, thus divorcing its coverage from that afforded by Lancer's policy. Lyons undoubtedly believes

that under this analysis, the resolution of the question of coverage under Lancer's policy has not "necessarily determined" the claim now being advanced.

In the first instance, the preceding analysis has established that the factual predicate for the Lyonses' argument had been fully and finally resolved against them, rendering their claim for coverage under the MCS-90 endorsement "without merit".

Equally as significantly, moreoever, such an analysis reflects an inaccurate view of prevailing law.

In *Pierre v. Providence Washington Insurance Company, supra,* the very case relied upon by Lyons in the prior litigation, the New York Court of Appeals considered the relationship between the MCS-90 endorsement and the policy to which it was attached. In finding that the endorsement had to be considered as an integral part of the underlying policy, the Court stated:

> We reject Providence's contention that the MCS-90 endorsement should not be treated as a part of the underlying trucker's liability policy but should be viewed as imposing conditions distinct from those contained in the policy. First, we note that we are bound to interpret the endorsement according to federal law and none of the federal courts which have determined claims brought by injured parties under the MCS-90 endorsement have adopted this approach. Rather, in each case, the courts have interpreted the endorsement by reference to the policy to which it is attached. Second, by its literal language, the endorsement simply does not provide separate coverage. Like most endorsements to insurance policies, it explicitly cross-references and incorporates several of the terms of the policy. *Id.,* 99 N.Y. at 234-235, 754 N.Y.S.2d at 187.

It is anticipated that Lyons will seek to excuse the absence of an explicit MCS-90 counterclaim in the earlier action, by suggesting that no such claim could be interposed until the prior action resulted in a *judgment* of non-coverage. However, the *Pierre* court discredited this excuse: in *Pierre,* the action seeking a declaration of coverage under the

11

MCS-90 endorsement was commenced and successfully prosecuted merely upon the issuance of a disclaimer on "late notice" grounds.

In short, any claim under the MCS-90 endorsement "accrued", for want of a better word, upon the issuance of Lancer's disclaimer in February of 1999. Further, as Lyons had conceded during the prior proceedings, "the judgments against both the operator and owner of the bus are now final".[12]

Claims that could have or should have been raised in the prior proceeding between the same parties and arising from the same factual grouping or series of transactions are precluded from litigation in any subsequent proceeding. *DeSanto Construction Corp. v. Royal Insurance Company of America,* 278 A.D.2d 357, 717 N.Y.S.2d 636 (2d Dept. 2000).

The time to litigate any claim arising under the MCS-90 endorsement was during the pendency of the action seeking a declaration of coverage rights under the policy to which it was attached. The same transactions and events underlie both claims, and the relief sought, irrespective of how characterized, is the same. The judgment granting declaratory relief to Lancer, and dismissing the Lyonses' counterclaims, became *res judicata* and should not be circumvented by this present proceeding. *Seavey v. James Kendrick Trucking, Inc.,* 4 A.D.3d 119, 770 N.Y.S.2d 865 (1st Dept. 2004).

---

[12]     See Exhibit "2", p. 43. Furthermore, the Appellate Division decision, Exhibit "6", confirms that the disclaimer was issued in February of 1999, and Lyons' judgment against T.F.D.'s driver remained "valid" at all times. Hence, both of the necessary "elements" for a claim under the MCS-90 endorsement were extant at the time  the Lyonses' counterclaims were interposed.

## CONCLUSION

For all of the reasons set forth above, it is respectfully submitted that the within action must be dismissed on the ground that it is barred by the doctrines of collateral estoppel and *res judicata*. The factual issues underlying the present action were resolved against the plaintiffs in a prior action between the same parties, and the claim being asserted herein was necessarily decided in that prior action.

Respectfully submitted,

Roy W. Vasile (RWV - 7724)
*Attorney for the Defendant*
    *Lancer Insurance Company*
Law Offices of Curtis, Vasile P.C.
2174 Hewlett Avenue, P.O. Box 801
Merrick, New York 11566
(516) 623 - 11111

13