UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

THOMAS E. LYONS and CELESTE M. LYONS,

                            Plaintiffs,

   - against -

LANCER INSURANCE COMPANY,

                         Defendant.
————————————————————x

**NOTICE OF MOTION**
07 Civ. 7095
Judge Karas

| | |
|---|---|
| MOTION BY: | LAW OFFICES OF CURTIS, VASILE P.C. Attorneys for Defendant LANCER INSURANCE COMPANY |
| DATE, TIME AND PLACE OF HEARING: | On a date to be determined by the Court, at the Courthouse, United States District Court for the Southern District of New York, 300 Quarropas St., White Plains, New York. |
| SUPPORTING PAPERS: | The affidavit of Roy W. Vasile, and the exhibits annexed thereto. |
| RELIEF REQUESTED: | An Order, dismissing the within action, pursuant to the applicable provisions of Rule 12 of the FRCP, on the ground that the within action is barred by the doctrines of collateral estoppel and/or *res judicata*, and for such other and further relief as may be just and proper herein. |

Dated:   Merrick, New York
           November 8, 2007

Yours, etc.,
LAW OFFICES OF CURTIS, VASILE P.C.
Attorneys for Defendant LANCER
INSURANCE COMPANY

By: _____
ROY W. VASILE (RWV-7724)

2174 Hewlett Avenue
POB 801
Merrick, NY 11566
(516) 623-1111

TO: Edward J. Carroll, Esq.
Attorney for Plaintiffs
2733 Route 209
Kingston, NY 12401
(845) 338-5977
Bar Code: EC 6937

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

THOMAS E. LYONS and CELESTE M. LYONS,

                        Plaintiffs,      **AFFIDAVIT IN SUPPORT**
                                                                     07 Civ. 7095
    - against -                                               Judge Karas

LANCER INSURANCE COMPANY,

                        Defendant.
————————————————————————x

State of New York  )
County of Nassau   )    ss:

    **Roy W. Vasile,** being duly sworn, deposes and says:

    1.    I am the attorney for Lancer Insurance Company ("Lancer") in connection with the above matter. As such, I am fully familiar with the facts, circumstances, pleadings and proceedings heretofore had between the parties to this litigation.

    2.    I am duly admitted to practice law in this Court.

    3.    I submit this affidavit in order to identify and discuss the documents which support Lancer's motion to dismiss this action on the ground that it is barred by *res judicata* and/or collateral estoppel. The accompanying memorandum addresses the legal principles supporting the application.

    4.    Copies of plaintiffs' complaint and the exhibits incorporated therein are annexed hereto and made a part hereof as Exhibit "1". Your deponent respectfully asserts that the issues sought to be litigated in this action were - or should have been - litigated in the prior action between these same parties.

5. The allegations of the complaint provide the factual underpinnings for this application.

6. In 1989, Thomas Lyons was involved in an accident with a school bus owned by T.F.D. Bus Company, Inc. and driven by its employee Michael Thomas. (Exhibit "1", paragraphs 13 and 14). Six months after the statute of limitations had expired, Lyons commenced litigation, and following various proceedings not directly relevant to this motion, obtained and entered a judgment against T.F.D. Bus. (*Id.*, paragraph 16[1]).

7. Lancer had insured T.F.D. Bus under a business automobile liability insurance policy, identified by policy number BA121448. The policy included an MCS-90 endorsement to the extent that the school buses within the T.F.D. fleet were used in interstate commerce. (*Id.*, paragraph 12[2]).

8. In February of 1999, Lancer disclaimed coverage for Lyons' lawsuit and judgment against T.F.D. Bus Company and its driver Michael Thomas.[3]

9. Lancer subsequently commenced a declaratory judgment action against Thomas Lyons, Celeste Lyons, Michael Thomas and T.F.D. Bus. Lancer's disclaimer was validated following a jury trial and an appellate process extending to the New York Court of Appeals. (*Id.*, paragraph 15).

---

[1] Lancer disputes the allegation that Lyons' judgment against T.F.D. Bus was not "final" until 2006, but the allegations of the complaint will be accepted as true for the purposes of this motion to dismiss.

[2] Lancer disputes the suggestion that the bus involved in Lyons' accident was covered by the endorsement; but again, for the purposes of this motion, the allegations of the complaint must be accepted as true.

[3] While the complaint does not specify the date of disclaimer, the Appellate Division decision annexed to the complaint confirms this critical fact.

10.  Although the policy and all of its endorsements were at issue, the primary focus of the trial-level proceedings was the question of whether Lancer's disclaimer was timely.  It was not until he appealed that judgment in Lancer's favor that Lyons chose to argue the applicability of the MCS-90 endorsement.

11.  In his principal brief on appeal, Thomas Lyons devoted an entire point of argument in support of his contention that the MCS-90 endorsement effectively vitiated Lancer's disclaimer on "late notice" grounds.  Annexed hereto and made a part hereof as Exhibit "2" is a complete copy of Lyons' appellate brief.[4]

12.  In Point II of his appellate brief, set forth at pp 43 - 45 of the annexed Exhibit "2", Lyons argued:

> The undisputed facts establish that T. LYONS, while occupying a motor vehicle and stopped at a red light, was struck in the rear by a bus carrying passengers which was registered with the Interstate Commerce Commission under certificate no. MC201286 and insured by LANCER (R 221-236) as an interstate common carrier. ...
>
> * * *
>
> LYONS thereafter obtained a default judgment against the driver and owner of that bus. ...  *The judgments against both the operator and owner of the bus are now final* [emphasis supplied].
>
> * * *
>
> In effect, the endorsements required by 49 CFR 387.15 shift the risk of loss for accidents occurring in the course of interstate commerce away from the public by guaranteeing that the injured party will be compensated even if the insurance carrier has a valid defense based on a condition of the policy.
>
> *Even viewing the evidence in a light most favorable to Lancer, T. LYONS and C. LYONS' counterclaims, as claimants, seek a*

---

[4] The complaint in this action incorporates, by reference, the proceedings of record in the prior declaratory judgment action.  The allegations asserted in this complaint must be read in the context of the facts established by the prior proceedings.

> *declaration that Lancer is obligated to pay the judgments and claims of the LYONS and must be affirmed under the undisputed facts of this case, granting them the relief sought as a matter of law* [emphasis supplied].[5]

13. Your deponent authored the brief in opposition to the appeal. This Court should be aware that there were *two* bases upon which this argument was opposed; and toward that end, Lancer's brief in opposition is annexed hereto and made a part hereof as Exhibit "4".

14. Lancer's response to Lyons' argument that the MCS-90 endorsement entitled him to judgment on the counterclaims as a matter of law, was set forth at the conclusion of Lancer's "Counterstatement of Facts", at pp. 18-19 of its brief:

> The final issue to address in this counter statement pertains to an argument raised by Thomas Lyons on a point *de hors* the record. Reference in this regard is made to Point II of his brief (at least, the version which apparently has been filed; two separate "editions" have been served).
>
> Lyons argues that as an interstate carrier, TFD's policy with Lancer is governed by federal regulation, which essentially obviates any repercussions caused by the breach of policy conditions. This is an argument which has never, ever been raised at any time in any of the proceedings which have taken place during the pendency of this action. *It is also an argument which has no substantiation in any aspect of the record which is before this court* [emphasis supplied].
>
> The testimony of Albert Groccia, on behalf of TFD Bus, established only that the company operated a local school bus service in the Westchester metropolitan area. T. 461. While a "small percentage" of TFD's business involves "charter transportation" (*Id*), Groccia never suggested that the service involved interstate travel. *No one disputes that the TFD vehicle involved in the accident of February 14, 1989 was a school bus; and no one has ever suggested that this bus was used in interstate transportation* [emphasis supplied].

---

[5] Annexed as Exhibit "3" are copies of the Lyonses' answers with counterclaims. While the MCS-90 issue was not specifically pleaded, Lyons expressly adopted the position that the issue was ripe for adjudication at the time, and toward that end he sought judgment as a matter of law.

> When an argument is "bottomed on facts *de hors* the record" and raised for the first time on appeal, the remedy, essentially, is to ignore it. ...

15. In reply, Lyons urged the Appellate Division to consider his argument under the MCS-90 endorsement. Lyons' reply brief, annexed hereto and made a part hereof as Exhibit "5", devoted Point V to the issue:

> *** *All of the facts in support of this legal issue were developed in the record and have not been contested by any party* [emphasis supplied].
>
> However, even if the record did not contain the basis of this legal argument, whether the LYONS, as claimants in a motor vehicle accident involving an interstate common carrier insured by LANCER are as a matter of law entitled to payment of their judgment from LANCER regardless of whether its insured complied with all the conditions of its policy, is an issue *which is one of law only. This argument raises no new or additional facts*, involves the public interest, and should be reviewed by this Court [emphasis supplied]. ...

16. In its decision affirming the judgment declaring that there was no coverage for the Lyonses' claims, the Appellate Division focused its discussion on the events which transpired at trial. Nevertheless, while the appellate court did not specifically address the MCS-90 issue, the decision concluded by holding: "The appellants' remaining contentions are without merit." For ease of reference, a copy of the Appellate Division decision is annexed hereto and made a part hereof as Exhibit "6".

17. Lyons continued to argue the MCS-90 issue despite this holding. In a motion made to the Court of Appeals, wherein Lyons sought review of the Appellate Division decision, it was argued that the intermediate appellate court had "overlooked" a dispositive decision from the state's highest court. In Lyons' motion for leave to appeal to the Court of Appeals, a copy of which is annexed hereto and made a part hereof as Exhibit "7", Lyons argued:

It is also respectfully submitted that the Appellate Court overlooked the holding of this Honorable Court in *Steve Pierre, Respondent v. Providence Washington Insurance Company, Appellate* [sic] 99 N.Y.2d 222, (2002) 784 N.E.2d 52, 754 N.Y.S.2d 179 ... [citation as in the original].

18. The Court of Appeals denied the application without opinion. A copy of that decision, for the sake of completion, is annexed hereto as Exhibit "8".

19. The declaratory judgment was thus affirmed in all respects: not only was there no coverage under Lancer's policy, but the counterclaims upon which the Lyonses sought to hold Lancer liable, despite its disclaimer, had been dismissed in all respects.

20. For ease of reference, a copy of that judgment is annexed hereto and made a part hereof as Exhibit "9".

21. As is demonstrated in the accompanying memorandum, Lyons argued the merits of his MCS-90 claim on the basis of the facts as developed through the trial. The factual findings, and the coverage implications necessarily dependent thereon, have been fully and finally determined. The record in the prior action established that the vehicle involved in Lyons' accident was a school bus transporting school children at the time, and hence was not a vehicle engaged in interstate commerce for the purposes of Lyons' claims.[6]

22. At no time did Lyons suggest or argue that additional facts were necessary in order to advance his MCS-90 claim; indeed, his claim was predicated on the contention that the "undisputed" facts in the record supported his claim *as a matter of law*.

---

[6] The MCS-90 endorsement is not applicable to accidents involving school buses transporting children to or from school. See 49 U.S.C.A. §13506(a)(1) and 49 U.S.C.A. §31138(e)(1).

23. To the contrary, the confirmed facts support the Appellate Division's conclusion that Lyons' argument was "without merit". Any contention on his part that the bus was subject to the MCS-90 endorsement was, as Lancer pointed out, "bottomed on facts *de hors* the record".

24. Hence, Lyons cannot now "re-open" facts which were already litigated, or re-litigate a claim which was adversely - and necessarily - resolved on the merits.

25. The within action, therefore, must be dismissed.

**Wherefore,** your deponent respectfully requests that this Court grant the within motion in all respects, by dismissing the complaint on the ground that it is barred by the doctrines of collateral estoppel and *res judicata*, and further requests this Court to grant such additional relief as would be appropriate under the circumstances.

_____
Roy W. Vasile (RWV - 7724)

Sworn to before me this
8th day of November, 2007

_____
Notary

MICHAEL G. MEHARG
NOTARY PUBLIC, State of New York
No. 30 4814963
Qualified in Suffolk County
Commission Expires August 21, 20 08