UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

THOMAS E. LYONS and CELESTE M. LYONS,

                        Plaintiffs,              **NOTICE OF MOTION**
                                            07 Civ. 7095
    - against -                            Judge Karas

LANCER INSURANCE COMPANY,

                         Defendant.

_____x

MOTION BY:                    LAW OFFICES OF CURTIS, VASILE P.C.
                                   Attorneys for Defendant LANCER
                                   INSURANCE COMPANY

DATE, TIME AND PLACE OF
HEARING:                     On a date to be determined by the Court,
                                   at the Courthouse, United States District
                                   Court for the Southern District of New York,
                                   300 Quarropas St., White Plains, New
                                   York.

SUPPORTING PAPERS:          The affidavit of Roy W. Vasile, and the
                                   exhibits annexed thereto.

RELIEF REQUESTED:            An Order, dismissing the within
                                     action,pursuant to the applicable
                                   provisions of Rule 12 of the FRCP, on the
                                   ground that the within action is barred by
                                   the doctrines of collateral estoppel and/or
                                   *res judicata*, and for such other and further
                                   relief as may be just and proper herein.

Dated:       Merrick, New York
               November 8, 2007

Yours, etc.,
LAW OFFICES OF CURTIS, VASILE P.C.
Attorneys for Defendant LANCER
INSURANCE COMPANY

By: _____
ROY W. VASILE (RWV-7724)

2174 Hewlett Avenue
POB 801
Merrick, NY 11566
(516) 623-1111

TO:    Edward J. Carroll, Esq.
       Attorney for Plaintiffs
       2733 Route 209
       Kingston, NY 12401
       (845) 338-5977
       Bar Code: EC 6937

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

THOMAS E. LYONS and CELESTE M. LYONS,

                                Plaintiffs,

     - against -

LANCER INSURANCE COMPANY,

                                Defendant.
_____x

**AFFIDAVIT IN SUPPORT**
07 Civ. 7095
Judge Karas

State of New York  )
County of Nassau  )     ss:

      **Roy W. Vasile,** being duly sworn, deposes and says:

      1.      I am the attorney for Lancer Insurance Company ("Lancer") in connection with the above matter.  As such, I am fully familiar with the facts, circumstances, pleadings and proceedings heretofore had between the parties to this litigation.

      2.      I am duly admitted to practice law in this Court.

      3.      I submit this affidavit in order to identify and discuss the documents which support Lancer's motion to dismiss this action on the ground that it is barred by *res judicata* and/or collateral estoppel.  The accompanying memorandum addresses the legal principles supporting the application.

      4.      Copies of plaintiffs' complaint and the exhibits incorporated therein are annexed hereto and made a part hereof as Exhibit "1".  Your deponent respectfully asserts that the issues sought to be litigated in this action were - or should have been - litigated in the prior action between these same parties.

5.    The allegations of the complaint provide the factual underpinnings for this application.

6.    In 1989, Thomas Lyons was involved in an accident with a school bus owned by T.F.D. Bus Company, Inc. and driven by its employee Michael Thomas.  (Exhibit "1", paragraphs 13 and 14).  Six months after the statute of limitations had expired, Lyons commenced litigation, and following various proceedings not directly relevant to this motion, obtained and entered a judgment against T.F.D. Bus.  (*Id.*, paragraph 16[1]).

7.    Lancer had insured T.F.D. Bus under a business automobile liability insurance policy, identified by policy number BA121448.  The policy included an MCS-90 endorsement to the extent that the school buses within the T.F.D. fleet were used in interstate commerce.  (*Id.*, paragraph 12[2]).

8.    In February of 1999, Lancer disclaimed coverage for Lyons' lawsuit and judgment against T.F.D. Bus Company and its driver Michael Thomas.[3]

9.    Lancer subsequently commenced a declaratory judgment action against Thomas Lyons, Celeste Lyons, Michael Thomas and T.F.D. Bus.  Lancer's disclaimer was validated following a jury trial and an appellate process extending to the New York Court of Appeals.  (*Id.*, paragraph 15).

---

[1]    Lancer disputes the allegation that Lyons' judgment against T.F.D. Bus was not "final" until 2006, but the allegations of the complaint will be accepted as true for the purposes of this motion to dismiss.

[2]    Lancer disputes the suggestion that the bus involved in Lyons' accident was covered by the endorsement; but again, for the purposes of this motion, the allegations of the complaint must be accepted as true.

[3]    While the complaint does not specify the date of disclaimer, the Appellate Division decision annexed to the complaint confirms this critical fact.

10.    Although the policy and all of its endorsements were at issue, the primary focus of the trial-level proceedings was the question of whether Lancer's disclaimer was timely. It was not until he appealed that judgment in Lancer's favor that Lyons chose to argue the applicability of the MCS-90 endorsement.

11.    In his principal brief on appeal, Thomas Lyons devoted an entire point of argument in support of his contention that the MCS-90 endorsement effectively vitiated Lancer's disclaimer on "late notice" grounds. Annexed hereto and made a part hereof as Exhibit "2" is a complete copy of Lyons' appellate brief.[4]

12.    In Point II of his appellate brief, set forth at pp 43 - 45 of the annexed Exhibit "2", Lyons argued:

> The undisputed facts establish that T. LYONS, while occupying a motor vehicle and stopped at a red light, was struck in the rear by a bus carrying passengers which was registered with the Interstate Commerce Commission under certificate no. MC201286 and insured by LANCER (R 221-236) as an interstate common carrier. ...
>
> * * *
>
> LYONS thereafter obtained a default judgment against the driver and owner of that bus. ... *The judgments against both the operator and owner of the bus are now final* [emphasis supplied].
>
> * * *
>
> In effect, the endorsements required by 49 CFR 387.15 shift the risk of loss for accidents occurring in the course of interstate commerce away from the public by guaranteeing that the injured party will be compensated even if the insurance carrier has a valid defense based on a condition of the policy.
>
> *Even viewing the evidence in a light most favorable to Lancer, T. LYONS and C. LYONS' counterclaims, as claimants, seek a*

---

[4]    The complaint in this action incorporates, by reference, the proceedings of record in the prior declaratory judgment action. The allegations asserted in this complaint must be read in the context of the facts established by the prior proceedings.

> declaration that Lancer is obligated to pay the judgments and claims
> of the LYONS and must be affirmed under the undisputed facts of this
> case, granting them the relief sought as a matter of law [emphasis
> supplied].[5]

13.    Your deponent authored the brief in opposition to the appeal.  This Court

should be aware that there were *two* bases upon which this argument was opposed; and

toward that end, Lancer's brief in opposition is annexed hereto and made a part hereof as

Exhibit "4".

14.    Lancer's response to Lyons' argument that the MCS-90 endorsement entitled

him to judgment on the counterclaims as a matter of law, was set forth at the conclusion

of Lancer's "Counterstatement of Facts", at pp. 18-19 of its brief:

> The final issue to address in this counter statement pertains to an
> argument raised by Thomas Lyons on a point *de hors* the record.
> Reference in this regard is made to Point II of his brief (at least, the
> version which apparently has been filed; two separate "editions" have
> been served).
>
> Lyons argues that as an interstate carrier, TFD's policy with Lancer is
> governed by federal regulation, which essentially obviates any
> repercussions caused by the breach of policy conditions. This is an
> argument which has never, ever been raised at any time in any of the
> proceedings which have taken place during the pendency of this
> action. *It is also an argument which has no substantiation in any
> aspect of the record which is before this court* [emphasis supplied].
>
> The testimony of Albert Groccia, on behalf of TFD Bus, established
> only that the company operated a local school bus service in the
> Westchester metropolitan area. T. 461. While a "small percentage"
> of TFD's business involves "charter transportation" (*Id*), Groccia never
> suggested that the service involved interstate travel. *No one disputes
> that the TFD vehicle involved in the accident of February 14, 1989
> was a school bus; and no one has ever suggested that this bus was
> used in interstate transportation* [emphasis supplied].

---

[5]    Annexed as Exhibit "3" are copies of the Lyonses' answers with counterclaims.
While the MCS-90 issue was not specifically pleaded, Lyons expressly adopted the position that the
issue was ripe for adjudication at the time, and toward that end he sought judgment as a matter of
law.

When an argument is "bottomed on facts *de hors* the record" and raised for the first time on appeal, the remedy, essentially, is to ignore it. ...

15.     In reply, Lyons urged the Appellate Division to consider his argument under the MCS-90 endorsement.  Lyons' reply brief, annexed hereto and made a part hereof as Exhibit "5", devoted Point V to the issue:

> * * * *All of the facts in support of this legal issue were developed in the record and have not been contested by any party* [emphasis supplied].
>
> However, even if the record did not contain the basis of this legal argument, whether the LYONS, as claimants in a motor vehicle accident involving an interstate common carrier insured by LANCER are as a matter of law entitled to payment of their judgment from LANCER regardless of whether its insured complied with all the conditions of its policy, is an issue *which is one of law only.  This argument raises no new or additional facts*, involves the public interest, and should be reviewed by this Court [emphasis supplied]. ...

16.     In its decision affirming the judgment declaring that there was no coverage for the Lyonses' claims, the Appellate Division focused its discussion on the events which transpired at trial.  Nevertheless, while the appellate court did not specifically address the MCS-90 issue, the decision concluded by holding: "The appellants' remaining contentions are without merit."  For ease of reference, a copy of the Appellate Division decision is annexed hereto and made a part hereof as Exhibit "6".

17.     Lyons continued to argue the MCS-90 issue despite this holding.  In a motion made to the Court of Appeals, wherein Lyons sought review of the Appellate Division decision, it was argued that the intermediate appellate court had "overlooked" a dispositive decision from the state's highest court.  In Lyons' motion for leave to appeal to the Court of Appeals, a copy of which is annexed hereto and made a part hereof as Exhibit "7", Lyons argued:

> It is also respectfully submitted that the Appellate Court overlooked the holding of this Honorable Court in *Steve Pierre, Respondent v. Providence Washington Insurance Company, Appellate* [sic] 99 N.Y.2d 222, (2002) 784 N.E.2d 52, 754 N.Y.S.2d 179 ... [citation as in the original].

18.    The Court of Appeals denied the application without opinion. A copy of that decision, for the sake of completion, is annexed hereto as Exhibit "8".

19.    The declaratory judgment was thus affirmed in all respects: not only was there no coverage under Lancer's policy, but the counterclaims upon which the Lyonses sought to hold Lancer liable, despite its disclaimer, had been dismissed in all respects.

20.    For ease of reference, a copy of that judgment is annexed hereto and made a part hereof as Exhibit "9".

21.    As is demonstrated in the accompanying memorandum, Lyons argued the merits of his MCS-90 claim on the basis of the facts as developed through the trial. The factual findings, and the coverage implications necessarily dependent thereon, have been fully and finally determined. The record in the prior action established that the vehicle involved in Lyons' accident was a school bus transporting school children at the time, and hence was not a vehicle engaged in interstate commerce for the purposes of Lyons' claims.[6]

22.    At no time did Lyons suggest or argue that additional facts were necessary in order to advance his MCS-90 claim; indeed, his claim was predicated on the contention that the "undisputed" facts in the record supported his claim *as a matter of law*.

---

[6]    The MCS-90 endorsement is not applicable to accidents involving school buses transporting children to or from school. See 49 U.S.C.A. §13506(a)(1) and 49 U.S.C.A. §31138(e)(1).

23.    To the contrary, the confirmed facts support the Appellate Division's conclusion that Lyons' argument was "without merit".    Any contention on his part that the bus was subject to the MCS-90 endorsement was, as Lancer pointed out, "bottomed on facts *de hors* the record".

24.    Hence, Lyons cannot now "re-open" facts which were already litigated, or re-litigate a claim which was adversely - and necessarily - resolved on the merits.

25.    The within action, therefore, must be dismissed.

**Wherefore,** your deponent respectfully requests that this Court grant the within motion in all respects, by dismissing the complaint on the ground that it is barred by the doctrines of collateral estoppel and *res judicata*, and further requests this Court to grant such additional relief as would be appropriate under the circumstances.

Roy W. Vasile (RWV - 7724)

Sworn to before me this
8th day of November, 2007

Notary

MICHAEL G. MEHARY
NOTARY PUBLIC, State of New York
No. 30 4814963
Qualified in Suffolk County
Commission Expires August 31, 20 08

# EXHIBIT 1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

THOMAS E. LYONS and
CELESTE M. LYONS,

                    Plaintiffs,

          V.

LANCER INSURANCE COMPANY,

                    Defendant.

**SUMMONS IN A CIVIL ACTION**

"ECF CASE"

CASE NUMBER:   07-CV-7095  (KMK)(MDF)

# 07 CIV. 7095

# JUDGE KARAS

TO: (Name and address of Defendant)

          LANCER INSURANCE COMPANY
          370 West Park Avenue
          Long Beach, New York   11561

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

          EDWARD J. CARROLL, ESQ.
          2733 Route 209
          Kingston, New York 12401
          (845) 338-5977
          Bar Code: EC6937

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

AUG - 9 2007

_____
DATE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 7095**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,

                      Plaintiffs,

    -against-

LANCER INSURANCE COMPANY,

                   Defendant.

COMPLAINT
"ECF CASE"
Civil Action
Case No. 07-CV-7095
(KMK)(MDF)

FILED

AUG - 9 2007

USDC WP SDNY

**JUDGE KARAS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, by their attorney, EDWARD J. CARROLL, ESQ., complaining of

the defendant herein, respectfully show the Court and allege as follows:

### PRELIMINARY STATEMENT

1. This is an action in which plaintiffs, THOMAS E. LYONS and CELESTE

M. LYONS, seek judgment declaring, pursuant to federal statutory law, that

defendant, LANCER INSURANCE COMPANY, as surety, is obligated to pay

plaintiffs in the amount of those judgments which were entered in plaintiffs' favor

and against defendant's insured, T.F.D. BUS CO., INC., on August 24, 2006, in the

Supreme Court of the State of New York, County of Westchester.  A copy of those

judgments is annexed hereto and made a part hereof as Exhibit "A".

2. That the aforesaid judgments resulted from defendant's insured, T.F.D.

BUS CO. INC'S  negligence in the operation and maintenance of one of its motor

vehicles, while so engaged in interstate transportation, and the liability of the

pursuant to Title 28 of the United States Code, Section 139(b).

## PARTIES

7.  That at all times hereinafter mentioned, plaintiff, THOMAS E. LYONS, (hereinafter referred to as "T. LYONS") was and still is a citizen of the United States, domiciliary of the State of New York and a resident of 38 Moulton Avenue, Dobbs Ferry, New York, 10522, situated in the County of Westchester which is located within the jurisdictional boundaries of this Court.

8.  That at all times hereinafter mentioned, plaintiff, CELESTE M. LYONS, (hereinafter referred to as "C. LYONS") is a citizen of the United States, domiciliary of the State of New York and resident of 4 Cross Road, Ardsley, New York, 10502, situated in the County of Westchester which is located within the jurisdictional boundaries of this Court.

9.  That at all times hereinafter mentioned, defendant, LANCER INSURANCE COMPANY (hereinafter referred to as "LANCER") was and still is an Illinois Corporation duly authorized to conduct business in the State of New York, which maintains its principal office in Long Beach, New York, and does business and did commit those acts complained of herein within the jurisdiction of this Court.

## BRIEF HISTORY AND FACTUAL ALLEGATIONS

10.  That at all times hereinafter mentioned, T.F.D. BUS CO. INC., (hereinafter referred to as "T.F.D.") was and still is a domestic corporation, duly incorporated under and by virtue of the laws of the State of New York, with a

- 3 -

principal place of business situated at 215 South 11th Avenue, Mt. Vernon,
Westchester County, New York 10550 and that the principal business of said
corporation is providing interstate transportation of the public through the operation
of a private bus company.

11.  That at all times hereinafter mentioned, "T.F.D." was an interstate
common carrier and holder of interstate commerce commission certificate, number
MC201286;  and said corporation was assigned US DOT No. 428962 evidencing it's
authority, as a carrier, to engage in interstate transportation, by motor vehicle,
provided said carrier remained in compliance with the requirements of insurance
coverage for the protection of the public, including plaintiffs, in accordance with 49
CFR 1043.  A copy of "T.F.D.'s" certificate is annexed hereto and made a part hereof
as Exhibit "B".

12.  At the time of plaintiff's accident, hereinafter described herein, "T.F.D."
provided bus charter and contract services to the public and used for that purpose, a
certain 1975 Ford Bus motor vehicle, owned by "T.F.D.", bearing New York plate
number BA-4409 for the then current period of registration which was insured by
"LANCER" under policy number BA121448 for liability anywhere in the United
States of America, its territories or possessions, Puerto Rico or Canada. This motor
vehicle, at the time of the accident, was also covered by a Federal Statutory
Endorsement known as MCS-90 (or a comparable substitute) which was required in
that, at the time of the accident, this motor vehicle was being used for hire as an

- 4 -

interstate transporter, for use outside of home to school and school to home transportation, and was being not operated by a state or local government, which required, pursuant to Part 387 of the rules and regulations of the Federal Motor Carrier Safety Administration, minimum statutory levels of public liability insurance in the sum of Five Million Dollars ($5,000,000.00) in accordance with Sections 29 and 30 of the Motor Carrier Safety Act of 1980.

13. MICHAEL A. THOMAS was a resident of the County of Westchester and employed as a bus driver by "T.F.D." and was acting within the scope of his authority and in furtherance of the business interests of "T.F.D." when he operated the aforesaid 1975 Ford Bus motor vehicle, during interstate commerce, and, due to his negligence, caused said motor vehicle to collided with the rear end of plaintiffs' "T. LYONS'" and "C. LYONS'" motor vehicle, a 1989 Ford Van, bearing New York plate number 8VC-708 for the then current period of registration.

14. The aforesaid accident occurred on February 14, 1989, at approximately 2:51 P.M. At that time, plaintiff, "T. LYONS", was operating his motor vehicle which was stopped, in traffic, at a red light, at the bottom of a hill on Nepperhan Avenue and at the intersection of New School Street, in the City of Yonkers, County of Westchester and State of New York. As a result of this accident, "T. LYONS" sustained permanent, serious physical injuries to his person which are more particularly described in Exhibit "A".

15. That on or about March 24, 1999, "LANCER" commenced a declaratory

- 5 -

judgment action in the Supreme Court of the State of New York, County of Nassau, seeking a judicial determination that it had no duty to defend and indemnify "T.F.D." in connection with plaintiffs' aforesaid judgments. The Supreme Court of the State of New York, Appellate Division, Second Judicial Department issued a decision and order dated May 2, 2005, which declared that "LANCER" was not obligated to defend and indemnify "T.F.D." as a result of plaintiffs' judgments, and that there was no coverage to "T.F.D." under a business automotive liability policy issued by "LANCER" as result of a timely disclaimer. A copy of that Decision and Order is annexed hereto and made a part hereof as Exhibit "C". Plaintiffs timely moved for leave to appeal and the Court of Appeals of the State of New York denied such relief by Order, dated September 15, 2005. A copy of that Order is annexed hereto and made a part hereof as Exhibit "D".

16. As a result of that accident, a motor vehicle personal injury action was commenced on August 27, 1992, by plaintiffs in the Supreme Court of the State of New York, County of Westchester, which resulted in judgments in plaintiffs' favor and against "T.F.D." which were filed and entered in the Westchester County Clerk's Office on August 24, 2006, a copy of which is annexed hereto and made a part hereof as Exhibit "A".

17. Following the entry of plaintiffs' judgment on August 24, 2006, which became final and enforceable on September 29, 2006, plaintiffs, seeking to enforce and satisfy their judgments, made demand for payment upon "T.F.D." without

- 6 -

success, and thereafter, on March 29, 2007, made demand for payment upon

defendant, "LANCER", as a statutory surety, under its MCS-90 Endorsement (or a

comparable substitute), in accordance with the requirements of Federal Bus

Regulatory Reformed Act of 1982 and/or the Motor Carrier Act of 1980. A copy of

said demand is annexed hereto and made a part hereof as Exhibit "E". "T.F.D." filed

for bankruptcy protection and remains insolvent and defendant, "LANCER", refused

plaintiffs' demand for payment, as a surety. Plaintiffs' judgments remain unsatisfied.

A copy of defendant's refusals dated April 5, 2007, and May 8, 2007, are collectively

annexed hereto and made a part hereof as Exhibit "F".

    18. Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

    19. Plaintiff "T. LYONS" repeats and reiterates paragraphs 1 through 18 of

his complaint with the same force and effect as if their content were fully set forth at

length herein.

    20. Due to the foregoing, plaintiff "T.LYONS" seeks judgment in his favor

and against defendant, "LANCER" in the sum of five million dollars

($5,000,000.00), or a greater amount that this Honorable Court deems reasonable and

legally enforceable, under the law, facts and circumstances herein.

## AS AND FOR A THIRD CAUSE OF ACTION

    21. Plaintiff "C.LYONS" repeats and reiterates paragraphs 1 through 20 of

her complaint with the same force and effect as if their content were fully set forth at length herein.

22. Due to the foregoing, plaintiff "C.LYONS" seeks judgment in her favor and against defendant, "LANCER" in the sum of five million dollars ($5,000,000.00), or a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

## DEMAND FOR A JURY TRIAL

23. Plaintiffs demand a jury of all the issues in this action.

## REQUESTED RELIEF

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant as follows:

a. On plaintiffs, THOMAS E. LYONS' and CELESTE M. LYONS' first cause of action for a declaratory judgment;

1. Adjudging that LANCER INSURANCE COMPANY, as a statutory surety of T.F.D. BUS CO. INC., in order to protect the public, and by virtue of its statutory MCS-90 Endorsement (or a comparable substitute), is, in accordance with ICC regulations, liable for payment to the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS for the amounts of those judgments recovered against T.F.D. BUS CO. INC., which were filed and entered in the Westchester County Clerk's Office on August 24, 2006, which resulted from a motor vehicle personal injury accident which occurred on February 14, 1989 in Yonkers, Westchester County, New

- 8 -

York.

      b.  On plaintiff THOMAS E. LYONS' second cause of action;

          1. Judgment in his favor and against defendant LANCER INSURANCE COMPANY in the sum of five million dollars ($5,000,000.00), or in a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

      c.  On plaintiff CELESTE M. LYONS' third cause of action;

          1. Judgment in her favor and against defendant LANCER INSURANCE COMPANY in the sum of five million dollars ($5,000,000.00), or in a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

      d.  And for such other and further relief as to this Court may deem just and proper under the circumstances.

     All the foregoing, together with reasonable attorney's fees, interest, costs and disbursements of this action.

Dated:  August 8, 2007

                               Yours, etc.

                               EDWARD J. CARROLL, ESQ
                               Attorney for Plaintiffs
                               2733 Route 209
                               Kingston, New York 12401
                               (845) 338-5977

TO:   LANCER INSURANCE COMPANY
        370 West Park Avenue
        Long Beach, New York  11561

EXHIBIT A

AUG 2 8 2006

FILED
AND
ENTERED
ON 8-24 2006
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS E. LYONS and CELESTE M. LYONS,                    JUDGMENT

Plaintiffs,

-against-                                               Index #92-14941

MICHAEL A. THOMAS and T.F.D. BUS CO., INC.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The above entitled action having been commenced by the service of a

summons and complaint upon defendants, MICHAEL A. THOMAS and

T.F.D. BUS CO., INC., on August 27, 1992; and an index number having been

purchased and plaintiffs summons and complaint having been duly filed; and

the defendants having defaulted in timely appearing, answering, or moving

against said complaint; and the plaintiffs having timely moved to enter a

default judgment against the defendants on December 4, 1992; and said

application having been granted by Decision and Order of HONORABLE

SAMUEL G. FREDMAN, J.S.C., dated December 17, 1992 and filed on

December 18, 1992 in the Office of the County Clerk of the County of

Westchester, State of New York; and a copy of said Decision/Order awarding

a judgment of liability in favor of the plaintiffs and against T.F.D. BUS CO.,

INC., and MICHAEL THOMAS and granting plaintiffs an inquest to assess damages having been served upon defendants by certified mail, return receipt requested; and the defendants having failed to seek relief from said judgment for a period of at least five (5) years thereafter; and this action having duly come on upon plaintiffs timely application for a hearing for the purpose of assessing damages on the causes of action set forth in plaintiffs' complaint before HONORABLE ARTHUR C. KELLMAN, J.H.O., and a jury of six (6) on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse, White Plains, New York; and the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, having appeared by EDWARD J. CARROLL, ESQ.; and the proofs of the plaintiffs having been duly presented and the issue of damages having been duly tried; and the jury having rendered a unanimous verdict in favor of the plaintiffs and against the defendants on the issue of damages on the 17th day of June, 1997, finding that defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and

-2-

medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident; and Judgment having been entered thereon, and plaintiffs having sought enforcement thereof; and defendant, T.F.D. BUS CO. INC. by its attorney ADAM SEIDEN, ESQ. having moved by Order to Show Cause returnable on September 24, 1997 before the Supreme Court, County of Westchester for relief pursuant to CPLR Section 5015; and HONORABLE JOHN P. DiBLASI, J.S.C., by Order and Decision dated February 10, 1998 having ultimately granted defendant's application to the extent of directing that a traverse hearing would be held to determine whether plaintiffs properly served T.F.D. BUS CO. INC. with their summons and complaint, and if service was deemed sufficient directing that a new inquest on damages, upon notice, be held; and a traverse hearing having thereafter been held on or about November 11, 1998, and HONORABLE ROBERT JAMES FRIEDMAN, J.S.C., presiding, having determined that defendant, T.F.D. BUS CO., INC. was properly served with plaintiffs' summons and complaint on August 27, 1998; and the Court having directed that the action be remanded to the Trial Assignment Part to appear on

-3-

the calendar for the purpose of scheduling a date for an Inquest; and the above entitled action having come on for an Inquest on or about April 20, 1999 to determine an assessment of damages sustained by the plaintiffs as against T.F.D. BUS CO. INC.; and the jury, after hearing the proofs of both plaintiffs and defendants having determined, by verdict sheet annexed hereto and made a part hereof as Exhibit "A", that the defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS, as a result thereof, suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident, and that plaintiff, CELESTE M. LYONS did sustain damages upon her derivative cause of action; and the jury having rendered a verdict in favor of plaintiff, THOMAS E. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two Million Four Hundred Thousand Dollars ($2,400,000.00); and the jury having

-4-

rendered a further verdict in favor of plaintiff, CELESTE M. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two Hundred Thousand Dollars ($200,000.00) as and for her derivative action for loss of services, and said award as to THOMAS E. LYONS having been allocated as of the date of the verdict (April 20, 1999) as follows:

(A) ONE MILLION DOLLARS ($1,000,000.00) for past loss of earnings, pension, and insurance benefits and impairment of earning ability;

(B) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future loss of earnings, pension and insurance benefits and impairment of earning ability over 7 years; and

( C) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future pain and suffering, including the permanent effect of the injury from the time of the verdict to the time that plaintiff could be expected to live being a period of 20 years, and

the plaintiffs being entitled to interest on said awards as of the date the plaintiffs were awarded a Judgment of liability, to wit: December 17, 1992; and the Court having computed the award for future damages for the plaintiff, THOMAS E. LYONS, pursuant to Section 5041 of the Civil Practice Law and Rules of the State of New York; and by agreement between plaintiffs and

-5-

defendant, T.F.D. BUS CO., INC., entry of Judgment was adjourned from April 20, 1999 to present,

NOW, on motion of EDWARD J. CARROLL, ESQ., attorney for the plaintiffs, it is

ORDERED, ADJUDGED AND DECREED, that plaintiff, CELESTE M. LYONS, residing at 4 Cross Road, Ardsley, New York 10502, does recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from December 17, 1992, *less any payments already made by defendants* and it is further

ORDERED, ADJUDGED AND DECREED, that EDWARD J. CARROLL, ESQ., attorney for CELESTE M. LYONS, shall be paid an attorneys award in the sum of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 from the proceeds of the foregoing award to CELESTE M. LYONS; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(b), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does recover of defendant, T.F.D.

A.J.S.C.

-6-

BUS CO., INC., a corporation with a principal place of business at 215 South
11th Avenue, Mt. Vernon, New York 10550, the sum of TWO MILLION
TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) for
past damages ($1,000,000.00 to April 20, 1999; $1,020,000.00 representing
future damages awarded on April 20, 1999 which, due to the postponement of
the entry of Judgment, are now past damages; and future damages, not in
excess of $250,000.00, with interest from December 17, 1992; and it is further

*less any payments ma*
*by de*
∧

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR
Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS
E. LYONS, shall be paid an attorneys award in the sum of SEVEN
HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND
66/100 DOLLARS ($756,666.66) for litigation costs and attorneys fees
pertaining to the recovery of the aforesaid damages in the amount of
$2,270,000.00, from the foregoing Judgment awarded to THOMAS E.
LYONS, with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR
Section 5014(e), plaintiff, THOMAS E. LYONS, residing at 38 Moulton
Avenue, Dobbs Ferry, New York 10522, does further recover of defendant,
T.F.D. BUS CO., INC., a corporation with a principal place of business at 215

-7-

South 11th Avenue, Mt. Vernon, New York 10550, the sum of ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85) representing the present value of future damages as of the entry of Judgment (see Schedule "A"); and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS E. LYONS, shall be paid an attorneys award in the sum of THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) for litigation costs and attorneys fees pertaining to the recovery of $112,182,85 representing the present value of future damages; and it is further

ORDERED, ADJUDGED AND DECREED, that both plaintiffs be and the same are hereby awarded statutory interest on their awards from the date of entry of the judgment of liability on December 17, 1992 together with costs and disbursements of this action and that plaintiffs shall have execution therefore; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendants and their insurance carriers be and the same are hereby required and directed to offer and purchase and guarantee the purchase and payment to the plaintiff,

-8-

THOMAS E. LYONS, of an annuity contract by an insurance carrier designated as qualified by the superintendent of insurance of the State of New York of the following annual payments, in equal monthly installments, in advance:

(A) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), per annum for one (1) year, representing future damages for future loss of earnings, pension, insurance benefits and impairment of earning ability ($65,000 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86) and

(B) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), by payment of $11,575.72 per annum for four (4) years, increased annually at Four percentum (4 percent), compounded annually, representing damages for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live ($65,000.00 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86 divided by 4 equal annual payments) [CPLR Section 5041(e)]; and it is further

ORDERED, ADJUDGED AND DECREED, that the discount rate to be used to calculate the net present value of the award to THOMAS E. LYONS

-9-

shall be 6.25 percent as is more particularly set forth in the U.S. Statistical Abstract Table 801 at page 520 and the Federal Reserve Bulletin for the year 1992 (determination of liability) and that the total net present value of the judgment herein for future damages is ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85), and it is further

ORDERED, ADJUDGED AND DECREED that the fees of EDWARD J. CARROLL, ESQ., (as calculated in Schedule "B") shall be SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) with interest from December 17, 1992 to be taken from the TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff, THOMAS E. LYONS herein, plus THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) fee on future damages, to be paid in an additional lump sum, and the amount of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 to be taken from the TWO HUNDRED THOUSAND DOLLARS ($200,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff,

-10-

CELESTE M. LYONS and it is further

ORDERED, ADJUDGED AND DECREED that plaintiffs, THOMAS E.

LYONS and CELESTE M. LYONS shall have execution therefor.

The Clerk of the Court is hereby directed to enter Judgment accordingly.

JUDGMENT signed this ___22nd___ day of ___August___, 2006.

HONORABLE ~~ALDO A. NASTASI~~
FRANCIS A. NICOLAI
Acting Justice of the Supreme Court


Defendant, T.F.D. BUS CO., INC., by its attorney, ANDREW
RISOLI, ESQ., 484 White Plains Road, Eastchester, New
York 10709 hereby approves the form of the above Judgment
and consents to the execution and filing of same.

Dated _____, 2005        _____
                                    ANDREW RISOLI, ESQ.

## SCHEDULE A

## COMPUTATION PURSUANT TO CPLR 5041

Jury Award in favor of Celeste M. Lyons
(Not including accrued interest)...............................................$   200,000.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Jury Award in favor of Thomas E. Lyons
(Not including accrued interest)...............................................$ 2,400,000.00

    a. Award for past loss of earnings, pension,
    insurance benefits and impairment of earning
    ability pursuant to CPLR 5041(b)................................(-) $  1,000,000.00

Sub Total................................................................................$ 1,400,000.00

    b. Award for future loss of earnings, pension,
    insurance benefits and impairment of earning
    ability........................................................................(-) $   700,000.00

    c. Award for future pain, suffering, including
    the permanent effect of the injury from the time
    of verdict to the time that plaintiff could be
    expected to live.......................................................(-)  $   700,000.00

Sub Total..............................................................................$        0.00

## PAST DAMAGES AND PARTIAL PAYMENT FOR FUTURE DAMAGES PURSUANT TO CPLR 5041(b)

Judgment................................................................................... $ 2,400,000.00

    d.  Lump sum payment for past loss of earnings, pension, insurance benefits and impairment of earning ability pursuant to CPLR 5041(b).............(-) $ 1,000,000.00

Sub Total................................................................................ $ 1,400,000.00

    e.  Future damages awarded on April 20, 1999 which, due to the postponement of the entry of Judgment, are now past damages ($600,000.00 loss of earnings; $420,000.00 pain and suffering)..................................................(-) $ 1,020,000.00

Sub Total................................................................................ $ 380,000.00

    f.  Lump sum payment for future loss of earnings and impairment of earning ability and damages due to injury, pain, suffering and disability pursuant to CPLR 5041(b)...................................................(-) $ 250,000.00

Sub Total................................................................................ $ 130,000.00

Remaining gross award for future damages is $130,000.00. Since jury determined future damages to be $700,000.00 for future loss of earnings, pension, insurance benefits and impairment of earning ability and $700,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live, the remaining sum of $130,000.00 was equally divided 50/50 as $65,000.000 for future loss of earnings, pension, insurance benefits and impairment of earning

ability and $65,000.00 for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live.

Pro rata future loss of earnings, etc.......................................$  65,000.00

Pro rate future pain and suffering...........................................$  65,000.00

## COMPUTATION OF PRESENT VALUE

Discount rate to calculate the net present value of the award is 6.25% taken from U.S. Statistical Abstract Table 801 at page 520 and Federal Reserve Bulletin for the Year 1992 (Determination of Liability).

A.  Loss due to future loss of earning and impairment of earning ability (remaining gross award of $65,000)

1. Verdict established 7 years as period of award for future loss of earning and impairment of earning ability with 1 year remaining at the time of the entry of judgment; 7 years totaling $700,000.00 or $100,000.00 per year of which 1 year remains. $600,000.00 constitutes past damages and $100,000.00 represents future damages.

2. Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 1 year period to be .9411815 for future loss of earning and impairment of earning ability.

$65,000.00 x .9411815 equals present value............................$  61,176.80

B.  Loss due to future injury, pain, suffering and disability (remaining gross award of $65,000)

1. Verdict established 20 years as period of award for future injury, pain, suffering and disability.  CPLR 5041(e) establishes 10 years as period of award for future injury, pain, suffering and disability with 4 years remaining at the time of the entry of judgment; 10 years totaling $700,000.00 or $70,000.00 per year of which 4 years remain. $420,000.00 constitutes past

damages and $280,000.00 represents future damages.

      2. Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 4 year period to be .7847085 for future injury, pain, suffering and disability.

$65,000.00 x .7847085 equals................................................. $  51,006.05

Present Value of combined remaining future damages.......... $ 112,182.85

## <u>SCHEDULE B</u>

## <u>COMPUTATION OF LEGAL FEES</u>
## <u>NOT INCLUDING ACCRUED INTEREST</u>
## <u>FROM DECEMBER 17, 1992</u>

a. Lump sum payment for past loss of earnings
and impairment of earning ability pursuant
to CPLR 5041(b)............................................................... $ 1,000,000.00

b. Future damages awarded on April 20, 1999
which, due to the postponement of the entry
of Judgment, are now past damages...............................(+) $ 1,020,000.00

c. Lump sum payment for future loss of earnings,
pension, insurance benefits and impairment of
earning ability and loss of injury, pain, suffering
and disability pursuant to CPLR 5041(b)................... (+) $  250,000.00

Sub Total.................................................................................. $ 2,270,000.00

d. Contingent fee of one-third of net recovery
of damages (not including accrued interest).................(-) $  756,666.66

Present value of combined remaining future damages........... $  112,182.85

e. Contingent fee of one-third of net recovery
of damages paid in lump sum............................................... $   37,394.28

Total of (d) and (e).................................................................$  794,060.94

f. Contingent fee of one-third of net recovery
of damages (not including accrued interest)
for Celeste M. Lyons.......................................................(+) $ 66,666.66

Total (d), (e) and (f)...............................................................$ 860,072.60

Exhibit B

MAR-17-2004 18:18     TFD BUS CO INC     914 667 9692     P.01

**SERVICE DATE**

SEP 2 9 1988

PM-26
(Rev. 10/84)

## INTERSTATE COMMERCE COMMISSION

### CERTIFICATE

No. MC 201286

T. F. D. BUS CO. INC.
MT. VERNON, NY

This Certificate is evidence of the carrier's authority to engage in transportation as a common carrier by motor vehicle.

This authority will be effective as long as the carrier maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 CFR 1043); the designation of agents upon whom process may be served (49 CFR 1044); and tariffs or schedules (49 CFR 1300 through 1310, revised). The carrier shall also render reasonably continuous and adequate service to the public. Failure to meet these conditions will constitute sufficient grounds for the suspension, change, or revocation of this authority.

This authority is subject to any terms, conditions, and limitations as are now, or may later be, attached to this privilege.

For common carriers with irregular route authority: Any irregular route authority authorized in this Certificate may not be tacked or joined with your other irregular route authority unless joinder is specifically authorized.

The transportation service to be performed is described on the reverse side of this document.

By the Commission.

(SEAL)

Kathleen M. King,
Acting Secretary

NOTE: If there are any discrepancies regarding this document, please notify the Commission within 30 days.

EXHIBIT C