**EXHIBIT 2**

Time Requested: 10 minutes
To be argued by:
EDWARD J. CARROLL, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION - SECOND DEPARTMENT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LANCER INSURANCE COMPANY,

                   Plaintiff/Respondent,

    -against-

T.F.D. BUS CO., INC., THOMAS E. LYONS
and CELESTE M. LYONS,

               Defendants/Appellants,

    -and-

MICHAEL A. THOMAS,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Docket No.:**
**2003-07593**

---

## APPELLANT'S BRIEF

---

Respectfully submitted,

EDWARD J. CARROLL, ESQ.
Attorney for Defendant/Appellant
Thomas E. Lyons
2733 Route 209
Kingston, New York 12401
(845) 338-5977

TO:  CURTIS, VASILE, DEVINE & McELHENNY, ESQS.
    Attorneys for Plaintiff/Respondent - Lancer Insurance Company
    2174 Hewlett Avenue; P.O. Box 801
    Merrick, New York 11566-0801
    (516) 623-1111

    ANDREW C. RISOLI, ESQ.
    Attorney for Defendant/Appellant - T.F.D. Bus Co., Inc.
    484 White Plains Road
    Eastchester, New York 10709
    (914) 793-9241

    MILBER, MAKRIS, PLOUSADIS & SEIDEN, ESQS.
    Attorneys for Defendant/Appellant - Celeste M. Lyons
    990 Stewart Avenue - Suite 600
    Garden City, New York 11530
    (516) 712-4000

# **TABLE OF CONTENTS**

**Pages**

Table of Authorities...................................................................... i-v

Questions Involved...................................................................... vi-vii

Preliminary Statement............................................................... 1-6

Statement of Facts...................................................................... 7-21

Point I

    Lancer's Disclaimer of Coverage to TFD Bus Co., Inc., Michael Thomas, Thomas E. Lyons and Celeste M. Lyons was Untimely as a Matter of Law........................................... 22-42

Point II

    Lancer's Disclaimer of Coverage to TFD Bus Co., Inc., Michael Thomas, Thomas E. Lyons and Celeste M. Lyons was Ineffective as a Matter of Law.............................................. 43-45

Point III

    The Trial Court's Rulings and Judgment are Erroneous and Contrary to the Weight of the Credible Evidence.............. 46-50

Conclusion................................................................................. 51

# TABLE OF AUTHORITIES

**Page**

**Aetna Cas. & Sur. Co. v Brice**, 50 NY2d 958, aff'd on mem below 72 AD2d 927 (4th Dep't 1979)................................................................    29

**Aetna Casualty and Surety Company v. Francis Rodriquez**, 115 AD2d 418 (1st Dep't,1985).................    27

**All City Insurance Co. v Pioneer Ins. Co.**, 194 AD2d 424, (1st Dep't 1993)................................................................    28

**Allstate Insurance Company v Centennial Insurance Co.**, 187 AD2d 690 (2nd Dep't 1992 )
................................................................    32, 33, 40

**Allstate Ins. Co. v Ruth Franks**, 44 NY2d 897 (1978)................................................................    27, 40

**Allstate Insurance Company v Gross**, 27 NY2d 263 (1970)................................................................    25, 28, 40

**Allstate Ins. Co. v Kuper**, 140 AD2d 479................................................................    26, 40

**Allstate Insurance Company, Respondent, v Jean J. Souffrant, Appellant. Allstate Insurance Company**, 221 AD2d 434 (2nd Dep't, 1995).................................    31, 32, 40

**Appell v Liberty Mutual Ins. Co.**, 22 AD2d 906, (2d Dep't 1964).................................................    31

**Page**

__Jefferey Blee, Appellant, v. State Farm Mutual__
__Automobile Insurance Company,__ 168 AD 2d 615
(2d Dep't, 1990)................................................................. 26, 27, 30, 32

__Cohen v Atlantic Natl. Ins. Co.,__ 24 AD2d 896.................... 27

__Dependable Janitorial Services v. Transcontinental__
__Ins. Co.,__ 212 AD 946,(3rd Dep't 1995)............................. 27

__Elmuccio v Allstate Ins. Co.,__ 149 AD2d 653..................... 32, 33

__Farmers Fire Insurance Company, Appellant, v__
__Carl Brighton, Doing Business as Rivers__
__Edge Tavern, et al.,__ 142 AD2d 547 (2d Dep't, 1988) .......... 25, 26, 31

__Foremost Ins. Co. v Rios,__ 85 AD2d 677............................. 27

__General Acc. Ins. Group v Cirucci,__ 46 NY2d 862
(1979)................................................................................ 32, 33

__Robert Gill, Appellant v David A. Gouchie et al.,__ 210
AD2d 954 (4th Dep't, 1994)............................................... 31, 39

__Hans v. Zoning Board of Appeals of the Town__
__of Colonie,__ 48 AD2d 947 (Third Dept.)............................. 48

__Hartford Ins. Co. v County of Nassau,__ 46 NY2d 1028
(1979)................................................................................ 26

__Hartford Ins. Co. v Unjar,__ 177 AD 2d 480........................ 33

__Heegan v. United Intl. Ins. Co.,__ 2 A.D. 3d 403
(2nd Dept., 2003), 767 N.Y.S.2d 861.................................. 24

**Page**

Incorporated Village of Pleasantville v Calvert Insurance Company 204 AD2d 689 (2nd Dep't, 1994)................................................................. 32

Interboro Mut. Indem. Ins. Co. v Gatterdum, 163 AD2d 788, 799 ........................................................ 30

Jefferson Insurance Company of New York, Respondent, v Travelers Indemnity Company, Appellant, and Reliance Insurance Company, Respondent, et al., Defendants. 92 NY2d 363 (1998).......... 32

Miriam Kleneic, Plaintiff, v White Lake Marine Corporation, Doing Business as Gene's Boats, Defendant. 144AD2d 341 (2d Dep't, 1988)................................. 32

Kramer v Interboro Mut. Indem. Ins. Co., 176 AD2d 308. Lv denied 79 NY2d 756, 192 AD2d 824 (3d dept, 1993) 46 NY2d 1028................................................................. 28, 33

Mann v. Gulf Ins. Co., 3 A.D. 3d 554 (2nd Dept., 2004), 771 N.Y.S. 2d 176 ................................................. 24

Massachusetts Bay Ins. Co. v Pendleton, 159 AD2d 770, 772................................................................. 29

Metropolitian Prop. & Liab. Ins. Co. v State Farm Mut. Auto Ins. Co., 119 AD2d 558................................................................. 26, 27

Metropolitian Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co., 147 AD2d 461 (2d dept, 1989).......... 28

|  | Page |
|---|---|
| **Mohawk Minden Ins. Co. v Ferry,** 251 AD2d 846, (3rd Dep't 1998) ................................................. | 31 |
| **Mount Vernon Fire Ins., Co. v Unjar,** 77 AD 2d 480 ................................................................. | 39 |
| **Nationwide Mutual Insurance Company v Steiner** 199 AD2d 507 (2d Dep't 1993) .............................. | 31 |
| **New York Central Mutual Fire Insurance Company, Appellant, v Shirley Markowitz et al., Respondent.** 147 AD2d 461 (2nd Dep't, 1989) .................................. | 26, 30, 32, 33 |
| **Nova Casualty Co. v Charbonneau Roofing,** 185 AD2d 490, (3rd Dep't 1992) ................................. | 29 |
| **Pennsylvania Millers Mutual Ins. Co. v Sorrentino,** 238 AD2d 491, (2d Dep't 1997) ............................ | 30, 39 |
| **Progressive Casualty Insurance Company, Appellant, v James M. Conklin, Sr., et al., Respondents** 123 AD2d 6 (3rd Dep't, 1986) .................................................. | 26 |
| **State Farm Mutual Automobile Insurance Company, Respondent, and Cathy E. Merrill, Appellant.** 192 AD2d 824 (3rd Dep't, 1993) ............................................ | 28, 31, 39, 40 |
| **Steve Pierre, Respondent v. Providence Washington Insurance Company, Appellate** 99 N.Y. 2d 222, (2002) 784 N.E.2d 52, 754 N.Y.S. 2d 179... | 44 |
| **United States Liab. Ins. Co. v Young,** 186 AD2d 644................................................................. | 33 |

**Page**

**Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.** 302 A.D. 2d 592, 593, 756, N.Y.S. 2d 251.... 23, 24, 50

**Utica Fire Insurance Company of Oneida County, Respondent, v Natale D. Spagnolo et al., Appellants, et al., Defendant**. 221 AD2d 921 (4th dept, 1995)............... 31, 40

**Varella v. American Transit Ins. Co.** 306 A.D.2d 464, (2nd Dept., 2003), 762 N.Y.S. 2d 253......................................... 23

**Walters v Atkins**, 179 AD2d 1067......................................... 32

**Zappone v Home Insurance Company**, 55 NY2d 131 (1982)......................................................... 25, 26

# QUESTIONS INVOLVED

1. Was Lancer's disclaimer of coverage to TFD Bus CO. Inc., Michael Thomas, Thomas E. and Celeste Lyons untimely as a matter of law?

This question must be answered in the affirmative.

2. Was Lancer's disclaimer of coverage to TFD Bus CO. Inc., Michael Thomas, Thomas E. Lyons and Celeste Lyons ineffective as a matter of law?

This question must be answered in the affirmative.

3. Were the Trial Court's rulings and judgement erroneous and contrary to the weight of the credible evidence?

This question must be answered in the affirmative.

4. Must the judgement of the Trial Court be reversed, vacated, and set aside, and in lieu thereof, judgement awarded to appellants for the relief sought in their counterclaims?

This question must be answered in the affirmative.

-vi-

5. In the alternative, should the judgement of the Trial Court be reversed, vacated and set aside, and the action be remanded for a new trial or further proceedings?

This question must be answered in the affirmative.

## PRELIMINARY STATEMENT

On or about March 24, 1999, a declaratory judgment action was commenced by plaintiff/respondent, LANCER INSURANCE COMPANY (hereinafter referred to as "LANCER") seeking a judicial determination declaring that it had no duty to defend and indemnify T.F.D. BUS COMPANY, INC. (hereinafter referred to as "TFD") nor MICHAEL A. THOMAS (hereinafter referred to as "THOMAS") in connection with judgments rendered against them in "the Underlying Lawsuit", *THOMAS E. LYONS and CELESTE M. LYONS vs. MICHAEL A. THOMAS and TFD BUS CO., INC.,* Supreme Court, Westchester County, Index No. 92-14941( R 324-329; 348-359).

Although THOMAS was named as a party defendant in the caption of that declaratory judgement action, LANCER failed to serve him with a summons and complaint and he did not appear. LANCER has never alleged service nor has it attempted to enter a default judgment against this defendant.

Appellants T. LYONS, C. LYONS and TFD were served and thereafter timely answered and counterclaimed against LANCER seeking declaratory judgments that LANCER has a duty to defend and indemnify T.F.D. and

-1-

THOMAS and pay the LYONS as a result of judgments obtained by them in connection with " the Underlying Lawsuit", *THOMAS E. LYONS and CELESTE M. LYONS vs. MICHAEL A. THOMAS and TFD BUS CO., INC.*, Supreme Court, Westchester County, Index No. 92-14941 ( R 360-373, 374-398, 412-425).

Appellants interposed these counterclaims upon the grounds that LANCER was legally obligated to satisfy, in full, all judgments, together with any interest, costs and disbursements which were awarded to the LYONS and against their insureds as a result of this accident (LYONS' third counterclaim); or in the event TFD and/or THOMAS defaulted in preforming a condition of LANCERS' policy, LANCER had failed to comply with Section 3420 of the New York State Insurance Law in that it failed to give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to TFD and THOMAS, their insureds and the LYONS, as injured persons or other claimants, based upon LANCER'S approximately seventeen month (17) delay in issuing any disclaimer or denial of coverage, after its receipt, on September 8, 1997, of a written copy of LYONS' default judgment against their insureds; LYONS' summons and complaint with affidavits of service upon their insureds;

-2-

and an order granting LYONS leave to enter a judgment on default which was served upon its insureds on January 21, 1993, by certified mail, return receipt requested. ( LYONS' first and second counterclaims).

This is an appeal in that lawsuit by defendant/appellant, THOMAS E. LYONS, (hereinafter referred to as "T. LYONS") from a judgment of Hon. Kenneth A. Davis, J.S.C., rendered after trial, dated July 29, 2003 and entered on July 29, 2003 in the office of the Clerk of Nassau County which declared:

a. That there was no coverage under a business automobile liability policy issued by LANCER INSURANCE COMPANY to TFD BUS CO., INC. for any claims, allegations, losses, costs, expenses or judgments asserted by THOMAS E. LYONS and CELESTE M. LYONS against TFD BUS CO., INC. and MICHAEL A. THOMAS as a result of an automobile accident which is claimed to have occurred on February 14, 1989.

b. That LANCER INSURANCE COMPANY had no duty to defend or indemnify TFD BUS COMPANY, INC.

c. That all of the counterclaims asserted by each of the appellants were dismissed ( R 12-14).

Previously, appellants THOMAS E. LYONS, CELESTE M.

-3-

LYONS and TFD BUS COMPANY, INC. moved for summary judgment seeking a declaration that LANCER'S disclaimer was untimely based upon LANCER'S undisputed seventeen (17) month delay from its receipt on September 8, 1997 of LYONS' pleadings and judgement until the issuance of its disclaimer during February 1999.

In opposition, through an affidavit of merit, sworn to by John A. Petrilli, Esq., LANCER'S Vice President, LANCER while admitting that on September 8, 1997, that "*there appeared to be no coverage for this lawsuit*", alleged that there was a purported "accommodation" between TFD BUS COMPANY, INC. and LANCER where both LANCER and TFD agreed to delay the issuance of that disclaimer ( R 572-582 at page 5). As a result of the existence of this material issue of fact ( whether such an agreement existed), the Trial Court, Hon. Bruce D. Alpert, J.S.C., in his Decision and Order dated 8/25/00 denied summary judgment, stating "*Sharp questions of fact have been presented which concern whether a tender of the claim by defendants TFD and THOMAS and a corresponding decision to disclaim by LANCER were postponed, by agreement, or not.*" ( R 99-104) This Decision and Order was affirmed by this Appellate Court for that reason.

-4-

Following that appeal, the parties completed discovery and based upon subsequent deposition and trial testimony of John A. Pretrilli, Vice President of LANCER INSURANCE COMPANY, LANCER was forced to admit that no such agreement ever existed during the first seventeen (17) month period following LANCER'S receipt on September 8, 1997 ( R 237-277) of a written copy of appellant, T. LYONS' default judgment determining monetary damages against their insureds ( R 400-411), an order granting LYONS leave to enter judgment on default which was served upon them before January 21, 1993, by certified mail, return receipt requested ( T 319; R 290-298), LYONS summons and complaint ( R 348-359) together with affidavits of service upon their insureds ( R 358-359) and LYONS' restraining notice and demand for payment ( R 237-277).

LANCER further admitted during the same seventeen month (17) period that it also failed to undertake any affirmative investigation regarding the grounds upon which it ultimately issued its February 9, 1999 disclaimer (T 383-385).

It is respectfully submitted in light of the foregoing that the Trial Court committed reversible error prior to and during trial, including but not limited

-5-

to its denial of appellants' renewed motions for summary judgment, and their motions to dismiss for failure to prove a prima facia case; and for directed judgments or verdicts in their favor and against LANCER for the relief sought in the causes of action set forth in their counterclaims (T 506).

Appellants also allege that the Trial Court committed reversible error in refusing to require the jury to specify, if they determined an agreement was reached to postpone the issuance of a disclaimer, when that agreement first existed, and the extent of the postponement.

It is further respectfully submitted that the Trial Court should have granted appellants' motions for directed judgements in their favor notwithstanding the special finding of the jury.

As a result of the foregoing, this appeal ensures.

-6-

## STATEMENT OF FACTS

"The Underlying Lawsuit" stemmed from an automobile accident (hereinafter referred to as "the accident") that took place on February 14, 1989 which involved a bus operated by THOMAS, owned by TFD, an interstate common carrier, and insured by LANCER. At the time of the accident, the bus struck the rear of a motor vehicle in which T. LYONS was an operator while, his motor vehicle was stopped at a red light in the City of Yonkers ( R 348-356, 503-504).

It is undisputed at the time of the accident that TFD BUS CO., INC. maintained a principal place of business situated in Mount Vernon, New York and was an interstate common carrier, holding Interstate Commerce Commission Certificate No. MC201286; US DOT No. 428962. This company provided bus charter and contract services to the public ( R 241). LANCER insured the company under policy number BA121448 for liability anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada ( R 221-236).

LANCER does not dispute that it was provided with timely notification of this accident on February 22, 1989, and paid a property subrogation claim to

-7-

Nationwide Insurance Company on April 6, 1989, as revealed in LANCER'S correspondence dated September 19, 1997 ( R 446-449).

It is further undisputed that LANCER was provided with notice of "The Underlying Lawsuit" and a demand by TFD for defense and indemnification on September 8, 1997 by TFD'S counsel Adam Seiden, Esq. ( R 328 paragraphs 16 and 17 of LANCER'S complaint).

On September 8, 1997, Adam Seiden, Esq., TFD'S counsel also provided LANCER ( by transmittal of a copy of TFD'S Order to Show Cause and exhibits) with a written copy of appellant, T. LYONS' default judgment determining monetary damages against their insureds ( R 400-411), an order granting LYONS leave to enter judgment on default which was served upon them before January 21, 1993, by certified mail, return receipt requested ( T 319; R 290-298), LYONS summons and complaint ( R 348-359) together with affidavits of service upon their insureds ( R 358-359) and LYONS' restraining notice and demand for payment ( R 237-277).

It is further undisputed that LANCER, through an affidavit of merit, sworn to by John A. Perilla, Esq., its Vice President, admitted on September 8, 1997, that " *there appeared to be no coverage for this lawsuit* ".

-8-

Notwithstanding the foregoing, on September 19, 1997, LANCER wrote to TFD'S counsel ( R 446-449) and advised that LANCER was continuing with its investigation and reserving its rights on the basis that TFD and THOMAS may have violated the notification provisions of the policy issued by TFD, Policy No. BA121448 ("The Lancer Policy") ( R 446-449). At that time, LANCER admitted in the foregoing correspondence that " ... *the plaintiffs in the subject action have alleged due and proper service and the Court's award has thus far validated their allegations.*" ( R 447).

There is also no question that LANCER'S attorney, Vincent Nesci, Esq., was placed on notice and made aware of LYONS' judgment, their demand for payment and their underlying lawsuit and claim against its insureds on September 24, 1997, when he appeared in court with LYONS' legal counsel, Edward J. Carroll, Esq., and thereafter, LANCER monitored all of the proceedings in "The Underlying Lawsuit" ( R 507, 534-536, 627-673). Critically, although LANCER was independently placed on notice of LYONS' judgment at that time, a copy of the September 19, 1997 correspondence constituting, at best, a reservation of rights, was not sent to T. LYONS or C. LYONS or their counsel ( R 456-478). Instead, a review of that correspondence

-9-

reveals that it was only addressed to TFD'S counsel, Adam Seiden, Esq., and copies were sent to LANCER'S legal representatives and its company officials.

LANCER was aware that a judgment of liability was entered on December 18, 1992 against both THOMAS and TFD. Notwithstanding the foregoing, there has never been any application made, by LANCER or otherwise, to vacate LYONS' judgments entered against their insured, THOMAS. Furthermore, LANCER was aware, since September 24, 1997, that there was only one application in "The Underlying Lawsuit" to vacate, and that application pertained solely to the judgment entered against TFD. On that date, Edward J. Carroll, Esq., appeared for LYONS , Adam Seiden, Esq., appeared solely on behalf of TFD, and Vincent P. Nesci, Esq., appeared on behalf of LANCER ( R 448). The proceedings came on before Hon. John P. DiBlasi, J.S.C. at a motion term of the Supreme Court, County of Westchester ( R 627-673). The absence of representation of THOMAS was raised at that time and the Court judicially determined that he was not represented by Adam Seiden, Esq., for the purpose of bringing any application before the Court. The Court stated at that time:

> "... The application to vacate the order of default judgment with respect to defendant T.F.D. is granted, and the application by defendant T.F.D.

-10-

*to dismiss the action with respect to that defendant is granted. The foregoing constitutes the Decision and Order of the Court." (Mr. Seiden) "Your Honor, with regard to defendant Michael Thomas. (The Court) "That's not before me."*

Naturally, after reargument, by Decision and Order dated February 10, 1998, the Trial Court vacated the dismissal of the action against defendant, TFD ( R 508-511). However, there is no question that LANCER'S counsel knew at that time that Adam Seiden, Esq., was not representing THOMAS in any application to vacate LYONS' judgment. LANCER'S counsel also new that no application had been brought to vacate the default judgment and the subsequent judgment entered on December 18, 1992, after a hearing to determine an assessment of damages against THOMAS.

On February 10, 1998, Hon. John P. DiBlasi, J.S.C., again judicially determined, in writing, that the application to vacate the default was made only on behalf of TFD. The Court stated in its aforesaid Decision and Order, dated February 10, 1998, that *"Contrary to defendant T.F.D.'s contention upon reargument, the Order to Show Cause sought relief only with respect to T.F.D. and did not seek relief with respect to defendant Thomas. Notably, counsel's affirmation submitted in support of the Order to Show Cause state that counsel was the attorney for T.F.D. and that affirmation was submitted in support of "the instant application by defendant T.F.D. to set aside the judgment herein and dismiss the cause of action by plaintiff"* (Affirmation of Adam Seiden, Esq., dated 9/1/97, at 1) ( R 508-511)

-11-

Since LANCER monitored the entire "Underlying Lawsuit" as early as September 24, 1997, ( R 507, 534-536) LANCER was also aware that this second judicial determination was made and entered which established that TFD did not seek any relief from the judgments, at that time, with respect to defendant THOMAS.

Although no proceedings were ever commenced to vacate THOMAS' judgment, Hon. John P. DiBlasi, J.S.C., by the same decision, vacated that portion of LYONS' judgment which determined an assessment of damages and granted TFD'S application to the extent of directing that a traverse hearing would be held to determine whether plaintiffs properly served TFD with the Summons and Complaint. The Court further determined that in the event that LYONS properly served the Summons and Complaint upon TFD, TFD was only entitled to vacature of the judgment entered after the inquest, and ruled that a new inquest on notice would be scheduled to assess damages under such circumstances.

On November 10, 1998, immediately following a traverse hearing which was attended by Stephen Gaines, Esq., and Edward J. Carroll, Esq., counsel for T. LYONS and C. LYONS, Adam Seiden, Esq., counsel for TFD and a legal

-12-

representative of LANCER, the Court made a judicial determination, in the presence of LANCER, that TFD was properly served with the Summons and Complaint from "The Underlying Lawsuit" on August 27, 1992 ( R 474). Therefore, LANCER had sufficient information at that time to disclaim in that a judicial determination had been made that TFD had been properly served with legal process. It is undisputed that LANCER was in possession of this information on November 10, 1998. LANCER'S representative at that traverse hearing was identified as Vincent Necsi, Esq. in correspondence of Martin Hirsch, Esq., dated November 17, 1998, which was sent to John A. Petrilli, Esq., attorney for LANCER ( R 450-451). Furthermore, LANCER admitted that it had legal counsel present in the Courtroom when the decision on TFD'S traverse hearing was rendered in paragraph 9 of its Reply to Defendant's (TFD) Amended Answer and Counterclaims ( R 437).

Notwithstanding LANCER'S written possession on September 8 ,1997, of all the relevant papers in the underlying lawsuit and knowledge since September 24, 1997 that no application had been made to vacate and set aside the judgment entered against THOMAS on December 11, 1992, LANCER waited almost seventeen (17) months after it was provided with notice of "The

-13-

Underlying Lawsuit", demands for payment of a judgment, a demand for coverage and indemnification, and almost three (3) months after receiving a judicial determination at a traverse hearing that TFD had been properly served with LYONS' summons and complaint, to issue a purported "Notice of Disclaimer" ( R 442-445).

This "Notice of Disclaimer", as it pertains to THOMAS and the LYONS, is defective on its face ( R 442-445). A plain reading of this correspondence reveals that LANCER is disclaiming against THOMAS solely as a result of the alleged failure of another insured, TFD, to comply with the terms of the policy. It does not allege or inform THOMAS that he failed to comply with any terms of the policy. In fact, the disclaimer was not even addressed to THOMAS or TFD. Instead, it was sent and addressed to Alexander Sanson, Esq., an attorney who was solely representing TFD at a hearing to determine assessment of damages against TFD. THOMAS was not ever a party to TFD'S traverse hearing or its inquest to determine an assessment of damages. Mr. Sanson's law firm never represented THOMAS in any litigation in "The Underlying Lawsuit".

Even assuming, hypothetically, that the disclaimer was actually issued to

-14-

THOMAS, it is patently defective on its face. The disclaimer clearly states:

*Because of your client's (singular possessive i.e. TFD BUS CO., INC.) failure to comply with the terms of the policy by not providing notice to Lance of this Lawsuit for over five years after your clients were served with the Summons and Complaint, LANCER has been prejudiced in timely investigation the allegations of this claim and defending TFD Bus and Michael Thomas in the lawsuit. This, Lancer will not defend nor indemnify your clients for this claim.* [emphasis added]

Clearly, LANCER obviously had sufficient information to disclaim against THOMAS as early as September 8, 1997. At that time, LANCER knew that a judgment had been entered against THOMAS and that there was "prima facia" evidence that he was legally served with LYONS' summons and complaint in that an affidavit of service was on file with the Court ( R 358). LANCER obviously claims it had sufficient information concerning the service of LYON'S summons and complaint upon THOMAS at the time it issued its disclaimer. However, there has never been a change of circumstances, nor any additional information developed concerning the validity of LYONS' service upon THOMAS of their summons and complaint since September 8, 1997. Obviously, LANCER had sufficient information to issue a disclaimer against THOMAS at that time, but chose not to issue such a disclaimer. Instead, LANCER issued a disclaimer on February 5, 1999. That is a delay of

-15-

approximately seventeen (17) months which renders LANCER'S disclaimer untimely as a matter of law.

Assuming this correspondence was at least sufficient notice to TFD, LANCER cannot dispute that it waited almost seventeen (17) months to disclaim against this insured ( R 442-445) and waited even more time to advise LYONS' counsel that a notice of disclaimer had been sent to counsel for TFD ( R 441).

It is undisputed that LANCER'S notice of disclaimer was never directly sent to LYONS ( R 456-459).

Apparently, recognizing this critical error, by letter dated February 8, 1999, but mailed February 9, 1999, LANCER'S counsel for the first time wrote Pirro, Collier, Cohen & Halpern, Esqs., trial counsel for T. LYONS and C. LYONS and advised them that LANCER had disclaimed coverage to TFD and THOMAS, alleging that TFD and THOMAS failed to give prompt notice of the claim to LANCER as well as a failure to cooperate with LANCER in the defense of this claim ( R 441). However, no notice of such disclaimer has ever been addressed or sent to T. LYONS or C. LYONS or the law office of Edward J. Carroll, Esq., or Pirro, Collier, Cohen & Halpern, Esqs., in proper form, to

-16-

date.

Notwithstanding the foregoing, any notice of disclaimer would be ineffective against LYONS as claimant(s). T. LYONS was struck and sustained serious personal injuries, while seated in a motor vehicle which was stopped at a red light on a public highway. The vehicle that struck him was registered as an interstate common carrier and federal law (ie., MCS endorsement 90) mandates coverage when a claimant recovers any final judgment against the insured regardless of whether the vehicle is specifically described in the policy and despite the insured's failure to comply with policy conditions.

Prior to the completion of discovery and trial, appellants THOMAS E. LYONS, CELESTE LYONS, and TFD BUS COMPANY, INC., moved for summary judgment seeking a declaration that LANCER'S disclaimer was untimely and in violation of Section 3420 of the New York State Insurance Law based upon LANCER'S undisputed seventeen (17) month delay in issuing a disclaimer. In opposition, LANCER alleged, although it failed to raise such an argument as an affirmative defense, that since September 8, 1997, there was a purported "accommodation" between TFD BUS COMPANY, INC. and LANCER to delay the issuance of that disclaimer ( R 576). As a result of the

-17-

existence of this material issue of fact (whether such an agreement existed) the Trial Court in its Decision and Order denying summary judgment stated,

*"Sharp questions of fact have been presented which concern whether a tender of the claim by defendants TFD and THOMAS and/or a corresponding decision to disclaim by LANCER were postponed, by agreement, or not.."* This Decision and Order was affirmed by this Appellate Court.

Thereafter, the parties completed discovery and this action came on for trial on May 9, 2003 before the Supreme Court of the State of New York, County of Nassau, Hon. Kenneth A. Davis presiding.

Based on the undisputed facts, respondent's lawsuit must be dismissed and the relief sought by appellants granted as a matter of law.

The Court utilized a jury during trial to determine, as a special finding of fact, whether an agreement existed between LANCER INSURANCE COMPANY and TFD BUS COMPANY, INC. to postpone LANCER INSURANCE COMPANY'S decision regarding disclaiming insurance coverage.

LANCER admitted, by trial and deposition testimony of John A. Petrilli, Vice President of LANCER INSURANCE COMPANY, and contrary to its

-18-

prior representation made in opposition to appellant's motion for summary judgment, that no such agreement ever existed during the seventeen (17) month period following LANCER'S receipt, on September 8, 1997, of written copies of appellant, T. LYON'S default judgment against their insureds, LYONS' summons and complaint together with affidavits of service upon their insureds, LYONS' restraining notice and demand for payment, and an order, served upon LANCER'S insureds on January 21, 1993, by certified mail, return receipt requested granting leave to LYONS to enter judgment on default ( T 375-381).

LANCER further admitted during trial that within the same seventeen (17) month period that it also failed to undertake any affirmative investigation regarding the grounds upon which it ultimately issued its February 9, 1999 disclaimer ( T 383-385).

LANCER finally admitted that the first time it claimed an agreement to postpone the issuance of a disclaimer for coverage ever existed was November 10, 1998 ( T 380-382).

In light of the foregoing, appellants renewed their motions for summary judgement in their favor and against respondent as a matter of law.

Appellants also objected to the Trial Court's refusal to instruct the jury

-19-

that if it determined that an agreement existed to postpone LANCER'S decision to disclaim coverage, in order for that special finding to be of any probative value, the jury must also specify when they determined that the agreement first existed and how long a period of time the parties agreed to postpone the issuance of a disclaimer. Appellants respectfully informed the Trial Court that such an instruction was imperative in that the respondent admitted that the first possible time that any agreement to postpone the issuance of disclaimer could have occurred was after a lapse of more than one year and several months from LANCER'S September 8, 1997 receipt of sufficient facts to disclaim. Absent the jury's determination of when such an agreement occurred and the length of the postponement, such a special finding of fact would have no effect upon the respondent's unreasonable delay in issuing a disclaimer of coverage for an undisputed seventeen (17) months.

Upon completion of the plaintiff's case, the Trial Court denied appellants' renewed motions for summary judgment; motions for dismissal of respondent's complaint for failure to prove a prima facia case: and motions for directed judgments or verdicts in favor of appellants and against LANCER for the relief sought in appellants' counterclaims (T 506).

-20-

After deliberations, the jury rendered a special finding, without specifying the date it first occurred or its duration, that TFD Bus Co. Inc. and LANCER had entered into an agreement to postpone the issuance of a disclaimer of coverage.

Following that verdict, appellants moved for judgment, notwithstanding the verdict upon the grounds that the undisputed evidence entitled them to such relief and that the special finding of the jury was not probative or relevant. This application was denied ( T 670-678).

Appellants timely served and filed their respective notices of appeal and are perfecting this appeal by the filing of the record and their briefs.

-21-

## POINT I

## LANCER'S DISCLAIMER OF COVERAGE TO TFD BUS CO. INC., MICHAEL THOMAS, THOMAS E. LYONS AND CELESTE LYONS WAS UNTIMELY AS A MATTER OF LAW

On September 8, 1997, LANCER was provided with notice of "The Underlying Lawsuit" and a demand for defense and indemnification by Adam Seiden, Esq., TFD's counsel ( R 328 paragraphs 16 and 17 of LANCER'S original complaint certified by its in house attorney, Laleh Hawa, Esq.). Adam Sieden, Esq., corroborated this fact by testifying during trial that he demanded that LANCER undertake the defense and indemnification of his client on that date, and that there was never any agreement, accommodation or understanding that LANCER could postpone any disclaimer of liability or coverage concerning the underlying lawsuit ( T 259-264). LANCER admitted that there was no agreement to postpone the issuance of a disclaimer of coverage throughout the following fourteen (14) months ( T 375-382).

It is further undisputed that on September 8, 1997, Adam Seiden, Esq., also provided LANCER (by transmittal of a copy of TFD'S Order to Show Cause and exhibits) with a written copy of LYONS' judgment that had been

-22-

entered against both TFD and THOMAS, LYONS' summons and complaint, together with affidavits of said service upon their insureds, plaintiffs' restraining notice and demand for payment, and a copy of an order granting plaintiffs leave to enter a default judgment, together with proof of service upon their insureds on January 21, 1993, by certified mail, return receipt requested ( R 446-449, 348-358, 400-411, 453, 454) ( TFD signed a receipt for this transmittal).

LANCER admitted receipt on September 8, 1997, of all the foregoing documents from TFD'S counsel and therefore on that date had sufficient grounds to issue a disclaimer of liability or denial of coverage ( T 364-372) *Varella v. American Transit Ins. Co.* 306 A.D.2d 464, (2nd Dept., 2003), 762 N.Y.S. 2d 253.

Notwithstanding the foregoing, without the agreement of TFD, THOMAS or LYONS, LANCER delayed issuing a disclaimer of liability or coverage for more than seventeen (17) months.

In *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.* 302 A.D. 2d 592, 593, 756, N.Y.S. 2d 251 ( a factually analogous case) this Appellate Court has already determined that where an insurer waited only fifty

-23-

seven (57) days after receiving a copy of the summons and complaint, affidavit

of service and an Order granting default judgment against its insured, its delay

in disclaiming coverage was unreasonable as a matter of law. This Appellate

Court also determined that the delay was unreasonable even if its insured

denied being served with a summons and complaint or any subsequent papers

since the basis alleged for the disclaimer was obvious on the face of those

documents. *Mann v. Gulf Ins. Co.*, 3 A.D. 3d 554 (2nd Dept., 2004), 771 N.Y.S.

2d 176; *Heegan v. United Intl. Ins. Co.*, 2 A.D. 3d 403  (2nd Dept., 2003), 767

N.Y.S.2d 861. This Appellate Court also held in *Uptown Whole Foods, Inc. v.*

*Liberty Mutual Fire Insurance Co.*, *supra* that the insurer's attempt to justify

its delay on the grounds that it had to investigate the claim was an insufficient

excuse as a matter of law in that the disclaimer could have been asserted at any

time after it received copies of those documents.

In this action, more than seventeen (17) months elapsed from the

insurer's receipt of the same type of documents, and unlike the insurer in

*Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.*, *supra*,

LANCER was also in receipt of additional proof of TFD'S default at that time

as TFD had actually received and signed for the order granting leave to enter a

-24-

default judgment, by certified mail on January 21, 1993 ( R 290-298) and had

failed to take any action to vacate its default although several years had lapsed

following that service.

New York Insurance Law Section 3420 provides, in relevant part, as

follows:

> *"(d) If under a liability policy delivered or issued for delivery in this State, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or other claimant."* [Emphasis added]

This law requires written notice of a disclaimer to be given "as soon as is

reasonably possible" after the insurer first learns of the accident or of grounds

for disclaimer of liability or denial of coverage (see *Zappone v. Home Ins. Co.*,

55 NY2d 131; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Farmers

Fire Co. v Brighton*,142 AD2d 547).

This provision has long been interpreted by the Court of Appeals to be

an "unconditional rule", *Allstate Insurance Company v Gross*, 27 NY2d 263,

317 NYS2d 309 (1970), intended to avoid prejudice to an insured and an

injured claimant, each of whom could be harmed by the delay in learning of an

insurer's position. *Zappone v Home Insurance Company*, 55 NY2d 131, 447

-25-

NYS2d 911 (1982);   In the Matter of *Jefferey Blee, Appellant, v. State Farm Mutual Automobile Insurance Company*, 168 AD 2d 615 (2d dept, 1990); Hartford Ins. Co. v County of Nassua, 46 NY2d 1028; *Farmers Fire Co. v Brighton*,142 AD2d 547; *Progressive Casualty Insurance Company, Appellant, v James M. Conklin, Sr., et al., Respondents* 123 AD2d 6 (3rd Dep't, 1986); *New York Central Mutual Fire Insurance Company, Appellant, v Shirley Markowitz et al., Respondent.* 147 AD2d 461 (2nd Dep't, 1989).

Appellant claims that LANCER violated this "unconditional rule" by delaying the issuance of a disclaimer for almost seventeen (17) months and by failing to issue any disclaimer to appellant.  It is settled law that if this provision applies, it is the carrier's burden to explain its delay in notifying the insured of its disclaimer or denial, and that a reservation of rights letter does not constitute compliance with its requirements (see, *Zappone v Home Ins. Co.*, supra).  Under the circumstances, the respondent is estopped from making a disclaimer (see, *Hartford Ins. Co. v County of Nassau*, 462d 1028, supra; *Farmers Fire Ins. Co. v Bringhton*, supra; *Allstate Ins. Co. v Kuper*, 140 AD2d 479; *Metropolitian Prop. & Liab. Ins. Co. v State Farm Mut. Auto*

-26-

*Ins. Co.*, 119 AD2d 558; *Foremost Ins. Co. v Rios*, 85 AD2d 677.

Not surprisingly, therefore, it is well settled that an insurer that fails to timely disclaim liability or deny coverage "as soon as is reasonably possible" under Insurance Law Section 3420 (d) waives the defense of late notice. *Allstate Ins. Co. v Franks*, 44 NY2d 897, 407 NYS2d 696 (1978); *Dependable Janitorial Services v. Transcontinental Ins. Co.*, 212 AD 946, 622 NYS2d 632 (3rd Dep't 1995). *In the Matter of Jeffrey Blee, Appellant, v State Farm Mutual Automobile Insurance Company, Respondent,* 168 AD 2d 615 (2d dept, 1990), the Court held that if this provision applies, it is the carrier's burden to explain its delay in notifying the insured of its disclaimer or denial. The foregoing rule is applicable "even if the insured or the injured claimant has in the first instance failed to give timely notice" (see, *Matter of Aetna Cas. & Sur. Co. v Rodriguez*, 115 AD2d 418). Moreover, the Court held in "[w]here the carrier itself has unreasonably delayed in making a disclaimer, it cannot take advantage of a failure to give timely notice of accident" (see, *Safeguard Ins. Co. v Trent, supra*, at 781; *Matter of Aetna Cas. & Sur. Co. v Rodriguez, supra*, at 420; *Cohen v Atlantic Natl. Ins. Co.*, 24 AD2d 896). An unexplained delay of 6 ½ months is unreasonable as a

-27-

matter of law. *Hartford Ins. Co. v County of Nassau* , supra, *Metropolitian Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 147 AD2d 461 (2d dept, 1989).

Moreover, and equally important, it is immaterial, that an insurer suggested in earlier correspondence with other parties that there might at some future point be a disclaimer as to the individual plaintiffs, since a written reservation of an insurer is not a substitute for the required disclaimer. *Allstate Ins. Co. v Gross, supra; All City Insurance Co. v Pioneer Ins. Co.,* 194 AD2d 424, 599 NYS2d 245 (1st Dep't 1993); *Kramer v Interboro Mutual Insurance Co.,* 176AD2d 308, 574 NYS2d 575 (2d Dep't 1991). *In the Matter of the Arbitration between State Farm Mutual Automobile Insurance Company, Respondent, and Cathy E. Merrill, Appellant.* 192 AD2d 824 (3rd Dep't, 1993) ; (see, *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308 lv denied 79 NY2d 756), and a letter in which an insurer reserves its rights to disclaim is not an effective disclaimer (see, 192 AD2d 824 (3d dept, 1993) 46 NY2d 1028; *Allstate Ins. Co. v Gross,* 27 NY2d 263.)

With this in mind, the timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for

-28-

disclaimer of liability or denial of coverage, *Hartford Ins. Co., v County of Nassau*, 46 NY2d 1028, 416 NYS2d 539 (1979); *Nova Casualty Co. v Charbonneau Roofing*, 185 AD2d 490, 585 NYS2d 876 (3rd Dep't 1992) *Aetna Cas. & Sur. Co. v Brice*, 50 NY2d 958, affg on mem below 72 AD2d 927; *Massachusetts Bay Ins. Co. v Pendleton*, 159 AD2d 770, 772). In this case, the grounds for LANCER'S issuance of a disclaimer of liability and/or coverage was readily apparent on the face of the documents it possessed on September 8, 1997.

Reasonableness is determined upon the circumstances of the case which requires the insurer to take more or less time to make, complete and act diligently on the investigation of its coverage (*Aetna Cas. & Sur. Co. v Brice, supra; Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030). Here, there was no need for any investigation, LANCER simply needed to read those papers.

Notwithstanding the foregoing, LANCER has failed to provide credible proof that it acted either reasonably or diligently, or that it ever conducted an investigation of coverage for the grounds contained in its untimely disclaimer as to THOMAS or TFD ( T 512 -513, 523-527). In fact, LANCER was in

-29-

possession of the same information concerning the service of LYONS'
summons and complaint upon THOMAS since September 8, 1997, knew no
proceedings had ever taken place to vacate his judgment and yet undertook no
affirmative investigation and waited until February 5, 1999, to issue a
disclaimer, a period of almost seventeen (17) months. Furthermore, even
viewing the evidence in a light most favorable to LANCER, it continued to
refuse to conduct an affirmative investigation, and waited an additional three
(3) months after learning that Honorable Robert J. Friedman, J.H.O.,
Westchester County Supreme Court had determined TFD was properly served
with LYONS' summons and complaint to issue a disclaimer against TFD.(see,
*Matter of Blee v State Farm Mut. Auto Ins. Co*, 168 AD2d 615 (2d dept, 1990);
*Interboro Mut. Indem. Ins. Co. v Gatterdum*, 163 AD2d 788, 799; *New York
Cent. Mut. Fire Ins. Co. v Markowitz, supra*). Even if TFD or THOMAS had
failed to provide timely notice, LANCER is still obligated due to its failure to
timely disclaim. An insurer who fails to disclaim coverage as soon as
reasonably possible cannot justify its failure to do so on the insured's late
notice. *Pennsylvania Millers Mutual Ins. Co. v Sorrentino*, 238 AD2d 491, 657
NYS2d62 (2d Dep't 1997); *Matter of State Farm Mutual Auto Ins.*

-30-

*Co v Cathy E. Merrill.*, 192 AD2d 824, 596 NYS2d 554 (3rd Dep't 1993).

Finally, relatively short periods of delay on the part of an insurer has been sufficient to render a late notice defense by an insurer as a untimely as a matter of law. For example, in *Hartford Ins. Co. v County of Nassau, supra,* the Court of Appeals held that a 2-month delay violates Insurance Law Section 3420 as a matter of law; *Farmers Fire Insurance Company, Appellant, v Carl Brighton, Doing Business as Rivers Edge Tavern, et al.*, 142 AD2d 547 (2d dept, 1988) Additionally, in *Nationwide Mutual Insurance Company v Steiner* 199 AD2d 507, 605 NYS2d 391 (2d Dept., 1993), the Appellant Division, Second Department, has also held that an un-excused delay of 41 days by an insurer in disclaiming to be unreasonable as a matter of law. See also *Mohawk Minden Ins. Co. v Ferry,* 251 AD2d 846, 674 NYS2d 512 (3rd Dept., 1998) (90 days); *Appell v Liberty Mutual Ins. Co.*, 22 AD2d 906, 255 NYS2d545 (2d Dept., 1964) (2 months); *Utica Fire Insurance Company of Oneida County, Respondent, v Natale D. Spagnolo et al., Appellants, et al., Defendant.* 221 AD2d 921 (4th dept, 1995)(2 months); *Robert Gill, Appellant v David A. Gouchie et al.*, 210 AD2d 954 (4th Dept., 1994)(2 months); *In the Matter of Allstate Insurance Company, Respondent, v.*

-31-

*Jean J. Souffrant, Appellant. Allstate Insurance Company,* 221 AD2d 434 (2nd Dept., 1995) (2 months)); (see also *Jefferson Insurance Company of New York, Respondent, v Travelers Indemnity Company, Appellant, and Reliance Insurance Company, Respondent, et al., Defendants.* 92 NY2d 363 (1998) ( 4 ½ years) *Miriam Kleneic, Plaintiff, v White Lake Marine Corporation, Doing Business as Gene's Boats, Defendant* 144AD2d 341 (2d dept, 1988) (4 months); *Blee v State Farm Mut. Auto Ins. Co,* 168 AD2d 615   (2d dept, 1990) (6 months);  *New York Central Mutual Fire Insurance Company, Appellant, v Shirley Markowitz et al., Respondent.* 147 AD2d 461 (2nd Dept., 1989) (6 ½ months); *Incorporated Village of Pleasantville v Calvert Insurance Company* 204 AD2d 689 (2nd Dept., 1994) ( 8 month).

In *Allstate Insurance Company v Centennial Insurance Co.* 187 AD2d 690 (2nd Dept., 1992) the court properly denied an Insurance company's attempt to disclaim coverage.  In that case the Court held pursuant to Insurance Law Section3420 (a) (3), that an injured party, or someone acting on behalf of the injured party, has an independent right to  provide written notice to an insurance carrier (see, *General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *Walters v Atkins*, 179 AD2d 1067; *Elmuccio v Allstate Ins. Co.*, 149 AD2d

-32-

653). Further, the carrier may not disclaim coverage if it fails to give timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029; Insurance Law Section 3420 [d]). This rule applies even if the insured or the injured party has in the first instance failed to provide the carrier with timely notice of the accident (see, *Kramer v Interboro Mut. Indem. Ins. Co.*, 176 AD2d 308; *New York Cent. Mut. Fire Ins. Co. v Markowitz*, 147 AD2d 461). Moreover, the Court held in *Centennial* that notice was required to be provided the injured party with a notice of disclaimer specifying the ground on which the disclaimer was predicated (see, *General Acc. Ins. Group v Cirucci, supra*; *United States Liab. Ins. Co. v Young*, 186 AD2d 644). Prior to the commencement of that action, *Centennial* did not disclaim coverage based on an untimely notice by the injured party. A five month delay in disclaiming coverage on the grounds of untimely notice was unreasonable as a matter of law. This was readily apparent when *Centennial* first received notice of the accident, and *Centennial* failed to explain the delay. (see, *Hartford Ins. Co. v Unjar*, 177 AD 2d 480; *Kramer v Interboro Mut. Indem. Ins. Co., supra* )

-33-

187 AD2d 690 (2d dept, 1992).

It is undisputed in this case that, at the very least, LANCER, represented by Vincent Necchi, Esq., was personally notified by LYONS of their claim for damages when LANCER appeared on September 24, 1997, in Westchester Supreme Court, before Hon. John P. Di Blasi, J.S.C. with Adam Seiden, Esq. and Edward J. Carroll, Esq. attorney for claimants. At that time, Vincent Necchi, Esq. and LANCER were in possession of claimants' written judgement, restraining notice and demand for payment, and the underlying documents received on September 8, 1997. Notwithstanding the foregoing, LANCER has never sent claimants a disclaimer of liability and/or coverage.

Faced with that reality, the issuance of its disclaimer of liability and coverage to their insureds and claimants was untimely as a matter of law.

LANCER initially opposed appellants' prior motion for summary judgment by claiming that there was always an "accommodation" to postpone the issuance of disclaimer of coverage. However, John Petrilli, Esq., and Vice President of LANCER testified during cross-examination at trial and admitted that there was no such agreement to postpone the issuance of a disclaimer of coverage between September 8, 1997 and November 1998 ( T 375-382).

-34-

Mr. Petrilli's testimony during trial ( T 377-382) , in response to an inquiry as to why there was not a specific agreement between LANCER and TFD to allow LANCER to hold in abeyance a coverage determination was as follows:

(At page T 377)

> *"Answer: I didn't say that. If I did, I misspoke. I did not say TFD agreed to hold in abeyance..."*

When asked the following questions, Mr. Petrilli further testified as follows:

( At page T 379)

> *"Question: Was there ever an agreement between LANCER and TFD  to allow LANCER to hold in abeyance a coverage determination until all appellate remedies were exhausted?"*
>
> *"Answer: There was a discussion between TFD's lawyer and me, if that's what you mean by TFD and LANCER, yes, there were discussions about that prior to Christmas holidays of 1998."*
>
> *"Question: And that was the first time there was any such agreement or discussion to hold a coverage determination in*

-35-

abeyance sometime around the Christmas holidays in 1998?"

"Answer: Well, it was after this November, it was after Hirsch got involved in the case, that's for certain. Whether it was right before Thanksgiving or took place right after that, it was around holiday. That's what I recall. The exact date of each precise phone call I do not recollect:

(At page T 380)

"Question: I'm only basing upon what I thought was your testimony that back in September 1997 there was an agreement to hold LANCER'S coverage position in abeyance."

"Answer: Well, we couldn't make a coverage decision in September 1997.

"Question: I understand that's your testimony. If that's the case let's clear it up.

"Answer: Okay.

"Question: So prior to November 10, 1997.

"Answer: No, 1998.

"Answer: '98? Im sorry. Was there an agreement between

-36-

*LANCER and TFD to hold the coverage determination in abeyance?*

*"Answer: No.*

*"Question: When was there first an agreement?*

*"Answer: Well, in discussions I had at or around the time that the traverse was reported to me, the decision of the traverse was reported to me and prior to Christmas of that year in 1998:*

*"So my question to you, sir, again, is before, between September of 1997 and up to I will say just before the traverse hearing, there was no agreement in place between LANCER and TFD BUS COMPANY and MICHAEL THOMAS to hold the disclaimer for coverage in abeyance: isn't that true?*

*"Answer: There couldn't be one, that's true.*

*"Question: Thank you*

*"Answer: Okay*

In light of LANCER's admission that no agreement to postpone a disclaimer of coverage existed between September 8, 1997 and November 1998, it is respectfully submitted that the trial court erred in denying the

-37-

renewed motions and motions of appellants at the close of the respondent's

case for summary judgement, dismissal of the respondent's action for failure to

prove a prima facie case, and for directed judgements and/or verdicts in their

favor and against respondent for the relief sought in their counterclaims.

In this connection, LANCER admits that it learned of the "underlying

lawsuit" on September 8,1997 (R 454).; insured both THOMAS and TFD at

that time concerning "the underlying lawsuit"; and monitored all of the

proceedings (R 509) since September 8, 1997.

Notwithstanding the foregoing, THOMAS has not sought any judicial

determination in "the underlying lawsuit" that he was not served with LYONS'

Summons and Complaint or that the judgement obtained against him was not

valid. LANCER has not even made THOMAS a party defendant in this lawsuit.

LANCER has had, since September 8, 1997, all the facts necessary to

disclaim, at least, as against this insured. Notwithstanding the foregoing,

LANCER did not deny coverage to THOMAS until February 8, 1999, (R 441),

and that notice of disclaimer was defective. The disclaimer clearly stated:

*Because of your client's (singular possessive i.e. TFD BUS CO., INC.) failure
to comply with the terms of the policy by not providing notice to Lancer of this
lawsuit for over five years after your clients were served with the
Summons and Complaint, LANCER has been prejudiced in timely*

-38-

investigation the allegations of this claim and defending TFD Bus and *Michael Thomas in the lawsuit. Thus, Lancer will not defend nor indemnify your clients for this claim.* [emphasis added]

It is respectfully submitted that, absent any agreement to postpone the issuance of a disclaimer, a 17-month delay and a disclaimer issued against THOMAS as a result of an alleged default of TFD, another insured, violates Insurance Law Section 3420 as a matter of law, thereby rendering the disclaimer, at least against this defendant, ineffectual.

LANCER'S claim that it was awaiting a judicial determination concerning the service of legal process also has no merit in that it had a legal representative at the traverse hearing, held on November 10, 1998, when it was judicially determined that TFD was legally served with LYONS summons and complaint on August 27, 1992. (R 437, 450-451, 474)

Thus, LANCER was clearly aware of sufficient facts upon which to deny coverage as to TFD on November 10, 1998. *Mount Vernon Fire Ins., Co. v. Unjar*, 77 AD 2d 480; *Robert Gill, Appellant v David A. Gouchie et al.*, 210 AD2d 954 (4th Dep't, 1994); *Pennsylvania Millers Mutual Ins. Co. v Sorrentino*, 238 AD2d 491, (2d Dep't 1997); *State Farm Mutual Automobile Insurance Company, Respondent, and Cathy E. Merrill, Appellant.* 192

-39-

AD2d 824 (3rd Dep't, 1993);*Utica Fire Insurance Company of Oneida County,*

*Respondent, v Natale D. Spagnolo et al., Appellants, et al., Defendant.* 221

AD2d 921 (4th dept, 1995); *Allstate Insurance Company v*

*Centennial Insurance Co.,* 187 AD2d 690 (2nd Dep't 1992); *Allstate Ins.*

*Co. v Ruth Franks,* 44 NY2d 897 (1978); *Allstate Insurance Company v*

*Gross,* 27 NY2d 263 (1970); *Allstate Ins. Co. v Kuper,* 140 AD2d 479;

*Allstate Insurance Company, Respondent, v Jean J. Souffrant, Appellant.*

*Allstate Insurance Company,* 221 AD2d 434 (2nd Dep't, 1995)

Notwithstanding the foregoing, LANCER did not send a disclaimer letter

to TFD or THOMAS, prior to the date of its creation, February 5, 1999 (R 442-

445). This is an undisputed delay of more than 86 days, assuming the

disclaimer letter was sent on the date it was typed.

However, even if the letter was sent of February 5, 1999, it was not sent

to THOMAS, nor was it sent to TFD. Instead, it was mailed to an attorney

solely representing TFD. Thus, this disclaimer was further delayed in its

issuance and therefore it is untimely as a matter of law. Furthermore,

LANCER did not send this denial of coverage letter to trial counsel for T.

LYONS and C. LYONS. Instead, LANCER's counsel waited until February 9,

-40-

1999 and wrote another letter, dated February 8, 1999, to Pirro, Collier, Cohen & Halpern, Esqs., attorneys for T. LYONS and C. LYONS at that time, which was 89 days later R 441). This letter, which was not addressed or mailed to T. LYONS or C. LYONS was also not a sufficient disclaimer in that it did not specify the ground on which the disclaimer was predicated other than in general conclusory terms. *General Acc. Ins. Group v. Cirucci*, 46 NY2d 862.

LANCER had sufficient contact and knowledge of LYONS' judgment and claim since a representative of LANCER appeared in Court with LYONS' counsel on September 24, 1997 ( R 627-673) and thereafter LANCER monitored all of the proceedings in "the underlying lawsuit". Yet, no disclaimer has ever been issued to the LYONS apprizing them with a high degree of specificity of the grounds or grounds upon which the disclaimer against them is predicted. *In the Matter of Aetna Casualty and Surety Company v. Francis Rodriguez*, 115 AD2d 418 (1st Dep't 1985); *Sioide Fabian et al. v. Motor Vehicle Accident Indemnification Corporation*, 111 AD2d 366 (2nd Dept. 1985)

LANCER'S disclaimer of liability coverage was solely asserted against its insured and therefore was ineffective against the claimants, LYONS in that

it was only based on the insured's failure to give notice; thus, the insurer must be estopped from raising the claimants' late notice as a ground for disclaiming coverage. N.Y. S. Insurance Law Section 3420(a)(3)(d) *Eagle Ins. Co. v Ortega*, 674 N.Y.S. 2d 56 (2nd Dept., 1998). Therefore, LANCER must be estopped from raising any alleged untimeliness of LYONS' notice *Phillip Wraight v. Exchange Insurance Company*, 234 AD2d 916 (4th Dept., 1996).

Furthermore, even viewing this letter in a light most favorable to LANCER, and assuming it was sufficient on its face, it is still respectfully submitted that the 89-day delay in issuing the disclaimer from the determination of the traverse hearing to LYONS' counsel still violated Insurance Law Section 3420.

## POINT II
## LANCER'S DISCLAIMER OF COVERAGE TO TFD BUS CO., INC., AND MICHAEL THOMAS, WAS INEFFECTIVE AGAINST THE LYONS, AS CLAIMANTS AS A MATTER OF LAW

The undisputed facts establish that T. LYONS, while occupying a motor vehicle and stopped at a red light, was struck in the rear by a bus carrying passengers which was registered with the Interstate Commerce Commission under certificate no. MC201286 and insured by LANCER ( R 221-236) as an interstate common carrier. Such a carrier is authorized to engage in such transportation provided it maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 CFR 1043). TFD operated this bus as such a common carrier, by motor vehicle, and within interstate commerce transporting passengers, in charter and special operations, between points in the United States.

LYONS thereafter obtained a default judgment against the driver and owner of that bus. LANCER ultimately disclaimed coverage alleging a breach by its insureds of a condition of the policy by failing to timely notify LANCER of the underlying lawsuit. The judgments against both the operator and owner of the bus are now final.

-43-

In a factually analogous situation, the Court of Appeals has already held in *Steve Pierre, Respondent v. Providence Washington Insurance Company, Appellate* 99 N.Y. 2d 222, (2002) 784 N.E.2d 52, 754 N.Y.S. 2d 179 that an insurer, insuring an interstate common carrier, registered with the Federal Government, by actual endorsement or endorsement read into the policy, which are federally mandated and known as the MCS-90, must pay judgments arising from accidents occurring in the course of their transport business for bodily injury or death of any person as a result of the negligent operation of any vehicle, regardless of whether the vehicle is specifically described in the policy and despite the inured's failure to comply with policy conditions. In effect, the endorsements required by 49 CFR 387.15 shift the risk loss for accidents occurring in the course of interstate commerce away from the public by guaranteeing that the injured party will be compensated even if the insurance carrier has a valid defense based on a condition in the policy.

Even viewing the evidence in a light most favorable to LANCER, T. LYONS and C. LYONS' counterclaims, as claimants, seek a declaration that

-44-

LANCER is obligated to pay the judgments and claims of the LYONS and must be affirmed under the undisputed facts of this case, granting them the relief sought therein as a matter of law.

## POINT III
## THE TRIAL COURT'S RULINGS AND JUDGEMENT ARE ERRONEOUS AND CONTRARY TO THE WEIGHT OF THE CREDIBLE EVIDENCE

LANCER represented prior to trial that there was always an agreement to postpone this issuance of a disclaimer of liability and/or coverage since September 8, 1997. Appellants strongly contested such an assertion and the existence of this material issue of fact required a trial.

However, during discovery and trial, LANCER admitted no such agreement existed during the seventeen (17) month period following its receipt of written copies of appellants' summons and complaint, together with affidavits of service upon its insureds, the order granting leave to enter a default judgment served upon its insureds, LYONS' judgement and their restraining notice and demand for payment.

After admitting that its prior representation was untrue, LANCER then claimed that an agreement existed, at its earliest during the month November 1998 (T 676).

It is respectfully submitted, in light of that admission, appellants are

entitled to a declaration that LANCER'S disclaimer was untimely as a matter of law. LANCER clearly possessed sufficient facts to issue a disclaimer since September 8, 1997. Furthermore, during that same period LANCER failed to carry out any affirmative investigation concerning the issue of service of plaintiffs' summons and complaint upon which the disclaimer was based.

However, due to LANCER'S initial misrepresentation of the existence of an agreement to delay the issuance of a disclaimer of coverage, a trial was required to determine this material issue of fact.

It is respectfully submitted that prior to and during trial, the rulings of the Trial Court constituted reversible error and deprived appellants of a fair trial.

Foremost, the Court utilized a jury, not to decide all of the relevant facts concerning whether LANCER unreasonably delayed the issuance of a disclaimer, but simply to determine a special finding of fact.(T 51) The jury's deliberation was limited to a determination of whether LANCER and TFD BUS Co. Inc. had entered into an agreement to postpone the issuance of a disclaimer of liability and coverage.

While that procedure might normally be acceptable, appellants objected

-47-

to respondent's claim that such an agreement existed in that such an affirmative defense was waived by LANCER in that it had failed to include the claim of such an agreement as an affirmative defense in its pleadings. *Hans v. Zoning Board of Appeals of the Town of Colonie*, 48 AD2d 947 (Third Dept.)(T 41-48, 50) Notwithstanding the foregoing, the Trial Court did not sustain appellants' objection seeking preclusion.

It is respectfully submitted that it is undisputed, based on the testimony of John Petrilli, Vice President of LANCER that no such agreement existed between September 8, 1997 and November 1998. Therefore, even viewing the evidence in a light most favorable to the respondent, the only conclusion the jury could have reached concerning that issue was that an agreement had been reached in November of 1998 to postpone the issuance of a disclaimer for a few days while counsel was on vacation. Such an agreement would have had no impact on LANCER'S duty to issue a timely disclaimer, nor would it have excused their all ready existing unreasonable seventeen (17) month delay.

To obtain the relevancy of such an agreement if it existed, appellant respectfully requested on several occasions that the Court instruct the jury, if they determined that such an agreement was reached, that they should also

-48-

determine in their special finding verdict, the date that the agreement was reached and its duration.

Absent those additional factual determinations, whether an agreement was reached is of little probative value in determining the reasonableness of LANCER'S fourteen (14) month delay that had already occurred by November 1998.

The Trial Court erroneously refused to so instruct the jury in that regard (T 23, 27, 540-544, 549, 568, 670, 671, 672) and this ruling cannot be considered harmless in that the Trial Court totally based its decision to dismiss all of appellants' counterclaims due simply to the finding, without date or duration, that such an agreement was reached (T 677).This is especially true in that the Trial Court, contrary to the weight of the undisputed and credible evidence totally disregarded the unexplained fourteen (14) month delay in issuing a disclaimer of coverage when the grounds were readily apparent on September 8, 1997.

It is respectfully submitted that the Trial Court also erroneously ruled, over appellants' objection, that the amount of the judgement recovered by LYONS or the cost of legal fees incurred by TFD BUS CO., INC could not be

disclosed to the jury. This constituted reversible error in that it deprived appellants from presenting evidence which would have allowed the jury to determine whether TFD BUS CO., INC. would have represented itself or entered into an "accommodation" to postpone the issuance of a disclaimer under the threat of a multimillion dollar judgment (T 30-37, 40).

Finally, the Trial Court committed a reversible error in denying appellants' renewed motions for judgement or verdict in their favor, for dismissal of the respondent's case for failure to prove a prima facie case in light of the holding in *Uptown Whole Foods, Inc. v. Liberty Mutual Fire Insurance Co.* 302 A.D. 2d 592, 593, 756, N.Y.S. 2d 251.(T 506, 540) and for a judgment or verdict in their favor notwithstanding the special finding of the jury.

-50-

## **CONCLUSION**

For the reasons set forth herein, it is respectfully requested that this Appellant Court reverse and vacate the judgement of the Trial Court in its entirety and in lieu thereof, that judgement be granted to appellants for the relief sought in their counterclaims, or in the alternative, that the judgement of the Trial Court be reversed, vacated and that the action be remanded to the Trial Court for further proceedings and a new trial, together with such other and further relief as to this Court may seem just and proper under the circumstances.

Dated: March 19, 2004

Respectfully submitted,

EDWARD J. CARROLL, ESQ.
Attorney for Appellant,
THOMAS E. LYONS
2733 Route 209
Kingston, New York 12401
(845) 338-5977

-51-

## <u>CERTIFICATE OF COMPLIANCE PURSUANT TO SECTION</u>
## <u>670.10.3(f)</u>

The foregoing brief was prepared on a computer ( on a word processor).
A proportionally spaced typeface was used, as follows:

Name of typeface: Times New Roman
Point Size:          14
Line Spacing:        Double

The total number of words in the brief, inclusive of point headings and
footnotes and exclusive of pages containing the table of contents, table of
citations, proof of service, certificate of compliance, or any authorized
addendum containing statutes, rules, regulations, etc. is 9,353.

Dated: March 22, 2004

EDWARD J. CARROLL, ESQ.
Attorney for the Defendant/Appellant
Thomas E. Lyons
2733 Route 209
Kingston, New York 12401
(845) 338-5977

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION-SECOND DEPARTMENT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LANCER INSURANCE COMPANY,

                                    Plaintiff/Respondent,

   -against-

T.F.D. BUS COMPANY, INC., THOMAS E.
LYONS and CELESTE M. LYONS,

                            Defendants/Appellants

       -and-

MICHAEL A. THOMAS,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF SERVICE**

Index No. 99-7146

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF ULSTER)

        I, ADINA MORRIS, being duly sworn, deposes and says:

      1.  That I am not a party to the above entitled action and am over the age of 18 years and reside in Kerhonkson, New York.

      2.  That on the 24th day of March, 2004, I served two (2) true copies of the annexed Appellant's Brief by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Curtis, Vasile, Devine & McElhenny, Esqs.
Merrick Professional Centre
P.O. Box 801
Merrick, New York 11566-0801

Andrew C. Risoli, Esq.
484 White Plains Road
Eastchester, New York 10709-5525

Milber, Makris, Plousadis & Seiden, L.L.P.
990 Stewart Avenue
Suite 600
Garden City, New York 11530

ADINA MORRIS

Sworn to before me this
25th day of March, 2004.

NOTARY PUBLIC   EDWARD J. CARROLL
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ULSTER COUNTY
COMMISSION EXPIRES JUNE 30, 2007

Exhibit B