**EXHIBIT 3**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

- - - - - - - - - - - - - - - - - - - - - -x

LANCER INSURANCE COMPANY,

                   Plaintiff,

    -against-

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS, and
CELESTE M. LYONS,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - -x

**VERIFIED ANSWER
TO PLAINTIFF'S
AMENDED COMPLAINT
AND COUNTERCLAIMS**

Index #99-7146

Defendant, THOMAS E. LYONS, in answer to plaintiff's Amended Complaint and as and for his counterclaims against plaintiff, by his attorney, EDWARD J. CARROLL, ESQ., sets forth and alleges as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 14, 16, 17, 19, 20, 22, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 41, 43, 45, 46, 49, 50, of plaintiff's amended complaint.

2. Deny the allegations contained in paragraphs 4, 8, 40, 42, 51, 52, 53, 54, and 56 of plaintiff's amended complaint.

3. Admit the allegations contained in paragraph 10 of plaintiff's amended complaint, except deny that the vehicle involved in the February 14, 1989 accident was operated at the time of the accident by defendant, CELESTE M. LYONS.

4.   Admit the allegations contained in paragraph 15 of plaintiff's amended complaint, except deny that the amount of the judgment was limited to $2,416,579.00.

5.   Admit the allegations contained in paragraph 21 of plaintiff's amended complaint, except deny that it occurred in or around January, 1993, and instead affirmative allege that said judgment of liability was obtained on December 17, 1992 and filed on December 18, 1992 in the office of the County Clerk of the County of Westchester, State of New York.

6.   Admit the allegations contained in paragraph 24 of plaintiff's amended complaint, except deny that service was made on January 21, 1993 via certified mail and instead affirmative allege that service was made by certified mail on T.F.D. BUS CO., INC. and MICHAEL THOMAS on January 15, 1993.

7.   Admit the allegations contained in paragraph 47 of plaintiff's amended complaint, except deny that a judgment of liability was obtain in or about January, 1993 and instead affirmative allege that said judgment was obtained on December 17, 1992.

8.   Admit the allegations contained in paragraph 48 of plaintiff's amended complaint, except deny that service was made on January 21, 1993 via certified mail and instead affirmative allege that service was made by certified mail on T.F.D. BUS CO., INC. and MICHAEL THOMAS on January 15, 1993.

## AS AND FOR A FIRST AFFIRMATIVE
## DEFENSE AND COUNTERCLAIM

9. Upon information and belief and at all times hereinafter mentioned, plaintiff, LANCER INSURANCE COMPANY, was and still is an Illinois Corporation duly authorized to conduct business in the State of New York and maintains its principal offices in Long Beach, New York.

10. Upon information and belief and at all times hereinafter mentioned, defendant, T.F.D. BUS CO., INC., was and still is a domestic corporation, duly incorporated under and by virtue of the laws of the State of New York, with a principal place of business situated at 215 South 11th Avenue, Mt. Vernon, Westchester County, New York 10550 and the principal business of said corporation is providing transportation of the public through the operation of a private bus company.

11. Upon information and belief and at all times hereinafter mentioned, in the alternative, defendant, T.F.D. BUS CO., INC., was and still is a foreign corporation duly authorized to transact business in the State of New York.

12. Upon information and belief and at all times hereinafter mentioned, defendant, MICHAEL A. THOMAS, at the time of the accident herein alleged, was a resident of the County of Westchester, was employed as a bus driver by said corporate defendant, was acting within the scope of his

authority and in furtherance of the business interests of T.F.D. BUS CO., INC. and was operating a 1975 Ford Bus motor vehicle more particularly described herein, when due to his negligence, defendants' motor vehicle collided with the rear end of defendants, THOMAS E. LYONS and CELESTE M. LYONS' motor vehicle, more particularly set forth and described herein.

13.   Upon information and belief, immediately following the happening of the accident herein described, defendant, MICHAEL A. THOMAS, provided the investigating police agency with an erroneous residential address, and was terminated by the aforesaid corporate defendant and/or he no longer resided at 243 Third Avenue, Mt. Vernon, New York. Upon information and belief, said defendant immediately absented himself from the State of New York to an unknown out-of-state location, where he remained for approximately two and one-half years. As a result of said defendant's departure from the State of New York, and/or his erroneous residential address provided to the investigating police agency, defendants, THOMAS E. LYONS and CELESTE M. LYONS' attempts to obtain legal service of process upon said defendant were frustrated in that they were not able to locate anyone of suitable age and discretion to accept service, and/or locate the defendant's whereabouts. As a result of the foregoing, any service of process would not have had a probability of actual notice reaching the defendant and therefore, any statute of limitations was tolled and/or the

actions of the defendant created estoppel thereby precluding defendants interposition of the statute of limitations as a defense.

14.  At all times hereinafter mentioned, defendants, THOMAS E. LYONS and CELESTE M. LYONS, were and still are residents of the County of Westchester and State of New York.

15.  At all times hereinafter mentioned, defendants, THOMAS E. LYONS and CELESTE M. LYONS, were and still are the owners and operators of a certain 1989 Ford Van motor vehicle bearing New York plate number 8VC-708 for the then current period of registration.

16.  Upon information and belief and at all times hereinafter mentioned, defendant, T.F.D. BUS CO., INC., was the owner of a certain 1975 Ford Bus motor vehicle bearing New York plate number BA-4409 for the then current period of registration.

17.  Upon information and belief and at all times hereinafter mentioned, defendant, MICHAEL A. THOMAS, was operating the aforesaid 1975 Ford Bus motor vehicle with the knowledge and consent of the owner of said motor vehicle, to wit: the defendant, T.F.D. BUS CO., INC.

18.  That at all times hereinafter mentioned, Nepperhan Avenue was and still is a much travelled public thoroughfare located in the the City of Yonkers, County of Westchester and State of New York.

19.  Upon information and belief, on, about or during the 14th day of February 1989, at approximately 2:51 P.M., while defendant, THOMAS E. LYONS, was lawfully operating the aforementioned 1989 Ford Van motor vehicle, which was stopped in traffic at the bottom of a hill on Nepperhan Avenue and at a traffic light at the intersection of the aforesaid Nepperhan Avenue and New School Street in the City of Yonkers, County of Westchester and State of New York, defendant, MICHAEL A. THOMAS, so carelessly and negligently operated said corporate defendant's aforesaid motor vehicle so as to cause it to strike the rear of the motor vehicle operated and occupied by defendant, THOMAS E. LYONS, thereby causing him to sustain permanent serious physical injuries to his person.

20.  These injuries included but were not limited to a chronic disc herniation at C3-4 and C4-5 with cord compression as well as compression of the left side of the thecal sac, and chronic disc herniation as C5-6 with compression of the right side of the thecal sac, torn cartilage of the right knee which is incapable of being repaired by surgical intervention, and a multilevel left cervical radiculopathy, a right C-8 radiculopathy, and moderate bilateral medium neuropathy at the wrists involving sensory and motar fibers and constituted a serious permanent injury within the meaning of Section 5102(d) of New York State Insurance Law, to wit: a permanent loss of the use of a body member, function or system, a significant

limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident.

21. The accident and injuries resulting therefrom were caused solely and wholly by the negligence of defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, herein without any contributory negligence of defendants, THOMAS E. LYONS and CELESTE M. LYONS. Defendant, T.F.D. BUS CO., INC., was and still is responsible as the owner of said 1975 Ford Bus motor vehicle for the negligent acts of the operator, MICHAEL A. THOMAS, which occurred while said MICHAEL A. THOMAS operated said motor vehicle with its consent, by virtue of the applicable provisions of the Vehicle and Traffic Law of the State of New York and in failing to maintain said vehicle in proper and good repair accompanied by brakes in working order in violation of applicable law.

22. Upon information and belief, the negligence of defendant, MICHAEL A. THOMAS, consisted, amongst other things, of the following:

a. In failing to keep a lookout ahead and in the direction of travel in a reckless disregard of the person of

defendants, THOMAS E. LYONS and CELESTE M. LYONS;

b.  In operating said motor vehicle at a fast and excessive rate of speed under the conditions then existing;

c.  In failing to heed traffic conditions upon the said roadway;

d.  In following too closely and failing to maintain a proper distance behind the motor vehicle operated by defendant, THOMAS E. LYONS;

e.  In failing to operate his motor vehicle in a proper manner under the conditions then and there existing;

f.  In failing to have and keep his motor vehicle under proper and reasonable control or under such control so that defendant could stop his vehicle;

g.  In failing to observe the rules of the road in such cases made and provided;

h.  In failing to operate and control his motor vehicle to avoid the occurrence of the accident herein alleged.

i.  In failing to properly inspect his vehicle prior to operation.

j.  In operating a motor vehicle which was mechanically in an unsafe and dangerous condition without benefit of brakes in good working order.

23.  Upon information and belief, the negligence of defendant, T.F.D. BUS CO., INC. consisted, amongst other

things, of the following:

    a.  In giving permission to defendant, MICHAEL A. THOMAS, to operate the motor vehicle owned and registered to defendant, T.F.D. BUS CO., INC.;

    b.  In failing to provide and equip its motor vehicle with adequate, proper and sufficient parts, accessories, safety devices, tires, brakes and other equipment as required by law;

    c.  In failing to inspect and repair the foregoing accessories, safety devices, brakes and tires and other equipment and maintain same in fit and proper working order and condition.

24.  Upon information and belief, defendant, THOMAS E. LYONS, is in no way guilty of any contributory negligence.

25.  Defendant, THOMAS E. LYONS, is fully qualified to bring the action in that he sustained serious injuries within the meaning of the Insurance Law of the State of New York.

26.  Upon information and belief, that solely by the negligence of defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, herein, defendant, THOMAS E. LYONS, has been and will further be required to obtain medical and/or surgical treatment.

27.  Defendant, THOMAS E. LYONS, has suffered and is informed and believes that he will further suffer great physical and mental pain for a substantial time hereafter and

will be permanently impaired.

28.   Plaintiffs and defendants are "covered persons" as defined by the Insurance Law of the State of New York.

29.   As a result of the aforementioned serious injuries, defendants, THOMAS E. LYONS and CELESTE M. LYONS, were forced to incur losses of income other than those defined as basic economic losses by the Insurance Law of the State of New York.

30.   As a result of defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, negligence, defendant, THOMAS E. LYONS, has been damaged in the sum of Two Million Four Hundred Thousand Dollars ($2,400,000.00), no part of which has been paid by defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, to defendant, THOMAS E. LYONS, herein.

31.   At all times hereinafter mentioned, defendant, CELESTE M. LYONS, was and still is the wife of defendant, THOMAS E. LYONS, and presently lives and cohabits with defendant, THOMAS E. LYONS, her husband, at 38 Moulton Avenue, Dobbs Ferry, Westchester County, New York.

32.   Defendant, THOMAS E. LYONS, prior to the time of the accident hereinbefore mentioned, upon information and belief, was fully capable of performing all of the usual deeds of husband for defendant, CELESTE M. LYONS.

33.   Solely by consequence of defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, negligence, defendant, THOMAS E. LYONS, was severely and permanently injured, confined to bed

and home for a lengthy period of time and defendant, CELESTE M. LYONS, was obliged to and necessarily did employ medical aid and assistance for her husband, and did necessarily pay and become liable therefore for services and medicine in consequence of these injuries. As a result of the injuries sustained by defendant, THOMAS E. LYONS, due to defendants' T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, negligence, defendant, CELESTE M. LYONS, has been deprived of the company of her husband, her comfort and happiness in his society and companionship have been impaired and defendant, CELESTE M. LYONS, is informed and believes that this impairment will necessarily continue for a long time to come, all to his damage in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), no part of which has been paid by defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, to defendant, CELESTE M. LYONS, herein.

34. Upon information and belief, plaintiff, LANCER INSURANCE COMPANY, provided an automobile liability policy to defendant, T.F.D. BUS CO., INC., for the vehicle involved in this accident under policy number BA121448.

35. Upon information and belief, that immediately following the happening of the accident, defendant, T.F.D. BUS CO., INC. and/or MICHAEL A. THOMAS and/or claimants including but not limited to THOMAS E. LYONS and/or CELESTE M. LYONS, individually and/or through their respective agents, promptly

notified plaintiff, LANCER INSURANCE COMPANY, of the happening of the accident and all details concerning therein and said plaintiff thoroughly investigated said incident, determined all necessary facts, and acknowledged liability to claimants and injured parties, THOMAS E. LYONS and CELESTE M. LYONS, and paid property damages as a result of their claims.

36.  Upon information and belief, THOMAS E. LYONS and CELESTE M. LYONS, as plaintiffs in an underlying action sought monetary damages against T.F.D. BUS CO., INC. and MICHAEL A. THOMAS as a result of this incident. A copy of plaintiffs' Summons and Complaint filed in the Westchester County Clerk's Office on August 26, 1992 under Index Number 14941/92 is annexed hereto and made a part hereof as Exhibit "A". Personal service of a true copy of plaintiffs' Summons and Complaint upon defendant, T.F.D. BUS CO., INC. was completed on August 27, 1992 by Michael J. Abbott by his delivery of same to Albert M. Groccia, Vice President of T.F.D. BUS CO., INC. who represented that he was a manager authorized to accept legal process on behalf of T.F.D. BUS CO., INC. Personal service of a true copy of plaintiffs' Summons and Complaint upon defendant, MICHAEL A. THOMAS, was completed on August 27, 1992 by Michael J. Abbott by his delivery of same to MICHAEL A. THOMAS.

37.  Upon information and belief, said Summons and Complaints were timely and duly delivered to plaintiff by

their insureds.

38.    Thereafter, defendants, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, defaulted in timely appearing, answering, or moving against said Complaint, and defendants, THOMAS E. LYONS and CELESTE M. LYONS, moved for a default judgment against said defendants on December 4, 1992, and a Decision and Order of Honorable Samuel G. Fredman, J.S.C., dated December 17, 1992 was made and filed on December 18, 1992 in the Office of the County Clerk of the County of Westchester, State of New York, and a copy of the Decision/Order dated December 17, 1992 granting THOMAS E. LYONS and CELESTE M. LYONS' application pursuant to CPLR Section 3215 awarding judgment in their favor on the issue of liability and granting an inquest to assess damages was served upon defendants by certified mail, return receipt requested, and the defendants failed to seek relief from said judgment for a period of at least five (5) years thereafter, and defendants, THOMAS AND CELESTE M. LYONS' proceeding came on upon their timely application for a hearing before the Honorable Arthur C. Kellman, J.H.O., and a jury of six (6) on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse, White Plains, New York for the purpose of assessing damages on the causes of action set forth in their Complaint; and the proofs of defendants were presented and the issue of damages were tried; and the jury rendered a unanimous verdict on the issue

of damages on the 17th day of June, 1997, finding that defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and medically determined injuries or impairment of a non-permanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of this accident and awarding defendant, CELESTE M. LYONS compensatory damages in the sum of Sixty Thousand One Hundred Forty-Two and 42/100 Dollars ($60,142.42) as and for a derivative action for loss of services, and awarding defendant, THOMAS E. LYONS, compensatory damages in the sum of One Million Eight Hundred Sixteen Thousand Five Hundred Seventy-Nine and 00/100 Dollars ($1,816,579.00), and the Court then granted defendants, THOMAS E. LYONS and CELESTE M. LYONS' application pursuant to CPLR Section 4404(a) for an order vacating and setting aside that portion of the verdict that failed to award damages for past and future injury, pain, suffering, and disability upon the grounds that it was inconsistent with the jury's finding of a

serious and permanent loss and for those reasons more particulars set forth and described in the Court's Order dated July 16, 1997 and Decision dated July 15, 1997 both filed and entered on July 21, 1997 in the Westchester County Clerk's Office, and the defendants having waived a jury and requested that the Court assess damages of defendant, THOMAS E. LYONS, for injury, pain, suffering, and disability, both past and future, and

The Court after due deliberation thereon and review of the evidence presented granted an award for additional damages to defendant, THOMAS E. LYONS as follows:

a. For past, injury, pain, suffering, and disability - $250,000.00;

b. For future injury, pain, suffering, and disability - $350,000.00; and

As a result of the foregoing, defendant, THOMAS E. LYONS, was awarded compensatory damages totalling Two Million Four Hundred Sixteen Thousand Five Hundred Seventy-Nine Dollars ($2,416,579.00). A copy of the aforesaid judgment which is presently filed in the Westchester County Clerk's Office is annexed hereto and made a part hereof as Exhibit "B".

39. Thereafter, defendant, T.F.D. BUS CO., INC., moved to vacate and set aside said judgment and appeared by their counsel before the Westchester County Supreme Court at a motion term thereof, (upon information and belief, in the

presence of legal counsel for LANCER INSURANCE COMPANY), wherein the Supreme Court determined that the judgment of liability filed against T.F.D. BUS CO., INC. in the Westchester County Clerk's Office on August 7, 1997 would remain a valid judgment, subject to the disposition of a traverse hearing as a result of defendant's claim of improper legal service of process.

40. Thereafter, pursuant to Order of Supreme Court, Westchester County, Honorable Robert James Friedman, J.S.C., dated November 11, 1998, defendant, T.F.D. BUS CO., INC., was found to have been properly served with the summons and complaint in defendants, THOMAS A. LYONS and CELESTE M. LYONS' personal injury action.

41. That LANCER INSURANCE COMPANY received notice of this lawsuit on or before September 8, 1997.

42. Upon information and belief, defendants, THOMAS E. LYONS and CELESTE M. LYONS' Summons and Complaint and notice of their lawsuit was tendered to LANCER INSURANCE COMPANY for defense and indemnification by counsel for T.F.D. BUS CO., INC. and MICHAEL A. THOMAS on or before September 8, 1997.

43. Thereafter, defendants, THOMAS E. LYONS and CELESTE M. LYONS' action entitled **THOMAS E. LYONS and CELESTE M. LYONS v. T.F.D. BUS CO., INC.**, came on for inquest to determine an assessment of damages before Honorable Aldo A. Nastasi, J.S.C., Westchester County Supreme Court, with a jury. After

said inquest was conducted in the presence of plaintiff's counsel, and the jury heard proofs from both defendants, THOMAS E. LYONS and CELESTE M. LYONS and defendant, T.F.D. BUS CO., INC., said jury on April 20, 1999 awarded defendant, THOMAS E. LYONS, Two Million Four Hundred Thousand Dollars ($2,400,000.00) as compensation for damages sustained as a result of this accident, and further awarded defendant, CELESTE M. LYONS, Two hundred Thousand Dollars ($200,000.00) as compensation for damages sustained as a result of her derivative action.

44.   That in conjunction with the foregoing awards, said defendants, in addition thereto were entitled to interest on their award at the rate of 9% per annum from the date of the entry of the Judgment of liability, to wit: December 17, 1992.

45.   Notwithstanding the foregoing, upon information and belief, plaintiff, LANCER INSURANCE COMPANY, failed to properly, and/or timely disclaim liability and/or deny coverage for this accident, by written notice, as soon as it was reasonably possible to their insured, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, and/or the injured persons and claimants, to wit: THOMAS E. LYONS and CELESTE M. LYONS, contrary to plaintiff's contractual obligation to do so under policy number BA121448, and/or pursuant to Section 3420 of the Insurance Law of the State of New York.

46.   Notwithstanding the foregoing, based on the instant

action, it appears that LANCER INSURANCE COMPANY is now disclaiming coverage for this suit under policy number BA121448 alleging that MICHAEL A. THOMAS did not "immediately" forward the summons and complaint they received to LANCER INSURANCE COMPANY.

47. Based on the instant action, it now appears that LANCER INSURANCE COMPANY is disclaiming coverage for this suit under policy number BA121448 alleging that T.F.D. BUS CO., INC. did not "immediately" forward the summons and complaint they received to LANCER INSURANCE COMPANY.

48. Based on the instant action, it now appears that LANCER INSURANCE COMPANY is disclaiming coverage for this suit under policy number BA121448 alleging that T.F.D BUS CO., INC. did not cooperate with LANCER INSURANCE COMPANY in the defense of this lawsuit.

49. Based on the instant action, it now appears that LANCER INSURANCE COMPANY is disclaiming coverage for this suit under policy number BA121448 alleging that MICHAEL A. THOMAS did not cooperate with LANCER INSURANCE COMPANY in the defense of this lawsuit.

50. Upon information and belief, plaintiff, LANCER INSURANCE COMPANY, although it had investigated and was in possession of sufficient facts to make a determination, unduly and unreasonably delayed providing any written notice disclaiming liability or denying coverage, in writing, for

more than 14 months to T.F.D. BUS CO., INC. and/or MICHAEL A. THOMAS assuming that such written notice was ever provided.

51. Upon information and belief, plaintiff, LANCER INSURANCE COMPANY, although it had investigated and was in possession of sufficient facts to make a determination, unduly and unreasonably delayed providing any written notice disclaiming liability or denying coverage, in writing, for more than 20 months to claimants and injured parties, THOMAS E. LYONS and CELESTE M. LYONS in that no such written notice from LANCER INSURANCE COMPANY to said claimants and injured parties has been received to date.

52. Upon information and belief, as a result of the foregoing, plaintiff should be estopped from claiming any disclaimer of liability or denial of coverage for death or bodily injury arising out of the aforementioned motor vehicle accident or allowed to enforce a purported right under its contract of insurance with its insureds or claimants based upon the equitable doctrine of laches.

53. Upon information and belief, plaintiff negligently failed to assert any such disclaimer of liability or denial of coverage for over 20 months from its receipt and notice of defendants, THOMAS E. LYONS and CELESTE M. LYONS' lawsuit for permanent serious personal injuries.

54. During said time, defendants actively pursued their lawsuit and upon information and belief, defendants, T.F.D.

BUS CO., INC. and MICHAEL A. THOMAS, participated in said litigation with the approval and direction of plaintiff and/or its legal counsel who appeared at numerous court proceedings and during a hearing to determine an assessment of damages. In fact, defendants, THOMAS E. LYONS and CELESTE M. LYONS, were served during these proceedings with legal process by plaintiff's attorney, who was also present and who also cooperated with their insureds' counsel throughout these proceedings.

55. Due to an unreasonable delay of service of a disclaimer by plaintiff, LANCER INSURANCE COMPANY, upon their insureds and the non-service of a disclaimer by plaintiff, LANCER INSURANCE COMPANY, upon defendant, THOMAS E. LYONS, the plaintiff has waived its rights under said insurance policy as to the defense of late notice and non-cooperation, if any, of their insured for "not immediately" forwarding the suit papers to plaintiff, LANCER INSURANCE COMPANY, assuming said insurance policy requires, and that said failure to forward immediately occurred.

56. Upon information and belief, plaintiff, LANCER INSURANCE COMPANY, failed to properly and/or in a timely fashion disclaim insurance coverage to defendant, T.F.D. BUS CO., INC., by written notice as soon as it was reasonably possible, contrary to their contractual obligation to do so under said policy and to the defendant, THOMAS E. LYONS, as

required to do so by law.

57. As a result of the foregoing, laches has occurred as a result of the knowledge, unreasonable delay, and/or change in position. Such estoppel or negligence has operated to prejudice the defendants herein.

58. Defendant, THOMAS E. LYONS, has no adequate remedy of law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE AND COUNTERCLAIM

59. Defendant, THOMAS E. LYONS, repeats and reiterates each and every allegation contained in paragraphs "9" through "58" with the same force and effect as if said allegations were more fully set forth at length herein.

60. That plaintiff is an insurance company conducting business within the State of New York, issuing policies of insurance which insure against liability for personal injuries and as such, said plaintiff is mandated to comply with the Insurance Law of the State of New York.

61. That plaintiff, without just cause or reasonable excuse, has failed, in writing, as soon as it was reasonably possible, to sufficiently and adequately disclaim liability, or sufficiently and adequately deny coverage under its policy to defendants, T.F.D. BUS CO., INC., MICHAEL A. THOMAS, as their insureds, and/or THOMAS E. LYONS and CELESTE M. LYONS, as injured persons and/or claimants, for death or bodily

injury arising out of a motor vehicle accident, which is more particularly set forth and described herein which occurred within the State of New York.

62. As a result of the foregoing, said plaintiff has violated Section 3420 of the Insurance Law of the State of New York and specifically subdivision (d) thereof.

63. As a result of the foregoing, said delay in providing a legally sufficient notice of disclaimer and/or denial of coverage is unreasonable as a matter of law.

64. Defendant, THOMAS E. LYONS, therefore seeks judgment declaring that plaintiff is estopped from disclaiming liability and/or coverage due to such unreasonable delay.

65. Defendant, THOMAS E. LYONS, further seek judgment declaring that plaintiff be bound to indemnify their insureds and satisfy all judgments and claims of defendants, THOMAS E. LYONS and CELESTE M. LYONS, as a result of said aforementioned motor vehicle accident described herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE AND COUNTERCLAIM

66. Defendant, THOMAS E. LYONS, repeats and reiterates each and every allegation contained in paragraphs "9" through "65" with the same force and effect as if said allegations were more fully set forth at length herein.

67. That said defendant, THOMAS E. LYONS, was willing at all times prior to the aforementioned judgment and/or jury

determination to accept the full limits of defendant, T.F.D. BUS CO. INC.'S liability insurance policy issued by plaintiff which pertained to this accident and said plaintiff refused to tender same, although duly demanded to do so.

68. Upon information and belief, plaintiff, LANCER INSURANCE COMPANY, at all times hereinafter mentioned acted in bad faith, and contrary to the best interests of its insureds.

69. As a result of the foregoing, judgment is sought declaring that regardless of any maximum limit or type of coverage set forth in the policy, plaintiff is bound to satisfy, in full, all judgments and/or claims, together with interest thereon to date of payment and any costs and disbursements incurred by defendants, THOMAS E. LYONS and CELESTE M. LYONS, which said defendants recovered and/or for which defendants sought recovery.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

70. Defendant, THOMAS E. LYONS, repeats and reiterates each and every allegation contained in paragraphs "9" through "69" with the same force and effect as if said allegations were more fully set forth at length herein.

71. That following the recovery of a judgment against the insureds of plaintiff, plaintiff without just cause has refused to satisfy said judgment and defendant, THOMAS E. LYONS, has been required to retain counsel to defend his

rights in this lawsuit and to recover his judgment against plaintiff as a result of plaintiff's wrongful refusal to satisfy same.

72.   Defendant, THOMAS E. LYONS, seeks attorneys fees pursuant to applicable case and statutory law including but not limited to General Business Law, Insurance Law of the State of New York, and CPLR Section 8303(a).

WHEREFORE, defendant, THOMAS E. LYONS, demands judgment against the plaintiff dismissing plaintiff's complaint, and

On their first, second and fourth counterclaims,

(a)   judgment in their favor and against plaintiff declaring that plaintiff is estopped from disclaiming liability and/or coverage due to such unreasonable delay in providing notice of disclaimer of liability and/or coverage, and

(b)   further judgment in their favor and against plaintiff declaring that plaintiff is bound to indemnify their insureds, T.F.D. BUS CO., INC. and MICHAEL A. THOMAS, and satisfy all judgment(s), award(s), verdict(s), and/or claim(s), including interest thereon from December 17, 1992, together with costs, and disbursements awarded to defendant, THOMAS E. LYONS, as a result of their aforementioned motor vehicle accident entitled **THOMAS E. LYONS and CELESTE M. LYONS v. MICHAEL A. THOMAS and T.F.D. BUS CO., INC.**, Index #92-14941, Westchester County Supreme Court, together with

reasonable attorneys fees incurred by defendant, THOMAS E.

LYONS, and any costs and disbursements incurred by said

defendants in this lawsuit and such other and further relief

as to the Court may deem just and proper under the

circumstances.


Dated: July 1, 1999

EDWARD J. CARROLL, ESQ.
Attorney for Defendant -
Thomas E. Lyons
2733 Route 209
Kingston, New York 12401
(914) 338-5977


TO:   LAW OFFICES OF JOHN A. PETRILLI
      Attorneys for Plaintiff
      370 West Park Avenue
      Long Beach, New York 11561
       Att: Laleh Hawa, Esq.

      ANDREW C. RISOLI, ESQ.
      Attorney for Defendant - T.F.D. Bus Co., Inc.
      277 Broadway
      New York, New York 10007

      ADAM SEIDEN, ESQ.
      9 West Prospect Avenue, Suite 403
      Mt. Vernon, New York 10550

      MILBER, MAKRIS, PLOUSADIS & SEIDEN, L.L.P.
      Attorneys for Defendant - Celeste M. Lyons
      50 Charles Lindbergh Blvd.
      Suite 400
      Uniondale, New York 11553

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X

LANCER INSURANCE COMPANY,

                      Plaintiff,

      -  against -

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS, and CELESTE M. LYONS,

                  Defendants.
------------------------------------------------------------------X

Index No. 99-7146

**VERIFIED ANSWER TO
AMENDED VERIFIED
COMPLAINT WITH
<u>COUNTERCLAIMS</u>**

Defendant CELESTE M. LYONS, by her attorneys, Milber, Makris Plousadis & Seiden,

L.L.P., answers the plaintiff's Amended Verified Complaint ("the Complaint"), upon

information and belief, as follows:

1.  Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraphs "1", "2", "3", and "4" of the Complaint.

2.  Denies each and every allegation contained in paragraphs "7", "8", "9","10", "11",

"12" and "13" of the Complaint, except admits that annexed to the Complaint are pleadings from

a lawsuit commenced by Thomas E. Lyons and Celeste M. Lyons against Michael A. Thomas

and T.F.D. Bus Co., Inc., and would respectfully refer to the original pleadings for their true and

complete terms.

3.  Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph "14" of the Complaint.

4.  Denies each and every allegation contained in paragraphs "15" of the Complaint,

except admits that Thomas E. Lyons and Celeste M. Lyons obtained a judgment against Michael

A. Thomas and T.F.D. Bus Co., Inc., and would respectfully refer to the original judgment for its

true and complete terms, and would further respectfully refer all questions to this Court for its ultimate determination.

## AS AND TO THE FIRST CAUSE OF ACTION

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "16", "17", "18", "19", and "20" of the Complaint, and would respectfully refer to the plaintiff's insurance policy, the Order of Justice Friedman and the notice for their true and complete terms, would further respectfully refer all questions to this Court for its ultimate determination.

6. Denies each and every allegation contained in paragraphs "21" of the Complaint, except admit that Thomas E. Lyons and Celeste M. Lyons obtained a judgment against Michael A. Thomas and T.F.D. Bus Co., Inc., and would respectfully refer to the original judgment for its true and complete terms, and would further respectfully refer all questions to this Court for its ultimate determination.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint with respect to notice provided by Thomas E. Lyons or counsel for Thomas E. Lyons and Celeste M. Lyons.

8. Denies each and every allegation contained in paragraphs "23" and "24" of the Complaint, except admits that Thomas E. Lyons and Celeste M. Lyons obtained a judgment against Michael A. Thomas and T.F.D. Bus Co., Inc., which was served by certified mail, and would respectfully refer to the original judgment for its true and complete terms, and would further respectfully refer all questions to this Court for its ultimate determination.

2

9.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "25", "26", "27", "28", "29", "30", "31", "32", "33", "34" "35" and "36" of the Complaint and would respectfully refer to the plaintiff's insurance policy its true and complete terms, and would further respectfully refer all questions to this Court for its ultimate determination.

10.  Denies each and every allegation contained in paragraphs "37", "38" and "39" of the Complaint.

## AS AND TO THE SECOND CAUSE OF ACTION

11. Repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "40" of the Complaint as though more fully set forth herein.

12.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" and would respectfully refer to the original police report for its true and complete terms.

13.  Denies each and every allegation contained in paragraphs "42" of the Complaint and would further respectfully refer all questions to this Court for its ultimate determination.

14.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint with respect to notice provided by Thomas E. Lyons or counsel for Thomas E. Lyons and Celeste M. Lyons.

15.  Denies each and every allegation contained in paragraph "44" of the Complaint, except admits that Thomas E. Lyons and Celeste M. Lyons obtained a judgment against Michael

A. Thomas and T.F.D. Bus Co., Inc., and would respectfully refer to the original judgment for its true and complete terms.

16.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint.

17.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint with respect to notice provided by counsel for Celeste M. Lyons.

18. Denies each and every allegation contained in paragraphs "47" and "48"of the Complaint, except admits that Thomas E. Lyons and Celeste M. Lyons obtained a judgment against Michael A. Thomas and T.F.D. Bus Co., Inc., which was served by certified mail, and would respectfully refer to the original judgment for its true and complete terms.

19.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint.

20.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint with respect to notice provided by counsel for Celeste M. Lyons or someone else on behalf of Celeste M. Lyons.

21.   Denies each and every allegation contained in paragraphs "51" of the Complaint, except admits that Thomas E. Lyons and Celeste M. Lyons obtained a judgment against Michael A. Thomas and T.F.D. Bus Co., Inc., and would respectfully refer to the original judgment for its true and complete terms, and would further respectfully refer all questions of law to this Court for its ultimate determination.

22. Denies each and every allegation contained in paragraphs "52", "53", "54", "55" and "56" of the Complaint.

4

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. If the plaintiff has been damaged as alleged herein, which damage is expressly denied, then said damage was caused solely by virtue of the conduct of others over whom this answering defendant exercised no control.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. If the plaintiff has sustained any damage as alleged herein, which damage is expressly denied, then all such damage would have been caused and/or brought about, in whole or in part, by the affirmative wrongdoing, fault, poor business judgment, negligence, and failure of due care (hereinafter "culpable conduct") of the plaintiff and its agents, and any recovery should be thereby diminished in the proportion which the plaintiff's culpable conduct bears to the conduct which caused the alleged damage.

## AS AND FOR THIRD AFFIRMATIVE DEFENSE

25. Whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged herein, were the result of the plaintiff's assumption of the risk in realizing and knowing the hazards and dangers thereof in assuming all the risks necessary incidental to such an undertaking.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26.   The plaintiff may not maintain each of their causes of action under the equitable principles of unclean hands, laches, privity, waiver, and estoppel.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF

27.   Upon information and belief, plaintiff issued automobile insurance policy no. BA121448 to T.F.D. Bus Co., Inc.

28.   Upon information and belief, plaintiff defended T.F.D. Bus Co., Inc. and Michael A. Thomas under automobile insurance policy no. BA121448 in connection with a lawsuit commenced against them by Thomas E. Lyons and Celeste M. Lyons in the Supreme Court, Westchester County, Index No. 124941/92.

29.   Upon information and belief, Thomas E. Lyons and Celeste M. Lyons obtained a money judgment against Michael A. Thomas and T.F.D. Bus Co., Inc. in connection with a lawsuit commenced by them against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92.

30.   Plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas in connection with the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92.

31.   Plaintiff is obligated to satisfy the money judgment the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D.

6

Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index N

124941/92.

32.   Plaintiff has refused to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas

otherwise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons

connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in th

Supreme Court, Westchester County, Index No. 124941/92.

33.   As a result, a justifiable controversy exists between plaintiff and Celeste M. Lyon

concerning the plaintiff's indemnity obligations to T.F.D. Bus Co., Inc. and Michael A. Thomas o

the plaintiff's obligations to satisfy the money judgment obtained by Thomas E. Lyons and Celest

M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A

Thomas in the Supreme Court, Westchester County, Index No. 124941/92.

34.   Celeste M. Lyons has no adequate remedy of law.

35.   Therefore, Celeste M. Lyons respectfully requests this Court to render a declaratory

judgment, pursuant to CPLR §3001, that plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and

Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and

Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and

Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.


## AS AND FOR A SECOND COUNTERCLAIM
## AGAINST PLAINTIFF


36.   Celeste M. Lyons repeats, reiterates and realleges each and every allegation set forth

in paragraphs "27" through "35" as if fully set forth herein.

37.   Plaintiff was provided with timely notice of the lawsuit commenced by Thomas E. Lyons and Celeste M. Lyons against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92.

38.   Regardless, plaintiff's denial of indemnity coverage with respect to the lawsuit commenced by Thomas E. Lyons and Celeste M. Lyons against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92, was untimely under New York Insurance Law §3420.

39.   Plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas in connection with the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

40.   Plaintiff is obligated to satisfy the money judgment the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

41.   Plaintiff has refused to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

42.   As a result, a justifiable controversy exists between plaintiff and Celeste M. Lyons concerning the plaintiff's indemnity obligations to T.F.D. Bus Co., Inc. and Michael A. Thomas on the plaintiff's obligations to satisfy the money judgment obtained by Thomas E. Lyons and Celeste

M. Lyons in connection with a lawsuit commenced against T.D. Bus Co., Inc. and Michael A.

Thomas in the Supreme Court, Westchester County, Index No.124941/92.

43.     Celeste M. Lyons has no adequate remedy of law.

44.     Therefore, Celeste M. Lyons respectfully requests this Court to render a declaratory

judgment, pursuant to CPLR §3001, that plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and

Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and

Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and

Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.


## AS AND FOR A THIRD COUNTERCLAIM
## AGAINST PLAINTIFF


45.     Celeste M. Lyons repeats, reiterates and realleges each and every allegation set forth

in paragraphs "27" through "44" as if fully set forth herein.

46.     Plaintiff has waived or is estopped from denying indemnity coverage in connection

with the lawsuit commenced by Thomas E. Lyons and Celeste M. Lyons against T.F.D. Bus Co.,

Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92.

47.     Plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas in

connection with the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in

connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the

Supreme Court, Westchester County, Index No.124941/92.

48.     Plaintiff is obligated to satisfy the money judgment the money judgment obtained by

Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D.

Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

49.    Plaintiff has refused to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

50.    As a result, a justifiable controversy exists between plaintiff and Celeste M. Lyons concerning the plaintiff's indemnity obligations to T.F.D. Bus Co., Inc. and Michael A. Thomas oor the plaintiff's obligations to satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

51.    Celeste M. Lyons has no adequate remedy of law.

52.    Therefore, Celeste M. Lyons respectfully requests this Court to render a declaratory judgment, pursuant to CPLR §3001, that plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No.124941/92.

## AS AND FOR A FOURTH COUNTERCLAIM
## AGAINST PLAINTIFF

53.    Celeste M. Lyons repeats, reiterates and realleges each and every allegation set forth in paragraphs "27" through "52" as if fully set forth herein.

54.     Celeste M. Lyons and T.F.D. Bus Co., Inc. are consumers as contemplated by Section 349 of the General Business Law.

55.     Plaintiff has engaged in acts and practices likely to mislead a reasonable consumer including Celeste M. Lyons.

56.     Upon information and belief, plaintiff issued to hundreds, if not thousands, of other consumers, automobile liability policies similar to the policy issued to T.F.D. Bus Co., Inc.

57.     Plaintiff's conduct was and is of a recurring nature and is harmful to the public at large.

58.     Plaintiff has no legitimate reason for refusing to provide indemnity coverage to T.F.D. Bus Co., Inc. and Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92, and its refusal to do so is a breach of its implied duty of good faith and fair dealing, and operated to unreasonably deprive Celeste M. Lyons of her insurance coverage.

59.     Plaintiff's conduct was malicious, fraudulent and/or otherwise evidenced a gross disregard and/or a reckless or conscious disregard of Celeste M. Lyons' rights actuated by evil and reprehensible motives.

60.     As a result, Celeste M. Lyons seeks compensatory damages in an amount to be determined at trial, punitive damages in the amount of $1,000,000, statutory penalties, and attorneys' fees.

## AS AND FOR A FIFTH COUNTERCLAIM
## AGAINST PLAINTIFF

61.     Celeste M. Lyons repeats, reiterates and realleges each and every allegation set forth in paragraphs "27" through "60" as if fully set forth herein.

62.     Plaintiff's refusal to provide indemnity coverage to T.F.D. Bus Co., Inc. and Michael A. Thomas or otherwise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester County, Index No. 124941/92, represents a course of conduct that is part of a pattern of similar conduct directed at the public generally and involves such wanton dishonesty as to imply or evidence a criminal indifference to its civil obligations.

63.     Celeste M. Lyons has been aggrieved and victimized by plaintiff's tortious conduct.

64.     Plaintiff has acted in bad faith towards Celeste M. Lyons and the public at large, in breach of its contractual obligations.

65.     By reason of the foregoing, Celeste M. Lyons seeks compensatory damages in an amount to be determined at trial and punitive damages in the amount of $1,000,000.

WHEREFORE, Celeste M. Lyons demands judgment:

(A)     Dismissing the Complaint; and

(B)     Awarding her declaratory judgment on the counterclaims that plaintiff is obligated to indemnify T.F.D. Bus Co., Inc. and Michael A. Thomas or other wise satisfy the money judgment obtained by Thomas E. Lyons and Celeste M. Lyons in connection with a lawsuit commenced against T.F.D. Bus Co., Inc. and Michael A. Thomas in the Supreme Court, Westchester, Index No.124941/92; and

12

(C) Awarding her the legal fees, costs and disbursements of this action; and

(D)   Awarding her such other and further relief that this Court may deem just and proper.

DATED:      Uniondale, New York
            June 30, 1999

                                          Yours, etc.

                                          MILBER, MAKRIS  PLOUSADIS
                                          & SEIDEN, L.L.P.

                                          By: _____
                                              Dean L. Milber
                                          Attorneys for Celeste M. Lyons
                                          50 Charles Lindbergh Boulevard
                                          Uniondale, New York 11553
                                          (516) 229-2236

TO:    Law Offices of John A. Petrilli
       370 West Park Avenue
       Long Beach, NY 11561

       Edward J. Carroll, Esq.
       2733 Route 209
       Kingston, NY  12401

       Andrew C. Risoli, Esq.
       277 Broadway
       New York, NY  10007

13

## VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

DEAN L. MILBER, being duly sworn, deposes and says that he is a member of the law firm of Milber Makris Plousadis & Seiden, L.L.P., counsel for Celeste M. Lyons, defendant in the within action, and makes this verification pursuant to CPLR 3020(d)(3). Defendant is not within the county where deponent has his office. Deponent has read the foregoing Verified Answer to Amended Verified Complaint with Counterclaims and knows the contents thereof; that the same is true on the basis of information and belief, based upon books and records in the possession of deponent and conversations with defendant.

DEAN L. MILBER

Sworn to before me this
30th day of June, 1999.

Notary Public
JAMES PLOUSADIS
Notary Public, State of New York
No. 02PL4884459
Qualified in Westchester County
Commission Expires Jan. 5, 20 0 1