UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

THOMAS E. LYONS and CELESTE M. LYONS,    AFFIDAVIT
                                          IN OPPOSITION
           Plaintiffs,
  -against-
                                          Civil Action
LANCER INSURANCE COMPANY,                Case No. 07-CV-7095

           Defendant.
----------------------------------------x
STATE OF NEW YORK)
COUNTY OF ULSTER )ss.:

**EDWARD J. CARROLL**, being duly and sworn, deposes and says:

1. Your deponent is an attorney, duly admitted to practice law in the United States District Court of the Southern District of New York. That your deponent represented the plaintiffs in the underlying personal injury lawsuit entitled *Lyons v. T.F.D. Bus Co. Inc. and Michael Thomas*, Supreme Court of the State of New York, County of Westchester; the declaratory judgment action entitled *Lancer v. T.F.D. Bus Co. Inc., et al*, Supreme Court of the State of New York, County of Nassau and I represent the plaintiffs in the above entitled Federal action. As a result of the foregoing, your deponent makes this affidavit on personal knowledge of the facts and circumstances of the foregoing litigation.

2. This affidavit, the annexed exhibits and plaintiffs' accompanying memorandum of law are all submitted in opposition to LANCER INSURANCE COMPANY'S motion, made pursuant to Rule 12 of the FRCP, seeking an Order of

Dismissal of Plaintiffs' Complaint upon the grounds that this action is barred by the doctrines of res judicata and collateral estoppel. That your deponent repeats and reiterates the content of plaintiffs' annexed Memorandum of Law with the same force and effect as if its content were fully set forth at length herein, under oath.

3. LANCER concedes that plaintiffs' complaint states a cause of action, but contends, as a basis for its motion, that plaintiffs' complaint is barred by the doctrines of collateral estoppel and/or res judicata.

4. Roy W. Vasile, Esq., in his affidavit, at paragraph 4, "…asserts that the issues sought to be litigated in this action were - or should have been – litigated in the prior action between these same parties". Defense counsel's arguments are not supported by the record.

5. The prior State litigation determined only whether there was <u>coverage under the policy</u> issued by LANCER to T.F.D. In contrast, plaintiffs' instant lawsuit concerns the plaintiffs' rights, as injured third parties, against LANCER, as a surety, <u>under federal law and the MCS-90 endorsement</u> issued to T.F.D. as an interstate carrier. LANCER'S liability to the plaintiffs arises not from the provisions of the policy, but as a result of an independent endorsement identified as a MCS-90 which is required by the Federal Bus Regulatory Reform Act of 1982, the Motor Carrier Act of 1980, and related federal statutory law and/or regulations enacted by federal agencies.

6. The only relief which was sought in the prior state litigation, by LANCER, T.F.D. BUS CO., INC., or plaintiffs, was a judicial determination as to whether there

- 2 -

was <u>coverage under the insurance policy</u> issued by LANCER to T.F.D. and the related issue of whether <u>LANCER'S disclaimer to T.F.D. was timely.</u> The State Courts determined that the disclaimer to T.F.D. by LANCER was timely, and therefore there was <u>no coverage under the policy.</u> Therefore, LANCER, <u>under the policy</u>, was not obligated to defend or indemnify T.F.D. or THOMAS in the underlying action (see the Decision and Order of the Supreme Court, Appellate Division, 2nd Judicial Department, at page 2, annexed hereto and made a part hereof as Exhibit "C" at Exhibit "C".)

7. Plaintiffs' Federal complaint, in contrast to the causes of action raised and the relief sought in the State litigation, seeks a judicial determination as to whether LANCER, as a federal statutory surety, is responsible for the satisfaction of plaintiffs' judgments under the terms and limitations of an independent endorsement known as MCS-90. LANCER'S action for a declaratory judgment in the State Courts was commenced on or about June 5, 1999. At that time, plaintiffs' cause of action set forth in their Federal complaint, had not yet accrued, nor had it been triggered since 1) plaintiffs had not yet obtained final monetary judgments against T.F.D., and 2) the State Courts had not yet reached a final judicial determination that LANCER'S insurance policy did not provide coverage to their insured, T.F.D.

8. LANCER'S complaint in the State Courts sought the following relief:

*WHEREFORE, LANCER INSURANCE COMPANY,*

- 3 -

> *demands judgment declaring that <u>the policy</u> provided to defendants T.F.D. BUS and MICHAEL by LANCER <u>does not provide coverage</u> for this incident; that LANCER has <u>no duty to defend</u> T.F.D. BUS or MICHAEL, in the underlying action; that LANCER has <u>no duty to indemnify</u> T.F.D. Bus or MICHAEL for any judgments awarded against them in the underlying action; and, for such other and further relief as the Court deems just and proper.*

**(Emphasis added)**

9. Both plaintiffs and LANCER sought relief in the State Court actions which related solely to whether there was <u>coverage under the policy</u>, and whether LANCER'S <u>disclaimer was timely so as to deny such coverage</u>.

10. The doctrines of res judicata and collateral estoppel should not be imposed by this Court (1) since neither LANCER nor the plaintiffs previously litigated, in the State Courts those same facts and issues which are now being prosecuted, and (2) the State Courts have never decided the same facts and issues which are presently before this Court.

11. This is especially true in that the cause of action which forms the basis of the instant Federal litigation had not yet accrued when the State litigation was pending.

12. This affidavit submits the following documents in opposition to LANCER'S Motion to Dismiss this action on the ground that it is barred by res

- 4 -

judicata and collateral estoppel:

    i. A copy of LANCER'S Summons and Complaint and Amended Complaint are annexed hereto and made a part hereof as LYONS Exhibit "A".

    ii. A copy of LANCER'S MCS-90 endorsement is annexed hereto and made a part hereof as LYONS Exhibit "B".

    iii. A copy of LYONS' Federal Summons and Verified Complaint is annexed hereto and made a part hereof as LYONS Exhibit "C".

    iv. A copy of LANCER'S Appellate Brief is annexed hereto and made a part hereof as LYONS Exhibit "D".

13. The accompanying memorandum addresses the legal principles upon which the plaintiffs oppose defendant's application.

14. Contrary to defense counsel's claims, the only time that the MCS-90 endorsement was mentioned, was on Appeal. The only reason that this endorsement was mentioned was in an effort to convince the Appellate Court that LANCER'S disclaimer, under the policy, was untimely. Defense counsel emphatically objected, in that the direct issue of the MCS-90 endorsement was never raised at the trial level in the State litigation, and therefore, the appellate record did not support such an argument.

15. Notwithstanding the foregoing, now that such a cause of action has accrued, the prior State litigation involving different facts and issues should not preclude the prosecution of plaintiffs' complaint.

WHEREFORE, for all the foregoing reasons, it is respectfully submitted that defendant's motion to dismiss plaintiffs' complaint upon the grounds of res judicata and collateral estoppel, should be in all respects denied, together with such other and s

further relief as to this Court shall deem just and proper.

_____
EDWARD J. CARROLL

Sworn to before me this
3rd day of January, 2008.

_____
NOTARY PUBLIC

Debra L. Leacock
Notary Public, State of New York
Qualified in Ulster County
Commission Expires January 14, 2011

- 6 -