SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------x

LANCER INSURANCE COMPANY

Plaintiff,

-against-

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

Defendants.

------------------------------------------------------------x

Index No.

Date Filed:

The basis of venue is
Plaintiff's residence
**Summons**

Plaintiff's Residence:
370 West Park Avenue
Long Beach, NY 11561

County of Nassau

To The Above Named Defendant

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 16, 1999

Defendant(s) address:

T.F.D. Bus Co., Inc.
215 S. 11th Avenue
Mt. Vernon, NY 10550

Michael A. Thomas
243 3rd Avenue
Mt. Vernon, NY 10550

Celeste M. Lyons
38 Moulton Avenue
Dobbs Ferry, NY 10522

LALEH HAWA
**LAW OFFICES OF JOHN A. PETRILLI**
*Attorneys for* Plaintiff
370 West Park Avenue
Long Beach, New York 11561
(516) 431-6092

ALL SUMMONSES MUST HAVE DATE FILED.

**R 99**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
LANCER INSURANCE COMPANY,

                            Plaintiff,

        - against -
                                                    **VERIFIED COMPLAINT**
T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

                            Defendants.
---------------------------------------------------------------X

        Plaintiff, LANCER INSURANCE COMPANY, through its attorneys, the Law Offices

of John A. Petrilli, hereby seeks a declaration of rights and obligations of the parties, and in

furtherance thereof, alleges and shows to the Court as follows:

        1.        At all times mentioned herein, plaintiff, LANCER INSURANCE

COMPANY ("LANCER"), is an Illinois Corporation duly authorized to conduct business

in the State of New York and maintains its principal offices in Long Beach, New York.

        2.        At all times mentioned herein, defendant, T.F.D.  BUS CO. INC.

("T.F.D. BUS"), is a domestic corporation duly authorized to transact business in the State

of New York.

        3.        At all times mentioned herein, defendant, T.F.D. BUS, is a foreign

corporation duly authorized to transact business in the State of New York.

        4.        At all times mentioned herein, defendant, MICHAEL A. THOMAS

("MICHAEL") is a natural person residing in the State of New York.

R 50

5.    At all times mentioned herein, defendant, THOMAS E. LYONS ("THOMAS") is a natural person residing in the State of New York.

6.    At all times mentioned herein, defendant, CELESTE M. LYONS ("CELESTE") is a natural person residing in the State of New York.

7.    This declaratory judgment action has been commenced as a result of a lawsuit which has been commenced in the Supreme Court, Westchester County, Index No. 124941/92, entitled:

---

THOMAS E. LYONS and CELESTE M. LYONS,

Plaintiffs,

- against -

MICHAEL A. THOMAS and T.F.D BUS CO., INC.

Defendants.

---

A true photostatic copy of the summons and complaint is annexed hereto and made a part hereof which sets forth two alleged causes of action in negligence for injuries and damages sustained by plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS.

8.    It has been alleged that, on February 14, 1989, T.F.D. BUS owned a 1975 Ford Bus which was being driven by MICHAEL with T.F.D. BUS' permission.

9.    It has been alleged that, on February 14, 1989, the 1975 Ford Bus owned by T.F.D. BUS and driven by MICHAEL was involved in an automobile accident with a vehicle owned and operated by defendants THOMAS and CELESTE.

10.     It has been alleged that THOMAS sustained personal injuries as a result of the incident described herein.

11.     It has been alleged that CELESTE sustained damages for the loss of services of her husband THOMAS.

12.     THOMAS and CELESTE, the plaintiffs in the underlying action are seeking monetary damages against T.F.D. BUS and MICHAEL as a result of this incident.

13.     LANCER provided an automobile liability policy to T.F.D. BUS CO., INC. for the vehicle involved in this accident under policy number BA121448.

14.     As conditions precedent to coverage, said policy provided, inter alia:

**2. DUTIES IN THE EVENT OF AN ACCIDENT, CLAIM, SUIT OR LOSS**

> a.  **In the event of "accident", "claim", or "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:**
>
> **(1) How, when and where the "accident" or "loss" occurred;**
>
> **(2) The "insured's" name and address; and**
>
> **(3) To the extent possible, the names and addresses of any injured persons and witnesses.**
>
> b.  **Additionally, you and any other involved insured must:**
>
> **(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.**
>
> **(2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or "suit."**

R 52

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit."

15.          Pursuant to Order of Supreme Court, Westchester County, Justice Robert James Friedman, on November 11, 1998, T.F.D. BUS was found to have been properly served with the summons and complaint in the underlying personal injury action on August 7, 1992.

16.          The first time LANCER received notice of this lawsuit was on September 8, 1997.

17.          The underlying action was tendered to LANCER for defense and indemnification by counsel for T.F.D. BUS and MICHAEL on September 8, 1997, five years after T.F.D. BUS was served with the summons and complaint.

18.          LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not "immediately" forward the summons and complaint they received to LANCER.

19.          LANCER has disclaimed coverage for this suit under policy number BA121448 since MICHAEL did not "immediately" forward the summons and complaint they received to LANCER.

20.          LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not cooperate with LANCER in the defense of this lawsuit.

21.          LANCER has disclaimed coverage for this suit under policy number

BA121448 since MICHAEL did not cooperate with LANCER in the defense of this lawsuit.

22.        An actual controversy exists between LANCER and the defendants, T.F.D BUS and MICHAEL since they breached the conditions precedent set forth in said policy of insurance by not immediately giving notice and/or forwarding the summons and complaint to LANCER and by not cooperating with LANCER.

23.        The individual defendants have been made parties to this lawsuit by reason of their potential or actual standing to collect monies from LANCER.

24.        LANCER has no adequate remedy at law.

WHEREFORE, LANCER INSURANCE COMPANY, demands judgment declaring that the policy provided to defendants T.F.D. BUS and MICHAEL by LANCER does not provide coverage for this incident; that LANCER has no duty to defend T.F.D. BUS or MICHAEL, in the underlying action; that LANCER has no duty to indemnify T.F.D. BUS or MICHAEL for any judgments awarded against them in the underlying action; and for such other and further relief as the Court deems just and proper

Dated:        Long Beach, New York
              February 22, 1999

                              LAW OFFICES OF JOHN A. PETRILLI

                              *Attorneys for* Plaintiff
                              370 West Park Avenue
                              Long Beach, New York 11561
                              (516) 431-6092
                              BY: _____
                                   LALEH HAWA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------X
LANCER INSURANCE COMPANY,

Plaintiff,

- against -

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

Defendants.
-------------------------------------------------------------X

**AMENDED VERIFIED
COMPLAINT**

RECEIVED

JUN   9 1999

BY:---------------------

Plaintiff, LANCER INSURANCE COMPANY, through its attorneys, the Law Offices

of John A. Petrilli, hereby seeks a declaration of rights and obligations of the parties, and in

furtherance thereof, alleges and shows to the Court as follows:

1.      At all times mentioned herein, plaintiff, LANCER INSURANCE

COMPANY ("LANCER"), is an Illinois Corporation duly authorized to conduct business

in the State of New York and maintains its principal offices in Long Beach, New York.

2.      At all times mentioned herein, defendant, T.F.D.  BUS CO. INC.

("T.F.D. BUS"), is a domestic corporation duly authorized to do business in the State of New

York.

3.      At all times mentioned herein, defendant, T.F.D. BUS, is a foreign

corporation duly authorized to transact business in the State of New York.

4.      At all times mentioned herein, defendant, MICHAEL A. THOMAS

("MICHAEL") is a natural person residing in the State of New York.

5.      At all times mentioned herein, defendant, THOMAS E. LYONS ("THOMAS") is a natural person residing in the State of New York.

6.      At all times mentioned herein, defendant, CELESTE M. LYONS ("CELESTE") is a natural person residing in the State of New York.

7.      This declaratory judgment action has been commenced as a result of a lawsuit which was commenced in the Supreme Court, Westchester County, Index No. 124941/92, entitled:

--------------------------------------------------------------

THOMAS E. LYONS and CELESTE M. LYONS,

Plaintiffs,

- against -

MICHAEL A. THOMAS and T.F.D BUS CO., INC.

Defendants.

--------------------------------------------------------------

A true photostatic copy of the summons and complaint is annexed hereto and made a part hereof which sets forth two alleged causes of action in negligence for injuries and damages sustained by plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS. .

8.      Defendants THOMAS and CELESTE commenced the underlying bodily injury action in or about August of 1992, approximately six (6) months after the expiration of the applicable statute of limitations.

9.      It has been alleged that, on February 14, 1989, T.F.D. BUS owned a 1975 Ford Bus which was being driven by MICHAEL with T.F.D. BUS' permission.

10.     It has been alleged that, on February 14, 1989, the 1975 Ford Bus owned by T.F.D. BUS and driven by MICHAEL was involved in an automobile accident with a vehicle owned and operated by defendants THOMAS and CELESTE.

11.     It has been alleged that THOMAS sustained personal injuries as a result of the incident described herein.

12.     It has been alleged that CELESTE sustained damages for the loss of services of her husband THOMAS.

13.     THOMAS and CELESTE, the plaintiffs in the underlying action sought monetary damages against T.F.D. BUS and MICHAEL as a result of this incident.

14.     The first time LANCER received notice of a claim that defendant, THOMAS allegedly sustained personal injuries or that defendant, CELESTE, allegedly sustained damages for loss of service of her husband, as the result of a motor vehicle accident which occurred on February 14, 1989, was on September 8, 1997.

15.     Upon information and belief, a judgment in the amount of $2,416,579.00 has been rendered against T.F.D. BUS and MICHAEL in favor of THOMAS and CELESTE.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST T.F.D. BUS CO., INC., MICHAEL A. THOMAS THOMAS E. LYONS AND CELESTE M. LYONS

16.     LANCER provided an automobile liability policy to T.F.D. BUS CO., INC. for the vehicle involved in this accident under policy number BA121448.

17.     As conditions precedent to coverage, said policy provided, inter alia:

2.     **DUTIES IN THE EVENT OF AN ACCIDENT, CLAIM, SUIT OR LOSS**

    a.     **In the event of "accident", "claim", or "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:**

        **(1) How, when and where the "accident" or "loss" occurred;**

        **(2) The "insured's" name and address; and**

        **(3) To the extent possible, the names and addresses of any injured persons and witnesses.**

    b.     **Additionally, you and any other involved insured must:**

        **(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.**

        **(2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or "suit."**

        **(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit."**

\* \* \*

18.     Pursuant to Order of Supreme Court, Westchester County, Justice Robert James Friedman, on November 11, 1998, T.F.D. BUS was found to have been properly served with the summons and complaint in the underlying personal injury action on August 7, 1992.

19.     Defendant, T.F.D. BUS did not give LANCER notice of the

aforementioned bodily injury suit commenced by THOMAS and CELESTE until September 8, 1997.

20.         Defendant MICHAEL did not give LANCER notice of the aforementioned bodily injury suit commenced by THOMAS and CELESTE until September 8, 1997.

21.         Defendants THOMAS and CELESTE obtained a judgment of liability against T.F.D. BUS and MICHAEL in or around January of 1993.

22.         Defendants, THOMAS and CELESTE and/or their attorneys, at no time notified plaintiff, LANCER, of the commencement of a bodily injury suit against T.F.D. BUS and MICHAEL.

23.         Defendants THOMAS and CELESTE obtained a default judgment against defendants, T.F.D. BUS and MICHAEL in or around December of 1992.

24.         Defendants THOMAS and CELESTE served the aforesaid judgment of liability upon T.F.D. BUS and MICHAEL on January 21, 1993 via certified mail.

25.         Defendant T.F.D. BUS was in receipt of the aforesaid judgment of liability on or around January 21, 1993.

26.         Defendant MICHAEL was in receipt of the aforesaid judgment of liability on or around January 21, 1993.

27.         Defendant, T.F.D. BUS, did not advise nor give any type of notice to plaintiff, LANCER, that it had received a judgment of liability.

28.         Defendant, MICHAEL, did not advise nor give any type of notice to

plaintiff, LANCER, that he had received a judgment of liability.

29.      LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not "immediately" forward the summons and complaint it received to LANCER.

30.      LANCER has disclaimed coverage for this suit under policy number BA121448 since MICHAEL did not "immediately" forward the summons and complaint it received to LANCER.

31.      LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not forward subsequent "legal papers" received by it, to wit: judgment of liability, to LANCER.

32.      LANCER has disclaimed coverage for this suit under policy number BA121448 since MICHAEL did not forward subsequent "legal papers" received by him, to wit: judgment of liability, to LANCER.

33.      LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS undertook the defense of this matter by retaining the services of an attorney without prior notice to LANCER.

34.      LANCER had disclaimed coverage for this suit under policy number BA121448 since MICHAEL undertook the defense of this matter by retaining the services of an attorney without prior notice to LANCER.

35.      LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not cooperate with LANCER in the defense of this lawsuit.

36.        LANCER has disclaimed coverage for this suit under policy number BA121448 since MICHAEL did not cooperate with LANCER in the defense of this lawsuit.

37.        An actual controversy exists between LANCER and the defendants, T.F.D. BUS and MICHAEL since they breached the conditions precedent set forth in said policy of insurance by not immediately giving notice and/or forwarding the summons and complaint to LANCER, by not cooperating with LANCER and by undertaking the defense of the supplementary proceedings without notice to LANCER.

38.        The individual defendants have been made parties to this lawsuit by reason of their potential or actual standing to collect monies from LANCER.

39.        LANCER has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## AS AGAINST THOMAS E. LYONS AND CELESTE M. LYONS

40.        Plaintiff, LANCER, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" herein with the same force and effect as if set forth herein at length.

41.        The insurance code on the police report, for the bus driven by MICHAEL and owned by T.F.D. BUS, in connection with this accident is 631, the insurance code allotted to plaintiff, LANCER.

42.        Defendants, THOMAS and CELESTE, and/or their attorneys knew or should have known that plaintiff, LANCER, provided an insurance policy to T.F.D. BUS, based on, among other things, the notations on the police report.

43.        Defendants, THOMAS and CELESTE and/or their attorneys, at no time notified plaintiff, LANCER, of the commencement of a bodily injury suit against T.F.D. BUS and MICHAEL.

44.        Defendants THOMAS and CELESTE obtained a default judgment against defendants, T.F.D. BUS and MICHAEL in or around December of 1992.

45.        Defendant THOMAS at no time advised plaintiff, LANCER nor gave any type of notice to LANCER, that he had obtained a default judgment against T.F.D. BUS and MICHAEL.

46.        Defendant CELESTE at no time advised plaintiff, LANCER nor gave any type of notice to LANCER, that she had obtained a default judgment against T.F.D. BUS and MICHAEL.

47.        Defendants THOMAS and CELESTE obtained a judgment of liability against T.F.D. BUS and MICHAEL in or around January of 1993.

48.        Defendants THOMAS and CELESTE served the aforesaid judgment of liability upon T.F.D. BUS and MICHAEL on January 21, 1993, via certified mail.

49.        Defendant, THOMAS, at no time advised nor gave notice of any type to plaintiff, LANCER, of the judgment of liability.

50.        Defendant, CELESTE, at no time advised nor gave notice of any type to plaintiff, LANCER, of the judgment of liability.

51.        Defendants, THOMAS and CELESTE did not proceed to obtain a money judgment for alleged injuries sustained by them as a result of the aforesaid accident

until some four (4) years after entry of a default and judgment of liability against defendants T.F.D. BUS and MICHAEL.

52.         Defendants, THOMAS and CELESTE waived their right to obtain a money judgment for any alleged damages suffered by them since they did not seek to obtain a money judgment for their alleged injuries for over four (4) years later in July of 1997.

53.         Defendants, THOMAS and CELESTE waived their right to obtain a money judgment as against LANCER since they failed to provide written notice of their claim to LANCER within a reasonable time.

54.         An actual controversy exists between the defendants THOMAS and CELESTE since they failed to give notice to LANCER of their claim.

55.         The individual defendants have been made parties to this lawsuit by reason of their potential or actual standing to collect monies from LANCER.

56.         LANCER has no adequate remedy at law.

WHEREFORE, LANCER INSURANCE COMPANY, demands judgment on the first cause of action declaring that the policy provided to defendants T.F.D. BUS and MICHAEL by LANCER does not provide coverage for this incident; that LANCER has no duty to defend T.F.D. BUS or MICHAEL, in the underlying action; that LANCER has no duty to indemnify T.F.D. BUS or MICHAEL for any judgments awarded against them in the underlying action; on the second cause of action declaring that the policy provided to defendants T.F.D BUS and MICHAEL by LANCER does not provide coverage for this incident; that LANCER has no duty to indemnify T.F.D. BUS or MICHAEL for any

judgments awarded against them in the underlying action; that defendants THOMAS and

CELESTE have no right of recovery against LANCER nor against LANCER's policy of

insurance; and, for such other and further relief as the Court deems just and proper

Dated:      Long Beach, New York
            June 5, 1999

                                    LAW OFFICES OF JOHN A. PETRILLI

                                    *Attorneys for* Plaintiff
                                    370 West Park Avenue
                                    Long Beach, New York 11561
                                    (516) 431-6092
                                    BY: _____
                                        LALEH HAWA

## CORPORATE VERIFICATION

STATE OF NEW YORK )
COUNTY OF NASSAU  )ss.:

ALI E. RIFAI, being duly sworn, deposes and says:

I am the Vice President/Secretary of LANCER INSURANCE COMPANY, one of the parties to the

action; I have read the annexed Amended Verified Complaint, know the contents thereof and the same

are true to my knowledge, except those matters therein which are stated to be alleged on information

and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not

stated upon knowledge, is based upon the following:   A review of the documents contained in the file.

LANCER INSURANCE COMPANY

**ALI E. RIFAI**
Vice President/Secretary

Sworn to before me this
7th day of June, 1999

Notary Public

CAROL A. PHILLIPS
NOTARY PUBLIC, State of New York
No. 42-01PH4911443
Qualified in Queens County
Commission Expires November 9, _199_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------x

LANCER INSURANCE COMPANY

                    Plaintiff,

    -against-

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

                    Defendants.

------------------------------------------------------------------x

Index No.
Date Filed:

The basis of venue is
Plaintiff's residence
**Summons**

Plaintiff's Residence:
370 West Park Avenue
Long Beach, NY 11561

County of Nassau

To The Above Named Defendant

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20  days after the service of this summons, ex-
clusive of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 16, 1999

Defendant(s) address:

T.F.D. Bus Co., Inc.
215 S. 11th Avenue
Mt. Vernon, NY 10550

Michael A. Thomas
243 3rd Avenue
Mt. Vernon, NY 10550

Celeste M. Lyons
38 Moulton Avenue
Dobbs Ferry, NY 10522

LALEH HAWA
**LAW OFFICES OF JOHN A. PETRILLI**
*Attorneys for* Plaintiff
370 West Park Avenue
Long Beach, New York 11561
(516) 431-6092

**ALL SUMMONSES MUST HAVE DATE FILED.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------X

LANCER INSURANCE COMPANY,

                              Plaintiff,

              - against -                                        **VERIFIED COMPLAINT**

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

                              Defendants.

------------------------------------------------------------X

     Plaintiff, LANCER INSURANCE COMPANY, through its attorneys, the Law Offices

of John A. Petrilli, hereby seeks a declaration of rights and obligations of the parties, and in

furtherance thereof, alleges and shows to the Court as follows:

    1.        At all times mentioned herein, plaintiff, LANCER INSURANCE

COMPANY ("LANCER"), is an Illinois Corporation duly authorized to conduct business

in the State of New York and maintains its principal offices in Long Beach, New York.

    2.        At all times mentioned herein, defendant, T.F.D. BUS CO. INC.

("T.F.D. BUS"), is a domestic corporation duly authorized to transact business in the State

of New York.

    3.        At all times mentioned herein, defendant, T.F.D. BUS, is a foreign

corporation duly authorized to transact business in the State of New York.

    4.        At all times mentioned herein, defendant, MICHAEL A. THOMAS

("MICHAEL") is a natural person residing in the State of New York.

5.    At all times mentioned herein, defendant, THOMAS E. LYONS ("THOMAS") is a natural person residing in the State of New York.

6.    At all times mentioned herein, defendant, CELESTE M. LYONS ("CELESTE") is a natural person residing in the State of New York.

7.    This declaratory judgment action has been commenced as a result of a lawsuit which has been commenced in the Supreme Court, Westchester County, Index No. 124941/92, entitled:

---

THOMAS E. LYONS and CELESTE M. LYONS,

Plaintiffs,

- against -

MICHAEL A. THOMAS and T.F.D BUS CO., INC.

Defendants.

---

A true photostatic copy of the summons and complaint is annexed hereto and made a part hereof which sets forth two alleged causes of action in negligence for injuries and damages sustained by plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS.

8.    It has been alleged that, on February 14, 1989, T.F.D. BUS owned a 1975 Ford Bus which was being driven by MICHAEL with T.F.D. BUS' permission.

9.    It has been alleged that, on February 14, 1989, the 1975 Ford Bus owned by T.F.D. BUS and driven by MICHAEL was involved in an automobile accident with a vehicle owned and operated by defendants THOMAS and CELESTE.

10.        It has been alleged that THOMAS sustained personal injuries as a result of the incident described herein.

11.        It has been alleged that CELESTE sustained damages for the loss of services of her husband THOMAS.

12.        THOMAS and CELESTE, the plaintiffs in the underlying action are seeking monetary damages against T.F.D. BUS and MICHAEL as a result of this incident.

13.        LANCER provided an automobile liability policy to T.F.D. BUS CO., INC. for the vehicle involved in this accident under policy number BA121448.

14.        As conditions precedent to coverage, said policy provided, inter alia:

**2. DUTIES IN THE EVENT OF AN ACCIDENT, CLAIM, SUIT OR LOSS**

> a.        **In the event of "accident", "claim", or "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:**
>
> **(1) How, when and where the "accident" or "loss" occurred;**
>
> **(2) The "insured's" name and address; and**
>
> **(3) To the extent possible, the names and addresses of any injured persons and witnesses.**
>
> b.        **Additionally, you and any other involved insured must:**
>
> **(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.**
>
> **(2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or "suit."**

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit."

15.        Pursuant to Order of Supreme Court, Westchester County, Justice Robert James Friedman, on November 11, 1998, T.F.D. BUS was found to have been properly served with the summons and complaint in the underlying personal injury action on August 7, 1992.

16.        The first time LANCER received notice of this lawsuit was on September 8, 1997.

17.        The underlying action was tendered to LANCER for defense and indemnification by counsel for T.F.D. BUS and MICHAEL on September 8, 1997, five years after T.F.D. BUS was served with the summons and complaint.

18.        LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not "immediately" forward the summons and complaint they received to LANCER.

19.        LANCER has disclaimed coverage for this suit under policy number BA121448 since MICHAEL did not "immediately" forward the summons and complaint they received to LANCER.

20.        LANCER has disclaimed coverage for this suit under policy number BA121448 since T.F.D. BUS did not cooperate with LANCER in the defense of this lawsuit.

21.        LANCER has disclaimed coverage for this suit under policy number

BA 121448 since MICHAEL did not cooperate with LANCER in the defense of this lawsuit.

22.     An actual controversy exists between LANCER and the defendants, T.F.D BUS and MICHAEL since they breached the conditions precedent set forth in said policy of insurance by not immediately giving notice and/or forwarding the summons and complaint to LANCER and by not cooperating with LANCER.

23.     The individual defendants have been made parties to this lawsuit by reason of their potential or actual standing to collect monies from LANCER.

24.     LANCER has no adequate remedy at law.

WHEREFORE, LANCER INSURANCE COMPANY, demands judgment declaring that the policy provided to defendants T.F.D. BUS and MICHAEL by LANCER does not provide coverage for this incident; that LANCER has no duty to defend T.F.D. BUS or MICHAEL, in the underlying action; that LANCER has no duty to indemnify T.F.D. BUS or MICHAEL for any judgments awarded against them in the underlying action; and, for such other and further relief as the Court deems just and proper

Dated:     Long Beach, New York
           February 22, 1999

                              LAW OFFICES OF JOHN A. PETRILLI

                              *Attorneys for* Plaintiff
                              370 West Park Avenue
                              Long Beach, New York 11561
                              (516) 431-6092
                              BY: _____
                                  LALEH HAWA

: 198—Summons with Notice, Supreme Court.
Personal or Substituted Service, 1-79

© 1972 BY JULIUS BLUMBERG, INC., PUBLISHER
82 WHITE STREET, NEW YORK, N.Y. 10013

**Supreme Court of the State of New York**

**County of    WESTCHESTER**

Index No. _____

*Plaintiff(s) designates*

**Westchester**

*County as the place of trial*

THOMAS E. LYONS and CELESTE M. LYONS,

*The basis of the venue is*
plaintiffs & defendant re-
side and/or conduct busi-
ness in Westchester County

*Plaintiff(s)*

**Summons with Notice**

*against*

MICHAEL A. THOMAS and TFD BUS CO., INC.

~~F I L E D~~

*Plaintiff(s) reside(s) at*
38 Moulton Avenue
Dobbs Ferry, N.Y. 10522

*Defendant(s)*

'SEP 25 1992

ANDREW J. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

*County of*   Westchester

o the above named Defendant(s)

**You are hereby summoned** ~~to answer the complaint~~ in this action and to serve a copy
f your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
ttorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days
ter the service is complete if this summons is not personally delivered to you within the State of New York); and in
se of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

ated,    August 24, 1992

efendant's Address: TFD Bus Co., Inc.: 215
o. 11th Ave., Mt. Vernon, N.Y.
homas: 243 3rd Ave., Mt. Vernon, N.Y.
otice: The nature of this action is   negligence

he relief sought is   monetary damages

EDWARD J. CARROLL, ESQ.
*Attorney(s) for Plaintiff(s)*
*Office and Post Office Address*
79 St. James Street
Kingston, New York 12401
(914) 338-5977

Upon your failure to appear, judgment will be taken against you by default for the sum of $ 1,250,000.00
with interest from    February 14                19 89 and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

- - - - - - - - - - - - - - - - - - - - x

THOMAS E. LYONS and CELESTE M. LYONS,

                              Plaintiffs,                    VERIFIED COMPLAINT

    -against-

MICHAEL A. THOMAS and
TFD BUS CO., INC.

                    •    Defendants.

- - - - - - - - - - - - - - - - - -

**FILED**

SEP 4 ? 1992

ANDREW J. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

        Plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, by

their attorney, Edward J. Carroll, Esq., complaining of the

defendants, respectfully set forth and allege as follows:

                AS AND FOR A FIRST CAUSE OF ACTION

        1.  At all times hereinafter mentioned, the plaintiffs,

THOMAS E. LYONS and CELESTE M. LYONS, were and still are

residents of the County of Westchester and State of New York.

        2.  Upon information and belief and at all times

hereinafter mentioned, the defendant, TFD BUS CO., INC., was

and still is a domestic corporation, duly incorporated under

and by virtue of the laws of the State of New York, with a

principal place of business situated at 215 South 11th Avenue,

Mt. Vernon, Westchester County, New York 10550 and the

principal business of said corporation is providing

transportation of the public through the operation of a

private bus company.

3.  That the defendant, MICHAEL A. THOMAS, at the time of the accident herein alleged, was a resident of the County of Westchester, was employed as a bus driver by said corporate defendant, and was operating a 1975 Ford Bus motor vehicle more particularly hereinafter described herein when due to his negligence said motor vehicle collided with the plaintiffs' motor vehicle, more particularly described in paragraph (5) herein.

4.  That immediately following the happening of the accident herein described, the defendant, MICHAEL A. THOMAS, was terminated by the aforesaid corporate defendant and he no longer resided at 243 Third Avenue, Mt. Vernon, New York. Said defendant immediately absented himself from the State of New York to an unknown out-of-state location, where he remained for approximately two and one-half years, until his recent return. As a result of said defendant's departure from the State of New York, plaintiffs' attempts to obtain service were frustrated in that plaintiff, although aware that defendant no longer resided at said location and was no longer employed by the corporate defendant, was not able to locate anyone of suitable age and discretion to accept service or the defendant's whereabouts. Therefore, any service would not have had a probability of actual notice reaching the defendant and meaningful service could not have been effectuated.

5.  At all times hereinafter mentioned, the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, were the owners and

operators of a certain 1989 Ford Van motor vehicle bearing New York plate number 8VC-708 for the then current period of registration.

6. Upon information and belief and at all times hereinafter mentioned, the defendant, TFD BUS CO., INC. was the owner of a certain 1975 Ford Bus motor vehicle bearing New York plate number BA-4409 for the then current period of registration.

7. Upon information and belief and at all times hereinafter mentioned, the defendant, MICHAEL A. THOMAS was operating the aforesaid 1975 Ford Bus motor vehicle with the knowledge and consent of the owner of said motor vehicle, to wit: the defendant, TFD BUS CO., INC.

8. That at all times hereinafter mentioned, Nepperhan Avenue was and still is a much travelled public thoroughfare located in the the City of Yonkers, County of Westchester and State of New York.

9. Upon information and belief, on, about or during the 14th day of February 1989, at approximately 2:51 P.M., while the plaintiff, THOMAS E. LYONS was lawfully operating the aforementioned 1989 Ford Van motor vehicle, which was stopped in traffic on Nepperhan Avenue at a traffic light at the intersection of the aforesaid Nepperhan Avenue and New School Street in the City of Yonkers, County of Westchester and State of New York, the defendant, MICHAEL A. THOMAS, so carelessly and negligently operated said corporate defendant's aforesaid

motor vehicle so as to cause it to strike the rear of the
motor vehicle operated and occupied by the plaintiff, THOMAS
E. LYONS, thereby causing him to sustain permanent physical
injuries to his right leg and foot.

10. The accident and injuries resulting therefrom were
caused solely and wholly by the negligence of the defendants
herein without any contributory negligence of the plaintiffs.
The defendant, TFD BUS CO., INC. is responsible as the owner
of said 1975 Ford Bus motor vehicle for the negligent acts of
the operator, MICHAEL A. THOMAS, which occurred while said
MICHAEL A. THOMAS operated said motor vehicle with its
consent, by virtue of the applicable provisions of the Vehicle
and Traffic Law of the State of New York and as a result of
the defendant, MICHAEL A. THOMAS'S violation of other laws of
the State of New York.

11. Upon information and belief, the negligence of the
defendant, MICHAEL A. THOMAS, consisted, amongst other things,
of the following:

a. In failing to keep a lookout ahead and in the
direction of travel in a reckless disregard of the person of
the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS;

b. In operating said motor vehicle at a fast and
excessive rate of speed under the conditions then existing;

c. In failing to heed traffic conditions upon the
said roadway;

d. In following too closely and failing to maintain

a proper distance behind the motor vehicle operated by the plaintiff, THOMAS E. LYONS;

     e. In failing to operate his motor vehicle in a proper manner under the conditions then and there existing;

     f. In failing to have and keep his motor vehicle under proper and reasonable control or under such control so that defendant could stop his vehicle;

     g. In failing to observe the rules of the road in such cases made and provided;

     h. In failing to operate and control his motor vehicle to avoid the occurrence of the accident herein alleged.

     i. In failing to properly inspect his vehicle prior to operation.

     j. In operating a motor vehicle which was mechanically in an unsafe and dangerous condition without benefit of brakes in good working order.

     12. Upon information and belief, the negligence of the defendant, TFD BUS CO., INC. consisted, amongst other things, of the following:

     a. In giving permission to the defendant, MICHAEL A. THOMAS, to operate the motor vehicle owned and registered to the defendant, TFD BUS CO., INC.;

     b. In failing to provide and equip its motor vehicle with adequate, proper and sufficient parts, accessories, safety devices, tires, brakes and other equipment

as required by law;

    c. In failing to inspect and repair the foregoing accessories, safety devices, brakes and tires and other equipment and maintain same in fit and proper working order and condition.

  13. Upon information and belief, that as a result of the aforesaid accident, the plaintiff, THOMAS E. LYONS suffered serious and permanent injuries to his person, including but not limited to his right leg, foot and back.

  14. Upon information and belief, the plaintiff, and THOMAS E. LYONS, is in no way guilty of any contributory negligence.

  15. Plaintiff, THOMAS E. LYONS, is fully qualified to bring this action in that he sustained serious injuries within the meaning of the Insurance Law of the State of New York.

  16. Upon information and belief, that solely by the negligence of the defendants herein, the plaintiff, THOMAS E. LYONS, has been and will further be required to obtain medical and/or surgical treatment.

  17. Plaintiff, THOMAS E. LYONS, has suffered and is informed and believes that he will further suffer great physical and mental pain for a substantial time hereafter and will be permanently impaired.

  18. Plaintiffs and defendants are "covered persons" as defined by the Insurance Law of the State of New York.

  19. As a result of the aforementioned serious injuries,

the plaintiffs were forced to incur losses of income other than those defined as basic economic losses by the Insurance Law of the State of New York.

20. As a result of the defendant's negligence, the plaintiff, THOMAS E. LYONS, has been damaged in the sum of One Million Dollars ($1,000,000.00), no part of which has been paid by the defendants to the plaintiff herein.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff, CELESTE M. LYONS, repeats and reiterates each and every allegation contained in paragraphs "1" through "20" of plaintiff's complaint herein with the same force and effect as is those allegations were fully set forth at length herein.

22. At all times hereinafter mentioned, the plaintiff, CELESTE M. LYONS, was and still is the wife of the plaintiff, THOMAS E. LYONS, and presently lives and cohabits with the plaintiff, THOMAS E. LYONS, her husband, at 38 Moulton Avenue, Dobbs Ferry, Westchester County, New York.

23. Plaintiff, THOMAS E. LYONS, prior to the time of the accident hereinbefore mentioned, Upon information and belief, was fully capable of performing all of the usual deeds of husband for the plaintiff, CELESTE M. LYONS.

24. Solely by consequence of the defendant's negligence, the plaintiff, THOMAS E. LYONS, was severely and permanently injured, confined to bed and home for a lengthy period of time and plaintiff, CELESTE M. LYONS, was obliged to

and necessarily did employ medical aid and assistance for her husband, and did necessarily pay and become liable therefore for services and medicine in consequence of these injuries. As a result of the injuries sustained by the plaintiff, THOMAS E. LYONS, due to the defendant's negligence, plaintiff, CELESTE M. LYONS, has been deprived of the company of her husband, her comfort and happiness in his society and companionship have been impaired and plaintiff, CELESTE M. LYONS, is informed and believes that this impairment will necessarily continue for a long time to come, all to his damage in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), no part of which has been paid by the defendants to the plaintiff herein.

WHEREFORE,  the plaintiff, THOMAS E. LYONS, demands judgment against the defendants, MICHAEL A. THOMAS and TFD BUS CO., INC., in the sum of One Million Dollars ($1,000,000.00), and the plaintiff, CELESTE M. LYONS, demands judgment against the defendants, MICHAEL A. THOMAS and TFD BUS CO., INC., in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), all of the foregoing with interest from the 14th day of February 1989, plus costs and further relief as to the Court may seem just and proper under the circumstances.

Dated: August 24, 1992

Yours, etc.

Edward J. Carroll, Esq.
79 St. James Street
Kingston, NY 12401
(914) 338-5977

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF WESTCHESTER

THOMAS E. LYONS and CELESTE M. LYONS,

Plaintiff(s)

against

MICHAEL A. THOMAS and TFD BUS CO., INC.,

Defendant(s)

Index No. 92-14941

AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)

STATE OF NEW YORK, COUNTY OF WESTCHESTER    ss.:

MICHAEL J. ABBOTT    being duly sworn, deposes and says: that deponent is not a party in this action, is over 18 years of age and resides at 100 CLAREWOOD DRIVE, HASTINGS, N.Y. 10706 that on 27 AUGUST   1992 at 11:10A.M., at 215 SOUTH 11th AVENUE, MOUNT VERNON, N.Y. 10550 deponent served the within summons ~~and notice~~ and complaint on TFD BUS CO., INC.,    defendant therein named,

INDIVIDUAL
1. ☐
by delivering a true copy of each to said defendants personally; deponent knew the person so served to be the person described as said defendant therein.

CORPORATION
2. ☒
a DOMESTIC   corporation, by delivering thereat a true copy of each to AL GROSHER personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be a MANAGER   thereof

SUITABLE
AGE PERSON
3. ☐
by delivering thereat a true copy of each to   a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling house—usual place of abode—within the state.

AFFIXING TO
DOOR, ETC.
4. ☐
by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling house—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there

FILED

SEP 4 1992

ANDREW J. SPANO
COUNTY CLERK
COUNTY OF WESTCHESTER

MAILING
USE WITH
3 or 4
Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to defendant at defendant's last known residence, at   and deposited said wrapper in—a post office—official depository under exclusive care and custody of the United States Postal Service within New York State.

DESCRIPTION
USE WITH
1 or 3
☒
Deponent describes the individual served as follows:

| | | | | | |
|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☒ Brown Hair | ☐ White Hair | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blond Hair | ☐ Balding | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown | ☐ Gray Hair | | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features: Mustache and curly hair.

USE IN
CIVIL CT.
☐
The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons(es).

MILITARY
SERVICE
☐
I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 8/3/92

MARILYN PARKINSON
Notary Public, State of New York
No. 4830248
Qualified in Westchester County
Commission Expires

MICHAEL J. ABBOTT

Print name beneath signature

LICENSE NO.

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

Index No.          Year

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NASSAU

LANCER INSURANCE COMPANY,

*Plaintiff(s),*

-against-

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

*Defendant(s).*

### SUMMONS AND COMPLAINT

### LAW OFFICES OF JOHN A. PETRILLI
**Attorneys for Defendants**
370 WEST PARK AVENUE
LONG BEACH, NEW YORK 11561
(516) 431-6092

Service of a copy of the papers annexed hereto is hereby admitted.

Dated:

_____
Attorney(s) for

Index No.                    Year

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NASSAU

LANCER INSURANCE COMPANY,

*Plaintiff(s),*

-against-

T.F.D. BUS CO., INC., MICHAEL A.
THOMAS, THOMAS E. LYONS and
CELESTE M. LYONS,

*Defendant(s).*

## AMENDED VERIFIED COMPLAINT

### LAW OFFICES OF JOHN A. PETRILLI
*Attorneys for Defendants*
370 WEST PARK AVENUE
LONG BEACH, NEW YORK 11561
(516) 431-6092

Service of a copy of the papers annexed hereto is hereby admitted.

Dated:

_____

Attorney(s) for