Form MCS - 90B
(11/83)

Form Approved
OMB No. 2125-0518

## ENDORSEMENT FOR
## MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
## UNDER SECTION 18 OF THE BUS REGULATORY REFORM ACT OF 1982

Issued to  T.F.D. Bus Co., Inc.  of  Mt. Vernon, N.Y.

Dated at  Long Beach, N.Y.  this  6th  day of  January , 19 89

Amending Policy No.  BA 12 14 48   Effective Date  12/31/88

Name of Insurance Company  Lancer Insurance Company

Countersigned by  *David P. Delaney*
Authorized Company Representative

The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "☒", for the limits shown:

☒ This insurance is primary and the company shall not be liable for amounts in excess of $ 5,000,000 for each accident.

☐ This insurance is excess and the company shall not be liable for amounts in excess of $ _____ for each accident in excess of the underlying limit of $ _____ for each accident.

Whenever required by the Bureau or the ICC, the company agrees to furnish the Bureau or the ICC a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the Bureau or the ICC, to verify that the policy is in force as of a particular date. The telephone number to call is: (516) 431-4441

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the ICC's jurisdiction, by providing thirty (30) days notice to the ICC (said 30 days notice to commence from the date the notice is received by the ICC at its office in Washington, D.C.).

### DEFINITIONS AS USED IN THIS ENDORSEMENT

**ACCIDENT** includes continuous or repeated exposure to conditions which results in Public Liability which the insured neither expected nor intended.

**BODILY INJURY** means injury to the body, sickness, or disease to any person, including death resulting from any of these.

**MOTOR CARRIER** means a for-hire carrier of passengers by motor vehicle.

**PROPERTY DAMAGE** means damage to or loss of use of tangible property.

**PUBLIC LIABILITY** means liability for bodily injury or property damage.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a for-hire motor carrier of passengers with Section 18 of the Bus Regulatory Reform Act of 1982 and the rules and regulations of the Federal Highway Administration's Bureau of Motor Carrier Safety (Bureau) and the Interstate Commerce Commission (ICC).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to financial responsibility requirements of Section 18 of the Bus Regulatory Reform Act of 1982 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

The Bus Regulatory Reform Act of 1982 requires limits of financial responsibility according to vehicle seating capacity. It is the MOTOR CARRIER'S obligation to obtain the required limits of financial responsibility.
THE SCHEDULE OF LIMITS SHOWN ON THE REVERSE SIDE DOES NOT PROVIDE COVERAGE.
The limits shown in the schedule are for information purposes only.

(Over)

MC 1612 (Ed. 11-83) UNIFORM PRINTING & SUPPLY

MAR-17-2004 18:18     TFD BUS CO INC                          914 667 9692    P.01

SERVICE DATE

SEP 29 1988

PM-26
(Rev. 10/84)

INTERSTATE COMMERCE COMMISSION

CERTIFICATE

No. MC 201286

T. F. D. BUS CO. INC.
MT. VERNON, NY

This Certificate is evidence of the carrier's authority to engage in transportation as a common carrier by motor vehicle.

This authority will be effective as long as the carrier maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 CFR 1043); the designation of agents upon whom process may be served (49 CFR 1044) and tariffs or schedules (49 CFR 1300 through 1310, revised). The carrier shall also render reasonably continuous and adequate service to the public. Failure to meet these conditions will constitute sufficient grounds for the suspension, change, or revocation of this authority.

This authority is subject to any terms, conditions, and limitations as are now, or may later be, attached to this privilege.

For common carriers with irregular route authority: Any irregular route authority authorized in this certificate may not be tacked or joined with your other irregular route authority unless joinder is specifically authorized.

The transportation service to be performed is described on the reverse side of this document.

By the Commission.

(SEAL)                              Kathleen M. King,
                                    Acting Secretary

NOTE:  If there are any discrepancies regarding this document, please notify the Commission within 30 days.