# UNITED STATES DISTRICT COURT

_____ Southern _____ District of _____ New York _____

THOMAS E. LYONS and
CELESTE M. LYONS,

                    Plaintiffs,

             V.

LANCER INSURANCE COMPANY,

                    Defendant.

### SUMMONS IN A CIVIL ACTION

"ECF CASE"

CASE NUMBER:  07-CV-7095 (KMK) (MDF)

# 07 CIV. 7095

# JUDGE KARAS

TO: (Name and address of Defendant)

    LANCER INSURANCE COMPANY
    370 West Park Avenue
    Long Beach, New York   11561

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    EDWARD J. CARROLL, ESQ.
    2733 Route 209
    Kingston, New York 12401
    (845) 338-5977
    Bar Code: EC6937

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

AUG - 9 2007

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 7095**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,

                  Plaintiffs,

    -against-

LANCER INSURANCE COMPANY,

                  Defendant.

COMPLAINT
"ECF CASE"

Civil Action
Case No. 07-CV-7095
          (KMK)(MDF)

**FILED**
AUG - 9 2007
USDC WP SD

**JUDGE KARAS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, by their attorney, EDWARD J. CARROLL, ESQ., complaining of the defendant herein, respectfully show the Court and allege as follows:

### PRELIMINARY STATEMENT

1. This is an action in which plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, seek judgment declaring, pursuant to federal statutory law, that defendant, LANCER INSURANCE COMPANY, as surety, is obligated to pay plaintiffs in the amount of those judgments which were entered in plaintiffs' favor and against defendant's insured, T.F.D. BUS CO., INC., on August 24, 2006, in the Supreme Court of the State of New York, County of Westchester. A copy of those judgments is annexed hereto and made a part hereof as Exhibit "A".

2. That the aforesaid judgments resulted from defendant's insured, T.F.D. BUS CO. INC'S negligence in the operation and maintenance of one of its motor vehicles, while so engaged in interstate transportation, and the liability of the

defendant is in accordance with its statutory liability, as a surety, pursuant to the

financial responsibility requirements of Section 18 of the Bus Regulatory and Reform

Act of 1982; and/or the Federal Motor Carrier Safety Regulations; and/or the Motor

Carrier Safety Act of 1980; and/or the Federal Motor Carrier Safety Administration.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction in that this action is brought under

the authority of, and to enforce federal laws, rules and regulations including but not

limited to United States Code Title 49 Section 31138, Title 28, United States Code

Sections 1331, 1343(a)(4) and 1391(b) and (c), Section 18 of the Bus Regulatory and

Reform Act of 1982; and/or the Federal Motor Carrier Safety Regulations; and/or the

Motor Carrier Safety Act of 1980; and/or the Federal Motor Carrier Safety

Administration. This action also arises under Federal Law with the matter in

controversy being a federal claim and question of federal law and a controversy

between the parties involving an amount exceeding five million dollars.

4.  A majority of the acts complained herein of the defendant occurred within

the territorial boundaries of the Southern District of the State of New York.

5.  This Court also has subject matter jurisdiction to enter a declaratory

judgment and injunctive relief as prayed for herein under Title 28 of the United

States Code, Sections 1331, 1343(a) (4), 2201 and 2202.

6.  All events and actions, unless otherwise set forth, took place or will take

place within the Southern District of New York.  Therefore, venue lies in this district

- 2 -

pursuant to Title 28 of the United States Code, Section 139(b).

## PARTIES

7. That at all times hereinafter mentioned, plaintiff, THOMAS E. LYONS, (hereinafter referred to as "T. LYONS") was and still is a citizen of the United States, domiciliary of the State of New York and a resident of 38 Moulton Avenue, Dobbs Ferry, New York, 10522, situated in the County of Westchester which is located within the jurisdictional boundaries of this Court.

8. That at all times hereinafter mentioned, plaintiff, CELESTE M. LYONS, (hereinafter referred to as "C. LYONS") is a citizen of the United States, domiciliary of the State of New York and resident of 4 Cross Road, Ardsley, New York, 10502, situated in the County of Westchester which is located within the jurisdictional boundaries of this Court.

9. That at all times hereinafter mentioned, defendant, LANCER INSURANCE COMPANY (hereinafter referred to as "LANCER") was and still is an Illinois Corporation duly authorized to conduct business in the State of New York, which maintains its principal office in Long Beach, New York, and does business and did commit those acts complained of herein within the jurisdiction of this Court.

## BRIEF HISTORY AND FACTUAL ALLEGATIONS

10. That at all times hereinafter mentioned, T.F.D. BUS CO. INC., (hereinafter referred to as "T.F.D.") was and still is a domestic corporation, duly incorporated under and by virtue of the laws of the State of New York, with a

- 3 -

principal place of business situated at 215 South 11th Avenue, Mt. Vernon,

Westchester County, New York 10550 and that the principal business of said

corporation is providing interstate transportation of the public through the operation

of a private bus company.

11. That at all times hereinafter mentioned, "T.F.D." was an interstate

common carrier and holder of interstate commerce commission certificate, number

MC201286; and said corporation was assigned US DOT No. 428962 evidencing it's

authority, as a carrier, to engage in interstate transportation, by motor vehicle,

provided said carrier remained in compliance with the requirements of insurance

coverage for the protection of the public, including plaintiffs, in accordance with 49

CFR 1043. A copy of "T.F.D.'s" certificate is annexed hereto and made a part hereof

as Exhibit "B".

12. At the time of plaintiff's accident, hereinafter described herein, "T.F.D."

provided bus charter and contract services to the public and used for that purpose, a

certain 1975 Ford Bus motor vehicle, owned by "T.F.D.", bearing New York plate

number BA-4409 for the then current period of registration which was insured by

"LANCER" under policy number BA121448 for liability anywhere in the United

States of America, its territories or possessions, Puerto Rico or Canada. This motor

vehicle, at the time of the accident, was also covered by a Federal Statutory

Endorsement known as MCS-90 (or a comparable substitute) which was required in

that, at the time of the accident, this motor vehicle was being used for hire as an

- 4 -

interstate transporter, for use outside of home to school and school to home transportation, and was being not operated by a state or local government, which required, pursuant to Part 387 of the rules and regulations of the Federal Motor Carrier Safety Administration, minimum statutory levels of public liability insurance in the sum of Five Million Dollars ($5,000,000.00) in accordance with Sections 29 and 30 of the Motor Carrier Safety Act of 1980.

13. MICHAEL A. THOMAS was a resident of the County of Westchester and employed as a bus driver by "T.F.D." and was acting within the scope of his authority and in furtherance of the business interests of "T.F.D." when he operated the aforesaid 1975 Ford Bus motor vehicle, during interstate commerce, and, due to his negligence, caused said motor vehicle to collided with the rear end of plaintiffs' "T. LYONS'" and "C. LYONS'" motor vehicle, a 1989 Ford Van, bearing New York plate number 8VC-708 for the then current period of registration.

14. The aforesaid accident occurred on February 14, 1989, at approximately 2:51 P.M. At that time, plaintiff, "T. LYONS", was operating his motor vehicle which was stopped, in traffic, at a red light, at the bottom of a hill on Nepperhan Avenue and at the intersection of New School Street, in the City of Yonkers, County of Westchester and State of New York. As a result of this accident, "T. LYONS" sustained permanent, serious physical injuries to his person which are more particularly described in Exhibit "A".

15. That on or about March 24, 1999, "LANCER" commenced a declaratory

- 5 -

judgment action in the Supreme Court of the State of New York, County of Nassau,

seeking a judicial determination that it had no duty to defend and indemnify "T.F.D."

in connection with plaintiffs' aforesaid judgments. The Supreme Court of the State

of New York, Appellate Division, Second Judicial Department issued a decision and

order dated May 2, 2005, which declared that "LANCER" was not obligated to

defend and indemnify "T.F.D." as a result of plaintiffs' judgments, and that there was

no coverage to "T.F.D." under a business automotive liability policy issued by

"LANCER" as result of a timely disclaimer. A copy of that Decision and Order is

annexed hereto and made a part hereof as Exhibit "C". Plaintiffs timely moved for

leave to appeal and the Court of Appeals of the State of New York denied such relief

by Order, dated September 15, 2005. A copy of that Order is annexed hereto and

made a part hereof as Exhibit "D".

16. As a result of that accident, a motor vehicle personal injury action was

commenced on August 27, 1992, by plaintiffs in the Supreme Court of the State of

New York, County of Westchester, which resulted in judgments in plaintiffs' favor

and against "T.F.D." which were filed and entered in the Westchester County Clerk's

Office on August 24, 2006, a copy of which is annexed hereto and made a part hereof

as Exhibit "A".

17. Following the entry of plaintiffs' judgment on August 24, 2006, which

became final and enforceable on September 29, 2006, plaintiffs, seeking to enforce

and satisfy their judgments, made demand for payment upon "T.F.D." without

- 6 -

success, and thereafter, on March 29, 2007, made demand for payment upon

defendant, "LANCER", as a statutory surety, under its MCS-90 Endorsement (or a

comparable substitute), in accordance with the requirements of Federal Bus

Regulatory Reformed Act of 1982 and/or the Motor Carrier Act of 1980. A copy of

said demand is annexed hereto and made a part hereof as Exhibit "E". "T.F.D." filed

for bankruptcy protection and remains insolvent and defendant, "LANCER", refused

plaintiffs' demand for payment, as a surety. Plaintiffs' judgments remain unsatisfied.

A copy of defendant's refusals dated April 5, 2007, and May 8, 2007, are collectively

annexed hereto and made a part hereof as Exhibit "F".

18. Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff "T. LYONS" repeats and reiterates paragraphs 1 through 18 of

his complaint with the same force and effect as if their content were fully set forth at

length herein.

20. Due to the foregoing, plaintiff "T.LYONS" seeks judgment in his favor

and against defendant, "LANCER" in the sum of five million dollars

($5,000,000.00), or a greater amount that this Honorable Court deems reasonable and

legally enforceable, under the law, facts and circumstances herein.


## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff "C.LYONS" repeats and reiterates paragraphs 1 through 20 of

- 7 -

her complaint with the same force and effect as if their content were fully set forth at length herein.

22. Due to the foregoing, plaintiff "C.LYONS" seeks judgment in her favor and against defendant, "LANCER" in the sum of five million dollars ($5,000,000.00), or a greater amount that this Honorable Court deems reasonable and legally enforceable, under the law, facts and circumstances herein.

## DEMAND FOR A JURY TRIAL

23. Plaintiffs demand a jury of all the issues in this action.

## REQUESTED RELIEF

WHEREFORE, plaintiffs pray for judgment in their favor and against defendant as follows:

a. On plaintiffs, THOMAS E. LYONS' and CELESTE M. LYONS' first cause of action for a declaratory judgment;

1. Adjudging that LANCER INSURANCE COMPANY, as a statutory surety of T.F.D. BUS CO. INC., in order to protect the public, and by virtue of its statutory MCS-90 Endorsement (or a comparable substitute), is, in accordance with ICC regulations, liable for payment to the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS for the amounts of those judgments recovered against T.F.D. BUS CO. INC., which were filed and entered in the Westchester County Clerk's Office on August 24, 2006, which resulted from a motor vehicle personal injury accident which occurred on February 14, 1989 in Yonkers, Westchester County, New

- 8 -

York.

b.  On plaintiff THOMAS E. LYONS' second cause of action;

1. Judgment in his favor and against defendant LANCER

INSURANCE COMPANY in the sum of five million dollars ($5,000,000.00), or in a

greater amount that this Honorable Court deems reasonable and legally enforceable,

under the law, facts and circumstances herein.

c.  On plaintiff CELESTE M. LYONS' third cause of action;

1. Judgment in her favor and against defendant LANCER

INSURANCE COMPANY in the sum of five million dollars ($5,000,000.00), or in a

greater amount that this Honorable Court deems reasonable and legally enforceable,

under the law, facts and circumstances herein.

d.  And for such other and further relief as to this Court may deem just

and proper under the circumstances.

All the foregoing, together with reasonable attorney's fees, interest, costs and

disbursements of this action.

Dated:  August 8, 2007                                    Yours, etc.

                                                                    EDWARD J. CARROLL, ESQ
                                                                    Attorney for Plaintiffs
                                                                    2733 Route 209
                                                                    Kingston, New York 12401
                                                                    (845) 338-5977

- 9 -

TO:    LANCER INSURANCE COMPANY
      370 West Park Avenue
      Long Beach, New York  11561

- 10 -

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ENTERED
ON 8-24 2006
WESTCHESTER
COUNTY CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,                    JUDGMENT

               Plaintiffs,
   -against-                                             Index #92-14941

MICHAEL A. THOMAS and T.F.D. BUS CO., INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

     The above entitled action having been commenced by the service of a

summons and complaint upon defendants, MICHAEL A. THOMAS and

T.F.D. BUS CO., INC., on August 27, 1992; and an index number having been

purchased and plaintiffs summons and complaint having been duly filed; and

the defendants having defaulted in timely appearing, answering, or moving

against said complaint; and the plaintiffs having timely moved to enter a

default judgment against the defendants on December 4, 1992; and said

application having been granted by Decision and Order of HONORABLE

SAMUEL G. FREDMAN, J.S.C., dated December 17, 1992 and filed on

December 18, 1992 in the Office of the County Clerk of the County of

Westchester, State of New York; and a copy of said Decision/Order awarding

a judgment of liability in favor of the plaintiffs and against T.F.D. BUS CO.,

INC., and MICHAEL THOMAS and granting plaintiffs an inquest to assess

damages having been served upon defendants by certified mail, return receipt

requested; and the defendants having failed to seek relief from said judgment

for a period of at least five (5) years thereafter; and this action having duly

come on upon plaintiffs timely application for a hearing for the purpose of

assessing damages on the causes of action set forth in plaintiffs' complaint

before HONORABLE ARTHUR C. KELLMAN, J.H.O., and a jury of six (6)

on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse,

White Plains, New York; and the plaintiffs, THOMAS E. LYONS and

CELESTE M. LYONS, having appeared by EDWARD J. CARROLL, ESQ.;

and the proofs of the plaintiffs having been duly presented and the issue of

damages having been duly tried; and the jury having rendered a unanimous

verdict in favor of the plaintiffs and against the defendants on the issue of

damages on the 17th day of June, 1997, finding that defendants' negligence

was a competent producing cause of the injuries sustained by THOMAS E.

LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious

injury", to wit: a fracture, a permanent loss of the use of a body member,

function or system, a significant limitation of use of a body function or system,

a permanent consequential limitation of use of a body organ or member, and

-2-

medically determined injuries or impairment of a non-permanent nature which

prevented him from performing substantially all of the material acts which

constituted his usual and customary daily activities for not less than 90 days

during the 180 days immediately following the occurrence of this accident;

and Judgment having been entered thereon, and plaintiffs having sought

enforcement thereof; and defendant, T.F.D. BUS CO. INC. by its attorney

ADAM SEIDEN, ESQ. having moved by Order to Show Cause returnable on

September 24, 1997 before the Supreme Court, County of Westchester for

relief pursuant to CPLR Section 5015; and HONORABLE JOHN P. DiBLASI,

J.S.C., by Order and Decision dated February 10, 1998 having ultimately

granted defendant's application to the extent of directing that a traverse

hearing would be held to determine whether plaintiffs properly served T.F.D.

BUS CO. INC. with their summons and complaint, and if service was deemed

sufficient directing that a new inquest on damages, upon notice, be held; and a

traverse hearing having thereafter been held on or about November 11, 1998,

and HONORABLE ROBERT JAMES FRIEDMAN, J.S.C., presiding, having

determined that defendant, T.F.D. BUS CO., INC. was properly served with

plaintiffs' summons and complaint on August 27, 1998; and the Court having

directed that the action be remanded to the Trial Assignment Part to appear on

-3-

the calendar for the purpose of scheduling a date for an Inquest; and the above

entitled action having come on for an Inquest on or about April 20, 1999 to

determine an assessment of damages sustained by the plaintiffs as against

T.F.D. BUS CO. INC.; and the jury, after hearing the proofs of both plaintiffs

and defendants having determined, by verdict sheet annexed hereto and made

a part hereof as Exhibit "A", that the defendants' negligence was a competent

producing cause of the injuries sustained by THOMAS E. LYONS and that

THOMAS E. LYONS, as a result thereof, suffered a "serious injury", to wit: a

fracture, a permanent loss of the use of a body member, function or system, a

significant limitation of use of a body function or system, a permanent

consequential limitation of use of a body organ or member, and medically

determined injuries or impairment of a non-permanent nature which prevented

him from performing substantially all of the material acts which constituted his

usual and customary daily activities for not less than 90 days during the 180

days immediately following the occurrence of this accident, and that plaintiff,

CELESTE M. LYONS did sustain damages upon her derivative cause of

action; and the jury having rendered a verdict in favor of plaintiff, THOMAS

E. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two

Million Four Hundred Thousand Dollars ($2,400,000.00); and the jury having

rendered a further verdict in favor of plaintiff, CELESTE M. LYONS and

against defendant, T.F.D. BUS CO. INC. in the sum of Two Hundred

Thousand Dollars ($200,000.00) as and for her derivative action for loss of

services, and said award as to THOMAS E. LYONS having been allocated as

of the date of the verdict (April 20, 1999) as follows:

      (A) ONE MILLION DOLLARS ($1,000,000.00) for past loss of

earnings, pension, and insurance benefits and impairment of earning ability;

      (B) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00)

for future loss of earnings, pension and insurance benefits and impairment of

earning ability over 7 years; and

      ( C) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00)

for future pain and suffering, including the permanent effect of the injury from

the time of the verdict to the time that plaintiff could be expected to live being

a period of 20 years, and

    the plaintiffs being entitled to interest on said awards as of the date the

plaintiffs were awarded a Judgment of liability, to wit: December 17, 1992;

and the Court having computed the award for future damages for the plaintiff,

THOMAS E. LYONS, pursuant to Section 5041 of the Civil Practice Law and

Rules of the State of New York; and by agreement between plaintiffs and

defendant, T.F.D. BUS CO., INC., entry of Judgment was adjourned from

April 20, 1999 to present,

NOW, on motion of EDWARD J. CARROLL, ESQ., attorney for the

plaintiffs, it is

ORDERED, ADJUDGED AND DECREED, that plaintiff, CELESTE

M. LYONS, residing at 4 Cross Road, Ardsley, New York 10502, does recover

of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of

business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of

TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from

*less any payments already made by defendants*

December 17, 1992, and it is further

ORDERED, ADJUDGED AND DECREED, that EDWARD J.

CARROLL, ESQ., attorney for CELESTE M. LYONS, shall be paid an

attorneys award in the sum of SIXTY SIX THOUSAND SIX HUNDRED

SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from

December 17, 1992 from the proceeds of the foregoing award to CELESTE M.

LYONS; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(b), plaintiff, THOMAS E. LYONS, residing at 38 Moulton

Avenue, Dobbs Ferry, New York 10522, does recover of defendant, T.F.D.

-6-

A.J.S.C.

BUS CO., INC., a corporation with a principal place of business at 215 South

11th Avenue, Mt. Vernon, New York 10550, the sum of TWO MILLION

TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) for

past damages ($1,000,000.00 to April 20, 1999; $1,020,000.00 representing

future damages awarded on April 20, 1999 which, due to the postponement of

the entry of Judgment, are now past damages; and future damages, not in

excess of $250,000.00, with interest from December 17, 1992; and it is further *less any payments made by defen*

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS

E. LYONS, shall be paid an attorneys award in the sum of SEVEN

HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND

66/100 DOLLARS ($756,666.66) for litigation costs and attorneys fees

pertaining to the recovery of the aforesaid damages in the amount of

$2,270,000.00, from the foregoing Judgment awarded to THOMAS E.

LYONS, with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(e), plaintiff, THOMAS E. LYONS, residing at 38 Moulton

Avenue, Dobbs Ferry, New York 10522, does further recover of defendant,

T.F.D. BUS CO., INC., a corporation with a principal place of business at 215

-7-

South 11th Avenue, Mt. Vernon, New York 10550, the sum of ONE

HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND

85/100 DOLLARS ($112,182.85) representing the present value of future

damages as of the entry of Judgment (see Schedule "A"); and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS

E. LYONS, shall be paid an attorneys award in the sum of THIRTY SEVEN

THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS

($37,394.28) for litigation costs and attorneys fees pertaining to the recovery

of $112,182,85 representing the present value of future damages; and it is

further

ORDERED, ADJUDGED AND DECREED, that both plaintiffs be and

the same are hereby awarded statutory interest on their awards from the date of

entry of the judgment of liability on December 17, 1992 together with costs

and disbursements of this action and that plaintiffs shall have execution

therefore; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendants and

their insurance carriers be and the same are hereby required and directed to

offer and purchase and guarantee the purchase and payment to the plaintiff,

-8-

THOMAS E. LYONS, of an annuity contract by an insurance carrier designated as qualified by the superintendent of insurance of the State of New York of the following annual payments, in equal monthly installments, in advance:

(A) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), per annum for one (1) year, representing future damages for future loss of earnings, pension, insurance benefits and impairment of earning ability ($65,000 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86) and

(B) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), by payment of $11,575.72 per annum for four (4) years, increased annually at Four percentum (4 percent), compounded annually, representing damages for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live ($65,000.00 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86 divided by 4 equal annual payments) [CPLR Section 5041(e)]; and it is further

ORDERED, ADJUDGED AND DECREED, that the discount rate to be used to calculate the net present value of the award to THOMAS E. LYONS

-9-

shall be 6.25 percent as is more particularly set forth in the U.S. Statistical Abstract Table 801 at page 520 and the Federal Reserve Bulletin for the year 1992 (determination of liability) and that the total net present value of the judgment herein for future damages is ONE HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS ($112,182.85), and it is further

ORDERED, ADJUDGED AND DECREED that the fees of EDWARD J. CARROLL, ESQ., (as calculated in Schedule "B") shall be SEVEN HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($756,666.66) with interest from December 17, 1992 to be taken from the TWO MILLION TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff, THOMAS E. LYONS herein, plus THIRTY SEVEN THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS ($37,394.28) fee on future damages, to be paid in an additional lump sum, and the amount of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 to be taken from the TWO HUNDRED THOUSAND DOLLARS ($200,000.00) lump sum with interest from December 17, 1992 awarded to plaintiff,

-10-

CELESTE M. LYONS and it is further

ORDERED, ADJUDGED AND DECREED that plaintiffs, THOMAS E.

LYONS and CELESTE M. LYONS shall have execution therefor.

The Clerk of the Court is hereby directed to enter Judgment accordingly.

JUDGMENT signed this 22nd day of August, 2006.

_____
HONORABLE ~~ALDO A. NASTASI~~
FRANCIS A. NICoLAI
Acting Justice of the Supreme Court,


Defendant, T.F.D. BUS CO., INC., by its attorney, ANDREW
RISOLI, ESQ., 484 White Plains Road, Eastchester, New
York 10709 hereby approves the form of the above Judgment
and consents to the execution and filing of same.

Dated _____, 2005        _____
                                              ANDREW RISOLI, ESQ.

-11-