## SCHEDULE A

## COMPUTATION PURSUANT TO CPLR 5041

Jury Award in favor of Celeste M. Lyons
(Not including accrued interest)...........................................$   200,000.00

— — — — — — — — — — — — — — — — — — — — — — — — — — — —

Jury Award in favor of Thomas E. Lyons
(Not including accrued interest)...........................................$ 2,400,000.00

    a. Award for past loss of earnings, pension,
    insurance benefits and impairment of earning
    ability pursuant to CPLR 5041(b)...............................(-) $  1,000,000.00

Sub Total.........................................................................$ 1,400,000.00

    b. Award for future loss of earnings, pension,
    insurance benefits and impairment of earning
    ability.........................................................................(-) $   700,000.00

    c. Award for future pain, suffering, including
    the permanent effect of the injury from the time
    of verdict to the time that plaintiff could be
    expected to live...........................................................(-)  $   700,000.00

Sub Total.........................................................................$            0.00

## PAST DAMAGES AND PARTIAL PAYMENT FOR
## FUTURE DAMAGES PURSUANT TO CPLR 5041(b)

Judgment............................................................................. $ 2,400,000.00

    d.  Lump sum payment for past loss of earnings,
       pension, insurance benefits and impairment of
       earning ability pursuant to CPLR 5041(b).............(-) $  1,000,000.00

Sub Total.............................................................................$ 1,400,000.00

    e.  Future damages awarded on April 20, 1999
       which, due to the postponement of the entry
       of Judgment, are now past damages
       ($600,000.00 loss of earnings; $420,000.00
       pain and suffering).................................................(-) $ 1,020,000.00

Sub Total.............................................................................$    380,000.00

    f. Lump sum payment for future loss of
      earnings and impairment of earning
      ability and damages due to injury, pain,
      suffering and disability pursuant
      to CPLR 5041(b).......................................................(-) $  250,000.00

Sub Total.............................................................................$  130,000.00

    Remaining gross award for future damages is
    $130,000.00. Since jury determined future
    damages to be $700,000.00 for future loss
    of earnings, pension, insurance benefits
    and impairment of earning ability and
    $700,000.00 for future pain, suffering, including
    the permanent effect of the injury from the
    time of verdict to the time that plaintiff
    could be expected to live, the remaining sum
    of $130,000.00 was equally divided 50/50 as
    $65,000.000 for future loss of earnings, pension,
    insurance benefits and impairment of earning

ability and $65,000.00 for future pain, suffering,
including the permanent effect of the injury from
the time of verdict to the time that plaintiff could
be expected to live.

Pro rata future loss of earnings, etc...................................... $    65,000.00

Pro rate future pain and suffering.........................................$    65,000.00

## COMPUTATION OF PRESENT VALUE

Discount rate to calculate the net present value of the award is 6.25% taken
from U.S. Statistical Abstract Table 801 at page 520 and Federal Reserve
Bulletin for the Year 1992 (Determination of Liability).

    A.  Loss due to future loss of earning and impairment of earning ability
(remaining gross award of $65,000)

        1. Verdict established 7 years as period of award for future loss of
earning and impairment of earning ability with 1 year remaining at the time of
the entry of judgment; 7 years totaling $700,000.00 or $100,000.00 per year of
which 1 year remains. $600,000.00 constitutes past damages and $100,000.00
represents future damages.

        2.  Pattern Jury Instructions: Present Value Tables establishes the
percentage to be utilized under 6.25% over a 1 year period to be .9411815 for
future loss of earning and impairment of earning ability.

$65,000.00 x .9411815 equals present value............................$  61,176.80

    B.  Loss due to future injury, pain, suffering and disability (remaining
gross award of $65,000)

        1. Verdict established 20 years as period of award for future
injury, pain, suffering and disability.  CPLR 5041(e) establishes 10 years as
period of award for future injury, pain, suffering and disability with 4 years
remaining at the time of the entry of judgment; 10 years totaling $700,000.00
or $70,000.00 per year of which 4 years remain. $420,000.00 constitutes past

damages and $280,000.00 represents future damages.

       2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 4 year period to be .7847085 for future injury, pain, suffering and disability.

$65,000.00 x .7847085 equals................................................. $  51,006.05

Present Value of combined remaining future damages.......... $ 112,182.85

## SCHEDULE B

### COMPUTATION OF LEGAL FEES
### NOT INCLUDING ACCRUED INTEREST
### FROM DECEMBER 17, 1992

a. Lump sum payment for past loss of earnings
and impairment of earning ability pursuant
to CPLR 5041(b)............................................................... $ 1,000,000.00

b. Future damages awarded on April 20, 1999
which, due to the postponement of the entry
of Judgment, are now past damages...............................(+) $ 1,020,000.00

c. Lump sum payment for future loss of earnings,
pension, insurance benefits and impairment of
earning ability and loss of injury, pain, suffering
and disability pursuant to CPLR 5041(b).................... (+) $   250,000.00

Sub Total............................................................................... $ 2,270,000.00

d. Contingent fee of one-third of net recovery
of damages (not including accrued interest).................(-) $   756,666.66

Present value of combined remaining future damages........... $   112,182.85

e. Contingent fee of one-third of net recovery
of damages paid in lump sum............................................ $     37,394.28

Total of (d) and (e)................................................................$   794,060.94

f. Contingent fee of one-third of net recovery
of damages (not including accrued interest)
for Celeste M. Lyons.....................................................(+) $ 66,666.66

Total (d), (e) and (f)..............................................................$ 860,072.60

Exhibit B

SERVICE DATE

SEP 29 1988

PM-26
(Rev. 10/84)

INTERSTATE COMMERCE COMMISSION

CERTIFICATE

No. MC 201286

T. F. D. BUS CO. INC.
MT. VERNON, NY

This Certificate is evidence of the carrier's authority to engage in transportation as a common carrier by motor vehicle.

This authority will be effective as long as the carrier maintains compliance with the requirements pertaining to insurance coverage for the protection of the public (49 CFR 1043); the designation of agents upon whom process may be served (49 CFR 1044); and tariffs or schedules (49 CFR 1300 through 1310, revised). The carrier shall also render reasonably continuous and adequate service to the public. Failure to meet these conditions will constitute sufficient grounds for the suspension, change, or revocation of this authority.

This authority is subject to any terms, conditions, and limitations as are now, or may later be, attached to this privilege.

For common carriers with irregular route authority: Any irregular route authority authorized in this Certificate may not be tacked or joined with your other irregular route authority unless joinder is specifically authorized.

The transportation service to be performed is described on the reverse side of this document.

By the Commission.

Kathleen M. King,
Acting Secretary

(SEAL)

NOTE: If there are any discrepancies regarding this document, please notify the Commission within 30 days.

EXHIBIT C

Supreme Court of the State of New York
### Appellate Division: Second Judicial Department

D6462
E/nl

_____AD3d_____

Argued - January 10, 2005

HOWARD MILLER, J.P.
DANIEL F. LUCIANO
REINALDO E. RIVERA
ROBERT A. LIFSON, JJ.

---

2003-07593

DECISION & ORDER

Lancer Insurance Company, respondent,
v T.F.D. Bus Co., Inc., et al., appellants,
et al., defendant.

(Index No. 7146/99)

---

Andrew C. Risoli, Eastchester, N.Y., for appellant T.F.D. Bus Co., Inc.

Edward J. Carroll, Kingston, N.Y., for appellant Thomas E. Lyons.

Milber Markris Plousadis & Seiden, LLP, Garden City, N.Y. (Lorin A. Donnelly of counsel), for appellant Celeste M. Lyons.

Curtis, Vasile, Devine & McElhenny, Merrick, N.Y. (Roy W. Vasile of counsel), for respondent.

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants T.F.D. Bus Co., Inc., and Michael A. Thomas in an action entitled _Lyons v Thomas_, commenced in the Supreme Court, Westchester County, under Index No. 14941/92, the defendants T.F.D. Bus Co., Inc., Thomas E. Lyons, and Celeste M. Lyons separately appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated July 29, 2003, which, upon a jury verdict finding that there was an agreement between the plaintiff and T.F.D. Bus Co., Inc., to postpone the plaintiff's disclaimer of insurance coverage, inter alia, determined that there was no coverage under a business automobile liability policy issued by the plaintiff to the defendant T.F.D. Bus Co., Inc., for any claims, allegations, losses, costs, expenses, or judgments asserted by Thomas E. Lyons and Celeste Lyons in the underlying action, and declared that the plaintiff is not obligated

May 2, 2005

Page 1.

LANCER INSURANCE COMPANY v T.F.D. BUS CO., INC.

to defend or indemnify T.F.D. Bus Co., Inc., or Michael A. Thomas in the underlying action and dismissed the defendants' counterclaims.

ORDERED that the judgment is affirmed, with costs.

On February 14, 1989, Thomas E. Lyons sustained injuries in an automobile accident involving his car and a bus owned by the defendant T.F.D. Bus Co., Inc. (hereinafter TFD), and operated by the defendant Michael A. Thomas. In 1992 Thomas E. Lyons and Celeste M. Lyons brought an action, inter alia, to recover damages for personal injuries (hereinafter the underlying action). Later in 1992, upon the failure of TFD and Thomas to answer or appear, the Lyons' motion for leave to enter judgment on the issue of liability in their favor and against TFD and Thomas was granted. Following an inquest, the Lyons received a judgment for damages and on or about September 1997 TFD's bank accounts were restrained. At that time, TFD informed the plaintiff, Lancer Insurance Company (hereinafter Lancer), its insurer, of the underlying action and sought coverage under its liability insurance policy.

TFD subsequently moved to vacate the default judgment insofar as asserted against it. The motion initially was granted, but by order dated February 10, 1998, upon reargument, the Supreme Court directed that a hearing be held to determine whether TFD was properly served with process in the underlying action. The court made clear that the default judgment already previously rendered against Thomas was unaffected, and remained valid. On November 10, 1998, following the hearing in the underlying action, it was determined that TFD had been properly served, thus, in effect, reinstating the default judgment against TFD in the underlying action.

In this subsequent action for a declaration of the parties' respective rights and obligations under the subject insurance policy, Lancer claimed that it had an agreement with TFD to postpone a decision on coverage under the subject policy, and when it learned in the last week of January 1999 that TFD was not pursuing an appeal from the adverse determination following the hearing on the issue of service, it disclaimed coverage in early February 1999. The Supreme Court submitted to the jury the issue whether there was, in fact, a postponement agreement between Lancer and TFD. The jury responded in the affirmative. Based on our review of the record, we conclude that the evidence supports that conclusion.

Insurance Law § 3420(d) requires written notice of a disclaimer to be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64; *Zappone v Home Ins. Co.*, 55 NY2d 131; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028). In this case, the modest delay from the time Lancer learned that TFD would not be pursuing an appeal with respect to the adverse determination at the traverse hearing (which meant the default judgment against it would stand) and Lancer's disclaimer - from the last week in January 1999 to early February 1999 - was reasonable, and thus Lancer's disclaimer was timely, vitiating coverage under the subject policy (*see Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426; *Commercial Union Ins. Co. v International Flavors & Fragrances*, 822 F2d 267).

May 2, 2005                                                                                      Page 2.

LANCER INSURANCE COMPANY v T.F.D. BUS CO., INC.

The appellants' remaining contentions are without merit.

H. MILLER, J.P., LUCIANO, RIVERA and LIFSON, JJ., concur.

ENTER:

*James Edward Pelzer*

James Edward Pelzer
Clerk of the Court

EXHIBIT D



*State of New York*
*Court of Appeals*

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207-1095*

DECISION September 15, 2005

2          Mo. No.  644
Lancer Insurance Company,
                    Respondent,
                v.
T.F.D. Bus Co., Inc.,
                    Appellant,
et al.,
                    Defendants.

Motion for leave to appeal denied.



SEP 1 9 2005

# State of New York,
## Court of Appeals

*At a session of the Court, held at Court of Appeals Hall in the City of Albany on the ............ fifteenth ............ day of ............ September ............ 2005*

# Present,   HON. JUDITH S. KAYE, *Chief Judge, presiding.*

2          Mo. No.   644
Lancer Insurance Company,
                    Respondent,
          v.
T.F.D. Bus Co., Inc.,
                    Appellant,
et al.,
                    Defendants.

SEP 1 9 2005

A motion for leave to appeal to the Court of Appeals in the above cause having heretofore been made upon the part of the appellant  herein and papers having been submitted thereon and due deliberation having been thereupon had, it is

ORDERED, that the said motion be and the same hereby is denied.

Stuart M. Cohen
Clerk of the Court

EXHIBIT E

LAW OFFICE OF

## Edward J. Carroll

2733 ROUTE 209
KINGSTON, NEW YORK 12401

EDWARD J. CARROLL

TEL (845) 338-5977
FAX (845) 338-5975

PARALEGAL
DEBRA LEACOCK

March 29, 2007

Lancer Insurance Company
370 West Park Avenue
Long Beach, New York 11561

Re: Thomas E. Lyons and Celeste M. Lyons
Vs: Michael A. Thomas and T.F.D. Bus Co., Inc.
    Supreme Court of the State of New York
    County of Westchester

Dear Sir/Madam:

Please be advised that my office represents Thomas E. Lyons and Celeste M. Lyons regarding the above entitled matter.

Please be further advised that a final Judgment in favor of Thomas E. Lyons and Celeste M. Lyons and against T.F.D. Bus Co., Inc. was entered in the Westchester County Clerk's Office on the 24th day of August, 2006 and remains unsatisfied.

Please be further advised that the vehicle involved in this accident operated under authority of Interstate Commerce Commission Certificate No. MC 201286 which was assigned US DOT Identification No. USDOT 428962 and was engaged in interstate commerce on the date of this accident.

Your company issued a MCS-90 Endorsement and therefore, in accordance with the Bus Regulatory Reformed Act of 1982 and/or Motor Carrier Act of 1980, demand is hereby made for all damages sustained by my clients as shown in the enclosed final Judgment.

Your immediate attention to the foregoing is required.

Very truly yours,

*Edward J. Carroll*

Edward J. Carroll

EJC/dl
Enclosure

Certified Mail, Return Receipt Requested
Article No. 7006 0810 0006 7650 3128

**SENDER:** *COMPLETE THIS SECTION*

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lancer Insurance Company
370 West Park Avenue
Long Beach, New York
        11561

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  4-3

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0810 0006 7650 3128

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.35 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.60 |

Postmark Here

3-29-07

Sent To  Lancer Insurance Company
Street, Apt. No.;
or PO Box No.  370 West Park Avenue
City, State, ZIP+4  Long Beach, New York 11561

7006 0810 0006 7650 3128

PS Form 3800, June 2002    See Reverse for Instructions

AUG 2 8 2006

FILED
AND
ENTERED
ON  8-24  20 66
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS E. LYONS and CELESTE M. LYONS,                    JUDGMENT

                              Plaintiffs,

        -against-                                        Index #92-14941

MICHAEL A. THOMAS and T.F.D. BUS CO., INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        The above entitled action having been commenced by the service of a

summons and complaint upon defendants, MICHAEL A. THOMAS and

T.F.D. BUS CO., INC., on August 27, 1992; and an index number having been

purchased and plaintiffs summons and complaint having been duly filed; and

the defendants having defaulted in timely appearing, answering, or moving

against said complaint; and the plaintiffs having timely moved to enter a

default judgment against the defendants on December 4, 1992; and said

application having been granted by Decision and Order of HONORABLE

SAMUEL G. FREDMAN, J.S.C., dated December 17, 1992 and filed on

December 18, 1992 in the Office of the County Clerk of the County of

Westchester, State of New York; and a copy of said Decision/Order awarding

a judgment of liability in favor of the plaintiffs and against T.F.D. BUS CO.,

INC., and MICHAEL THOMAS and granting plaintiffs an inquest to assess damages having been served upon defendants by certified mail, return receipt requested; and the defendants having failed to seek relief from said judgment for a period of at least five (5) years thereafter; and this action having duly come on upon plaintiffs timely application for a hearing for the purpose of assessing damages on the causes of action set forth in plaintiffs' complaint before HONORABLE ARTHUR C. KELLMAN, J.H.O., and a jury of six (6) on the June 12, 13, 16 and 17, 1997, at the Westchester County Courthouse, White Plains, New York; and the plaintiffs, THOMAS E. LYONS and CELESTE M. LYONS, having appeared by EDWARD J. CARROLL, ESQ.; and the proofs of the plaintiffs having been duly presented and the issue of damages having been duly tried; and the jury having rendered a unanimous verdict in favor of the plaintiffs and against the defendants on the issue of damages on the 17th day of June, 1997, finding that defendants' negligence was a competent producing cause of the injuries sustained by THOMAS E. LYONS and that THOMAS E. LYONS as a result thereof suffered a "serious injury", to wit: a fracture, a permanent loss of the use of a body member, function or system, a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, and

-2-

medically determined injuries or impairment of a non-permanent nature which

prevented him from performing substantially all of the material acts which

constituted his usual and customary daily activities for not less than 90 days

during the 180 days immediately following the occurrence of this accident;

and Judgment having been entered thereon, and plaintiffs having sought

enforcement thereof; and defendant, T.F.D. BUS CO. INC. by its attorney

ADAM SEIDEN, ESQ. having moved by Order to Show Cause returnable on

September 24, 1997 before the Supreme Court, County of Westchester for

relief pursuant to CPLR Section 5015; and HONORABLE JOHN P. DiBLASI,

J.S.C., by Order and Decision dated February 10, 1998 having ultimately

granted defendant's application to the extent of directing that a traverse

hearing would be held to determine whether plaintiffs properly served T.F.D.

BUS CO. INC. with their summons and complaint, and if service was deemed

sufficient directing that a new inquest on damages, upon notice, be held; and a

traverse hearing having thereafter been held on or about November 11, 1998,

and HONORABLE ROBERT JAMES FRIEDMAN, J.S.C., presiding, having

determined that defendant, T.F.D. BUS CO., INC. was properly served with

plaintiffs' summons and complaint on August 27, 1998; and the Court having

directed that the action be remanded to the Trial Assignment Part to appear on

-3-

the calendar for the purpose of scheduling a date for an Inquest; and the above

entitled action having come on for an Inquest on or about April 20, 1999 to

determine an assessment of damages sustained by the plaintiffs as against

T.F.D. BUS CO. INC.; and the jury, after hearing the proofs of both plaintiffs

and defendants having determined, by verdict sheet annexed hereto and made

a part hereof as Exhibit "A", that the defendants' negligence was a competent

producing cause of the injuries sustained by THOMAS E. LYONS and that

THOMAS E. LYONS, as a result thereof, suffered a "serious injury", to wit: a

fracture, a permanent loss of the use of a body member, function or system, a

significant limitation of use of a body function or system, a permanent

consequential limitation of use of a body organ or member, and medically

determined injuries or impairment of a non-permanent nature which prevented

him from performing substantially all of the material acts which constituted his

usual and customary daily activities for not less than 90 days during the 180

days immediately following the occurrence of this accident, and that plaintiff,

CELESTE M. LYONS did sustain damages upon her derivative cause of

action; and the jury having rendered a verdict in favor of plaintiff, THOMAS

E. LYONS and against defendant, T.F.D. BUS CO. INC. in the sum of Two

Million Four Hundred Thousand Dollars ($2,400,000.00); and the jury having

-4-

rendered a further verdict in favor of plaintiff, CELESTE M. LYONS and against defendant, T.F.D. BUS CO, INC. in the sum of Two Hundred Thousand Dollars ($200,000.00) as and for her derivative action for loss of services, and said award as to THOMAS E. LYONS having been allocated as of the date of the verdict (April 20, 1999) as follows:

(A) ONE MILLION DOLLARS ($1,000,000.00) for past loss of earnings, pension, and insurance benefits and impairment of earning ability;

(B) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future loss of earnings, pension and insurance benefits and impairment of earning ability over 7 years; and

( C) SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00) for future pain and suffering, including the permanent effect of the injury from the time of the verdict to the time that plaintiff could be expected to live being a period of 20 years, and

the plaintiffs being entitled to interest on said awards as of the date the plaintiffs were awarded a Judgment of liability, to wit: December 17, 1992; and the Court having computed the award for future damages for the plaintiff, THOMAS E. LYONS, pursuant to Section 5041 of the Civil Practice Law and Rules of the State of New York; and by agreement between plaintiffs and

-5-

defendant, T.F.D. BUS CO., INC., entry of Judgment was adjourned from April 20, 1999 to present,

NOW, on motion of EDWARD J. CARROLL, ESQ., attorney for the plaintiffs, it is

ORDERED, ADJUDGED AND DECREED, that plaintiff, CELESTE M. LYONS, residing at 4 Cross Road, Ardsley, New York 10502, does recover of defendant, T.F.D. BUS CO., INC., a corporation with a principal place of business at 215 South 11th Avenue, Mt. Vernon, New York 10550, the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from December 17, 1992, and it is further less any payments already made by defendants.

ORDERED, ADJUDGED AND DECREED, that EDWARD J. CARROLL, ESQ., attorney for CELESTE M. LYONS, shall be paid an attorneys award in the sum of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND 66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 from the proceeds of the foregoing award to CELESTE M. LYONS; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR Section 5014(b), plaintiff, THOMAS E. LYONS, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522, does recover of defendant, T.F.D.

-6-

BUS CO., INC., a corporation with a principal place of business at 215 South

11th Avenue, Mt. Vernon, New York 10550, the sum of TWO MILLION

TWO HUNDRED SEVENTY THOUSAND DOLLARS ($2,270,000.00) for

past damages ($1,000,000.00 to April 20, 1999; $1,020,000.00 representing

future damages awarded on April 20, 1999 which, due to the postponement of

the entry of Judgment, are now past damages; and future damages not in

excess of $250,000.00, with interest from December 17, 1992; and it is further
*less any payments made by defend*

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS

E. LYONS, shall be paid an attorneys award in the sum of SEVEN

HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND

66/100 DOLLARS ($756,666.66) for litigation costs and attorneys fees

pertaining to the recovery of the aforesaid damages in the amount of

$2,270,000.00, from the foregoing Judgment awarded to THOMAS E.

LYONS, with interest from December 17, 1992; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(e), plaintiff, THOMAS E. LYONS, residing at 38 Moulton

Avenue, Dobbs Ferry, New York 10522, does further recover of defendant,

T.F.D. BUS CO., INC., a corporation with a principal place of business at 215

-7-

South 11th Avenue, Mt. Vernon, New York 10550, the sum of ONE

HUNDRED TWELVE THOUSAND ONE HUNDRED EIGHTY TWO AND

85/100 DOLLARS ($112,182.85) representing the present value of future

damages as of the entry of Judgment (see Schedule "A"); and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to CPLR

Section 5014(c), that EDWARD J. CARROLL, ESQ., attorney for THOMAS

E. LYONS, shall be paid an attorneys award in the sum of THIRTY SEVEN

THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS

($37,394.28) for litigation costs and attorneys fees pertaining to the recovery

of $112,182,85 representing the present value of future damages; and it is

further

ORDERED, ADJUDGED AND DECREED, that both plaintiffs be and

the same are hereby awarded statutory interest on their awards from the date of

entry of the judgment of liability on December 17, 1992 together with costs

and disbursements of this action and that plaintiffs shall have execution

therefore; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendants and

their insurance carriers be and the same are hereby required and directed to

offer and purchase and guarantee the purchase and payment to the plaintiff,

-8-

THOMAS E. LYONS, of an annuity contract by an insurance carrier designated as qualified by the superintendent of insurance of the State of New York of the following annual payments, in equal monthly installments, in advance:

(A) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), per annum for one (1) year, representing future damages for future loss of earnings, pension, insurance benefits and impairment of earning ability ($65,000 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86) and

(B) FORTY SIX THOUSAND THREE HUNDRED TWO AND 86/100 DOLLARS ($46,302.86), by payment of $11,575.72 per annum for four (4) years, increased annually at Four percentum (4 percent), compounded annually, representing damages for future pain, suffering, including the permanent effect of the injury from the time of verdict to the time that plaintiff could be expected to live ($65,000.00 - 18,697.14 (½ present value of contingent 1/3 attorney's fee = 46,302.86 divided by 4 equal annual payments) [CPLR Section 5041(e)]; and it is further

ORDERED, ADJUDGED AND DECREED, that the discount rate to be used to calculate the net present value of the award to THOMAS E. LYONS

-9-

shall be 6.25 percent as is more particularly set forth in the U.S. Statistical

Abstract Table 801 at page 520 and the Federal Reserve Bulletin for the year

1992 (determination of liability) and that the total net present value of the

judgment herein for future damages is ONE HUNDRED TWELVE

THOUSAND ONE HUNDRED EIGHTY TWO AND 85/100 DOLLARS

($112,182.85), and it is further

ORDERED, ADJUDGED AND DECREED that the fees of EDWARD

J. CARROLL, ESQ., (as calculated in Schedule "B")  shall be SEVEN

HUNDRED FIFTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND

66/100 DOLLARS ($756,666.66) with interest from December 17, 1992 to be

taken from the TWO MILLION TWO HUNDRED SEVENTY THOUSAND

DOLLARS ($2,270,000.00) lump sum with interest from December 17, 1992

awarded to plaintiff, THOMAS E. LYONS herein, plus THIRTY SEVEN

THOUSAND THREE HUNDRED NINETY FOUR AND 28/100 DOLLARS

($37,394.28) fee on future damages, to be paid in an additional lump sum, and

the amount of SIXTY SIX THOUSAND SIX HUNDRED SIXTY SIX AND

66/100 DOLLARS ($66,666.66) with interest from December 17, 1992 to be

taken from the TWO HUNDRED THOUSAND DOLLARS ($200,000.00)

lump sum with interest from December 17, 1992 awarded to plaintiff,

-10-

CELESTE M. LYONS and it is further

ORDERED, ADJUDGED AND DECREED that plaintiffs, THOMAS E.

LYONS and CELESTE M. LYONS shall have execution therefor.

The Clerk of the Court is hereby directed to enter Judgment accordingly.

JUDGMENT signed this _22ⁿᵈ_ day of _August_, 2006.

_____

HONORABLE ~~ALDO A. NASTASI~~
FRANCIS A. NICOLAI
Acting Justice of the Supreme Court


Defendant, T.F.D. BUS CO., INC., by its attorney, ANDREW
RISOLI, ESQ., 484 White Plains Road, Eastchester, New
York 10709 hereby approves the form of the above Judgment
and consents to the execution and filing of same.

Dated _____, 2005          _____

                                                ANDREW RISOLI, ESQ.

-11-