## SCHEDULE A

## COMPUTATION PURSUANT TO CPLR 5041

Jury Award in favor of Celeste M. Lyons
(Not including accrued interest)..............................................$   200,000.00


- - - - - - - - - - - - - - - - - - - - - - - - - - -


Jury Award in favor of Thomas E. Lyons
(Not including accrued interest)..........................................$ 2,400,000.00

    a. Award for past loss of earnings, pension,
    insurance benefits and impairment of earning
    ability pursuant to CPLR 5041(b)................................(-) $  1,000,000.00

Sub Total...............................................................................$ 1,400,000.00

    b. Award for future loss of earnings, pension,
    insurance benefits and impairment of earning
    ability.....................................................................(-) $   700,000.00

    c. Award for future pain, suffering, including
    the permanent effect of the injury from the time
    of verdict to the time that plaintiff could be
    expected to live.....................................................(-)  $   700,000.00

Sub Total.........................................................................$         0.00

## <u>PAST DAMAGES AND PARTIAL PAYMENT FOR</u>
## <u>FUTURE DAMAGES PURSUANT TO CPLR 5041(b)</u>

Judgment................................................................ $ 2,400,000.00

   d.  Lump sum payment for past loss of earnings,
      pension, insurance benefits and impairment of
      earning ability pursuant to CPLR 5041(b)............(-) $ 1,000,000.00

Sub Total................................................................$ 1,400,000.00

   e.  Future damages awarded on April 20, 1999
      which, due to the postponement of the entry
      of Judgment, are now past damages
      ($600,000.00 loss of earnings; $420,000.00
      pain and suffering)...............................................(-) $ 1,020,000.00

Sub Total................................................................$   380,000.00

   f. Lump sum payment for future loss of
     earnings and impairment of earning
     ability and damages due to injury, pain,
     suffering and disability pursuant
     to CPLR 5041(b).................................................(-) $ 250,000.00

Sub Total................................................................$  130,000.00

   Remaining gross award for future damages is
    $130,000.00. Since jury determined future
    damages to be $700,000.00 for future loss
    of earnings, pension, insurance benefits
    and impairment of earning ability and
    $700,000.00 for future pain, suffering, including
    the permanent effect of the injury from the
    time of verdict to the time that plaintiff
    could be expected to live, the remaining sum
    of $130,000.00 was equally divided 50/50 as
    $65,000.000 for future loss of earnings, pension,
    insurance benefits and impairment of earning

ability and $65,000.00 for future pain, suffering,
including the permanent effect of the injury from
the time of verdict to the time that plaintiff could
be expected to live.

Pro rata future loss of earnings, etc. ...................................... $ 65,000.00

Pro rate future pain and suffering.... ......................................$ 65,000.00

## COMPUTATION OF PRESENT VALUE

Discount rate to calculate the net present value of the award is 6.25% taken
from U.S. Statistical Abstract Table 801 at page 520 and Federal Reserve
Bulletin for the Year 1992 (Determination of Liability).

A. Loss due to future loss of earning and impairment of earning ability
(remaining gross award of $65,000)

1. Verdict established 7 years as period of award for future loss of
earning and impairment of earning ability with 1 year remaining at the time of
the entry of judgment; 7 years totaling $700,000.00 or $100,000.00 per year of
which 1 year remains. $600,000.00 constitutes past damages and $100,000.00
represents future damages.

2. Pattern Jury Instructions: Present Value Tables establishes the
percentage to be utilized under 6.25% over a 1 year period to be .9411815 for
future loss of earning and impairment of earning ability.

$65,000.00 x .9411815 equals present value............................$ 61,176.80

B. Loss due to future injury, pain, suffering and disability (remaining
gross award of $65,000)

1. Verdict established 20 years as period of award for future
injury, pain, suffering and disability. CPLR 5041(e) establishes 10 years as
period of award for future injury, pain, suffering and disability with 4 years
remaining at the time of the entry of judgment; 10 years totaling $700,000.00
or $70,000.00 per year of which 4 years remain. $420,000.00 constitutes past

damages and $280,000.00 represents future damages.

      2.  Pattern Jury Instructions: Present Value Tables establishes the percentage to be utilized under 6.25% over a 4 year period to be .7847085 for future injury, pain, suffering and disability.

$65,000.00 x .7847085 equals............................................... $   51,006.05

Present Value of combined remaining future damages.......... $ 112,182.85

## SCHEDULE B

## COMPUTATION OF LEGAL FEES
## NOT INCLUDING ACCRUED INTEREST
## FROM DECEMBER 17, 1992

a. Lump sum payment for past loss of earnings
   and impairment of earning ability pursuant
   to CPLR 5041(b)................................................................ $ 1,000,000.00

b. Future damages awarded on April 20, 1999
   which, due to the postponement of the entry
   of Judgment, are now past damages..............................(+) $ 1,020,000.00

c. Lump sum payment for future loss of earnings,
   pension, insurance benefits and impairment of
   earning ability and loss of injury, pain, suffering
   and disability pursuant to CPLR 5041(b).................... (+) $   250,000.00

Sub Total................................................................................. $ 2,270,000.00

d. Contingent fee of one-third of net recovery
   of damages (not including accrued interest)..................(-) $   756,666.66

Present value of combined remaining future damages........... $   112,182.85

e. Contingent fee of one-third of net recovery
   of damages paid in lump sum........................................... $    37,394.28

Total of (d) and (e)................................................................$   794,060.94

f. Contingent fee of one-third of net recovery
   of damages (not including accrued interest)
   for Celeste M. Lyons..........................................................(+) $ 66,666.66

Total (d), (e) and (f)...........................................................$ 860,072.60

EXHIBIT F



**LANCER**
I N S U R A N C E
*The Difference is Our Attitude.*

April 5, 2007

**By Overnight and Regular Delivery**

APR 1 1 2007

Edward J. Carroll
2733 Route 209
Kingston, NY 12401

Re:  *Lyons v. TFD Bus*
     *Lancer v. TFD, et al.*

Dear Mr. Carroll:

    I am in receipt of your letter dated March 29, 2007, addressed to Lancer Insurance Company which, in part, makes demand for payment upon a Judgment purportedly entered by your client(s) against TFD Bus.

    As you are aware, I am Counsel to Lancer Insurance Company and was actively involved in the prosecution of a Declaratory Judgment Action in the Supreme Court, Nassau County, against your client(s). As you are further aware, that action resulted in a Judgment, in Lancer's favor, declaring that Lancer had no duty to indemnify for any claim, judgment, etc. arising out of a certain alleged loss which involved TFD Bus and your client(s).

    In the future, you are directed to send any communication or correspondence directly to me on Lancer's behalf. Given the substance of your letter, and your frivolous assertion that Lancer is required to satisfy your client(s)' purported Judgment, if you commence any litigation against Lancer, service of any suit papers shall be made upon me personally. I will expect full compliance with this demand lest we suffer through the very same tactics you have previously employed calculated solely to deprive litigants and their counsel of the right to a minimum amount of due process.

    On the substantive aspects of your letter, you and your client(s) have no basis for your demand. All of the issues raised in your letter were before the Supreme Court. The jury found in Lancer's favor, the trial court declared Lancer's rights, and you took an appeal of that declaration. All of the issues before the trial court were fully argued in the Appellate Division. That court affirmed the trial court's decision. The Court of Appeals, as you are also aware, denied your leave application.

LANCER INSURANCE COMPANY
370 WEST PARK AVE., P.O. BOX 9004, LONG BEACH, NY 11561-9004 • TEL: 516-431-4441 • FAX: 516-889-5111 • www.lancerinsurance.com

Based upon the foregoing, your demand has no reasonable basis in law or in fact. Your veiled threat of litigation can most charitably be described as frivolous.

Should you continue with your legal forays, we will seek all available remedies against your client(s) and against you personally. My client will vigorously prosecute its claims for sanctions against you and your client(s) and will also be constrained to file a complaint with the appropriate grievance committee.

In sum, my client will not comply with your demand nor does it recognize any validity to your claim.

This letter is being sent to you by overnight delivery and by regular mail. While we have no obligation to comply with your demand, we are cognizant of our procedural obligations. Therefore, unless I hear from you to the contrary, I will assume that this letter is being accepted by you on behalf of your client(s). Otherwise, I will send them copies as well.

Very truly yours,

John A. Petrilli
Senior Vice President
General Counsel

JAP:cp

Copy: Roy Vasile, Esq.





INSURANCE
*The Difference is Our Attitude.*

April 5, 2007

**By Overnight and Regular Delivery**

APR 0 6 2007

Edward J. Carroll
2733 Route 209
Kingston, NY 12401

Re:    *Lyons v. TFD Bus*
       *Lancer v. TFD, et al.*

Dear Mr. Carroll:

I am in receipt of your letter dated March 29, 2007, addressed to Lancer Insurance Company which, in part, makes demand for payment upon a Judgment purportedly entered by your client(s) against TFD Bus.

As you are aware, I am Counsel to Lancer Insurance Company and was actively involved in the prosecution of a Declaratory Judgment Action in the Supreme Court, Nassau County, against your client(s). As you are further aware, that action resulted in a Judgment, in Lancer's favor, declaring that Lancer had no duty to indemnify for any claim, judgment, etc. arising out of a certain alleged loss which involved TFD Bus and your client(s).

In the future, you are directed to send any communication or correspondence directly to me on Lancer's behalf. Given the substance of your letter, and your frivolous assertion that Lancer is required to satisfy your client(s)' purported Judgment, if you commence any litigation against Lancer, service of any suit papers shall be made upon me personally. I will expect full compliance with this demand lest we suffer through the very same tactics you have previously employed calculated solely to deprive litigants and their counsel of the right to a minimum amount of due process.

On the substantive aspects of your letter, you and your client(s) have no basis for your demand. All of the issues raised in your letter were before the Supreme Court. The jury found in Lancer's favor, the trial court declared Lancer's rights, and you took an appeal of that declaration. All of the issues before the trial court were fully argued in the Appellate Division. That court affirmed the trial court's decision. The Court of Appeals, as you are also aware, denied your leave application.

LANCER INSURANCE COMPANY

370 WEST PARK AVE., P.O. BOX 9004, LONG BEACH, NY 11561-9004 • TEL: 516-431-4441 • FAX: 516-889-5111 • www.lancerinsurance.com

Based upon the foregoing, your demand has no reasonable basis in law or in fact. Your veiled threat of litigation can most charitably be described as frivolous.

Should you continue with your legal forays, we will seek all available remedies against your client(s) and against you personally. My client will vigorously prosecute its claims for sanctions against you and your client(s) and will also be constrained to file a complaint with the appropriate grievance committee.

In sum, my client will not comply with your demand nor does it recognize any validity to your claim.

This letter is being sent to you by overnight delivery and by regular mail. While we have no obligation to comply with your demand, we are cognizant of our procedural obligations. Therefore, unless I hear from you to the contrary, I will assume that this letter is being accepted by you on behalf of your client(s). Otherwise, I will send them copies as well.

Very truly yours,

John A. Petrilli
Senior Vice President
General Counsel

JAP:cp

Copy:  Roy Vasile, Esq.



LAW OFFICES OF CURTIS, VASILE P.C.
    ATTORNEYS AT LAW

REID A. CURTIS (1911-1987)
ROY W. VASILE
MICHAEL G. MEHARY
DOMINICK A. PICCININNI, JR.
MICHAEL J. DORRY

PATRICIA M. D'ANTONE
   OF COUNSEL

2174 HEWLETT AVENUE
MERRICK, NEW YORK 11566-0801

516-623-1111
FAX 516-623-0758

PLEASE ADDRESS ALL MAIL TO
POB 801, MERRICK, NY 11566-0801

May 8, 2007

Edward J. Carroll, Esq.
2733 Route 209
Kingston, NY 12401

MAY 10 2007

By Certified Mail, Return Receipt Requested

    RE:   Lyons v. TFD Bus
           Lancer v. TFD, et al
           Our File: C36158LA.3744

Dear Mr. Carroll:

    Enclosed herewith is a certified copy of the Judgment declaring that there is no coverage under Lancer's policy for the claims involved in the litigation which you brought on behalf of Thomas & Celeste Lyons.

    Please be advised that pursuant to CPLR 5104, should you or your clients attempt to commence litigation or pursue any claim for coverage in the face of the aforesaid judgment, a contempt proceeding will be brought before Justice Kenneth A. Davis of the Supreme Court, Nassau County.

                          Very truly yours,

                          ROY W. VASILE (Ext. 224)
                          rvasile@cvdm.com

RWV/pf
encs:

cc:    John A. Petrilli, Esq.

STATE OF NEW YORK
COUNTY OF NASSAU            } SS:
COUNTY CLERK'S OFFICE

    I, **MAUREEN O'CONNELL,** County Clerk of the County of Nassau and the Supreme and County Courts, Courts of Record thereof,

    DO HEREBY CERTIFY, that I have compared the annexed with the original.

*Recorded Judgement - Supreme Court - Mowey*

FILED AND RECORDED in my office *On July 30, 2003, In Liber 2571 Page 136* and that the same is a true transcript thereof and of the whole of such original.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the official seal of said County at Mineola, N.Y. this ___*18th*___ day of ___*April*___, 20 *07*

*Maureen O'Connell*
County Clerk

CL-192. 2/96. Rev. 12/05



## NASSAU COUNTY CLERK'S OFFICE
### ENDORSEMENT COVER PAGE

Recorded Date: 07-30-2003          Record and Return To:
Recorded Time:  9:47:09 a

Liber Book: J   2571
Pages From:         136
        To:         149A

Control
Number:    514
Ref #: 99--007146
Doc Type: J01   JUDGMENT-SUPREME COURT-MONEY

Plnt: LANCER INSURANCE COMPANY
Dfnd: LYONS, THOMAS E
Dfnd: LYONS, CELESTE M


Judgment Amount:        2,864.72



Taxes Total          .00
Recording Totals          .00
MET001                Total Payment          .00

**THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED**
**KAREN V. MURPHY**
**COUNTY CLERK**



2003073000514




SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

--------------------------------------------------------------X

LANCER INSURANCE COMPANY,

Plaintiff,

-against-

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS and CELESTE LYONS,

Defendants.

--------------------------------------------------------------X

**JUDGMENT
NOTICED FOR
SETTLEMENT
WITH BILL OF COSTS**

Cal. No.  2002H1541
Index No.  7146/99

The issues in the above-entitled declaratory judgment action having duly come on

for trial before the Hon. Justice Kenneth A. Davis and a jury, at a Trial Term, Part 11, of

this court, held at the courthouse thereof, located at 100 Supreme Court Drive, Mineola,

New York, on the 9th, 12th, 13th, 14th, 15th and 16th days of May, 2003;  and the plaintiff

Lancer Insurance Company having appeared by its attorneys Curtis, Vasile, Devine &

McElhenny, 2174 Hewlett Avenue, Merrick, New York 11566, by Roy W. Vasile, of counsel;

and the defendant T.F.D. Bus Co., Inc. having appeared by its attorney Andrew C. Risoli,

484 White Plains Road, Eastchester, New York 10709;  and the defendant Thomas E.

Lyons having appeared by his attorney Edward J. Carroll, 2733 Route 209, Kingston, New

York  12401; and the defendant Celeste Lyons having appeared by her attorneys Milber,

Makris, Plousadis & Seiden, 990 Stewart Avenue, Suite 600, Garden City, New York

11530, by John P. Grisafi, of counsel;  and the issues having been duly tried;  and the jury

having rendered a verdict on the 14th day of May, 2003, in favor of the plaintiff and against

the defendants; and the court having denied defendants' motions after due deliberation,

and having ruled on the basis of the jury's verdict that there is no coverage under plaintiff's

policy:

**NOW**, on motion of Curtis, Vasile, Devine & McElhenny, attorneys for the plaintiff, *2174 Hewlett Avenue P0 Box 801 Merrick Ny 11526-0801*
it is

~~ORDERED,~~ ADJUDGED, ~~DECLARED AND DECREED,~~ that there is no coverage under a business automobile liability policy, number BA121448, issued by Lancer Insurance Company to T.F.D. Bus Co., Inc. for any claims, allegations, losses, costs expenses or judgments asserted by Thomas E. Lyons and Celeste Lyons against T.F.D. Bus Co., Inc. and Michael A. Thomas as a result of an automobile accident which is claimed to have occurred on February 14, 1989; and it is further

~~ORDERED,~~ ADJUDGED, ~~DECLARED AND DECREED,~~ that Lancer Insurance Company has no duty to defend or indemnify T.F.D. Bus Co., Inc. or Michael Thomas in connection with a certain action brought against them by Thomas A. Lyons and Celeste Lyons in the Supreme Court, Westchester County, under Index number 14941/92; and it is further

~~ORDERED,~~ ADJUDGED ~~AND DECREED,~~ that all of the counterclaims asserted by each of the defendants in there respective answers and/or amended answers be and the same hereby are dismissed; and it is further

**ADJUDGED**, that plaintiff Lancer Insurance Company *residing at 370 W Park Ave Long Beach Ny 11561* recover from defendant Thomas E. Lyons, residing at 38 Moulton Avenue, Dobbs Ferry, New York 10522 and defendant Celeste Lyons, residing at 4 Cross Road, Ardsley, New York 10502, costs and

disbursements in the sum of 2864.72, as taxed by the Clerk of the Court;  and that the

plaintiff have execution therefor.


ENTER:


July 29 2003            Karen V Murphy
                        Clerk of the court

COPYRIGHT 1993 BY JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

SUPREME COURT
COUNTY OF NASSAU

LANCER INSURANCE COMPANY,

                                                   *Plaintiff(s)*

           *against*

T.F.D. BUS CO., INC., MICHAEL A. THOMAS,
THOMAS E. LYONS AND CELESTE LYONS,

                               *Defendant(s)*

**Costs of PLAINTIFF**
LANCER INSURANCE COMPANY

**COSTS**

| Item | $ | |
|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | 200 | 00 |
| Costs after note of issue CPLR §8201 subd. 2 | 200 | 00 |
| Trial of issue CPLR §8201 subd. 3 | 300 | 00 |
| Allowance by statute CPLR §8302(a), (b) | | |
| Additional allowance CPLR §8302 (d) | | |
| Motion costs CPLR §8202 | | |
| Appeal to Appellate Term CPLR §8203 (b) | | |
| Appeal to Appellate Division CPLR §8203 (a) | 256 | 00 |
| Appeal to Court of Appeals CPLR §8204 | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | |

**DISBURSEMENTS**

| Item | $ | |
|---|---|---|
| Fee for index number  CPLR §8018(a) | ~~175~~ 170 | 00 |
| Referee's fees  CPLR §8301(a)(1), 8003(a) I.P. DeFilippi | 1000 | 00 |
| Commissioner's compensation  CPLR §8301(a)(2) | | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | | |
| Entering and docketing judgment  CPLR §8301(a)(7), 8016(a)(2) | | |
| Paid for searches  CPLR §8301(a)(10) | | |
| Affidavits & acknowledgments  CPLR §8009 | | |
| Serving copy summons & complaint  CPLR §8011(h)(1), 8301(d) | | |
| Request for judicial intervention | | |
| Note of issue  CPLR §8020(a) | 25 | 00 |
| Paid referee's report  CPLR §8301(a)(12) | | |
| Certified copies of papers  CPLR §8301(a)(4) | | |
| Satisfaction piece  CPLR §5020(a), 8021 | | |
| Transcripts and filing  CPLR §8021 | | |
| Certified copy of judgment  CPLR §8021 | | |
| Postage  CPLR §8301(a)(12) | | |
| Jury fee  CPLR §8020(c) | 50 | 00 |
| Stenographers' fees  CPLR §8002, 8301 | | |
| Sheriff's fees on execution  CPLR §8011, 8012 | | |
| Sheriff's fees, attachment, arrest, etc.  CPLR §8011 | | |
| Paid printing cases  CPLR §8301(a)(6)  App. Brief | 419 | 72 |
| Clerk's fees Court of Appeals  CPLR §8301(a)(12) | | |
| Paid copies of papers  CPLR §8016(a)(4) | | |
| Motion expenses  CPLR §8301(b) | | |
| Fees for publication  CPLR §8301(a)(3) | | |
| Serving subpoena  CPLR §8011(h)1, 8301(d) | | |
| Paid for Search  CPLR §8301(a)(10) | | |
| Examination Before Trial Transcripts (CPLR 8301(a)(9) | 250 | 00 |
| Referee's report | | |
| Attendance of witnesses  CPLR §8001(a)(b)(c), 8301(a)(1) | | |

Adjusted at $2864.72

Costs _____ this 29 day of July 2013
_Karen V. Murphy_
Clerk, Nassau County

| | $ | |
|---|---|---|
| Costs | 990 | 00 |
| Disbursements | 1914 | 72 |
| Total | $ 2864 | 72 |

| | $ | |
|---|---|---|
| | 1914 | 72 |

State of New York, County of                              ss.:

being duly sworn, deposes and says; that deponent is not a
party to the action, is over 18 years of age and resides at

That on
deponent served the within bill of costs and notice of taxation on

attorney(s) for
herein, at his/her office at

during his/her absence from said office
strike out either (a) or (b)
(a)    by then and there leaving a true copy of the same with

his/her clerk; partner; person having charge of said office.

(b)    and said office being closed, by depositing a true copy of
same, enclosed in a sealed wrapper directed to said attorney(s), in
the office letter drop or box.

Sworn to before me on

State of New York, County of                              ss.:

being duly sworn, deposes and says; that deponent is not a
party to the action, is over 18 years of age and resides at

That on
deponent served the within bill of costs and notice of taxation on

attorney(s) for
at

the address designated by said attorney(s) for that purpose by
depositing a true copy of same enclosed in a postpaid properly
addressed wrapper, in—a post office—official depository
under the exclusive care and custody of the United States Postal
Service within New York State.

Sworn to before me on

---

Index No.

COURT
COUNTY OF

FILED
JUL 29 2003
NASSAU COUNTY
COUNTY CLERK'S OFFICE

Plaintiff(s)

against

Defendant(s)

## Bill of Costs
### and Notice of ............... Taxation

Please Take Notice that the within is a true copy of the
items of costs and disbursements in the within action
*taxed*          and that the same will be *taxed*
by the Clerk of
Court, at his/her office in the courthouse thereof on
                                         at                M.
of that day—and the amount inserted in the judgment.
        Yours, etc.

Attorney(s) for

To                                                    /

Attorney(s) for

Service of the within bill of costs and notice of taxation is
hereby admitted on

Attorney(s) for

* Strike out (CPLR §8402, 8403)

---

99/7146

FILED
JUL 29 2003
NASSAU COUNTY
COUNTY CLERK'S OFFICE

Dated:        June 20, 2003

RON W. VASILE

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that I am a member of Curtis,
Vasile, Devine & McElhenny                in the above entitled action, affirms that the foregoing disbursements have been or will
the attorney(s) of record for the        Plaintiff
necessarily be made or incurred in this action and are reasonable in amount and that each of the persons named as witnesses attended as such witness
on the trial, hearing or examination before trial herein the number of days set opposite their names; that each of said persons resided the number of
miles set opposite their names from the place of said trial, hearing or examination; and each of said persons, as such witness as aforesaid, necessarily
traveled the number of miles so set opposite their names in traveling to, and the same distance in returning from, the same place of trial, hearing or
examination; and that copies of documents or papers as charged herein were actually and necessarily obtained for use.
The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

STATE OF NEW YORK, COUNTY OF        NASSAU                        ss.

ATTORNEY'S AFFIRMATION

S I R S:

PLEASE TAKE NOTICE that a Judgment, the within which is a true copy, will be presented for settlement to the Judgment Clerk of the Court of the within named Court, at Supreme Court, County of Nassau, 240 Old Country Road, Mineola, New York, on July 29, 2003, at 9:30 a.m.

Dated:   Merrick, New York
      July 15, 2003

              Yours, etc.,

              CURTIS, VASILE,   DEVINE & MC ELHENNY

              By

              ROY W. VASILE
              Attorneys for Plaintiff Lancer
              Insurance Company
              2174 Hewlett Avenue
              PO Box 801
              Merrick, NY 11566-0801
              (516) 623-1111

TO:  Andrew C. Risoli, Esq.
    Attorney for Defendant T.F.D. Bus Co.
    484 White Plains Road
    Eastchester, NY 10709

    Edward J. Carroll, Esq.
    Attorney for Defendant Thomas E. Lyons
    2733 Route 209
    Kingston, NY 12401

    Milber, Makris, Plousadis & Seiden, Esqs.
    Attorneys for Defendant Celeste Lyons
    990 Stewart Avenue
    Suite 600
    Garden City, NY 11530

STATE OF NEW YORK )
           )  ss.:
COUNTY OF NASSAU  )

Patricia Fitzgerald, being duly sworn, deposes and says: that she served the attached Judgment

and this notice upon the attorneys listed above, by mail, on this date, in compliance with CPLR Section 2103(a) and Section 2102(b)2.

*Patricia Fitzgerald*

PATRICIA FITZGERALD

Sworn to before me this
14th day of July, 2003

*M Barnard*

Notary Public

WENDON BARNARD
Notary Public, State of New York
No. 01BA5059054
Qualified in Nassau County
Commission Expires May 6, ~~1996~~ 2006



S RECEIPT

Endorse This
Index Number
On All Papers

County

99--007146

DO NOT WRITE IN THIS SPACE

R E C E I P T
Nassau County Clerk
Karen V. Murphy
County Clerk

REC: 00332149        OPR: LMM001
petrilli

| DESCRIPTION | TRANS AMOUNT |
|---|---|
| County Fee | 5.00 |
| Dept of Ed | 5.00 |
| State Fee | 160.00 |
| Fees Paid | 170.00 |

Index/S&C                       170.00
DATE: 03/24/99   #  99--007146
B/P  00000 0000 Control# 199903240132  TIME: 09:36:48
1 LANCER INSURANCE COMPANY

2 T F D BUS CO INC

| RECEIPT TOTAL | 170.00 |
|---|---|
| K CHECK | |
| TOTAL AMOUNT TENDERED | 170.00 |
| TOTAL CHANGE RETURNED | .00 |
| PAYMENT TOTAL | 170.00 |

*(Print signer's name below signature)*

LAW OFFICES OF

## JOHN A. PETRILLI
370 WEST PARK AVENUE
LONG BEACH, NEW YORK 11561-3292

JOHN A. PETRILLI
———————
LALEH HAWA
DEIRDRE ETTUS

March 17, 1999

TELEPHONE (516) 431-6092
TELECOPIER (516) 889-8904

Clerk of the Court
Supreme Court, Nassau County
100 Supreme Court Drive
Mineola, New York 11501

RE:    *Lancer Insurance Company* v. *T.F.D. Bus Co., Inc.,*
       *Michael A. Thomas, Thomas E. Lyons and Celeste M. Lyons*

Dear Sir/Madam:

Please be advised that this firm represents the plaintiff in connection with the above referenced matter.

Please find enclosed the following the original Summons and Complaint together with our firm's check in the amount of $170 for an Index Number.

Please file these papers accordingly, advise us of the Index Number for this matter and return a time-stamped copy of the summons back to us in the enclosed self-addressed, stamped envelope.

Thank you for your cooperation.

Very truly yours,

LALEH HAWA

LH/bef

# LANCER INSURANCE COMPANY

370 WEST PARK AVENUE, LONG BEACH, NY 11561 • TEL. (516) 431-4441 • FAX (516) 889-5111

C 33271LA
BWV
340

FEB 06 2003

February 5, 2003

Peter R. DeFilippi, Esq.
3064 East Huber Street
Mesa, Arizona   85213

Re:   Lyons vs. TFD/Lancer v. TFD

Dear Mr. DeFilippi:

Enclosed please find Lancer Insurance Company Check #4166330 in the sum of $1,000.00 representing Lancer's share of your referee fee.

Thank you for your assistance in this matter.

Very truly yours,

Gina Blum
Legal Assistant

gb

Enclosure

cc:   Roy Vasile, Esq.
      Curtis, Vasile, Devine & McElhenny
      2174 Hewlett Avenue
      P.O. Box 801
      Merrick, New York 11566

**Peter R. DeFilippi**
*3064 E. Huber Street*
*Mesa, Arizona 85213*
*(480) 854-7101*
*peterdny@hotmail.com*

January 24, 2003

Roy W. Vasile, Esq.
CURTIS, VASILE, DEVINE & McELHENNY
2174 Hewlett Avenue
P.O. Box 801
Merrick, New York 11566

Re: Lancer v. TFD Bus

Dear Roy,

I have calculated my time spent as a Referee to Supervise discovery in the above action as a total of 15 hours. This includes the legal research concerning the attorney-client privilege between corporate officers and their counsel, and supervising the various examinations before trial. My billing rate for these services is $200.00 an hour making a total of $3,000.00 to be divided as the parties may agree or as Justice Alpert may decide.

Very truly yours,

Peter R. DeFilippi

CURTIS, VASILE, DEVINE & McELHENNY

ATTORNEYS AT LAW
MERRICK PROFESSIONAL CENTRE
2174 HEWLETT AVENUE
P.O. BOX 801
MERRICK, NEW YORK 11566-0801

516-623-1111

HERB A. CURTIS (1901-1997)
BRIAN W. McELHENNY
PAUL J. DEVINE
ROY W. VASILE
MICHAEL G. MEHARY
DOMINICK A. PICCININNI, JR
WILLIAM E. MORRISSEY, JR

ROBERT M. SMITH
HUGH J. LARKIN
MICHAEL J. DORNY
MARIANNE ARCIERI
ROBERT E. SCHLEIER, JR.

SUFFOLK COUNTY OFFICE
GRIFFING BUILDING
80 WEST MAIN STREET
RIVERHEAD, NEW YORK 11901

631-727-1111

JAMES J. MORRIS
OF COUNSEL

PLEASE REPLY TO MERRICK OFFICE

March 4, 2002

County Clerk
County of Nassau
240 Old Country Road
Mineola, NY 11501

Att:    County Clerk

RE:    Lancer Insurance Company v. T.F.D. Bus, Inc.
       Index Number: 7146-99
       Our File: C33271LA

Dear Sir/Madam:

    Enclosed herewith please find original and three copies of our Note of Issue and Certificate of Readiness in connection with the above matter. We enclose herewith our check in the amount of $25.00 for filing of the Note of Issue as well as a check in the amount of $50.00 for the Jury Demand. Please file the Note of Issue on our behalf and return the attached postcard to us indicating date of filing and the calendar number assigned to this matter.

    Thank you for your courtesy in this matter.

                                    Very truly yours,


                                    ROY W. VASILE
RWV/pf                              Ext. 224
encs:

## INVOICE

*Since 1881*

# THE REPORTER COMPANY
*Printers and Publishers, Inc.*

181 Delaware Street
Walton, New York 13856
FOR BILLING INQUIRIES PLEASE CALL 607-865-4131

CORPORATE OFFICE
607-865-4131
800-252-7181
FAX: 607-865-7566
E-Mail: info@ezprint.com

COMMERCIAL PRINTING
607-865-4132
800-865-4132
FAX: 607-865-8983
E-Mail: info@ezprint.com

NEW YORK CITY
212-732-6970
000-000-4264
FAX: 212-060-0036
E-Mail: info@ezprint.com

SYRACUSE
315-426-1235
800-426-5039
FAX: 315-475-2701
E-Mail: appeal@dreamscape.com

**TO:** CURTIS, VASILE, DEVINE & MCELHENNY, ESQS.
2174 HEWLETT AVE., SUITE 201
MERRICK, NY

11566-0801

NEW YORK L

Attorney: ROY W. VASILE

FED. I.D. #16-1514412

| INVOICE DATE | INVOICE NO. | ACCT. NO. | LOC. | TERMS |
|---|---|---|---|---|
| 5/04/01 | 802791 | CUR100 | N Y Direct | NET 30 DAYS |

RE: LANCER INSURANCE COMPANY VS T.F.D. BUS CO., ET AL.
JOB# 9499
20 COPIES BRIEF

Court: AD 2ND DEPT

| QTY | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 34 | OFFSET | 5.25 | 178.50 |
| | BINDING | | 60.00 |
| | COVERS | | 80.00 |

| | | |
|---|---|---|
| SUBTOTAL | $ | 308.50 |
| TAX | | 26.22 |
| SERV & FILING | | 85.00 |
| PREPAID | | |
| TOTAL DUE | $ | 419.72 |

*Please Detach and Return With Payment*

| CUST ID# | CUR100 | INV# | 802791 | LANCER INS. VS T.F.D. BUS | TOTAL $ | $ | 419.72 |
|---|---|---|---|---|---|---|---|

# INVOICE



**LANCER INSURANCE COMPANY**
370 WEST PARK AVENUE
LONG BEACH, NY 11561
ATTN.:

| Invoice # | Invoice Date |
|-----------|--------------|
| 4936004872 | 12/8/2000 |

**REMIT TO:**
P.O. Box 905463
Charlotte, NC 28290-5463
*Formerly Interim Court Reporting*

**Firm ID:**    LANC01          **Case Ref:**

| Job Number | Case Number | Case Name |
|------------|-------------|-----------|
| 3047 | LANC01 | LANCER V TFD BUS ET AL. |

**GROCCIA, ALBERT M.**                    **Job Date(s):**    11/29/00

ORIGINAL & TWO COPIES OF THE TRANSCRIPT                    $318.57

APPEARANCE FEE                    $23.34
*123 PAGES. TRANSCRIPTS DELIVERED TO CURTIS, VASILE, DEVINE & MCELHENNY. FILE C32271LA. CLAIM BA121448. SPLIT BILL. YOUR SHARE.*

                    **Total Amount Due:**    **$341.91**

Effective July 7, 2000, Interim Court Reporting became **spherion**.
Our federal ID number remains the same.

# Due Upon Receipt

| | Please pay this amount: | $341.91 |
|---|---|---|

**R D Glen & Associates**
(516) 739-0002
Federal ID:  36-3536544

v 3 38.01

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ certify that the annexed
*Attorney's Certification*
has been compared by me with the original and found to be a true and complete copy thereof.

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed

☐ know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
*Attorney's Verification by Affirmation*
and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                              is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

........................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF    ULSTER                    ss.:

   Thomas E. Lyons            being sworn says: I am   one of the plaintiffs

☒ in the action herein; I have read the annexed  **Complaint**
*Individual Verification*
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true.

☐ the                              of
*Corporate Verification*
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on    August 8          , 20 07

*Debra L. Leacock*
Notary Public, State of New York
Qualified in Ulster County
Commission Expires January 14, 2011

........................................................................
*(Print signer's name below signature)*

   Thomas E. Lyons

STATE OF NEW YORK, COUNTY OF                              ss.:

                                                         being sworn says: I am not a party to the action, am over 18 years of
age and reside at
   On                              , 20    , I served a true copy of the annexed
                                   in the following manner:

☐ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
*Service by Mail*
within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ by delivering the same personally to the persons at the address indicated below:
*Personal Service*

☐ by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the
*Service by Electronic Means*
attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received,
and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time
*Overnight Delivery Service*
designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                      , 20

........................................................................
*(Print signer's name)*

*Index No.*                          *Year* 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS E. LYONS and CELESTE M LYONS,

                                        Plaintiffs,

        -against-

LANCER INSURANCE COMPANY,

                                        Defendant.

---

## SUMMONS AND COMPLAINT

---

### EDWARD J. CARROLL

*Attorney for* Plaintiffs

2733 ROUTE 209
KINGSTON, N. Y. 12401
(845) 338-5977

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*.................................        Signature...................................................

                                        Print Signer's Name ...........................................

---

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                              ...................................................
                                    *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐ *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                    20
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                          *one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on*                 20      , *at*                *M.*

*Dated:*

                                        **EDWARD J. CARROLL**

                                        *Attorney for*

                                        2733 ROUTE 209
                                        KINGSTON, N. Y. 12401
                                        (845) 338-5977

*To:*

*Attorney(s) for*