*To be argued by*
*Roy W. Vasile, Esq.*
Time requested: 10 minutes

# Supreme Court
### State of New York
### Appellate Division — Second Department

MAY 13 2004

LANCER INSURANCE COMPANY,

*Plaintiff-Respondent,*

against

2003-07593

T.F.D. BUS CO., INC., THOMAS E. LYONS and CELESTE M. LYONS,

*Defendants-Appellants,*

and

MICHAEL A. THOMAS,

*Defendant.*

## BRIEF FOR PLAINTIFF-RESPONDENT

CURTIS, VASILE, DEVINE &
MCELHENNY
*Attorneys for Plaintiff-Respondent*
Lancer Insurance Company
2174 Hewlett Avenue, P.O. Box 801
Merrick, NY 11566
(516) 623-1111

Nassau County Clerk's Index No. 7146/99

THE REPORTER COMPANY, *Printers and Publishers, Inc.*
30 Vesey Street, New York, NY 10007—212-732-6978
(7241 - 2004)
Reproduced on Recycled Paper

> MR. CARROLL: Yes, I'm saying to allow the jury to decide, 18 months, well, it's reasonable or it's not reasonable, totally contradicts all the legal holdings as a matter of law. T. 22-24

The record clearly establishes that Lancer objected to this analysis and took exception to the court's refusal to have the jury answer the "ultimate question" itself: whether, under the circumstances presented, Lancer's disclaimer was issued with reasonable promptness. T. 541-542. The court declined to give the jury any question other than the one "triable issue of fact, not plural" which counsel had sought. Indeed, even counsel's request for a supplement to this one "triable issue of fact" was denied (T. 542), as was his further request to add yet another component to the question. T. 569.

While it is true that each of the appellants also took exception to the question being submitted to the jury without either of the requested supplements, the trial court clearly endorsed the theory that the "ultimate question" remained a matter of law. The supplements, under such analysis, were thus irrelevant: the trial court heard the same testimony as the jury, and the appellants were eager to leave the "ultimate decision" to the court.

The final issue to address in this counter statement pertains to an argument raised by Thomas Lyons on a point *de hors* the record. Reference in this regard is

made to Point II of his brief (at least, the version which apparently has been filed; two separate "editions" have been served).

Lyons argues that as an interstate carrier, TFD's policy with Lancer is governed by federal regulation, which essentially obviates any repercussions caused by the breach of policy conditions. This is an argument which has never, ever been raised at any time in any of the proceedings which have taken place during the pendency of this action. It is also an argument which has no substantiation in any aspect of the record which is before this court.

The testimony of Albert Groccia, on behalf of TFD Bus, established only that the company operated a local school bus service in the Westchester metropolitan area. T. 461. While a "small percentage" of TFD's business involves "charter transportation" (*Id*), Groccia never suggested that the service involved interstate travel. No one disputes that the TFD vehicle involved in the accident of February 14, 1989 was a school bus; and no one has ever suggested that this bus was used in interstate transportation.

When an argument is "bottomed on facts *de hors* the record", and raised for the first time on appeal, the appropriate remedy, essentially, is to ignore it. See *Martin v. Manhattan and Bronx Surface Transit Operating Authority*, 198 A.D.2d 160, 604 N.Y.S.2d 65 (1st Dept. 1993).