UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

THOMAS E. LYONS and CELESTE M. LYONS,

              Plaintiffs,                        MEMORANDUM
-against-                                  OF LAW

LANCER INSURANCE COMPANY,         Civil Action
                                                          Case No. 07-CV-7095
                                                           (KMK) (MDF)

              Defendant.
-----------------------------------x


## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS


                                                  Respectfully submitted,

                                                  EDWARD J. CARROLL, ESQ.
                                                  Attorney for Plaintiffs, THOMAS E.
                                                  LYONS and CELESTE M. LYONS.
                                                  2733 Route 209
                                                  Kingston, New York  12401
                                                  Telephone: 845-338-5977
                                                  Facsimile:  845-338-5975

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

THOMAS E. LYONS and CELESTE M. LYONS,

                Plaintiffs,

                                      Civil Action
-against-                            Case No. 07-CV-7095
                                               (KMK) (MDF)

LANCER INSURANCE COMPANY,

                Defendant.

----------------------------------------x

## **PRELIMINARY STATEMENT**

This legal memorandum, the annexed affidavit of Edward J. Carroll, Esq. and LYONS' Exhibits "A" through "D" are submitted in opposition to LANCER'S motion to dismiss upon the defendant's claim that plaintiffs' action is barred by the doctrines of collateral estoppel and res judicata.

Plaintiffs also refer to LANCER'S Exhibits 1 through 9 annexed to defendant's instant motion, where applicable.

Based on the foregoing, it is respectfully submitted that defendant's motion should be in all respects denied.

## FACTS

Lancer Insurance Company, for valuable consideration received, issued T.F.D. Bus Co. Inc. two independent agreements, to wit:

> (1) a business automobile liability policy of insurance, and
>
> (2) an independent federal statutory endorsement known as MCS-90 which was required by T.F.D., as an interstate carrier, to comply with section 18 of the Bus Regulatory Reform Act of 1982.

The business policy of insurance, issued by LANCER, contractually granted to T.F.D. rights of a defense and indemnification, within the limits of the policy.

The MCS-90 endorsement, issued by LANCER, was required by T.F.D., as an interstate carrier, to comply with section 18 of the Bus Regulatory Reform Act of 1982. This independent endorsement provided, <u>in the absence of coverage under the policy</u>, that LANCER, as T.F.D.'s federal surety, within the limits of the endorsement, would be responsible for and satisfy <u>any final judgment</u> rendered in plaintiffs' favor for personal injury damages arising from an accident with T.F.D., an interstate carrier.

## THE ACCIDENT

On February 14, 1989, a bus traveling interstate, operated by the company's employee, Michael A. Thomas and owned by T.F.D. Bus Co. Inc., struck the rear of Thomas E. Lyons' motor vehicle in the City of Yonkers, New York, causing him to sustain serious, permanent personal injury damages, totaling more than $2,400,000.00.

Thomas E. Lyons' wife, Celeste M. Lyons, also sustained more than $200,000.00 as and for derivative damages.

At the time of the accident, this bus was insured by LANCER and was proceeding from Mount Vernon, New York, on an interstate return trip to Armonk, New York, via Interstate Route 684, through the State of Connecticut and then returning to Mount Vernon, New York. The bus was in the process of transporting home a group of adults that it had dropped off earlier in Armonk, New York. Although this bus did not have a permit to operate within the City of Yonkers, Michael A. Thomas was instructed by T.F.D. to transport a group of students through that city, while on that interstate route to Armonk, due to the unavailability of another bus that normally performed that function.

As a result of that motor vehicle accident, Thomas A. Lyons and his wife, Celeste M. Lyons, commenced a personal injury action against T.F.D. Bus Co. Inc. and Michael A. Thomas in the Supreme Court, County of Westchester, State of New York. Both plaintiffs were successful in obtaining monetary judgments that reflected the damages they sustained, together with interest from December 17, 1992 and the costs and disbursements of their actions.

LANCER disclaimed against T.F.D., and, on or about June 5, 1999, commenced an action in the Supreme Court of the State of New York, County of Nassau seeking a declaratory judgment that there was no coverage available to T.F.D. under that policy. The relief sought by LANCER was a declaration that:

- 3 -

> (1) *LANCER'S policy did not cover the 1989 accident;*
>
> (2) *LANCER <u>owed no duty to defend or indemnify T.F.D. Bus or Michael Thomas</u> in connection with the lawsuit brought by Lyons; and, inter alia,*
>
> (3) *dismissing all counterclaims wherein Thomas and Celeste Lyons had affirmatively sought a declaration of <u>coverage under the LANCER policy</u>.* **(Emphasis added)**
> (See defendant's Memorandum of Law at pages 1 and 2)
> (See LANCER'S Summons, Complaint and Amended Complaint in the State action, LYONS' Exhibit "A") and (See LANCER'S judgment in the State action, plaintiffs' Federal Summons and Complaint LYONS' Exhibit "C" at Exhibit "F").

Clearly, the subject of any prior State action was to judicially obtain a decision as to "whether there was coverage under the policy". The only other issue related to "coverage under the policy" was "whether LANCER'S disclaimer to its insured, T.F.D., was timely".

The enforceability by plaintiffs against LANCER'S MCS-90, as an independent statutory endorsement, had not been raised nor litigated in LANCER'S pleadings, nor at trial in the State action. No cause of action against LANCER, as a federal statutory surety, had accrued at the time of the commencement of that State action. Prior to September 15, 2005, no judicial declaration had yet been made or entered that there was "no coverage under the policy". A decision and order was entered in the Supreme Court of the State of New York, Appellate Division, Second Judicial Department on May 2, 2005. This judicial determination declared that there was "no coverage under the policy" (See plaintiffs' Federal Summons and Complaint annexed hereto as

- 4 -

LYONS' Exhibit "C" at Exhibit "C"). That decision and order became final on September 15, 2005 when the Court of Appeals of the State of New York denied plaintiffs leave to appeal (See plaintiffs' Federal Summons and Complaint annexed hereto as LYONS' Exhibit "C" at Exhibit "D").

Judgments in favor of the plaintiffs and against T.F.D., LANCER'S insured, were issued and entered in the Westchester County Clerk's Office on August 24, 2006. These judgments became final and enforceable on September 29, 2006.

Only after a final judicial determination of no coverage under the policy was entered, and plaintiffs had obtained final judgments against LANCER'S insured, were plaintiffs able to enforce their rights against LANCER under the MCS-90 endorsement.

On March 29, 2007, plaintiffs, after having received a final determination that there was "no coverage under the policy", sought to enforce and satisfy their final judgments. Plaintiffs demanded that LANCER, as federal surety, under its independent MCS-90 endorsement, satisfy these judgments, within the limitations of the endorsement (See plaintiffs' Federal Summons and Complaint annexed hereto as LYONS' Exhibit "C" at Exhibit "E"). Receipt of plaintiffs' demands were acknowledged by LANCER, by correspondence dated April 5, 2007, but denied (See plaintiffs' Federal Summons and Complaint annexed hereto as LYONS' Exhibit "C" at Exhibit "F"). A copy of LANCER'S judgment in the State action revealed that sole issue in that litigation was whether coverage existed under LANCER'S policy. In that

judgment, the Court determined "that there is <u>no coverage under a business automobile liability policy</u>, number BA121448, issued by LANCER Insurance Company to T.F.D. Bus Co. Inc and.... that LANCER Insurance Company <u>has no duty to defend or indemnify</u> T.F.D. Bus Co. Inc...."(See plaintiffs' Federal Summons and Complaint annexed hereto as LYONS' Exhibit "C" at Exhibit "F").

Plaintiffs' judgments remain unsatisfied and as a result, this action has been commenced.

## STANDARDS

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. See Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004). Dismissal is proper only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. See id. However, "(t)he court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations." In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Defendant's claims of res judicata and collateral estoppel lack merit and fail to form a sufficient basis for the dismissal of plaintiffs' complaint.

## POINT I
## PLAINTIFFS' ACTION IS NOT BARRED
## BY THE DOCTRINES OF COLLATERAL ESTOPPEL
## AND RES JUDICATA

Plaintiffs' action seeks to determine LANCER'S liability, as a federal surety, in accordance with the requirements of the Federal Bus Regulatory Reformed Act of 1982 and/or the Motor Carrier Act of 1980.

Federal law applies to such an issue in that it involves the operation and effect of ICC-mandated endorsements. *John Deere Insurance Co. vs. Guillermo Nueva et al.* U.S. 9th Circuit Court of Appeal, No. 9856464 (September 20, 2000); citing *Planet Ins. Co. v. Transport Indem. Co.,* 823 F.2d 285, 288 (9th Cir. 1987); *Canal Ins. Co. v. First General Ins. Co.,* 889 F.2d 604, 610 (5th Cir. 1989), modified on other grounds, 901 F.2d 45 (5th Cir. 1990); *Ford Motor Co. v. Transport Indem Co.,* 795 F.2d 538, 545 (6th Cir. 1986); *In re Yale Express Sys., Inc.,* 362 F.2d 111, 114 (2nd Cir. 1966). This issue was never litigated between the parties in the State Courts. In fact, LANCER did not even seek to determine such an issue, although it knew that T.F.D was an interstate carrier at the time of the accident; that the carrier's negligence was a proximate cause of plaintiff's personal injuries; and that it had issued such an endorsement (See LYONS Summons and Federal Complaint, Exhibit "C" at Exhibit "B" and the MCS-90B, annexed hereto as LYON'S Exhibit "B").

Contrary to the defendant's claims of res judicata and collateral estoppel, the only issue raised by LANCER in the State Courts was whether there was *coverage*

-7-

*under the policy,* and related to that issue, the defendants raised counterclaims seeking to determine whether LANCER issued *a timely disclaimer denying coverage under the policy*.

The State litigation, commenced by LANCER on or about March 16, 1999, did not include a request for a judicial determination concerning plaintiffs' enforcement of the MCS-90 endorsement. The issue of LANCER'S liability, as a statutory surety under MCS-90, had not even been triggered, nor did plaintiffs' cause of action for such a claim accrue until after plaintiffs, on September 29, 2006, had first obtained final monetary judgments against T.F.D., and on September 15, 2005, it was judiciously determined that T.F.D.'s policy to which the endorsement was attached, provided no coverage to LANCER'S insured, T.F.D. *T.H.E. Insurance Company, plaintiff-appellant vs. Larsen Intermodal Services, Inc., defendants-appellee,* United States Court of Appeals for the 5th Circuit, No. 00-30392 (March 2, 2001). In that case, the Court Stated:

> *We have also held that the policy embodied in the ICC regulations "was to assure that injured members of the public would be able to obtain judgments collectible against negligent authorized carriers." Canal v. First Gen., 889 F.2d at 611. Thus, the insurer's obligations under the **MCS-90 are triggered when the policy to which it is attached provides no coverage to the insured.** The first Circuit has aptly described the obligation placed upon the insurer by the **MCS-90** as one of suretyship. "[W]e consider the ICC endorsement to be, in effect, suretyship by the insurance carrier to protect the public – a safety net. . . [I]t simply covers the public when other coverage is lacking." Canal Ins. Co v. Carolina Cas. Ins. Co., 59 F. 3d 281, 283 (1st Cir. 1995). . . Consistent with this line of*

- 8 -

> *reasoning, we have held that the endorsement accomplishes its purpose by reading out only those clauses in the policy that would limit the ability of a third party victim to recover for his loss. Carolina Cas. Ins. Co. v. Underwriters Ins. Co., 569F.2d 304, 312 (5th Cir. 1978)*
> **(Emphasis added)**

A judicial determination that there was no coverage under the policy does not preclude the commencement of plaintiffs' action. In fact, such a determination is required for the accrual of the defendant's liability under the MCS-90 since the endorsement provides that:

> *". . . . the insurer (the company) agrees to pay within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to financial responsibility requirements of section 18 of the Bus Regulatory Reform Act of 1982 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere."*
> **(Emphasis added)**.

A judicial finding of non-coverage under the policy, for any reason, and the existence of a final judgment, are both events which are essential elements before recovery under the MCS-90 can be obtained. As a result of the foregoing, the plaintiffs could not have exercised enforcement, or sued under the MCS-90 endorsement at the time of the State litigation in that such a cause of action was premature in that all of the events constituting its required elements had not yet occurred.

- 9 -

The plaintiffs were not required, nor could they sue to determine those issues in the State litigation. It is undisputed that plaintiff, Thomas E. Lyons, was awarded a judgment in his favor and against T.F.D. Bus Company, Inc. in the sum of $2,400,000.00, as and for damages due to serious, permanent personal injuries he sustained, and that plaintiff, Celeste M. Lyons was also awarded a judgment in her favor and against T.F.D. Bus Company, Inc. in the sum of $200,000.00, as and for her derivative action. Both of these judgments were awarded with interest from 1992 and resulted from a motor vehicle accident involving T.F.D. Bus Company, Inc. as an interstate carrier (See paragraphs 2, 14, 16 of plaintiffs' Summons and Complaint, Exhibit "C"). It is also undisputed that T.F.D. at the time of the accident was defendant's insured; that LANCER had issued a Federal MCS-90 endorsement to T.F.D. as an interstate carrier and that plaintiffs' judgments became final on September 29, 2006 and have since remained unsatisfied (see paragraphs 16 & 17 of plaintiffs' Summons and Complaint, Exhibit "C"). Like the finding of non-coverage, these facts were additional elements that had to have occurred before plaintiffs could have obtained recovery under the MCS-90 or upon LANCER'S refusal, litigated this issue.

On or about March 24, 1999, LANCER commenced a declaratory judgment action in the Supreme Court of the State of New York, seeking a judicial determination, before the grant and entry of plaintiffs' judgments, that it had no duty to defend and indemnify T.F.D. under the policy due to T.F.D's failure to timely notify

- 10 -

and cooperate with LANCER. The State Courts only determined that LANCER had timely disclaimed, and therefore, there was no coverage under the policy. This judgment became final on or about October 15, 2005 (see paragraph 15 of plaintiffs' Summons and Complaint, Exhibit "C").

On March 29, 2007, plaintiffs timely made a demand for payment upon T.F.D., as the judgment debtor, and upon LANCER, under the MCS-90, as T.F.D.'s federal statutory surety (see plaintiffs' Summons and Complaint, Exhibit "C" at Exhibit "E"), but these judgments have remained unsatisfied (see plaintiffs' Summons and Complaint, Exhibit "C" at paragraph 17 and Exhibit "F").

Defense counsel now alleges that the coverage dispute, determined in the State Courts, is also being brought in this Court, and that this issue has already been resolved in LANCER'S favor, on the merits, and under any circumstances, the allegations set forth in the complaint do not invoke Federal subject matter jurisdiction.

Nothing could be further from the truth.

The issue of LANCER'S liability, as a Federal Statutory Surety, under it's MCS-90 endorsement (or a comparable substitute), in accordance with the requirements of the Federal Bus Regulatory Reformed act of 1982 and/or the Motor Vehicle Carrier Act of 1980 was never litigated in the State Courts. In fact, when plaintiffs' counsel first mentioned such an issue, on appeal, in arguing the state issue that LANCER'S disclaimer was untimely and therefore there was coverage under the policy, LANCER'S counsel, at page 19 of its "Brief on Appeal" stated:

- 11 -

> *Lyons argues that as an interstate carrier, TFD's policy with Lancer is governed by federal regulation, which essentially obviates any repercussions caused by the breach of policy conditions. <u>This is an argument which has never, ever been raised at any time in any of the proceedings which have taken place during the pendency of this action. It is also an argument which has no substantiation in any respect of the record which is before this court.</u>* (**Emphasis added**) (See defendant's brief, Exhibit "D").

Defense counsel argues res judicata and collateral estoppel. These doctrines are only applied when the parties have argued <u>the same facts and issues</u> in a State judicial proceeding and in which the State Court has rendered a final judgment. *Torres v. Rebarchak 814 F2d 1219 (1987, CA7 Ill).; Donovan v. Thames 105 F.3d 291, 1997 Fed App 34P (6th Cir., 1997)* Certainly, this is not the case in the instant litigation. In the State action, the only issue litigated was the validity of the policy's coverage, not the enforceability of the MCS-90 endorsement.

Before applying res judicata and collateral estoppel, the Court must first be assured that the plaintiff has had a full and fair opportunity to litigate the claims, now raised, before a State Court with the authority to adjudicate their merits *Carter v. Emporia 815 F2d 617 (1987, CA10 Kan.)*. It is undisputed that the issue of the MCS-90 endorsement was never raised in any parties' pleading or at trial in the State action. When plaintiff's counsel referred to the MCS-90 endorsement, in an effort to convince the State Appellate Court that coverage should exist under the policy, defense counsel emphatically advised the Court that this issue was not raised, nor litigated at the trial

- 12 -

level, and that such an argument had no substantiation in any respect of the record which is before that Court.

As such, it cannot be found that plaintiffs have had ample prior opportunity to present the issues which now form the basis of the instant lawsuit and the defendant's claim of res judicata and collateral estoppel should be in all respects denied.

### CONCLUSION

WHEREFORE, for the foregoing reasons, defendants' motion for dismissal upon the grounds of res judicata and collateral estoppel, should be in all respects denied, together with such other and relief as to the Court may deem just and proper under the circumstances.

Dated: January 3, 2008

Respectfully submitted,

EDWARD J. CARROLL, ESQ.
Attorney for Plaintiffs, THOMAS E.
LYONS and CELESTE M. LYONS.
2733 Route 209
Kingston, New York 12401
(845) 338-5977

TO: Law Offices of Curtis, Vasile
    Att: Roy W. Vasile
    Merrick Professional Centre
    2174 Hewlett Avenue
    P.O. Box 801
    Merrick, New York 11566-0801

- 13 -